| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| PAUL NGUYEN<br>16027 Brookhurst Street, Suite I-104<br>Fountain Valley, CA 92708<br>(949) 923-0106<br>mnapaul1@gmail.com<br><br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | **FILED**<br>FEB - 9 2026<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:          Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>Minh Tuong Nguyen<br><br><br><br><br><br><br><br>                                              Debtor(s). | CASE NO.: 8:26-bk-10347-SC<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| | DATE: 03/04/2026<br>TIME: 10:00 am<br>COURTROOM: 5C |

**Movant:** PAUL NGUYEN

1. **Hearing Location**:
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☒ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☒ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  02/08/2026

_____
Printed name of law firm (if applicable)

PAUL NGUYEN
_____
Printed name of individual Movant or attorney for Movant


_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff

   b. ☐ Defendant

   c. ☒ Other *(specify):* JUDGMENT ASSIGNEE/CREDITOR

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.

   b. *Docket number:* OCSC Case No. 30-2022-01253059-CU-OR-CJC

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:*
   Orange County Superior Court (post-judgment enforcement; levy/third-party claim)

   d. Causes of action or claims for relief (Claims):
   Post-judgment enforcement of money judgment; levy on escrow-held funds; third-party claim adjudication;
   turnover/delivery order to levying officer.

3. **Bankruptcy Case History:**

   a. ☒ A voluntary ☐ An involuntary  petition under chapter   ☒ 7 ☐ 11 ☐ 12 ☐ 13
   was filed on *(date)*  02/04/2026  .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11☐ 12 ☐ 13
   was entered on *(date)* _____.

   c. ☐ A plan was confirmed on *(date)* _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☐ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                 Page 3                                          **F 4001-1.RFS.NONBK.MOTION**

f. ☒ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☒ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☒ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (*specify*):  Movant seeks limited relief to permit completion of a prepetition levy/turnover process against a segregated escrow fund, including delivery to the Orange County Sheriff, civil division as levy officer, and related ministerial enforcement steps in state-court enforcement proceeding.  SEE ATTACHMENT A.

5. **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☒ Other evidence (*specify*):
    EJ-150, writ, state-court order, debtor declaration, opposition, EJ-152

7. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☐ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                        Page 4                          **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested. Modify stay solely to authorize Adore Escrow, Inc. to deliver $38,000 held in Escrow to the Orange County Sheriff, Civil Division, and authorize OCSD to receive and process the levy as to those funds; preserve trustee rights except as necessary to effectuate this limited relief.

Date: ___02/08/2026___

_____
Printed name of law firm (*if applicable*)

PAUL NGUYEN
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 5                                   **F 4001-1.RFS.NONBK.MOTION**

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) PAUL NGUYEN _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☒ I am the Movant.
   ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☐ I am employed by Movant as (title and capacity):
   ☐ Other (specify):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☐ Plaintiff
   ☐ Defendant
   ☒ Other (specify): Judgment creditor / levying creditor

4. The Nonbankruptcy Action is pending as:

   a. Name of Nonbankruptcy Action: Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.
   b. Docket number: 30-2022-01253059-CU-OR-CJC
   c. Nonbankruptcy court or agency where Nonbankruptcy Action is pending:
      Orange County Superior Court

5. **Procedural Status of Nonbankruptcy Action:**

   a. The Claims are:
      Post-judgment enforcement; levy on escrow funds; third-party claim adjudication; turnover order.

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _____.

   c. The Nonbankruptcy Action was filed on (date) _____.

   d. Trial or hearing began/is scheduled to begin on (date) _____.

   e. The trial or hearing is estimated to require _____ days (specify).

   f. Other plaintiffs in the Nonbankruptcy Action are (specify):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                               Page 6                        F 4001-1.RFS.NONBK.MOTION

g.  Other defendants in the Nonbankruptcy Action are (*specify*):

6.  **Grounds for relief from stay:**

a.  ☐  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☐  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☐  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d.  ☐  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

    (1)  ☐  It is currently set for trial on (*date*) _____.

    (2)  ☐  It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):

    (3)  ☐  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.  ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

    (1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2)  ☐  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

    (3)  ☐  Multiple bankruptcy cases affecting the Property include:

       (A)  Case name:
          Case number:                   Chapter:
          Date filed:           Date discharged:         Date dismissed:
          Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                  Page 7                          **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:

Case number:                           Chapter:

Date filed:             Date discharged:            Date dismissed:

Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

(C) Case name:

Case number:                           Chapter:

Date filed:             Date discharged:            Date dismissed:

Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☒ See attached continuation page for other facts justifying relief from stay.

7. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/08/2026 | PAUL NGUYEN | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 8                              F 4001-1.RFS.NONBK.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16027 Brookhurst Street, Suite I-104
Fountain Valley, CA 92708

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _02/09/2026_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Leonard Pena (Debtor's attorney): lpena@penalaw.com; Jeffrey I Golden (TR): lwerner@go2.law; UST: USTP.Region16@usdoj.gov; Erin M. Murphy (Adore Escrow attorney): Erin.Murphy@carlsonlawgroup.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 02/09/2026 | Nhi Duong | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Attachment A**

CONTINUATION PAGE TO F4001-1.RFS.NONBK.MOTION

(Grounds for Relief / Other Relief Requested)

Movant Paul Nguyen submits this Continuation Page in support of the Motion for Relief from Automatic Stay (the "Motion") and to complete Items 4(g) ("Other") and 8 ("Other relief requested") of F 4001-1.RFS.NONBK.MOTION.

**A.    GROUNDS FOR RELIEF (Item 4(g) – "Other")**

**Prepetition levy lien perfected by service on Adore.**

Prior to the petition date, Movant caused the levying officer to serve the writ/notice of levy on Adore Escrow, Inc. ("Adore"), thereby perfecting Movant's levy lien against the subject escrow deposit. Service on Adore occurred on [SERVICE DATE ON ADORE] (prepetition).

**Segregated res identified with particularity.**

The property at issue is a discrete, segregated cash deposit of $38,000 held by Adore in Escrow No. 21P54043-JT (the "Escrow Funds"). The Motion seeks relief only as to this res.

**State-court third-party claim adjudication and turnover directive to OCSD.**

In the state-court enforcement proceedings arising from Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al., OCSC Case No. 30-2022-01253059-CU-OR-CJC, the Superior Court adjudicated a third-party claim to the Escrow Funds, denied the claim, and directed Adore to deliver the Escrow Funds to the Orange County Sheriff, Civil Division ("OCSD") as levying officer pursuant to California third-party claim procedures.

**Adore's EJ-152 refusal posture confirms a live dispute and a concrete risk the res will be resolved outside the levy process absent bankruptcy direction.**

Adore executed a Memorandum of Garnishee (EJ-152) asserting that the levy is "legally ineffective" based on a pending Orange County action (the "pending action" theory) and stating Adore will not deliver the funds under the levy/turnover process. This refusal posture, coupled with competing claims and demands, creates uncertainty for the stakeholder and a material risk the Escrow Funds will be disposed of (release,

1  interpleader, or other resolution) before the Court can adjudicate stay relief on ordinary

2  notice.

3  **Cause exists under 11 U.S.C. § 362(d)(1).**

4  "Cause" exists to modify the automatic stay to allow completion of the prepetition

5  levy/turnover process as to the Escrow Funds because: (i) the Motion is narrowly

   tailored to a single, segregated res; (ii) Movant's lien rights were fixed prepetition; (iii)

6  the stakeholder has taken an affirmative refusal posture and invoked a legal theory to

7  avoid honoring the levy; and (iv) limited relief avoids dissipation and resolves

8  stakeholder uncertainty by providing a clear, court-authorized path for Adore to deliver

9  the res to OCSD.

10  **Relief is also warranted under 11 U.S.C. § 362(d)(2).**

11  The estate has no equity in the Escrow Funds because the Escrow Funds are

12  fully encumbered by Movant's perfected levy lien. In addition, this is a Chapter 7 case;

13  the Escrow Funds are not necessary to an effective reorganization because there is no

14  reorganization in Chapter 7.

    **B.    OTHER RELIEF REQUESTED (Item 8)**

15  Movant requests that the Court modify the automatic stay solely to authorize:

16  Adore to deliver the $38,000 Escrow Funds held in Escrow No. 21P54043-JT to

17  OCSD as levying officer pursuant to Movant's prepetition levy lien and the state-court

18  disposition/turnover directive; and

19  OCSD to receive and process the levy as to the Escrow Funds.

20  **C.    WAIVER OF 14-DAY STAY (FRBP 4001(a)(3))**

21  Movant requests that any order granting relief include a waiver of the 14-day stay

22  under Fed. R. Bankr. P. 4001(a)(3), so the limited relief granted may be implemented

23  immediately. This request is warranted because the Escrow Funds are a segregated,

    finite res; the stakeholder has taken a refusal posture; and delay increases the risk of

24  dissipation or resolution of the funds outside the levy process.

25

26

27

28

**Attachment B**

SUPPLEMENTAL DECLARATION OF PAUL NGUYEN

IN SUPPORT OF F 4001-1.RFS.NONBK.MOTION (RELIEF FROM STAY)

**I, Paul Nguyen, declare:**

1. I am the movant. I have personal knowledge of the matters stated in this declaration and, if called as a witness, could and would testify competently.

2. I am the assignee judgment creditor in Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al., Orange County Superior Court Case No. 30-2022-01253059-CU-OR-CJC (the "State Court Action").

3. This motion concerns a discrete post-judgment enforcement matter within the State Court Action involving levy/turnover proceedings against a segregated escrow deposit held by Adore Escrow, Inc. ("Adore") in Escrow No. 21P54043-JT in the amount of $38,000 (the "Escrow Funds").

4. The Orange County Sheriff, Civil Division ("OCSD") issued a writ of execution and a Notice of Levy (EJ-150) directed to Adore, levying on escrowed funds in which Debtor has any legal or equitable interest, including funds held in Escrow No. 21P54043-JT. True and correct copies are attached as **MRS Exhibit 1** (writ) and **MRS Exhibit 2** (notice of levy with attachments).

5. The Notice of Levy was served on Adore on DECEMBER 02, 2025, prior to Debtor's petition date (February 4, 2026). The levy lien therefore attached and was perfected prepetition as to the Escrow Funds.

6. On January 29, 2026, the Orange County Superior Court entered a judgment and order in the third-party claim proceeding identifying the Escrow Funds as $38,000 held by Adore in Escrow No. 21P54043-JT and directing Adore to deliver the funds to OCSD as levying officer. A true and correct copy is attached as **MRS Exhibit 3**.

7. Debtor executed a declaration stating he is not a buyer or escrow party and claims he retained no interest in the Escrow Funds. A true and correct copy is attached as **MRS Exhibit 4**.

1

8.  Third party claimants filed an opposition asserting the Escrow Funds are not debtor property and are being litigated in another Orange County action. A true and correct copy is attached as **MRS Exhibit 5**.

9.  Adore executed a Memorandum of Garnishee (EJ-152) asserting the levy is legally ineffective due to a pending action and stating it will not deliver the funds pursuant to the levy/turnover process. A true and correct copy is attached as **MRS Exhibit 6**.

10. Adore has not delivered the Escrow Funds to OCSD. I am informed and believe Adore will not do so absent authority due to the automatic stay and the competing demands and legal positions described above.

11. Debtor filed this Chapter 7 case on February 4, 2026. Based on the sequence of events above—including the Superior Court's January 29, 2026 order directing delivery of the Escrow Funds to OCSD and the ongoing efforts to implement the levy/turnover process—the timing indicates the petition was filed to delay or interfere with the State Court enforcement proceedings directed at the Escrow Funds.

12. Bad Faith Factors Relevant to Item 4(f) on F 4001-1.RFS.NONBK.MOTION. This declaration is submitted to support the checked ground at Item 4(f) of the mandatory stay-relief form, based on the following facts:

    a.  **Timing indicates intent to delay or interfere**. The petition was filed shortly after the Superior Court entered the third-party claim disposition order directing delivery of the Escrow Funds to OCSD, and the automatic stay has operated to prevent completion of that levy/turnover process.

    b.  **Minimal case commencement documents; no schedules/SOFA filed**. As of the date of this declaration, Debtor has filed only a limited set of case commencement documents and has not filed schedules or a statement of financial affairs. The absence of schedules/SOFA prevents meaningful evaluation of the Debtor's financial condition and impedes administration while the stay is being used to block completion of the levy/turnover process.

    c.  **Apparent omission of prior bankruptcy filing**. Based on publicly available bankruptcy docket information, Debtor previously filed a bankruptcy case in this District in Case No. 8:23-bk-12383-SC. In the current petition, Debtor indicates no bankruptcy case filed within the past eight years (or otherwise

fails to disclose the prior case). This apparent omission, considered together with the timing of the filing and the failure to file schedules/SOFA, supports the conclusion that the petition was filed in bad faith and that the automatic stay is being used to hinder and delay enforcement in the State Court Action.

d. **Prior case/SSN discrepancy suggesting concealment and misuse of the stay**. On the face of the bankruptcy filings, Debtor's prior bankruptcy case 8:23-bk-12383-SC reflects SSN last-4 of **9088**, while the present case reflects SSN last-4 of **7703**. This discrepancy raises a serious identity/disclosure concern and suggests the prior case may not have been properly disclosed or linked. In conjunction with the timing of the petition—filed immediately after state-court orders affecting the Escrow Funds—and Debtor's failure to file schedules/SOFA, the discrepancy supports an inference that the petition was filed in bad faith to invoke a short stay and impede the non-bankruptcy enforcement proceedings.

13. I seek limited relief only as to the Escrow Funds so Adore may deliver the $38,000 to OCSD and OCSD may receive and process the levy as to those funds.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated:  February 8, 2026                    Respectfully Submitted;



By: _____
Paul Nguyen, Movant

## Attachment C

### MEMORANDUM OF POINTS & AUTHORITIES

11 U.S.C. § 362(d)(1) and § 362(d)(2);

Bad Faith "Cause" + Segregated Res / Prepetition Levy Lien

**I.    INTRODUCTION**

This motion concerns a single, segregated fund of $38,000 held by non-debtor escrow holder Adore Escrow, Inc. ("Adore") in Escrow No. 21P54043-JT (the "Escrow Funds"). Movant **perfected a prepetition levy lien** by service of the writ/notice of levy on Adore before the petition date. Thereafter, the Orange County Superior Court entered an order in third-party claim proceedings denying the claim and directing delivery of the Escrow Funds to the Orange County Sheriff, Civil Division ("OCSD") as levying officer. The automatic stay now prevents the stakeholder from acting, while the stakeholder and claimants continue to press the position that the levy is ineffective and that the Escrow Funds are not debtor property.

Relief is warranted for "cause" under 11 U.S.C. § 362(d)(1). The record supports "cause" for at least two independent reasons. **First,** the stay is being used to freeze a perfected prepetition lien against a fixed res and to prolong a stakeholder stalemate that the state court has already addressed. Second, the circumstances reflect bad faith: the timing of the petition indicates it was intended to delay or interfere with the non-bankruptcy enforcement matter, Debtor filed only limited case commencement papers and has not filed schedules or a statement of financial affairs as of the motion date, and Debtor's bankruptcy history appears inconsistent across filings, including prior filings under a different SSN last-4 suggesting concealment or obfuscation of prior cases. These factors support equitable stay relief to prevent misuse of the stay.

Relief is also independently required under § 362(d)(2) because the estate has no equity in a fully encumbered, segregated cash fund and this is a Chapter 7 case.

**II.    FACTS**

A.    Movant holds a writ of execution and caused OCSD to levy on Adore as garnishee/stakeholder, levying on the Escrow Funds.

B.    The Notice of Levy was served on Adore on **December 2, 2025**, prior to the petition date, thereby perfecting a prepetition levy lien.

1

C.    The Orange County Superior Court entered a judgment/order in the third-party claim proceeding identifying the Escrow Funds and directing Adore to deliver them to OCSD as levying officer.

D.    Debtor and claimants contend Debtor is not a party to the escrow and claims no interest in the funds, and Adore has taken the position in an EJ-152 Memorandum of Garnishee that the levy is legally ineffective due to a pending action.

(See Declaration of Paul Nguyen and exhibits.)

## III.    LEGAL STANDARD

A motion for relief from stay is governed by 11 U.S.C. § 362(d). "Cause" under § 362(d)(1) is determined on a case-by-case basis, and the Court may grant appropriately tailored relief. *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996); *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 559–60 (Bankr. C.D. Cal. 2004). Under § 362(d)(2), relief is required if the debtor has no equity in the property and the property is not necessary to an effective reorganization; in Chapter 7, there is no reorganization. Burdens are governed by § 362(g).

Bad faith is a recognized equitable basis supporting relief from stay and other remedies to prevent abuse of the bankruptcy process. *In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986) (bankruptcy court may prevent abuse of process); *In re St. Paul Self Storage Ltd. P'ship*, 185 B.R. 580, 582–83 (9th Cir. BAP 1995) (bad faith analysis considers whether petition serves legitimate bankruptcy purpose versus litigation tactic).

## IV.    ARGUMENT

### A.    Cause exists under § 362(d)(1) to allow limited enforcement against a segregated fund subject to a perfected prepetition levy lien

Movant seeks narrow relief limited to one identified fund. The levy lien attached prepetition upon service on Adore. The state court has addressed third-party claim issues and directed delivery to OCSD. Continued application of the stay does not preserve estate value; it prevents implementation of a perfected lien against a fixed res and fosters risk of loss or misdirection of the res given competing demands and Adore's stated refusal posture.

Under *Plumberex* and *Conejo*, this is appropriate "cause" for limited stay relief tailored to permit delivery of the res to the levying officer.

**B.    Cause independently exists under § 362(d)(1) because the petition
was filed in bad faith to hinder and delay the nonbankruptcy
enforcement matter**

The Court may consider bad faith as "cause" for stay relief where the record
indicates the petition is being used primarily as a litigation or collection tactic rather than
for a legitimate bankruptcy purpose. *Arnold*, 806 F.2d at 939; *St. Paul Self Storage*, 185
B.R. at 582–83.

Here, the record supports a bad-faith inference:

1. **Timing indicates intent to delay or interfere**. Debtor filed the petition
   shortly after state-court proceedings and orders affecting the Escrow Funds,
   and the stay's immediate effect has been to block completion of the
   levy/turnover path while the stakeholder continues to deny compliance.

2. **Barebones filing; no schedules or SOFA**. As of the motion date, Debtor
   has filed only limited case commencement documents and has not filed
   schedules or a statement of financial affairs. This prevents meaningful
   evaluation of the case and impedes administration while the Debtor benefits
   from the stay.

3. **Concealment or obfuscation of bankruptcy history; SSN inconsistency**.
   Debtor's bankruptcy history appears inconsistent across filings, including a
   prior filing under Debtor's name reflecting a different SSN last-4 than the
   present case. Such discrepancies raise serious identity and disclosure
   concerns and suggest the prior filing may not have been properly disclosed or
   linked. Considered with timing and the absence of schedules/SOFA, this
   supports the conclusion that the petition was filed in bad faith to obtain a short
   stay while frustrating creditor enforcement. (See Movant Supplemental
   Declarations in Attachment B).

These factors support tailored stay relief to prevent misuse of the automatic stay
in a manner that harms creditors and undermines orderly administration. The relief
sought is limited and does not require the Court to adjudicate discharge issues or
broader case administration questions.

**C.**    **Relief is required under § 362(d)(2) because the estate has no equity and there is no reorganization in Chapter 7**

The Escrow Funds are fully encumbered by Movant's perfected levy lien. The estate therefore has no equity in the Escrow Funds. This is a Chapter 7 case; the Escrow Funds are not necessary to an effective reorganization. Relief should be granted under § 362(d)(2).

**D.**    **The relief requested is narrow and preserves trustee rights**

Movant requests only that Adore be authorized to deliver the Escrow Funds to OCSD and that OCSD be authorized to receive and process the levy as to those funds. The order may expressly preserve trustee rights except as necessary to effectuate these limited acts. Movant also requests waiver of the 14-day stay under FRBP 4001(a)(3) so the limited relief can be implemented immediately, given the stakeholder's refusal posture and the risk of dissipation or resolution outside the levy process.

**V.    CONCLUSION**

For the foregoing reasons, Movant requests entry of the proposed order granting relief from stay under 11 U.S.C. § 362(d)(1) and § 362(d)(2), limited to the Escrow Funds, together with waiver of the 14-day stay under FRBP 4001(a)(3).

Dated: February 8, 2026                    Respectfully Submitted;


By: _____
         Paul Nguyen, Movant

4

# MRS EXHIBIT LIST

MRS Exh. 1:      Writ of Execution (EJ-130).

MRS Exh. 2:      Notice of Levy (EJ-150) + attachments.

MRS Exh. 3:      State-court judgment/order after hearing re third-party claim (1/29/2026) + NOE/PoS included.

MRS Exh. 4:      Declaration of Debtor Minh Tuong Nguyen (signed) (01/13/2026).

MRS Exh. 5:      Opposition to Paul Nguyen Petition.

MRS Exh. 6:      EJ-152 Memorandum of Garnishee.

1

# MRS Exh. 1:
# Writ of Execution
# (EJ-130).

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |

NAME: **PAUL NGUYEN**

FIRM NAME:

STREET ADDRESS: 16027 Brookhurst Street. Suite I-104

CITY: Fountain Valley    STATE: **CA**    ZIP CODE: 92708

TELEPHONE NO.: 949-923-0106    FAX NO.:

EMAIL ADDRESS: MNAPAUL1@GMAIL.COM

ATTORNEY FOR *(name):*

[ ] ATTORNEY FOR    [ ] ORIGINAL JUDGMENT CREDITOR    [X] ASSIGNEE OF RECORD

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

STREET ADDRESS: 1275 N. Berkeley Ave

MAILING ADDRESS:

CITY AND ZIP CODE: Fullerton. CA 92832-0500

BRANCH NAME: North Justice Center (NJC)

PLAINTIFF/PETITIONER: NGOC TUYET LAM

DEFENDANT/RESPONDENT: MINH TUONG NGUYEN ET.AL.

CASE NUMBER:

30-2022-01253059-CU-OR-CJC

| WRIT OF | [X] EXECUTION (Money Judgment) | | [ ] Limited Civil Case (including Small Claims) |
| | [ ] POSSESSION OF | [ ] Personal Property | [X] Unlimited Civil Case (including Family and Probate) |
| | [ ] SALE | [ ] Real Property | |

1. **To the Sheriff or Marshal of the County of:** ORANGE
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.
3. (Name): PAUL NGUYEN
   is the [ ] original judgment creditor [X] assignee of record whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name, type of legal entity if not a natural person, and last known address):*

MINH TUONG NGUYEN
(aka NGUYEN TUONG MINH)
10761 Adams Cir
Villa Park, CA 92861

[X] Additional judgment debtors on next page

5. **Judgment entered** on *(date):* July 23, 2025
   *(See type of judgment in item 22.)*

6. [ ] Judgment renewed on *(dates):*

7. **Notice of sale** under this writ:
   a. [X] has not been requested.
   b. [ ] has been requested *(see next page).*

8. [ ] Joint debtor information on next page.

9. [ ] Writ of Possession/Writ of Sale information on next page.
10. [ ] This writ is issued on a sister-state judgment.
    **For items 11–17, see form MC-012 and form MC-013-INFO.**

| 11. Total judgment *(as entered or renewed)* | $ | 2086793.75 |
| 12. Costs after judgment *(CCP 685.090)* | $ | 0.00 |
| 13. Subtotal *(add 11 and 12)* | $ | 2086793.75 |
| 14. Credits to principal *(after credit to interest)* | $ | 0.00 |
| 15. Principal remaining due *(subtract 14 from 13)* | $ | 2086793.75 |
| 16. Accrued interest remaining due per CCP 685.050(b) *(not on GC 6103.5 fees)* | $ | 74324.16 |
| 17. Fee for issuance of writ *(per GC 70626(a)(l))* | $ | 40.00 |
| 18. **Total amount due** *(add 15, 16, and 17)* | $ | 2161157.91 |

19. **Levying officer:**
   a. Add daily interest from date of writ *(at the legal rate on 15) (not on GC 6103.5 fees)* . . . . . . . . . . . . . $ 571.72
   b. Pay directly to court costs included in 11 and 17 *(GC 6103.5, 68637; CCP 699.520(j))* . . . . . . . . . . . . . $ 0.00

20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL]

David H. Yamasaki, Clerk of the Court

Date: 12/01/2025    Clerk, by *(signature)*    D. Cuevas , Deputy

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

EJ-130

| Plaintiff/Petitioner: | NGOC TUYET LAM | CASE NUMBER: |
|---|---|---|
| Defendant/Respondent: | MINH TUONG NGUYEN ET.AL. | 30-2022-01253059-CU-OR-CJC |

21. [x] Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

NGAN THI KIM TRAN
(AKA TRAN THI KIM NGAN)
1718 W. Bowling Street
Anaheim, CA 92804

22. The judgment is for *(check one):*

a. [ ] wages owed.
b. [ ] child support or spousal support.
c. [X] other.

23. [ ] Notice of sale has been requested by *(name and address):*

24. [ ] Joint debtor was declared bound by the judgment (CCP 989-994)

a. *on (date):*                                    a. *on (date):*
b. name, type of legal entity if not a natural person, and       b. name, type of legal entity if not a natural person, and
   last known address of joint debtor:                              last known address of joint debtor:

c. [ ] Additional costs against certain joint debtors are itemized: [ ] below [ ] on Attachment 24c.

25. [ ] (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:

a. [ ] Possession of real property: The complaint was filed on *(date):*
   *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

   (1) [ ] The *Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The
       judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

   (2) [ ] The *Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

   (3) [ ] The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
       judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns
       to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP
       415.46 and 1174.3(a)(2).)*

   (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was
       not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

       (a) The daily rental value on the date the complaint was filed was  $

       (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

---

*Item 25 continued on next page*

**EJ-130**

| Plaintiff/Petitioner: NGOC TUYET LAM | CASE NUMBER: |
|---|---|
| Defendant/Respondent: MINH TUONG NGUYEN ET.AL. | 30-2022-01253059-CU-OR-CJC |

25. b. ☐ Possession of personal property.

☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.

c. ☐ Sale of personal property.

d. ☐ Sale of real property.

e. The property is described ☐ below ☐ on Attachment 25e.

---

### NOTICE TO PERSON SERVED

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

# MRS Exh. 2: Notice of Lev (EJ-150) + attachments

**EJ-150**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(name and address):*<br>After recording, return to:<br><br>PAUL NGUYEN<br>16027 Brookhurst Street, Suite I-104<br>Fountain Valley, CA 92708<br><br>TEL NO.: **949-923-0106**          FAX NO. *(optional):*<br>EMAIL ADDRESS *(optional):*   **MNAPAUL1@GMAIL.COM**<br>☐ ATTORNEY FOR    ☐ ORIGINAL JUDGMENT CREDITOR    ☒ ASSIGNEE OF RECORD | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE<br>STREET ADDRESS: 1275 N. Berkeley Ave<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Fullerton, CA 92832-0500<br>BRANCH NAME: North Justice Center | *FOR RECORDER'S USE ONLY* |
| **PLAINTIFF/PETITIONER:** NGOC TUYET LAM<br>**DEFENDANT/RESPONDENT:** MINH TUONG NGUYEN. et al. | LEVYING OFFICER *(name and address):* |
| **NOTICE OF LEVY**<br>under Writ of  ☒ Execution (Money Judgment)<br>              ☐ Sale | LEVYING OFFICER FILE NO.: |
| | COURT CASE NO.:<br>30-2022-01253059-CU-OR-CJC |

**TO THE PERSON NOTIFIED** *(name):*  ADORÉ ESCROW, INC., a California corporation

1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
    a. Judgment debtor (name): MINH TUONG NGUYEN (aka NGUYEN TUONG MINH)
    b. The property to be levied upon is described:
       ☐ in the accompanying writ of possession or writ of sale.
       ☒ as follows:
          See Attachment 1 – Description of Property Levied Upon (Escrow Funds Held by Adore Escrow, Inc.)

2. The judgment is for *(check one):*
    ☐ wages owed.    ☐ child/spousal support.    ☒ other.  Fraud

3. The amount necessary to satisfy the judgment creditor's judgment writ is
    a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) . . . . . . . . . . $    $2,149,723.42
    b. Levy fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
    c. Sheriff's disbursement fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
    d. Recoverable costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
    e. Total *(a through d)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    0
    f. Daily interest from line 19a of writ (form EJ-130) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    $571.72

4. You are notified as:
    a. ☐ a judgment debtor.
    b. ☒ a person other than the judgment debtor *(state capacity in which person is notified):*
       escrow holder of funds of judgment debtor MINH TUONG NGUYEN
       ***(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)***

Notice of Levy was
☐ mailed on *(date):*
☐ delivered on *(date):*
☐ posted on *(date):*
☐ filed on *(date):*
☐ recorded on *(date):*

Date:

▶

_____          _____
        (TYPE OR PRINT NAME)                    (SIGNATURE)
                                  ☐ Levying officer  ☐ Registered process server

Page 1 of 2

**NOTICE OF LEVY**
**(Enforcement of Judgment)**

EJ-150

| SHORT TITLE: | LEVYING OFFICER FILE NO.: | COURT CASE NO.: |
|---|---|---|
| Lam v. Nguyen et.al. | | 30-2022-01253059 |

## –INFORMATION FOR JUDGMENT DEBTOR–

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.

2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.

3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

7. All sales at an execution sale are final; there is no right of redemption.

## – INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR –

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.

3. You must complete the accompanying Memorandum of Garnishee within 10 days.

4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.

5. **Make checks payable to the levying officer shown on page 1.**

## – INFORMATION ABOUT DEPOSIT ACCOUNTS –

1. If the levy is *not* to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.

2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).

3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an *Ex Parte Application for Order on Deposit Account Exemption* (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

**NOTICE OF LEVY**
**(Enforcement of Judgment)**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lam v. Nguyen et.al. | 30-2022-01253059-CU-OR-CJC |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

The levying officer has levied upon all right, title, and interest of judgment debtor MINH TUONG NGUYEN (aka NGUYEN TUONG MINH) in and to the following property in the possession or under the control of Adore Escrow, Inc.:

Escrowed Funds Held by Adore Escrow, Inc.: Any and all escrowed funds, deposits, earnest money, credits, and other sums of money held by Adoré Escrow, Inc. in any escrow, sub-escrow, or trust account in which Minh Tuong Nguyen has any legal or equitable interest, including, without limitation:

Funds wired, deposited, or credited by or for the benefit of Minh Tuong Nguyen into Escrow No. 21P54043-JT, relating to the property commonly known as 9049 Lemongrass Court, Fountain Valley, CA 92708;

Any successor, replacement, or related escrow file(s) into which such funds were transferred, renumbered, or commingled.

Funds Deposited by Minh but Held in Another Name: Any funds originally deposited by Minh Tuong Nguyen that are now held, credited, or re-characterized in the name of any other person or entity (including, but not limited to, Thanh Binh Tran or any nominal buyer or nominee) where such funds represent deposits placed by or for the benefit of Minh Tuong Nguyen.

Accrued Interest: Any interest accrued on all such funds described above.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page  1  of  1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

www.courtinfo.ca.gov

**ATTACHMENT**
**to Judicial Council Form**

# EXHIBIT ⊠

# E⊠idence of Escro⊠ Deposits b  Judgment Debtor



We hereby certify that this is a true,
correct & exact copy of the Original.
By: _____Julie Tran_____
ADORE ESCROW, INC.

# ADORE ESCROW, INC.
14615 Magnolia Street
Westminster, CA 92683
Tel: 714-892-0407
Fax: 714-892-9261

Escrow No.  21P54043-JT

Receipt No.  29

## DEPOSIT RECEIPT

Date received: 10/18/2021

Received from: Tuong Minh Nguyen for Thanh Minh Tran

(Buyer)    Seller    Other

Amount: $38,200.00

Deposit Type: (Personal Check) / Money Order / Cashier Check / Other )

Check Number: 129

Bank issued: CHASE

Routing Number: 322271627

For Subject Property: 9049 Lemongrass Court

Fountain Valley, CA 92708

Received By: Julie

---

TUONG MINH NGUYEN
10502 VILLA DEL CERRO
NORTH TUSTIN, CA 92705-1486

90-7162/3222

129

DATE 10/19/2021

PAY TO THE
ORDER OF  ADORE ESCROW  $ 38,200

Thirty eight Thousand two Hundred  DOLLARS

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com

21P54043-JT

MEMO 9049 lemongrass Ct

⑈322271627⑈ Fc⌐ 6270875108⑈0129

**TUONG MINH NGUYEN**
10502 VILLA DEL CERRO
NORTH TUSTIN, CA 92705-1486

90-7162/3222

129

DATE 10/19/2021

PAY TO THE
ORDER OF _ADORE ESCROW/_ | $ 38,200

_Thirty eight Thousand two Hundred_ DOLLARS

CHASE ◑
JPMorgan Chase Bank, N.A.
www.Chase.com        21854043-JT

MEMO 9040 lemongrass Ct

⑈322271627⑈ FU 627087510⑈0129

Seq: 2
Dep: 001438
Seq: 2 10/18/21 Dep:001438 AG:1 Cust ID:3L... Date: 10/18/21

For Deposit Only to
Adore Escrow Inc
PAY TO THE ORDER OF
Adore BANK OF AMERICA
PASADENA, CA 91101-2428
MasterFOR DEPOSIT ONLY
Deposit ADORE ESCROW INC
3251y3309203

# EXHIBIT B

# E idence of Escro  Deposits
# b  Judgment Debtor



October 23, 2021 through November 22, 2021

Account Number: ████████████

## CHECKS PAID

| CHECK NUMBER | DATE PAID | AMOUNT | | CHECK NUMBER | DATE PAID | AMOUNT |
|---|---|---|---|---|---|---|
| ███ | ███ | ███ | | ███ | ███ | ███ |
| ███ | ███ | ███ | | ███ | ███ | ███ |
| ███ | ███ | ███ | | ███ | ███ | ███ |
| ███ | ███ | ███ | | ███ | ███ | ███ |
| ███ | ███ | ███ | | ███ | ███ | ███ |
| ███ | ███ | ███ | | ███ | ███ | ███ |
| ███ | ███ | ███ | | ███ | ███ | ███ |
| | | | | ███ | ███ | ███ |

If you see a check description in the Transaction Detail section, it means your check has already been converted for electronic payment. Because of this, we're not able to return the check to you or show you an image on Chase.com.

\* All of your recent checks may not be on this statement, either because they haven't cleared yet or they were listed on one of your previous statements.

^ An image of this check may be available for you to view on Chase.com.

## TRANSACTION DETAIL



| DATE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| 10/26 | 10/26 Domestic Wire Transfer Via: F121000358/121000358 A/C: Adore Escrow Inc Ref: Escrow Number: 21P54043-Jtproperty Address: 9049 Lemongrass Court Foun Tain Valley CA92708/Time/05:46 Imad: 1026B1Qgc04C000742 Tm: 3560401298Es | -38,000.00 | |

**SB1725141-F1**

**EJ-150**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(name and address):*<br>After recording, return to:<br><br>**PAUL NGUYEN**<br>16027 Brookhurst Street, Suite I-104<br>Fountain Valley, CA 92708<br><br>TEL NO.: 949-923-0106          FAX NO. *(optional)*:<br>EMAIL ADDRESS *(optional)*:  **MNAPAUL1@GMAIL.COM**<br>[ ] ATTORNEY<br>   FOR          [ ] ORIGINAL JUDGMENT<br>                CREDITOR          [x] ASSIGNEE<br>                                 OF RECORD | FOR RECORDER'S USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS:  1275 N. Berkeley Ave<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Fullerton, CA 92832-0500<br>BRANCH NAME: North Justice Center | LEVYING OFFICER *(name and address)*: |
|---|---|

| PLAINTIFF /PETITIONER: NGOC TUYET LAM<br><br>DEFENDANT/RESPONDENT: MINH TUONG NGUYEN, et al. | |
|---|---|

| **NOTICE OF LEVY**<br><br>   under Writ of   [x] Execution (Money Judgment)<br><br>                [ ] Sale | LEVYING OFFICER FILE NO.: |
|---|---|
| | COURT CASE NO.:<br>30-2022-01253059-CU-OR-CJC |

TO THE PERSON NOTIFIED *(name):* MINH TUONG NGUYEN (aka NGUYEN TUONG MINH)

1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
   a. Judgment debtor (name): MINH TUONG NGUYEN (aka NGUYEN TUONG MINH)
   b. The property to be levied upon is described:
      [ ] in the accompanying writ of possession or writ of sale.
      [ ] as follows:

      See Attachment 1 – Description of Property Levied Upon.

2. The judgment is for *(check one):*
   [ ] wages owed.        [ ] child/spousal support.        [x] other.  civil money judgment

3. The amount necessary to satisfy the judgment creditor's judgment writ is
   a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) ...................... $       $2,149,723.42
   b. Levy fee ............................................................................................................ $
   c. Sheriff's disbursement fee ............................................................................... $
   d. Recoverable costs ............................................................................................ $
   e. Total *(a through d)* ........................................................................................... $                          0
   f. Daily interest from line 19a of writ (form EJ-130).............................................. $       $571.72

4. You are notified as:
   a. [ ] a judgment debtor.
   b. [ ] a person other than the judgment debtor *(state capacity in which person is notified):*

   ***(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)***

Notice of Levy was
[ ] mailed on *(date)*:                            [ ] posted on *(date)*:
[ ] delivered on *(date)*:                         [ ] filed on *(date)*:
                                                   [ ] recorded on *(date)*:

Date:

_____              ▶ _____
          (TYPE OR PRINT NAME)                                                    (SIGNATURE)
                                                   [ ] Levying officer   [ ] Registered process server
                                                                              Page 1 of 2

Form Approved for Optional Use                    **NOTICE OF LEVY**                    Code of Civil Procedure, § 699.540
Judicial Council of California                  **(Enforcement of Judgment)**                      www.courts.ca.gov
EJ-150 [Rev. September 1, 2020]

**EJ-150**

| SHORT TITLE : | LEVYING OFFICER FILE NO.: | COURT CASE NO.: |
|---|---|---|
| Lam v. Nguyen et.al. | | 30-202 20 12 53059 |

## –INFORMATION FOR JUDGMENT DEBTOR–

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.

2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.

3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

7. All sales at an execution sale are final; there is no right of redemption.

## – INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR –

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.

3. You must complete the accompanying Memorandum of Garnishee within 10 days.

4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.

5. **Make checks payable to the levying officer shown on page 1.**

## – INFORMATION ABOUT DEPOSIT ACCOUNTS –

1. If the levy is *not* to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.

2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).

3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(b).) To get such an order, file an *Ex Parte Application for Order on Deposit Account Exemption* (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lam v. Nguyen et.al. | 30-2022-01253059-CU-OR-CJC |

**ATTACHMENT** *(Number):* 1_____

*(This Attachment may be used with any Judicial Council form.)*

The levying officer has levied upon all right, title, and interest of judgment debtor MINH TUONG NGUYEN (aka NGUYEN TUONG MINH) in and to the following property in the possession or under the control of Adore Escrow, Inc.:

Escrowed Funds Held by Adore Escrow, Inc.:  Any and all escrowed funds, deposits, earnest money, credits, and other sums of money held by Adoré Escrow, Inc. in any escrow, sub-escrow, or trust account in which Minh Tuong Nguyen has any legal or equitable interest, including, without limitation:

Funds wired, deposited, or credited by or for the benefit of Minh Tuong Nguyen into Escrow No. 21P54043-JT, relating to the property commonly known as 9049 Lemongrass Court, Fountain Valley, CA 92708;

Any successor, replacement, or related escrow file(s) into which such funds were transferred, renumbered, or commingled.

Funds Deposited by Minh but Held in Another Name:  Any funds originally deposited by Minh Tuong Nguyen that are now held, credited, or re-characterized in the name of any other person or entity (including, but not limited to, Thanh Binh Tran or any nominal buyer or nominee) where such funds represent deposits placed by or for the benefit of Minh Tuong Nguyen.

Accrued Interest:  Any interest accrued on all such funds described above.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page___1___ of___1___

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

w w w.courtinfo.ca.gov