| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>PAUL NGUYEN<br>16027 Brookhurst Street, Suite I-104<br>Fountain Valley, CA 92708<br>(949) 923-0106<br>mnapaul1@gmail.com<br><br>☒ Individual appearing without attorney<br>☐ Attorney for: | FOR COURT USE ONLY<br><br>**FILED**<br>FEB -9 2026<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION** ||
| In re:<br>Minh Tuong Nguyen | CASE NO.: 8:26-bk-10347-SC<br>CHAPTER: 7 |
| Debtor(s). | **APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**<br>**[LBR 9075-1(b)]** |

1. Movant applies under LBR 9075-1(b) for an order setting a hearing on shortened notice on the following motion:

   a. Title of motion: <u>Motion for Relief from Automatic Stay Under 11 U.S.C. § 362(d)(1) and § 362(d)(2)</u>

   b. Date of filing of motion: <u>2/9/2026</u>

2. Compliance with LBR 9075-1(b)(2)(A): (*The following three sections must be completed*):

   a. Briefly specify the relief requested in the motion:

   Movant seeks an order modifying the automatic stay solely to authorize (i) Adore Escrow, Inc. to deliver $38,000 held in Escrow No. 21P54043-JT to the Orange County Sheriff, Civil Division as levying officer pursuant to Movant's prepetition levy lien, and (ii) OCSD to receive and process the levy as to those funds. Movant also requests waiver of the 14-day stay under Fed. R. Bankr. P. 4001(a)(3)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 1                    F 9075-1.1.APP.SHORT.NOTICE

    b.  Identify the parties affected by the relief requested in the motion:

        Debtor Minh Tuong Nguyen; the Chapter 7 Trustee; the United States Trustee; Adore Escrow, Inc. (and its counsel, if any); the Orange County Sheriff, Civil Division.

    c.  State the reasons necessitating a hearing on shortened time:

        The motion concerns a finite, segregated escrow fund ($38,000). Adore has taken the position—memorialized in its Memorandum of Garnishee (EJ-152)—that the levy is "legally ineffective" due to a pending action and, as a result, Adore will not deliver the funds under the levy/turnover process. At the same time, Debtor and claimants have submitted sworn statements asserting Debtor is not a party to the escrow and has no beneficial interest in the funds, increasing the risk the stakeholder will resolve the funds outside the levy process (release, interpleader, or other disposition) before the Court can hear the stay-relief motion on regular notice. If the funds leave escrow before hearing, the Court's ability to grant effective relief will be impaired and Movant's lien enforcement against the identified res will be rendered practically ineffective.

3.  Compliance with LBR 9075-1(b)(2)(B): The attached declaration(s) justifies setting a hearing on shortened notice, and establishes a *prima facie* basis for the granting of the motion.

4.  Movant has lodged a proposed Order Setting Hearing on Shortened Notice on mandatory form F 9075-1.1.ORDER.SHORT.NOTICE

Date: 2/9/2026

                                      Printed name of law firm

                                      */s/ Paul Nguyen*
                                      Signature of individual Movant or attorney for Movant

                                      PAUL NGUYEN
                                      Printed name of individual Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                      Page 2                    F 9075-1.1.APP.SHORT.NOTICE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

16027 Brookhurst Street, Suite I-104
Fountain Valley, CA 92708

A true and correct copy of the foregoing document entitled: **APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [LBR 9075-1(b)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 02/09/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Leonard Pena (Debtor's attorney): lpena@penalaw.com; Jeffrey I Golden (TR): lwerner@go2.law; UST: USTP.Region16@usdoj.gov; Erin M. Murphy (Adore Escrow attorney): Erin.Murphy@carlsonlawgroup.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/09/2026 | Nhi Duong | _[signature]_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 3    F 9075-1.1.APP.SHORT.NOTICE

# DECLARATION OF PAUL NGUYEN IN SUPPORT OF APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE

**I, Paul Nguyen, declare:**

1. I am the movant. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently.

2. This declaration supports my Application for an Order Setting Hearing on Shortened Notice and relates to my concurrently filed Motion for Relief from Automatic Stay (the "MRS"), which is limited to a single, segregated escrow deposit of $38,000 held by Adore Escrow, Inc. ("Adore") in Escrow No. 21P54043-JT (the "Escrow Funds").

3. I am the assignee judgment creditor in *Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.*, Orange County Superior Court Case No. 30-2022-01253059-CU-OR-CJC (the "State Court Action").

4. The Orange County Sheriff, Civil Division ("OCSD") issued a writ of execution and a Notice of Levy (EJ-150) directed to Adore, levying on escrowed funds in which Debtor has any legal or equitable interest, including funds held in Escrow No. 21P54043-JT. True and correct copies are attached to the MRS as exhibits. (See Writ and EJ-150 Notice of Levy.)

5. **Prepetition Levy Lien Perfected by Service.** The Notice of Levy was served on Adore on December 2, 2025, which was prior to Debtor's petition date of February 4, 2026. Based on that service, the levy lien attached and was perfected prepetition as to the Escrow Funds. (See EJ-150 Notice of Levy)

6. On January 29, 2026, the Orange County Superior Court entered a judgment and order in the third-party claim proceeding identifying the Escrow Funds as $38,000 held by Adore in Escrow No. 21P54043-JT and directing Adore to deliver the funds to OCSD as levying officer. (See state-court order attached to the MRS.)

7. Debtor executed a declaration stating he is not a buyer or escrow party and claims he retained no interest in the Escrow Funds. Claimants filed an opposition asserting the Escrow Funds are not debtor property and are being litigated in another Orange County action.

1

8. **Adore's EJ-152 Refusal Posture Confirms a Live Dispute and Increases Risk of Disposition Before Regular Notice.** Adore executed a Memorandum of Garnishee (EJ-152) asserting the levy is legally ineffective due to a pending action and stating Adore will not deliver the funds under the levy/turnover process.

9. **OCSD Administrative Closure Following Bankruptcy Notice.** After notice of the bankruptcy filing, OCSD administratively closed or suspended the levy file associated with the Escrow Funds and will not proceed further absent a bankruptcy court order authorizing continued action. The resulting effect is that (i) Adore is not delivering the Escrow Funds to OCSD, and (ii) the levy process is stalled unless and until this Court enters a stay-relief order.

10. **Why Shortened Notice Is Necessary**: The Risk of Irreparable Prejudice Is Present Now. Shortened notice is necessary because the Escrow Funds are a finite, segregated res held by a non-debtor stakeholder subject to competing demands, and because Adore has affirmatively asserted in EJ-152 that it will not comply with the levy/turnover path.

11. At the same time, Debtor and claimants have taken the position under oath that the Escrow Funds are not debtor property, which increases the risk the stakeholder will treat the funds as outside the stay and resolve them through release, interpleader, or other disposition mechanisms before a regular-notice hearing occurs.

12. **Prejudice from Delay.** If the Escrow Funds are released or otherwise disposed of before the MRS can be heard, my ability to enforce my perfected prepetition lien against this identified res will be materially impaired and may require additional third-party recovery and tracing litigation. This is the specific prejudice shortened notice is intended to prevent.

13. My request is limited to the Escrow Funds only, and seeks authority for Adore to deliver the Escrow Funds to OCSD and authority for OCSD to reopen any administratively closed levy file and receive/process the funds pursuant to the levy. I also request waiver of Fed. R. Bankr. P. 4001(a)(3) to avoid further delay once the Court rules.

14. Notice Efforts. On the date I file the Application and the MRS, I will provide notice by email and/or telephone to: (a) Debtor or Debtor's counsel (if any), (b) the Chapter 7 trustee, (c) the United States Trustee, (d) Adore or its counsel, (e) and OCSD, and will file a proof of service reflecting those notice efforts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 8, 2026                                Respectfully Submitted;

By: _____
Paul Nguyen, Movant

3