| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leonard Pena (State Bar No, 192898)<br>1003 Diamond Avenue Suite 202<br>South Pasadena, CA 91030<br>(626) 396-4000  Fax:  (626) 498-8875<br>192898 CA<br>lpena@penalaw.com | |
| ☐ Respondent appearing without attorney<br>☒ Attorney for Respondent: | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA,**

| In re:<br><br>Minh Tuong Nguyen<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:26-bk-10347 SC<br>CHAPTER: 7<br><br>**RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT**<br><br>DATE:  March 4, 2026<br>TIME:  10:00 A.M.<br>COURTROOM:  5C<br>PLACE:  411 West Fourth Street, Santa Ana, CA 92701-4593 |
|---|---|

**Movant:**      Paul Nguyen

**Respondent:**    ☒ Debtor    ☐ trustee    ☐ other:

> NOTE REGARDING FILING AND SERVICE OF RESPONSE, EXHIBITS AND DECLARATIONS:
>   A copy of the Response, exhibit(s) and declaration(s) must be served upon:
>   (1) Movant's attorney (or Movant, if Movant does not have an attorney);
>   (2) the trustee; and
>   (3) the judge who presides over this bankruptcy case.
>   Then the document must be filed with the court.

1. ☐ **NONOPPOSITION**

   The Respondent does not oppose the granting of the Motion.

2. ☒ **LIMITED OPPOSITION**
   a. ☐ Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession take place before (*date*):____ and the reason for this request is (*specify*):
   b. ☒ As set forth in the attached declaration of the Respondent or the Debtor, the motion is opposed only to the extent that it seeks a specific finding that the Debtor was involved in a scheme to hinder, delay or defraud creditors.

      The Debtor:
      (1) ☐ has no knowledge of the Property.
      (2) ☐ has no interest in the Property.
      (3) ☒ has no actual possession of the Property.
      (4) ☐ was not involved in the transfer of the Property.

   c. ☐ Respondent opposes the Motion and will request a continuance of the hearing since there is an application for a loan modification under consideration at this time. Evidence of a pending loan modification is attached as Exhibit ____.

3. ☒ **OPPOSITION** The Respondent opposes granting of the Motion for the reasons set forth below.

   a. ☐ The Motion was not properly served (*specify*):

      (1) ☐ Not all of the required parties were served.
      (2) ☐ There was insufficient notice of the hearing.
      (3) ☐ An incorrect address for service of the Motion was used for (*specify*):

   b. ☒ Respondent disputes the allegations/evidence contained in the Motion and contends as follows:
      (1) ☐ The value of the Property is $____, based upon (*specify*):
      (2) ☐ Total amount of debt (loans) on the Property is $____.
      (3) ☐ More payments have been made to Movant than the Motion accounts for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit ____.
      (4) ☐ There is a loan modification agreement in effect that lowered the amount of the monthly payments. A true and correct copy of the loan modification agreement is attached as Exhibit ____.
      (5) ☐ The Property is necessary for an effective reorganization. Respondent filed or intends to file a plan of reorganization that requires use of the Property. A true and correct copy of the plan is attached as Exhibit ____.
      (6) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments are current. A true and correct copy of the chapter 13 plan is attached as Exhibit ____ and proof that the plan payments are current through the chapter 13 trustee is attached as Exhibit ____.
      (7) ☐ The Property is insured. Evidence of current insurance is attached as Exhibit ____.
      (8) ☐ Movant's description of the status of the unlawful detainer proceeding is not accurate.
      (9) ☐ Respondent denies that this bankruptcy case was filed in bad faith.
      (10) ☐ The Debtor will be prejudiced if the Nonbankruptcy Action is allowed to continue the nonbankruptcy forum.
      (11) ☒ Other (*specify*): Movant's motion seeks relief from the stay to execute on his judgment against the Debtor to levy on $38,000.00 held in an escrow.

      Prepetition, on January 29, 2026, the state court that entered the judgment in favor of Movant entered its *Judgment And Order After Hearing Re: Third Party Claim* ("Order") in its Order the Court found in relevant part that "the Court determines that the subject funds constitute property of the judgment debtor for purposes of enforcement."

      Based upon the Order, it appears that the $38,000.00 are property of the bankruptcy estate that the Trustee can administer.

      A true and correct copy of the Order is attached hereto as Exhibit "A".

   c. ☐ Respondent asserts the following as shown in the declaration(s) filed with this Response:

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 2    F 4001-1.RFS.RESPONSE

(1) ☐ The bankruptcy case was converted from chapter _____ to chapter _____.
(2) ☐ All postpetition arrearages will be cured by the hearing date on this motion.
(3) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments ☐ are current, or ☐ will be cured by the hearing date on this motion.
(4) ☐ The Debtor has equity in the Property in the amount of $ _____.
(5) ☐ Movant has an equity cushion of $_____ or _____% which is sufficient to provide adequate protection.
(6) ☐ The Property is necessary for an effective reorganization because (*specify*):
(7) ☐ The motion should be denied because (*specify*):
(8) ☐ An optional memorandum of points and authorities is attached in support of this Response.

**4. EVIDENCE TO AUTHENTICATE EXHIBITS AND TO SUPPORT FACTS INSERTED IN THE RESPONSE:**

Attached are the following documents in support of this Response:

☐ Declaration by the Debtor
☐ Declaration by trustee
☐ Declaration by appraiser

☒ Declaration by the Debtor's attorney
☐ Declaration by trustee's attorney
☐ Other (*specify*):

Date:  2/17/2026

PENA & SOMA, APC
Printed name of law firm for Respondent (if applicable)

LEONARD PEÑA
Printed name of individual Respondent or attorney for Respondent

_/s/ Leonard Peña_
Signature of individual Respondent or attorney for Respondent

## DECLARATION OF LEONARD PEÑA

I, Leonard Pena, declare as follows:

1. I am the attorney for the Debtor in the above referenced case. The facts set forth herein are within my personal knowledge. If called upon I could and would testify competently thereto.

2. Attached hereto as Exhibit "A" is a true and correct copy of the *Judgment And Order After Hearing Re: Third Party Claim* ("Order") entered on January 29, 2026 in the Superior Court of California County of Orange in case titled Lam v. Nguyen Case No.: 30-2022-01253059-CU-OR-CJC ("Orange County Case").

3. The Order states that the monies that are the subject of Movant's motion are property of the Debtor and therefore I advise the Debtor to oppose this motion based upon the State Court's ruling.

I declare of penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct, and that this Declaration was executed on February 17, 2026, at South Pasadena, California.

_____
LEONARD PEÑA

# EXHIBIT "A"

Electronically Received by Superior Court of California, County of Orange, 01/27/2026 05:20:18 PM.
30-2022-01253059-CU-OR-NJC - ROA # 577 - DAVID H. YAMASAKI, Clerk of the Court By eClerk, Deputy Clerk.
31787514

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

JAN 29 2026

DAVID H. YAMASAKI, Clerk of the Court

BY: _____L. CHICO_____, DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ORANGE, NORTH JUSTICE CENTER

NGOC TUYET LAM,

    Plaintiff,

vs.

MINH TUONG NGUYEN, (aka NGUYEN TUONG MINH), NGAN THI KIM TRAN, and DOES 1-20, inclusive,

    Defendants.

Case No.: 30-2022-01253059-CU-OR-CJC

JUDGMENT AND ORDER AFTER HEARING RE THIRD-PARTY CLAIM

(*Code Civ. Proc.*, §§ 720.110–720.420; §§ 720.310, 720.360, 720.390)

Hearing:

Date:  01/28/2026
Time: 10:00 a.m.
Dept.: N18

## JUDGMENT AND ORDER AFTER HEARING ON PETITION TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

(Petition under CCP § 720.310)

**Petitioner/Assignee Judgment Creditor:** Paul Nguyen (Assignee of Judgment Creditor)

**Third-Party Claimants:** Thanh Binh Tran; Ngoc Lam Phuong Nguyen

**Garnishee/Escrow Holder:** Adore Escrow, Inc.

**Escrow:** Escrow No. 21P54043-JT

    Property/Funds: $38,000 (plus any interest actually accrued, if any) held in escrow in connection with the property at 9049 Lemongrass Court, Fountain Valley, CA 92708 (the "Escrow Funds").

//

//

## I. RECITALS

1. The Court heard Judgment Assignee/Petitioner's Petition for Hearing to Determine Validity of Third-Party Claim pursuant to *Code of Civil Procedure* section 720.310 regarding the Escrow Funds described above.

2. The Court considered the moving papers, any opposition and reply, the evidence submitted, and the arguments/appearances.

3. This is a summary proceeding under the Enforcement of Judgments Law. Third-Party Claimants bear the burden of proof. (CCP § 720.360.) At the conclusion of the hearing, the Court shall give judgment determining the validity of the third-party claim and may order disposition of the property in accordance with the parties' interests. (CCP § 720.390.)

## II. FINDINGS

The Court makes the following findings:

1. Third-Party Claimants bear the burden of proof to establish a superior ownership interest or right to possession of the property at issue. (CCP § 720.360.)

2. Third-Party Claimants did not meet their burden to establish, by a preponderance of the evidence, a superior title to, or right to possession of, the Escrow Funds as against enforcement of the judgment in this action. (CCP § 720.360.)

3. The Court finds that Third-Party Claimants failed to meet their burden under *Code of Civil Procedure* section 720.360 to establish ownership of, or a superior right to possession of, the funds held by Adore Escrow, Inc. in Escrow No. 21P54043-JT.

4. The Third-Party Claim asserted by Thanh Binh Tran and Ngoc Lam Phuong Nguyen to the Escrow Funds is **DENIED**.

5. The Court rejects the contention that the levy is ineffective under CCP § 700.180(b) on the ground that the escrow funds are allegedly "the subject of a pending action."

6. CCP § 700.180(a) addresses limitations concerning tangible personal property in the possession or control of the judgment debtor or in the custody of a levying officer and does not bar levy or turnover of escrow funds held by a third-party escrow holder.

7. For purposes of levy and enforcement procedures, money is classified as tangible personal property within the meaning of CCP § 680.370.

8. No provision of CCP § 700.180(a) or (b) operates to bar levy, turnover, or disposition of the escrow funds in this proceeding.

9. As a result, the Court determines that the subject funds constitute property of the judgment debtor for purposes of enforcement, are properly subject to levy, and must be disposed of in accordance with *Code of Civil Procedure* section 720.390.

10. Petitioner / Assignee Judgment Creditor is the prevailing party on the Petition to Determine Validity of Third-Party Claim. As the prevailing party, Petitioner is entitled to recover allowable costs pursuant to CCP §§ 1032(b) and 1033.5, subject to a timely Memorandum of Costs.

11. The Court's determination of the validity of the Third-Party Claim is conclusive between the parties to this proceeding pursuant to CCP § 720.390, subject to appeal

## III. ORDERS

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Third-Party Claim Denied.** The Third-Party Claim of Thanh Binh Tran and Ngoc Lam Phuong Nguyen to the Escrow Funds ($38,000, plus any interest actually accrued, if any) held by Adore Escrow, Inc. in Escrow No. 21P54043-JT is DENIED IN ITS ENTIRETY.

2. **Disposition / Turnover.** Pursuant to CCP § 720.390, the Court orders disposition of the Escrow Funds as follows:

    a. Adore Escrow, Inc. shall turn over and deliver the Escrow Funds (currently $38,000, plus any interest actually accrued, if any) to the levying officer (Orange County Sheriff, Civil

      Division) or as otherwise directed by the levying officer under the applicable levy/writ issued in this action.

    b. Turnover shall be completed within five (5) calendar days after service of Notice of Entry of this Judgment/Order, unless the levying officer provides different written instructions regarding the method and payee for remittance.

3. **Prevailing Party Costs Awarded.** Petitioner/Assignee Judgment Creditor is the prevailing party on the Petition and is awarded recoverable costs incurred in connection with this third-party claim proceeding pursuant to CCP § 1032(b) and allowable items under CCP § 1033.5, in an amount to be determined upon timely filing and service of a Memorandum of Costs. (CRC 3.1700.)

4. **Conclusive Effect.** Subject to appeal, this Judgment is conclusive between the parties to this proceeding as provided by CCP § 720.390.

5. **Notice.** Petitioner/Assignee Judgment Creditor shall provide Notice of Entry of this Judgment/Order.

**IT IS SO ORDERED.**

Dated: _1-29_____, 2026

By: _/s/ Steiner_____

Honorable Scott A. Steiner
Judge Of The Superior Court

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>North Justice Center<br>1275 N. Berkeley Ave<br>Fullerton , CA 92838 | |
|---|---|
| **SHORT TITLE:** Lam vs. Nguyen | |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | **CASE NUMBER:**<br>30-2022-01253059-CU-OR-NJC |

I certify that I am not a party to this cause. I certify that a true copy of the above Order After Hearing dated 01/29/26 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Fullerton , California on 1/29/26. Following standard court practice the mailing will occur at Sacramento, California on 1/30/26.

NGAN THI KIM TRAN
1718 W BOWLING STREET
ANAHEIM, CA 92804

PAUL NGUYEN
16027 BROOKHURST STREET I-104
FOUNTAIN VALLEY, CA 92708

Clerk of the Court, by: _____, Deputy

I certify that I am not a party to this cause. I certify that that the following document(s), Order After Hearing dated 01/29/26, was transmitted electronically by an Orange County Superior Court email server on January 29, 2026, at 11:24:20 AM PST. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

DIRECTIONS LAW, INC.
HEIDI@DIRECTIONSLAW.COM

JACKMAN LAW, P.C.
RYAN@JACKMAN.LAW

LAW OFFICE OF HAI H. LAI
ATTORNEY_LAI@YAHOO.COM

PAUL NGUYEN
MNAPAUL1@GMAIL.COM

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                    Code of Civ. Procedure , § CCP1013(a)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1003 Diamond Avenue Suite 202
South Pasadena, CA 91030

A true and correct copy of the foregoing document entitled (*specify*): __RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/27/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jeffrey I Golden (TR)
lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com

Leonard Pena on behalf of Debtor Minh Tuong Nguyen
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

United States Trustee (SA)ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) 2/17/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott C. Clarkson
United States Bankruptcy
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

Paul Nguyen
16027 Brookhurst Street Suite I-104
Fountain Valley, CA 92708

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 17, 2026 | NOEMI SANDOVAL | /S/ NOEMI SANDOVAL |
|---|---|---|
| Date | Printed Name | Signature |