LEONARD PEÑA (State Bar No.192898)
lpena@penalaw.com
Peña & Soma, APC
1003 Diamond Ave., Suite 202
South Pasadena, CA 91030
Phone 626-396-4000
Facsimile 626-498-8875

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MINH TUONG NGUYEN,<br><br>    Debtor. | Case No.: 8:26-bk-10347-SC<br><br>Chapter 7<br><br>DEBTOR'S OPPOSITION TO MOTION TO DISMISS; DECLARATION OF MINH TUONG NGUYEN<br><br>DATE:  March 3,2026<br>TIME:  11:00 AM<br>CTRM:  5C<br>PLACE: 411 W Fourth St.<br>Santa Ana, CA 92701 |

    Debtor Minh Tuong Nguyen ("Debtor") hereby submits his opposition to the *Motion To Dismiss Chapter 7 Case For Cause Under 11 U.S.C. Section 707(a); To Dismiss With Prejudice And Impose A Refiling Bar Under 11 U.S.C. Sections 349(a) And 105(a)* filed by creditor Paul Nguyen ("Motion").

/ / /

/ / /

/ / /

/ / /

1

**I.  INTRODUCTION**

This case involves a single voluntary Chapter 7 petition filed by Debtor Minh Tuong Nguyen ("Debtor") on February 4, 2026. Debtor has no prior dismissed Chapter 7 cases, and there is no record of repeat filings. There is no history of stay abuse, and no judicial finding of misconduct exists. Movant Paul Nguyen ("Movant") now seeks dismissal of this Chapter 7 case for cause under 11 U.S.C. § 707(a), dismissal with prejudice and the imposition of a refiling bar under 11 U.S.C. §§ 349(a) and 105(a) (the "Motion"). The Motion should be denied in entirety because it seeks extraordinary relief reserved for extreme circumstances involving egregious conduct demonstrating bad faith—such as concealment, violation of injunctions, or the filing of unauthorized petitions—none of which is present here.

**II.  RELEVANT FACTS**

Debtor filed the present personal Chapter 7 bankruptcy petition on February 4, 2026, listing his social security with the last four digits of 7703. Prior to filing this case, Debtor completed the required pre-filing credit counseling through an approved agency. The certificate filed in this case is the first and only pre-filing credit counseling certificate obtained by Debtor. Debtor has no prior dismissed personal Chapter 7 cases, and there has been no judicial finding of misconduct.

Movant seeks dismissal of Debtor's case but cannot establish any actual history of abuse. Instead, Movant's sole argument is based on speculation regarding a separate 2023 bankruptcy filing by an individual who is not Debtor and who

2

appears to have used a different social security number (ending in 9088), whereas Debtor's social security number ends in 7703. Movant also cites unrelated limited liability company cases and unauthenticated bank documents. None of these assertions establishes repeat filings, bad faith, or abuse under the applicable legal standards.

    The Motion is fundamentally flawed because it rests on the unsubstantiated allegation that Debtor previously filed for bankruptcy protection using a different social security number. Debtor has never filed for voluntary Chapter 7 relief prior to this case and has never used any social security number other than the one ending in 7703. A recent comprehensive background report tied to Debtor's confirmed social security number ending in 7703 reflects only one bankruptcy case—this case. Debtor has declared under penalty of perjury that he has used only one social security number (ending in 7703) and has never filed for Chapter 7 relief under any other identity. Movant has not presented competent, admissible evidence establishing that Debtor is the same individual as the filer in Case No. 8:23-bk-12383-SC. Similarity of names, without verified identity linkage through matching Social Security numbers or other competent proof, is insufficient to establish that Debtor filed a prior personal bankruptcy. The burden of proving identity rests with Movant, and that burden has not been met.

    The Bankruptcy Code does not authorize dismissal simply because a creditor is frustrated by the automatic stay. It does not permit dismissal with prejudice absent clear, egregious

abuse. It does not impose refiling bars based on conjecture or aggressive litigation tactics.

There is no legal or factual basis for dismissal, let alone dismissal with prejudice and a two-year bar.

**III. LEGAL STANDARD**

    **A.    Dismissal Under 11 U.S.C. § 707(a) Requires Demonstrable "Cause".**

Section 707(a) provides that a Chapter 7 case may be dismissed "only for cause." 11 U.S.C. § 707(a). Although the statute lists three examples of cause, those examples are non-exclusive and do not include mere creditor dissatisfaction or strategic invocation of bankruptcy protections.

The Ninth Circuit has made clear that dismissal under § 707(a) is a serious remedy that must be grounded in demonstrable abuse of the bankruptcy process. *In re Padilla*, 222 F.3d 1184, 1191–93 (9th Cir. 2000). In *Padilla*, the court established a two-step inquiry. First, the court must determine whether the alleged misconduct is addressed by a more specific provision of the Bankruptcy Code. If so, § 707(a) may not be used to circumvent that statutory remedy. *Id*. at 1193. Only if no specific Code provision applies may the court determine whether the conduct rises to the level of "cause."

Bad faith dismissal under § 707(a) is reserved for extreme circumstances involving clear abuse or manipulation of the bankruptcy system. (*In re Sherman*, 491 F.3d 948, 970–74 (9th Cir. 2007).) Filing bankruptcy in response to creditor enforcement efforts does not constitute bad faith; the automatic

4

stay exists precisely to halt such collection activity. See *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986).

The movant bears the burden of proof. Unsupported allegations, speculation, or disputed inferences do not satisfy that burden. A creditor seeking dismissal must present objective, admissible evidence demonstrating actual abuse of the bankruptcy process.

**B.    Dismissal With Prejudice Under § 349(a) Requires Egregious Misconduct.**

Dismissal of a bankruptcy case is presumptively without prejudice. 11 U.S.C. § 349(a). A dismissal "with prejudice," particularly one imposing a bar on refiling, is an extraordinary sanction.

In *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999), the Ninth Circuit adopted a totality-of-the-circumstances test to determine whether bad faith warrants dismissal with prejudice. Courts consider whether the debtor misrepresented facts, unfairly manipulated the Bankruptcy Code, engaged in a history of filings and dismissals, sought to defeat state court litigation through improper means, or engaged in egregious conduct. The inquiry focuses on objective evidence of abuse, not isolated disputes or creditor frustration.

The Bankruptcy Appellate Panel has reaffirmed that refiling bars and prejudicial dismissals are appropriate only where the record reflects repeated misuse of the bankruptcy system. *In re Ellsworth*, 455 B.R. 904, 919–20 (9th Cir. BAP 2011). Because

dismissal with prejudice is punitive in nature, it must be supported by clear and compelling evidence of bad faith.

### C. A Refiling Bar Under §§ 349(a) and 105(a) Requires Clear Abuse.

A refiling bar, particularly one extending for multiple years, restricts a debtor's access to federal bankruptcy relief and therefore requires careful judicial scrutiny. While courts possess equitable authority under §§ 349(a) and 105(a), that authority must be exercised within the bounds of the Bankruptcy Code and only upon a showing of clear abuse. *See Law v. Siegel*, 571 U.S. 415, 421 (2014).

Courts impose extended refiling bars in cases involving serial petitions, repeated dismissals, fraudulent conduct, or deliberate manipulation of the automatic stay. Absent such circumstances, dismissal with prejudice and refiling restrictions are legally unwarranted.

### D. Bankruptcy Relief Is Remedial and Must Be Applied Cautiously.

The Bankruptcy Code is remedial in nature and designed to provide a fresh start to honest but unfortunate debtors. *Grogan v. Garner*, 498 U.S. 279, 286–87 (1991). Dismissal, especially dismissal with prejudice, must therefore be exercised cautiously and supported by clear findings of misconduct.

Where the record reflects a single voluntary filing without prior abuse, courts in this Circuit routinely deny dismissal motions predicated on speculation or aggressive creditor theories. The burden remains on the movant to establish actual

6

Case 8:26-bk-10347-SC   Doc 21   Filed 02/17/26   Entered 02/17/26 22:57:18   Desc
Main Document    Page 7 of 18

cause; unsupported allegations of "serial filings," identity discrepancies, or bad faith are insufficient as a matter of law.

**IV. ARGUMENT**

    **A.    Movant Has Not Established "Cause" Under 11 U.S.C. § 707(a).**

Section 707(a) permits dismissal of a Chapter 7 case "only for cause." The statute provides illustrative examples of cause, but none encompass creditor dissatisfaction or strategic invocation of bankruptcy protections. 11 U.S.C. § 707(a).

The Ninth Circuit has made clear that dismissal under § 707(a) must be grounded in demonstrable abuse of the bankruptcy process and may not serve as a generalized equitable override of the Code. *In re Padilla*, 222 F.3d 1184, 1191-93 (9th Cir. 2000). *Padilla* establishes a two-step inquiry. First, a court must determine whether the alleged misconduct is addressed by a more specific provision of the Bankruptcy Code. If so, § 707(a) may not be used to circumvent that statutory remedy. Only if no specific provision applies may the court consider whether the conduct rises to the level of "cause." Id. at 1193.

Here, Movant alleges inaccurate disclosures and bad faith. Alleged inaccuracies in petition disclosures are governed by specific Code provisions, including §§ 521, 707(b), and 727(a)(4), as well as Rule 1008 (verification under penalty of perjury). If Movant believed the petition contained knowing falsehoods, the appropriate remedy would be an objection to discharge under § 727(a)(4), not a generalized dismissal theory under § 707(a). *Padilla* expressly prohibits using § 707(a) to

bypass specific statutory remedies.

Dismissal for bad faith under § 707(a) is reserved for extreme cases involving clear abuse or manipulation of the bankruptcy process. *In re Sherman*, 491 F.3d 948, 970-74 (9th Cir. 2007). Filing bankruptcy in response to creditor enforcement activity does not constitute bad faith; the automatic stay exists precisely to halt such collection efforts. *Marshall v. Marshall (In re Marshall)* (9th Cir. 2013) 721 F.3d 1032, 1049.

The burden of proving cause rests squarely on Movant. Unsupported allegations, inference stacking, and speculative identity theories do not satisfy that burden. *Leavitt*, 171 F.3d at 1224. Movant has not demonstrated misrepresentation, concealment of assets, a pattern of serial filings, or egregious misconduct. Absent objective evidence of abuse, dismissal under § 707(a) is improper as a matter of law.

**B. Movant Fails to Meet His Burden of Proving "Cause" Under § 707(a)–The Alleged SSN Discrepancy Does Not Establish Bad Faith.**

Movant's primary theory rests on an alleged identity linkage between this case and a 2023 bankruptcy petition filed under the name "Minh T Nguyen," which lists a Social Security number ending in 9088, while the present petition lists Debtor's confirmed social security number ending in 7703. From this discrepancy, Movant asks the Court to infer identity manipulation and serial filing. However, Movant has not presented competent evidence establishing that Debtor is the

8

same individual who filed the 2023 petition. This theory fails both factually and legally.

Even if the 2023 case had been filed by the Debtor, the case was dismissed, there was no discharge entered and creditors were unaffected. Assuming, the 2023 case had been filed by the Debtor, the prior case would have no impact on Movant or other creditors in this case.

Dismissal under § 707(a) requires proof of actual misconduct, not speculative inference or hearsay allegations. *Padilla*, 222 F.3d at 1191–93. Debtor has certified under penalty of perjury that: (1) he has not filed for personal Chapter 7 bankruptcy in the past eight years; (2) his SSN ends in 7703; (3) the pre-filing credit counseling certificate filed in this case is the first and only certificate he has ever obtained; and (4) he has used only one SSN (ending in 7703) in his lifetime. Such sworn statements constitute competent evidence under Federal Rule of Evidence 602 and Bankruptcy Rule 1008. Movant offers no admissible evidence to rebut the Debtor's declaration attached hereto. Instead, Movant relies on allegations concerning a separate case filed by an individual who may have misappropriated Debtor's identity or who simply shares a similar name.

Moreover, any presumption of identity based solely on similarity of names is weak and insufficient here for at least two reasons: (1) the name variations between Minh Tuong Nguyen (current case) and Minh T. Nguyen (2023 case) are significant, particularly given that "Minh" is a very common Vietnamese first name and "Nguyen" is one of the most common surnames in

9

California; and (2) the social security number's differ (7703 versus 9088), which strongly indicates two different individuals. Indeed, Movant cannot simultaneously argue that the social security number's differ and that both filings belong to Debtor.

Without proof of knowing falsity or manipulation, there is no bad faith and no cause under § 707(a).

### C.  Separate LLC Filings Do Not Constitute Individual "Serial Filings"

Movant attempts to characterize a bankruptcy filing by Starworld USA, LLC as evidence of serial filing by Debtor. This argument ignores fundamental corporate law.

A limited liability company ("LLC") is a distinct juridical entity under California law. Cal. Corp. Code § 17701.04(a). Federal bankruptcy law likewise treats corporations and individuals as separate debtors. 11 U.S.C. §§ 101(41), 109(a); *Kane v. Zions Bancorporation, N.A.* (N.D.Cal. 2022) 631 F. Supp. 3d 854, 867-868.

Absent veil-piercing, which Movant neither alleges nor proves, an LLC filing is not a personal filing. *In re Schwarzkopf*, 626 F.3d 1032, 1038–39 (9th Cir. 2010). Serial filing analysis under *Leavitt* concerns repeated personal petitions. Movant identifies no prior dismissed personal case attributable to Debtor, no pattern of repeated filings, and no manipulation through dismissal and refiling cycles.

Conflating corporate insolvency with personal bankruptcy abuse does not satisfy the "history of filings" factor under *Leavitt*.

### D. Filing in Response to Collection Efforts Is Not Bad Faith

Movant argues that this case was filed to frustrate enforcement of a judgment. That assertion misunderstands the function of bankruptcy. The automatic stay is a fundamental protection designed to halt collection activity. *Marshall*, (9th Cir. 2013) 721 F.3d 1032, 1049. Filing in response to enforcement does not constitute bad faith absent additional egregious conduct. To the contrary, to the extent that there are assets available for creditors, including Movant, the Chapter 7 Trustee will investigate the existence of assets and possibly liquidate them for the benefit of Movant and other creditors.

The Ninth Circuit requires objective evidence of abuse, not mere timing. *Sherman*, 491 F.3d at 970. A debtor's decision to seek bankruptcy relief after adverse state court rulings does not, standing alone, demonstrate unfair manipulation of the Code. *Leavitt*, 171 F.3d at 1224.

There is no record of concealment, repeated filings, or abuse. The only alleged misconduct is the filing itself. That is insufficient as a matter of law.

### E. The Alleged Chase Records Are Not Competent Evidence

Movant relies on purported Chase bank records to argue that Debtor's true social security number ends in 7703, suggesting that the social security number ending in 9908 used in the 2023 filing was fraudulent. However, these private banking documents cannot establish intentional misrepresentation and constitute inadmissible hearsay under Ninth Circuit law.

First, the bank records are hearsay and do not fall within any recognized exception to the hearsay rule for purposes of this proceeding. While bank records may qualify as business records in certain contexts, Movant has not established the proper foundation for their admission under the business records exception. F.R.E. 803.

Second, Movant has not properly authenticated the bank records as required by the Federal Rules of Evidence. The mere fact that the documents were subpoenaed does not establish their authenticity or reliability. F.R.E. 901. They are hearsay absent compliance with Rule 803(6). Movant provides no custodian declaration, no Rule 902(11) certification, and no sworn testimony authenticating the documents.

Third, private bank records are not public records and are not proper subjects of judicial notice. Dismissal under § 707(a), particularly where dismissal with prejudice is sought, cannot be based on unauthenticated private documents. F.R.E. 201 Assuming arguendo, the bank records are admissible, they do not establish intentional misrepresentation. At most, they show that a bank account was opened with an social security number ending in 7703, but they do not prove that Debtor knowingly used a different social security number in a prior bankruptcy filing or that Debtor is even the same person as the filer of the 2023 bankruptcy case.

In summary, movant relies on subpoenaed Chase bank records to argue that Debtor's true Social Security number ends in 7703 and to imply that the 2023 petition listing 9088 must therefore

involve misconduct. Even assuming arguendo that the Chase records are admissible business records under Federal Rule of Evidence 803(6), they do not establish the essential fact Movant must prove, namely, that Debtor filed the 2023 bankruptcy petition.

The Chase custodian declaration confirms only that certain bank accounts associated with Starworld USA LLC list an SSN ending in 7703 for Tuong Minh Nguyen. Those records do not establish that Debtor filed Case No. 8:23-bk-12383-SC, that Debtor used an alternate social security number in that filing, or that any intentional misrepresentation occurred. They merely confirm that Debtor's social security number ends in 7703, which is consistent with the petition filed in this case.

Moreover, the existence of a corporate bank record does not create identity linkage across separate federal bankruptcy filings. Movant's theory requires an inferential leap unsupported by competent evidence. Dismissal under § 707(a), particularly with prejudice, cannot rest on inference layered upon assumption.

Without admissible proof that Debtor filed the 2023 case or knowingly used inconsistent identifying information, Movant has failed to establish bad faith or "cause" as a matter of law.

///
///

**F.    Dismissal with Prejudice and Imposition of a Refiling Bar Is Not Warranted.**

Movant seeks dismissal with prejudice and imposition of a

two-year refiling bar under 11 U.S.C. §§ 349(a) and 105(a). However, such severe sanctions are only warranted in cases of clear bad faith or egregious serial abuse. "[A] bankruptcy court rarely uses its authority to bar the discharge of debts in a later case." *Colonial Auto Ctr. v. Tomlin (In re Tomlin)* (4th Cir. 1997) 105 F.3d 933, 937. "In any court, a dismissal order that bars subsequent litigation is a severe sanction warranted only by egregious misconduct. *Id*.

Although bankruptcy courts possess equitable authority under § 105(a), that authority must remain "within the confines of the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 421 (2014). A punitive two-year prohibition absent a record of serial abuse and egregious behavior that demonstrates bad faith would be inconsistent with the Bankruptcy Code's main purpose "to afford insolvent debtors an opportunity to enjoy a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt…." *Colonial Auto Ctr.*, (4th Cir. 1997) 105 F.3d 933, 937.

As demonstrated above, Movant has failed to establish that Debtor has engaged in any misconduct that would warrant dismissal, let alone dismissal with prejudice and a refiling bar. Debtor has certified under penalty of perjury that he has not filed previous personal bankruptcy cases in the last eight years, has used only one SSN (ending in 7703) in his lifetime, and the pre-filing credit counseling certificate filed in this case is the first and only certificate he has ever obtained. Without clear and convincing evidence to the contrary, these

sworn statements should be accepted by the Court. The present record contains no history of prior dismissed personal bankruptcy cases attributable to Debtor, no stay abuse, and no judicial finding of bad faith.

Dismissal is presumptively without prejudice under § 349(a) and the equitable powers granted to bankruptcy courts under 11 U.S.C. § 105(a) should not be used to impose severe sanctions based on speculative allegations and inadmissible evidence.

**V. CONCLUSION**

For all the foregoing reasons, Debtor Minh Tuong Nguyen respectfully requests that the Court deny Movant Paul Nguyen's Motion to Dismiss, including the request for dismissal with prejudice and imposition of a two-year refiling bar, in its entirety, and permit this Chapter 7 case to proceed in the ordinary course under the Bankruptcy Code.

DATED: February 17, 2026                    PEÑA & SOMA, APC

                                            By:_____
                                               LEONARD PEÑA
                                               Attorneys for Debtor

# **DECLARATION OF MINH TUONG NGUYEN**

I, Minh Tuong Nguyen, declare as follows:

1. I am the debtor in the Chapter 7 Case No: 8:26-bk-10347, filed on February 4, 2026 at 6:47 p.m. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2. I filed this Chapter 7 petition because my business failed and I was unable to pay my debts as they became due and required relief under the Bankruptcy Code.

3. I was born in Vietnam in 1984. My full legal name is Minh Tuong Nguyen. I have not used any other legal names within the past eight years.

4. I have used only one Social Security number in my lifetime, ending in 7033. I have never applied for or used any other Social Security number.

5. This case, No. 8:26-bk-10347, is my first and only personal Chapter 7 bankruptcy filing. I have never filed for personal Chapter 7 bankruptcy under any other name, Social Security number, or identity. I have never filed multiple cases to delay a creditor, nor have I engaged in "serial filings."

6. Prior to filing this case on February 4, 2026, I completed the required pre-filing credit counseling session through an approved agency. The certificate filed in this case is the first and only pre-filing credit counseling certificate I have ever obtained.

7. I understand that Movant alleges I previously filed other bankruptcies or used different identifying information. Those allegations are not true. If any bankruptcy filing exists under a different Social Security number, that filing does not belong to me. If any bankruptcy filing involves a business entity, that would not constitute a personal Chapter 7 filing by me.

8. Other than this case, I have not filed any other personal bankruptcy cases, nor were any bankruptcy cases filed on my behalf, nor have I authorized anyone to file cases on my behalf.

9. I understand Movant references alleged Chase bank records. I did not prepare those documents, submit them to this Court, or authenticate them. I do not know how Movant

1
DECLARATION OF MINH TUONG NGUYEN

8. Other than this case, I have not filed any other personal bankruptcy cases, nor were any bankruptcy cases filed on my behalf, nor have I authorized anyone to file cases on my behalf.

9. I understand Movant references alleged Chase bank records. I did not prepare those documents, submit them to this Court, or authenticate them. I do not know how Movant obtained them or whether they are complete or accurate. My bankruptcy filing was based on my own financial records and information provided to counsel.

10. I filed this Chapter 7 petition because I was experiencing legitimate financial distress. I did not file it to harass Movant, gain unfair leverage, or cause delay. I filed because I could no longer pay my debts as they became due and required relief under federal law.

11. Other than the debt owed to Movant I have several other creditors.

12. I understand that bankruptcy is a serious legal proceeding and that signing under penalty of perjury carries criminal consequences if information is false. All information provided to my attorney and to this Court regarding my identity, filing history, and financial condition is true and correct to the best of my knowledge.

13. I have not filed multiple cases, manipulated Social Security numbers, or engaged in any abusive conduct. This is my first personal bankruptcy filing and it was made in good faith.

14. I filed bankruptcy only after meeting with bankruptcy counsel and understanding the legal consequences of a filing.

15. I respectfully request that the Court deny Movant's Motion to Dismiss and allow my case to proceed in the ordinary course.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 17, 2026.

_____
Minh Tuong Nguyen
Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1003 Diamond Ave., Suite 202 South Pasadena, California 91030

A true and correct copy of the foregoing document entitled (*specify*): DEBTOR'S OPPOSITION TO MOTION TO DISMISS; DECLARATION OF MINH TUONG NGUYEN will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/17/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**Jeffrey I Golden (TR)**
lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com

**Leonard Pena on behalf of Debtor Minh Tuong Nguyen**
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

**United States Trustee (SA)**
ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:
On (*date*) 2/17/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hon. Scott C. Clarkson
United States Bankruptcy
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

Paul Nguyen
16027 Brookhurst Street Suite 1-104
Fountain Valley, CA 92708

☐ Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/17/2026 | NOEMI SANDOVAL | /S/ NOEMI SANDOVAL |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE