Paul Nguyen
16027 Brookhurst Street, Suite I-104
Fountain Valley, CA 92708
Tel: (949) 923-0106
Mnapaul1@gmail.com

Creditor Pro Se



**FILED & ENTERED**

MAR 20 2026

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte    DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re:

MINH TUONG NGUYEN

Debtor

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 8:26-bk-10347-SC

Chapter 7

Hon. Scott C. Clarkson

**ORDER DENYING MOTION TO DISMISS CHAPTER 7 CASE FOR CAUSE UNDER 11 U.S.C. § 707(a)**

Date:   3/4/2026
Time:   10:00 a.m.
Dept:   5C

On March 4, 2026, the Court held a hearing on Paul Nguyen's Motion to Dismiss Chapter 7 Case filed February 10, 2026 [Dk. 15] ("Motion"). Appearances are as noted in the record. Having considered the Motion, supporting papers, opposition, reply, and the argument presented at the hearing, and having adopted in full the following tentative ruling which was posted in advance of the hearing, the Court hereby DENIES the Motion:

Tentative for 3/4/26:

The Court is inclined to DENY the motion to dismiss.

The creditor moves to dismiss this Chapter 7 case under 11 U.S.C. § 707(a), which permits dismissal "only for cause." In determining whether cause exists,

Page 1

the Ninth Circuit requires a threshold inquiry: whether the alleged misconduct is addressed by a more specific provision of the Bankruptcy Code. If it is, that conduct does not constitute "cause" under § 707(a). *Neary v. Padilla (In re Padilla),* 222 F.3d 1184, 1191 (9th Cir. 2000); *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 969 (9th Cir. 2007).

The creditor's arguments fall into two categories: (1) the timing and effect of the Chapter 7 filing in light of prepetition state court enforcement efforts, and (2) the debtor's failure to disclose a 2023 personal bankruptcy case.

With respect to enforcement, the creditor also seeks relief from stay. To the extent dismissal is premised on the filing's effect on levy or collection activity, that concern is governed by 11 U.S.C. § 362(d). Under *Sherman*, the use of bankruptcy to halt state court proceedings or enforcement activity is addressed by the automatic stay and related remedies, not by dismissal under § 707(a). Because the Code provides a specific mechanism to address enforcement concerns, and that mechanism is being invoked, § 707(a) is not the appropriate vehicle.

The creditor also points to Debtor's response in the petition denying any prior bankruptcy filing within eight years. A 2023 personal Chapter 7 case, No. 8:23-bk-12383-SC, exists. In his Opposition, Debtor asserts that case is unrelated to him. The creditor replies, relying on the fact that the 2023 personal case and the Starworld USA LLC case, identified as related in the present petition, both reference the same Rangeview Drive property. If the Court were to determine that the 2023 personal case is attributable to this debtor, which appears to be the case, the petition answer would be inaccurate. However, alleged misrepresentations or false statements in bankruptcy filings are governed by 11 U.S.C. § 727(a)(4), which addresses denial of discharge for false oath. Where the Code provides a specific remedy for the alleged misconduct, it may not be recast as "cause" under § 707(a). *Sherman*, 491 F.3d at 969.

Section 707(a)(1) also permits dismissal for "unreasonable delay by the debtor that is prejudicial to creditors." Under *Takano v. Takano (In re Takano)*, 771 F. App'x 805 (9th Cir. 2019), dismissal on that basis requires a showing of prejudice. On this record, the only asserted prejudice arises from the operation of the automatic stay, and relief from stay is being pursued. No additional unreasonable delay or independent prejudice to creditors has been demonstrated.

///

Each asserted ground for dismissal is addressed by a more specific statutory remedy, § 362(d) for enforcement concerns and § 727(a)(4) for alleged false statements. Under the Ninth Circuit's displacement principle, those matters do not constitute independent "cause" under § 707(a). The Court is inclined to deny the motion to dismiss.

Virtual appearances are required.

**IT IS SO ORDERED.**

Date: March 20, 2026

Scott C. Clarkson
United States Bankruptcy Judge