| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| PAUL NGUYEN<br>16027 Brookhurst Street, Suite I-104<br>Fountain Valley, CA 92708<br>(949) 923-0106<br>mnapaul1@gmail.com<br><br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | **FILED**<br>**APR 15 2026**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>Minh Tuong Nguyen<br><br><br><br><br>Debtor(s). | CASE NO.: 8:26-bk-10347-SC<br>CHAPTER: 7<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)**<br><br>DATE: 05/06/2026<br>TIME: 10:00 am<br>COURTROOM: 5C |

**Movant:** PAUL NGUYEN

1. **Hearing Location:**
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☒ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: __04/14/2026__

_____
Printed name of law firm (if applicable)

PAUL NGUYEN
_____
Printed name of individual Movant or attorney for Movant


/s/ _____
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff

   b. ☐ Defendant

   c. ☒ Other (specify): JUDGMENT ASSIGNEE/CREDITOR

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.

   b. *Docket number*: OCSC Case No. 30-2022-01253059-CU-OR-CJC

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
   Orange County Superior Court (post-judgment enforcement; levy/third-party claim)

   d. Causes of action or claims for relief (Claims):
   Post-judgment enforcement of money judgment; levy on escrow-held funds; third-party claim adjudication; turnover/delivery order to levying officer.

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☒ 7  ☐ 11  ☐ 12  ☐ 13
   was filed on (date) 02/04/2026 .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11☐ 12  ☐ 13
   was entered on (date) _____.

   c. ☐ A plan was confirmed on (date) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☐ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 3    F 4001-1.RFS.NONBK.MOTION

f.  ☐ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g.  ☒ Other (*specify*):
The fund deposited with Adore Escrow was levy pre-petition and is not property of the estate. See Attachment A

5.  **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

a.  ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c.  ☐ Other (*specify*):

6.  **Evidence in Support of Motion: (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a.  ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b.  ☒ Supplemental declaration(s).

c.  ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d.  ☒ Other evidence (*specify*):
EJ-150, writ, state-court order, debtor declaration, opposition, EJ-152

7.  ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1.  Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2.  ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3.  ☐ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6.  ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7.  ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8.  ☒ Other relief requested. Modify stay solely to authorize Adore Escrow, Inc. to deliver $38,000 held in Escrow to the Orange County Sheriff, Civil Division, and authorize OCSD to receive and process the levy as to those funds; preserve trustee rights except as necessary to effectuate this limited relief.

Date: 04/14/2026

_____
Printed name of law firm (*if applicable*)

PAUL NGUYEN
_____
Printed name of individual Movant or attorney for Movant


/s/  _____
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) PAUL NGUYEN _____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

    ☒ I am the Movant.
    ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐ I am employed by Movant as (title and capacity):
    ☐ Other (specify):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☐ Plaintiff
    ☐ Defendant
    ☒ Other (specify): Judgment creditor / levying creditor

4.  The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action*: Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.
    b.  *Docket number*: 30-2022-01253059-CU-OR-CJC
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
        Orange County Superior Court

5.  **Procedural Status of Nonbankruptcy Action**:

    a.  The Claims are:
        Post-judgment enforcement; levy on escrow funds held by third-party pursuant to writ of execution. Such levy has been perfected with turn-over order pre-petition.

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _____.

    c.  The Nonbankruptcy Action was filed on (date) _____.

    d.  Trial or hearing began/is scheduled to begin on (date) _____.

    e.  The trial or hearing is estimated to require _____ days (specify).

    f.  Other plaintiffs in the Nonbankruptcy Action are (specify):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 6                                F 4001-1.RFS.NONBK.MOTION

g. Other defendants in the Nonbankruptcy Action are (*specify*):

**6. Grounds for relief from stay:**

a. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number are (*specify*):

d. ☐ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

   (1) ☐ It is currently set for trial on (*date*) _____.

   (2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____. The basis for this belief is (*specify*):

   (3) ☐ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

   (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (2) ☐ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

   (3) ☐ Multiple bankruptcy cases affecting the Property include:

   (A) Case name:
   Case number:                     Chapter:
   Date filed:          Date discharged:          Date dismissed:
   Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) Case name:
Case number:                          Chapter:
Date filed:              Date discharged:              Date dismissed:
Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

(C) Case name:
Case number:                          Chapter:
Date filed:              Date discharged:              Date dismissed:
Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the
Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☒ See attached continuation page for other facts justifying relief from stay.

7. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached
supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would
have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed
with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set
forth in Exhibit _____

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/14/2026 | PAUL NGUYEN | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 8                          F 4001-1.RFS.NONBK.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16027 Brookhurst Street, Suite I-104
Fountain Valley, CA 92708

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 04/15/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Leonard Pena (Debtor's attorney): lpena@penalaw.com;
Jeffrey I Golden (TR): lwerner@go2.law;
UST: USTP.Region16@usdoj.gov;
Hon. Scott Clarkson (Personal Delivery Room 5C Drop Box)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 04/14/2026 | Paul Nguyen | |
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# Attachment A

## CONTINUATION PAGE TO F4001-1.RFS.NONBK.MOTION

### (Grounds for Relief / Other Relief Requested)

Movant Paul Nguyen submits this Continuation Page in support of the renewed Motion for Relief from Automatic Stay (the "Motion") and to complete Items 4(g) ("Other") and 8 ("Other relief requested") of F 4001-1.RFS.NONBK.MOTION.

## A.    GROUNDS FOR RELIEF (Item 4(g) – "Other")

**Prepetition levy lien perfected by service on Adore.**

Prior to the petition date, Movant caused the levying officer to serve the writ and notice of levy on Adore Escrow, Inc. ("Adore"), thereby causing Movant's levy lien to attach prepetition to the subject escrow deposit. The Notice of Levy was served on Adore on December 2, 2025, before the February 4, 2026 petition date.

**Segregated res identified with particularity.**

The property at issue is a discrete, segregated cash deposit of approximately $38,000 held by Adore in Escrow No. 21P54043-JT (the "Escrow Funds"). The Motion seeks relief only as to this identified res.

**State-court third-party claim adjudication and turnover directive to OCSD.**

In the state-court enforcement proceedings arising from Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al., Orange County Superior Court Case No. 30-2022-01253059-CU-OR-CJC, the Superior Court adjudicated a third-party claim to the Escrow Funds, denied the third-party claim, rejected the contention that the levy was ineffective because of a supposed "pending action," and directed Adore to deliver the Escrow Funds to the Orange County Sheriff, Civil Division ("OCSD") as levying officer.

**Trustee review is now complete.**

Movant previously filed a motion for relief from stay concerning the Escrow Funds. That motion was denied without prejudice at an early stage of the Chapter 7 case so that the Chapter 7 trustee could review the matter. The Chapter 7 trustee has now had that opportunity and has informed Movant that he agrees to the limited relief requested in this renewed motion.

**Cause exists under 11 U.S.C. § 362(d)(1).**

Cause exists to modify the automatic stay to permit completion of the prepetition levy and turnover process as to the Escrow Funds because: (i) the Motion is limited to a single segregated fund; (ii) Movant's levy lien attached prepetition; (iii) the state court has already adjudicated the third-party claim and directed turnover; and (iv) trustee review, which was the reason the earlier motion was denied without prejudice, has now been completed.

**Relief is also warranted under 11 U.S.C. § 362(d)(2).**

The estate has no equity in the Escrow Funds because the Escrow Funds are fully encumbered by Movant's prepetition levy lien. In addition, this is a Chapter 7 case, and the Escrow Funds are not necessary to an effective reorganization.

**B.    OTHER RELIEF REQUESTED (Item 8)**

Movant requests that the Court modify the automatic stay solely to authorize:

Adore to deliver the Escrow Funds held in Escrow No. 21P54043-JT to OCSD as levying officer pursuant to Movant's prepetition levy lien and the state-court turnover directive; and

OCSD to receive and process the levy as to the Escrow Funds.

**C.    WAIVER OF 14-DAY STAY (FRBP 4001(a)(3))**

Movant requests that any order granting relief include a waiver of the 14-day stay under Fed. R. Bankr. P. 4001(a)(3), so the limited relief granted may be implemented without further delay.

2

# Attachment B

## SUPPLEMENTAL DECLARATION OF PAUL NGUYEN

## IN SUPPORT OF F 4001-1.RFS.NONBK.MOTION (RELIEF FROM STAY)

I, Paul Nguyen, declare:

1. I am the movant. I have personal knowledge of the matters stated in this declaration and, if called as a witness, could and would testify competently.

2. I am the assignee judgment creditor in Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al., Orange County Superior Court Case No. 30-2022-01253059-CU-OR-CJC (the "State Court Action").

3. This renewed motion concerns a discrete post-judgment enforcement matter within the State Court Action involving levy and turnover proceedings against a segregated escrow deposit held by Adore Escrow, Inc. ("Adore") in Escrow No. 21P54043-JT in the amount of approximately $38,000 (the "Escrow Funds").

4. The Orange County Sheriff, Civil Division ("OCSD") issued a writ of execution and a Notice of Levy (EJ-150) directed to Adore, levying on escrowed funds in which Debtor has any legal or equitable interest, including funds held in Escrow No. 21P54043-JT. True and correct copies are attached as MRS Exhibit 1 (Writ of Execution) and MRS Exhibit 2 (Notice of Levy and attachments).

5. The Notice of Levy was served on Adore on December 2, 2025, before Debtor's petition date of February 4, 2026. Accordingly, the levy lien attached prepetition as to the Escrow Funds.

6. On January 29, 2026, the Orange County Superior Court entered a judgment and order in the third-party claim proceeding identifying the Escrow Funds as funds held by Adore in Escrow No. 21P54043-JT, denying the third-party claim, and directing Adore to deliver the Escrow Funds to OCSD as levying officer. A true and correct copy is attached as MRS Exhibit 3.

7. Debtor executed a declaration stating he is not a buyer or escrow party and claims he retained no interest in the Escrow Funds. A true and correct copy is attached as MRS Exhibit 4.

8. Third-party claimants filed an opposition asserting that the Escrow Funds are not debtor property and are being litigated in another Orange County action. A true and correct copy is attached as MRS Exhibit 5.

9. Adore executed a Memorandum of Garnishee (EJ-152) asserting that the levy is legally ineffective due to a pending action and stating that it will not deliver the Escrow Funds pursuant to the levy and turnover process. A true and correct copy is attached as MRS Exhibit 6.

10. Adore has not delivered the Escrow Funds to OCSD.

11. Movant previously filed a motion for relief from stay concerning the Escrow Funds. That motion was denied without prejudice at an early stage of the Chapter 7 case so that the trustee could review the matter.

12. After the denial of the earlier motion, I communicated with Chapter 7 trustee Jeffrey I. Golden regarding the Escrow Funds and the supporting levy and state-court records.

13. Trustee Golden informed me that, after review, he agrees to the limited relief from stay requested by this renewed motion.

14. This renewed motion is brought because the trustee review that prompted denial of the earlier motion has now been completed, and the limited relief sought concerns only completion of the prepetition levy and turnover process as to the Escrow Funds.

15. I seek limited relief only as to the Escrow Funds so that Adore may deliver the Escrow Funds to OCSD and OCSD may receive and process the levy as to those funds.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: April 14, 2026                                    Respectfully Submitted;

By: _____

Paul Nguyen, Movant

# Attachment C

## MEMORANDUM OF POINTS & AUTHORITIES

11 U.S.C. § 362(d)(1) and § 362(d)(2);

Segregated Res / Prepetition Levy Lien / Post-Review Renewal

## I.  INTRODUCTION

This renewed motion concerns a single, segregated fund of approximately $38,000 held by non-debtor escrow holder Adore Escrow, Inc. ("Adore") in Escrow No. 21P54043-JT (the "Escrow Funds"). Movant's levy lien attached prepetition when the writ and notice of levy were served on Adore on December 2, 2025. Thereafter, the Orange County Superior Court denied the third-party claim to the Escrow Funds and ordered Adore to deliver the Escrow Funds to the Orange County Sheriff, Civil Division ("OCSD") as levying officer.

Movant previously sought relief from stay, but the earlier motion was denied without prejudice at an early stage of the bankruptcy case so that the Chapter 7 trustee could review the matter. That review has now occurred. The Chapter 7 trustee has informed Movant that he agrees to the limited relief requested here. This renewed motion seeks only to permit completion of the prepetition levy and turnover process as to this single identified fund.

Relief is warranted for "cause" under 11 U.S.C. § 362(d)(1). The Motion is narrowly tailored, concerns a fixed and segregated res, and seeks only completion of a prepetition levy and turnover process already adjudicated in material part by the state court. Relief is also warranted under § 362(d)(2) because the estate has no equity in a fully encumbered, segregated cash fund and this is a Chapter 7 case.

## II.  FACTS

A.  Movant holds a writ of execution and caused OCSD to levy on Adore as garnishee and stakeholder, levying on the Escrow Funds.

Movant is the assignee judgment creditor in *Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.*, Orange County Superior Court Case No. 30-2022-01253059-CU-OR-CJC. In aid of enforcement, OCSD issued a writ of execution and a Notice of Levy

directed to Adore, levying on escrowed funds in which Debtor has any legal or equitable interest, including funds held in Escrow No. 21P54043-JT.

**B.** **The Notice of Levy was served on Adore before the petition date, causing the levy lien to attach prepetition.**

The Notice of Levy was served on Adore on December 2, 2025, before the February 4, 2026 petition date. Accordingly, the levy lien attached prepetition as to the Escrow Funds.

**C.** **The Orange County Superior Court denied the third-party claim and ordered turnover of the Escrow Funds to OCSD.**

On January 29, 2026, the Orange County Superior Court entered a judgment and order in the third-party claim proceeding identifying the Escrow Funds, denying the third-party claim, rejecting the contention that the levy was ineffective due to a supposed pending action, and directing Adore to deliver the Escrow Funds to OCSD as levying officer.

**D.** **Adore has not delivered the Escrow Funds to OCSD.**

Adore executed an EJ-152 Memorandum of Garnishee asserting that the levy is legally ineffective due to a pending action and stating that it will not deliver the Escrow Funds pursuant to the levy and turnover process. As a result, the Escrow Funds have not been delivered to OCSD.

**E.** **The prior motion was denied without prejudice to allow trustee review, and that review has now been completed.**

Movant previously filed a motion for relief from stay concerning the Escrow Funds. That motion was denied without prejudice at an early stage of the Chapter 7 case so that the Chapter 7 trustee could review the matter. Trustee Golden has now reviewed the relevant records and has informed Movant that he agrees to the limited relief requested by this renewed motion.

**III. LEGAL STANDARD**

A motion for relief from stay is governed by 11 U.S.C. § 362(d). "Cause" under § 362(d)(1) is determined on a case-by-case basis, and the Court may grant appropriately tailored relief. *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996); *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 559–60 (Bankr. C.D. Cal. 2004).

Under § 362(d)(2), relief is also warranted if the debtor has no equity in the property and the property is not necessary to an effective reorganization. In a Chapter 7 case, there is no reorganization. The burdens of proof are governed by § 362(g).

## IV. ARGUMENT

### A. Cause exists under § 362(d)(1) to permit completion of the prepetition levy and turnover process as to a single segregated escrow fund.

Movant seeks narrow relief limited to one identified fund. The levy lien attached prepetition upon service on Adore. The state court has already adjudicated the third-party claim to the Escrow Funds, denied that claim, rejected the "pending action" theory, and directed Adore to deliver the Escrow Funds to OCSD. Continued application of the stay does not preserve estate value. Instead, it prevents completion of a prepetition levy process against a fixed res and perpetuates a stakeholder stalemate that the state court has already addressed.

Under *Conejo* and *Plumberex*, this is appropriate "cause" for limited stay relief tailored to permit delivery of the Escrow Funds to the levying officer and completion of the levy process.

### B. This renewed motion addresses the reason the earlier motion was denied without prejudice.

The prior motion was denied without prejudice at an early stage of the Chapter 7 case so that the trustee could review the matter. That concern has now been addressed. Trustee Golden has informed Movant that, after review, he agrees to the limited relief requested here.

This renewed motion is therefore not repetitive. It is a renewed request based on completion of trustee review and a materially changed record. The Motion asks for no broader relief than necessary to allow the prepetition levy and turnover process to proceed as to the Escrow Funds.

### C. Relief is also warranted under § 362(d)(2).

The Escrow Funds are fully encumbered by Movant's prepetition levy lien. The estate therefore has no equity in the Escrow Funds. This is a Chapter 7 case, and the

Escrow Funds are not necessary to an effective reorganization. Relief is therefore independently appropriate under § 362(d)(2).

**D.    The requested relief is narrow and preserves all other stay protections.**

Movant requests only that Adore be authorized to deliver the Escrow Funds to OCSD and that OCSD be authorized to receive and process the levy as to those funds. The order may expressly provide that it is limited to the Escrow Funds only and that the stay remains in effect as to all other acts and property. Movant also requests waiver of the 14-day stay under Fed. R. Bankr. P. 4001(a)(3), so that the limited relief can be implemented without further delay.

**V.    CONCLUSION**

For the foregoing reasons, Movant respectfully requests entry of an order granting relief from stay under 11 U.S.C. § 362(d)(1), and alternatively § 362(d)(2), limited to the Escrow Funds, together with waiver of the 14-day stay under Fed. R. Bankr. P. 4001(a)(3).

Dated: April 14, 2026                    Respectfully Submitted;


By: _____
      Paul Nguyen, Movant

4

# MRS EXHIBIT LIST

MRS Exh. 1:     Writ of Execution (EJ-130).

MRS Exh. 2:     Notice of Levy (EJ-150) + attachments.

MRS Exh. 3:     State-court judgment/order after hearing re third-party claim (1/29/2026) + NOE/PoS included.

MRS Exh. 4:     Declaration of Debtor Minh Tuong Nguyen (signed) (01/13/2026).

MRS Exh. 5:     Opposition to Paul Nguyen Petition.

MRS Exh. 6:     EJ-152 Memorandum of Garnishee.

1

# MRS Exh. 1:
# Writ of Execution
# (EJ-130).

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY:         STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME: PAUL NGUYEN | |

FIRM NAME:

STREET ADDRESS: 16027 Brookhurst Street. Suite I-104

CITY: Fountain Vallev     STATE: CA     ZIP CODE: 92708

TELEPHONE NO.: 949-923-0106     FAX NO.:

EMAIL ADDRESS: MNAPAUL1@GMAIL.COM

ATTORNEY FOR (name):

[ ] ATTORNEY FOR   [ ] ORIGINAL JUDGMENT CREDITOR   [X] ASSIGNEE OF RECORD

**Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

STREET ADDRESS: 1275 N. Berkelev Ave

MAILING ADDRESS:

CITY AND ZIP CODE: Fullerton. CA 92832-0500

BRANCH NAME: North Justice Center (NJC)

PLAINTIFF/PETITIONER: NGOC TUYET LAM

DEFENDANT/RESPONDENT: MINH TUONG NGUYEN ET.AL.

CASE NUMBER:
30-2022-01253059-CU-OR-CJC

| WRIT OF | [X] EXECUTION (Money Judgment) | [ ] Limited Civil Case (including Small Claims) |
|---|---|---|
| | [ ] POSSESSION OF   [ ] Personal Property   [ ] Real Property   [ ] SALE | [X] Unlimited Civil Case (including Family and Probate) |

1. **To the Sheriff or Marshal of the County of:** ORANGE
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): PAUL NGUYEN
   is the [ ] original judgment creditor [X] assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

   MINH TUONG NGUYEN
   (aka NGUYEN TUONG MINH)
   10761 Adams Cir
   Villa Park, CA 92861

   [X] Additional judgment debtors on next page

5. **Judgment entered** on (date): July 23, 2025
   (See type of judgment in item 22.)

6. [ ] Judgment renewed on (dates):

7. **Notice of sale** under this writ:
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).

8. [ ] Joint debtor information on next page.

9. [ ] Writ of Possession/Writ of Sale information on next page.

10. [ ] This writ is issued on a sister-state judgment.

—— For items 11–17, see form MC-012 and form MC-013-INFO.

| | | |
|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | 2086793.75 |
| 12. Costs after judgment (CCP 685.090) | $ | 0.00 |
| 13. Subtotal (add 11 and 12) | $ | 2086793.75 |
| 14. Credits to principal (after credit to interest) | $ | 0.00 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 2086793.75 |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | 74324.16 |
| 17. Fee for issuance of writ (per GC 70626(a)(l)) | $ | 40.00 |
| 18. **Total amount due** (add 15, 16, and 17) | $ | 2161157.91 |

19. **Levying officer:**
   a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) . . . . . . . . . . . . . . . . $  571.72
   b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j)) . . . . . . . . . . . . . . . $  0.00

20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL]

David H. Yamasaki, Clerk of the Court

Date: _____12/01/2025_____     Clerk, by _____, Deputy     D. Cuevas

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

EJ-130

| | |
|---|---|
| Plaintiff/Petitioner:    NGOC TUYET LAM | CASE NUMBER:<br>30-2022-01253059-CU-OR-CJC |
| Defendant/Respondent:    MINH TUONG NGUYEN ET.AL. | |

21. [X] Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

NGAN THI KIM TRAN
(AKA TRAN THI KIM NGAN)
1718 W. Bowling Street
Anaheim, CA 92804

22. The judgment is for *(check one):*

  a. [ ] wages owed.

  b. [ ] child support or spousal support.

  c. [X] other.

23. [ ] Notice of sale has been requested by *(name and address):*

24. [ ] Joint debtor was declared bound by the judgment (CCP 989-994)

  a. *on (date):*

  b. name, type of legal entity if not a natural person, and last known address of joint debtor:

  a. *on (date):*

  b. name, type of legal entity if not a natural person, and last known address of joint debtor:

  c. [ ] Additional costs against certain joint debtors are itemized: [ ] below [ ] on Attachment 24c.

25. [ ] (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:

  a. [ ] Possession of real property: The complaint was filed on *(date):*
    *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

    (1) [ ] The *Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

    (2) [ ] The *Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

    (3) [ ] The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP 415.46 and 1174.3(a)(2).)*

    (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

      (a) The daily rental value on the date the complaint was filed was  $

      (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

*Item 25 continued on next page*

**EJ-130**

| | |
|---|---|
| Plaintiff/Petitioner:  NGOC TUYET LAM | CASE NUMBER: |
| Defendant/Respondent:  MINH TUONG NGUYEN ET.AL. | 30-2022-01253059-CU-OR-CJC |

25. b. ☐ Possession of personal property.

     ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.

  c. ☐ Sale of personal property.

  d. ☐ Sale of real property.

  e. The property is described  ☐ below  ☐ on Attachment 25e.

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

EJ-130 [Rev. September 1, 2020]                    **WRIT OF EXECUTION**                    Page 3 of 3

# MRS Exh. 2: Notice of Levy (EJ-150) + attachments

EJ-150

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(name and address):*<br>After recording, return to:<br><br>PAUL NGUYEN<br>16027 Brookhurst Street, Suite I-104<br>Fountain Valley, CA 92708<br><br>TEL. NO.: 949-923-0106   FAX NO. *(optional):*<br>EMAIL ADDRESS *(optional):*  MNAPAUL1@GMAIL.COM<br>☐ ATTORNEY FOR   ☐ ORIGINAL JUDGMENT CREDITOR   ☒ ASSIGNEE OF RECORD | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE<br>STREET ADDRESS:  1275 N. Berkeley Ave<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:  Fullerton, CA 92832-0500<br>BRANCH NAME:  North Justice Center | *FOR RECORDER'S USE ONLY* |

| | |
|---|---|
| PLAINTIFF/PETITIONER: NGOC TUYET LAM<br><br>DEFENDANT/RESPONDENT: MINH TUONG NGUYEN. et al. | LEVYING OFFICER *(name and address):* |
| **NOTICE OF LEVY**<br><br>under Writ of   ☒ **Execution (Money Judgment)**<br><br>☐ **Sale** | LEVYING OFFICER FILE NO.: |
| | COURT CASE NO.:<br>30-2022-01253059-CU-OR-CJC |

**TO THE PERSON NOTIFIED** *(name):*  ADORE ESCROW, INC., a California corporation

1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
   a. Judgment debtor (name): MINH TUONG NGUYEN (aka NGUYEN TUONG MINH)
   b. The property to be levied upon is described:
      ☐ In the accompanying writ of possession or writ of sale.
      ☒ as follows:

      See Attachment 1 – Description of Property Levied Upon (Escrow Funds Held by Adore Escrow, Inc.)

2. The judgment is for *(check one):*
      ☐ wages owed.      ☐ child/spousal support.      ☒ other.  Fraud
3. The amount necessary to satisfy the judgment creditor's judgment writ is
   a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) . . . . . . . . . . . $   $2.149.723.42
   b. Levy fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   c. Sheriff's disbursement fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   d. Recoverable costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   e. Total (a through d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $      0
   f. Daily interest from line 19a of writ (form EJ-130) . . . . . . . . . . . . . . . . . . . . . . . $   $571.72
4. You are notified as:
   a. ☐ a judgment debtor.
   b. ☒ a person other than the judgment debtor *(state capacity in which person is notified):*
      escrow holder of funds of judgment debtor MINH TUONG NGUYEN

*(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)*

Notice of Levy was
☐ mailed on *(date):*
☐ delivered on *(date):*
☐ posted on *(date):*
☐ filed on *(date):*
☐ recorded on *(date):*

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)
☐ Levying officer   ☐ Registered process server

Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>EJ-150 [Rev. September 1, 2020] | **NOTICE OF LEVY**<br>**(Enforcement of Judgment)** | Code of Civil Procedure, § 699.540<br>*www.courts.ca.gov* |

**EJ-150**

| SHORT TITLE:<br>Lam v. Nguyen et.al. | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>30-2022-01253059 |
|---|---|---|

## –INFORMATION FOR JUDGMENT DEBTOR–

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.

2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.

3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

7. All sales at an execution sale are final; there is no right of redemption.

## – INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR –

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.

3. You must complete the accompanying Memorandum of Garnishee within 10 days.

4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.

5. **Make checks payable to the levying officer shown on page 1.**

## – INFORMATION ABOUT DEPOSIT ACCOUNTS –

1. If the levy is *not* to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.

2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).

3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an *Ex Parte Application for Order on Deposit Account Exemption* (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

---

EJ-150 [Rev. September 1, 2020]                    **NOTICE OF LEVY**                    Page 2 of 2
(Enforcement of Judgment)

**MC-025**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lam v. Nguyen et.al. | 30-2022-01253059-CU-OR-CJC |

**ATTACHMENT** *(Number):* 1 _____

*(This Attachment may be used with any Judicial Council form.)*

The levying officer has levied upon all right, title, and interest of judgment debtor MINH TUONG NGUYEN (aka NGUYEN TUONG MINH) in and to the following property in the possession or under the control of Adore Escrow, Inc.:

Escrowed Funds Held by Adore Escrow, Inc.: Any and all escrowed funds, deposits, earnest money, credits, and other sums of money held by Adoré Escrow, Inc. in any escrow, sub-escrow, or trust account in which Minh Tuong Nguyen has any legal or equitable interest, including, without limitation:

Funds wired, deposited, or credited by or for the benefit of Minh Tuong Nguyen into Escrow No. 21P54043-JT, relating to the property commonly known as 9049 Lemongrass Court, Fountain Valley, CA 92708;

Any successor, replacement, or related escrow file(s) into which such funds were transferred, renumbered, or commingled.

Funds Deposited by Minh but Held in Another Name: Any funds originally deposited by Minh Tuong Nguyen that are now held, credited, or re-characterized in the name of any other person or entity (including, but not limited to, Thanh Binh Tran or any nominal buyer or nominee) where such funds represent deposits placed by or for the benefit of Minh Tuong Nguyen.

Accrued Interest: Any interest accrued on all such funds described above.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __1__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

# EXHIBIT ☒

# Evidence of Escro☒ Deposits by Judgment Debtor



We hereby certify that this is a true,
correct & exact copy of the Original.
By:_____Julie Tran_____
ADORE ESCROW, INC.

# ADORE ESCROW, INC.

14615 Magnolia Street
Westminster, CA 92683
Tel: 714-892-0407
Fax: 714-892-9261

Escrow No: ___21P54043-JT___

Receipt No. _____29_____

## DEPOSIT RECEIPT

| | |
|---|---|
| Date received: | 10/18/2021 |
| Received from: | Tuong Minh Nguyen for Thanh Minh Tran |
| | (Buyer)    Seller    Other |
| Amount: | $38,200.00 |
| Deposit Type: | (Personal Check)  / Money Order  / Cashier Check  / Other  ) |
| Check Number: | 129 |
| Bank issued: | CHASE |
| Routing Number: | 322271627 |
| For Subject Property: | 9049 Lemongrass Court |
| | Fountain Valley, CA 92708 |
| Received By: | Julie |

TUONG MINH NGUYEN
10502 VILLA DEL CERRO
NORTH TUSTIN, CA 92705-1486

90-7182/3222            129

DATE 10/19/2021

PAY TO THE
ORDER OF ___ADORE ESCROW___   $ 38,200

_Thirty eight Thousand two Hundred only_

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com    21P54043 JT

MEMO 9049 lemongrass Ct

⑆322271627⑆  FU  6270875108129



TUONG MINH NGUYEN
10502 VILLA DEL CERRO
NORTH TUSTIN, CA 92705-1486

90-7162/3222                                129

DATE 10/19/2021

PAY TO THE ORDER OF ___ADORE ESCROW___ $ 38,200

_Thirty eight Thousand two hundred_ DOLLARS

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com        21854043-JT

MEMO 9040 lemongrass Ct

⑈322271627⑈ FV  627087510⑈0129

Seq: 2
Dep: 001438

Seq:2 10/18/21 Dep:001438 AG:1 Cust:  Date: 10/18/21

For Deposit Only to
Adore Escrow
Adore Bank of America
PASADENA, CA 91101-2428
MasterFOR DEPOSIT ONLY
Deposited ADORE ESCROW INC.
325133809203

PAY TO THE ORDER OF
Adore Escrow
BANK OF AMERICA
FOR DEPOSIT ONLY

# EXHIBIT B

# Evidence of Escrow Deposits by Judgment Debtor

# CHASE ◯

October 23, 2021 through November 22, 2021
Account Number: ██████████

## CHECKS PAID

| CHECK NUMBER | DATE PAID | AMOUNT | CHECK NUMBER | DATE PAID | AMOUNT |
|---|---|---|---|---|---|
| ██ | ██ | ██ | ██ | ██ | ██ |
| ██ | ██ | ██ | ██ | ██ | ██ |
| ██ | ██ | ██ | ██ | ██ | ██ |
| ██ | ██ | ██ | ██ | ██ | ██ |
| ██ | ██ | ██ | ██ | ██ | ██ |
| ██ | ██ | ██ | ██ | ██ | ██ |
| ██ | ██ | ██ | ██ | ██ | ██ |
| ██ | ██ | ██ | ██ | ██ | ██ |

If you see a check description in the Transaction Detail section, it means your check has already been converted for electronic payment. Because of this, we're not able to return the check to you or show you an image on Chase.com.

* All of your recent checks may not be on this statement, either because they haven't cleared yet or they were listed on one of your previous statements.

^ An image of this check may be available for you to view on Chase.com.

## TRANSACTION DETAIL



| DATE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| 10/26 | 10/26 Domestic Wire Transfer Via: F121000358/121000358 A/C: Adore Escrow Inc Ref: Escrow Number: 21P54043-Jtproperty Address: 9049 Lemongrass Court Foun Tain Valley CA92708/Time/05:46 Imad: 1026B1Qgc04C060742 Trn: 3590401298Es | -38,000.00 | ██ |

EJ-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(name and address):* | FOR RECORDER'S USE ONLY |
|---|---|
| After recording, return to:<br><br>**PAUL NGUYEN**<br>16027 Brookhurst Street, Suite I-104<br>Fountain Valley, CA 92708<br><br>TEL NO.: 949-923-0106     FAX NO. *(optional):*<br>EMAIL ADDRESS *(optional):*  MNAPAUL1@GMAIL.COM<br>☐ ATTORNEY FOR  ☐ ORIGINAL JUDGMENT CREDITOR  ☒ ASSIGNEE OF RECORD | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

STREET ADDRESS:  1275 N. Berkeley Ave

MAILING ADDRESS :

CITY AND ZIP CODE: Fullerton, CA 92832-0500

BRANCH NAME: North Justice Center

| PLAINTIFF /PETITIONER: NGOC TUYET LAM<br><br>DEFENDANT/RESPONDENT: MINH TUONG NGUYEN, et al. | LEVYING OFFICER *(name and address):* |
|---|---|

| **NOTICE OF LEVY**<br><br>under Writ of    ☒ Execution (Money Judgment)<br><br>☐ Sale | LEVYING OFFICER FILE NO.: |
|---|---|
| | COURT CASE NO.:<br>30-2022-01253059-CU-OR-CJC |

TO THE PERSON NOTIFIED *(name):* MINH TUONG NGUYEN (aka NGUYEN TUONG MINH)

1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
   a. Judgment debtor (name): MINH TUONG NGUYEN (aka NGUYEN TUONG MINH)
   b. The property to be levied upon is described:
      ☐ in the accompanying writ of possession or writ of sale.
      ☐ as follows:

      See Attachment 1 – Description of Property Levied Upon.

2. The judgment is for *(check one):*
      ☐ wages owed.          ☐ child/spousal support.          ☒ other. civil money judgment
3. The amount necessary to satisfy the judgment creditor's judgment writ is
   a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) ...................... $  $2,149,723.42
   b. Levy fee ...................................................................................................................... $
   c. Sheriff's disbursement fee ......................................................................................... $
   d. Recoverable costs ...................................................................................................... $                    0
   e. Total *(a through d)* ..................................................................................................... $  $571.72
   f. Daily interest from line 19a of writ (form EJ-130) ...................................................... $
4. You are notified as:
   a. ☐ a judgment debtor.
   b. ☐ a person other than the judgment debtor *(state capacity in which person is notified):*

*(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)*

Notice of Levy was
☐ mailed on *(date):*                         ☐ posted on *(date):*
☐ delivered on *(date):*                      ☐ filed on *(date):*
                                               ☐ recorded on *(date):*

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE)
                                             ☐ Levying officer    ☐ Registered process server

Page 1 of 2

**NOTICE OF LEVY**<br>**(Enforcement of Judgment)**    Code of Civil Procedure, § 699.540<br>www.courts.ca.gov

**EJ-150**

| SHORT TITLE:<br>Lam v. Nguyen et.al. | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>30-2022-01253059 |
|---|---|---|

## –INFORMATION FOR JUDGMENT DEBTOR–

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.

2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.

3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

7. All sales at an execution sale are final; there is no right of redemption.

## – INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR –

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.

3. You must complete the accompanying Memorandum of Garnishee within 10 days.

4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.

5. **Make checks payable to the levying officer shown on page 1.**

## – INFORMATION ABOUT DEPOSIT ACCOUNTS –

1. If the levy is *not* to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.

2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).

3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an *Ex Parte Application for Order on Deposit Account Exemption* (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

**NOTICE OF LEVY**
**(Enforcement of Judgment)**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lam v. Nguyen et.al. | 30-2022-01253059-CU-OR-CJC |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

The levying officer has levied upon all right, title, and interest of judgment debtor MINH TUONG NGUYEN (aka NGUYEN TUONG MINH) in and to the following property in the possession or under the control of Adore Escrow, Inc.:

Escrowed Funds Held by Adore Escrow, Inc.: Any and all escrowed funds, deposits, earnest money, credits, and other sums of money held by Adoré Escrow, Inc. in any escrow, sub-escrow, or trust account in which Minh Tuong Nguyen has any legal or equitable interest, including, without limitation:

Funds wired, deposited, or credited by or for the benefit of Minh Tuong Nguyen into Escrow No. 21P54043-JT, relating to the property commonly known as 9049 Lemongrass Court, Fountain Valley, CA 92708;

Any successor, replacement, or related escrow file(s) into which such funds were transferred, renumbered, or commingled.

Funds Deposited by Minh but Held in Another Name: Any funds originally deposited by Minh Tuong Nguyen that are now held, credited, or re-characterized in the name of any other person or entity (including, but not limited to, Thanh Binh Tran or any nominal buyer or nominee) where such funds represent deposits placed by or for the benefit of Minh Tuong Nguyen.

Accrued Interest: Any interest accrued on all such funds described above.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

# EXHIBIT 3
# State-court judgment/order after hearing re third-party claim

Electronically Filed by Superior Court of California, County of Orange, 01/29/2026 11:51:00 AM.
30-2022-01253059-CU-OR-NJC - ROA # 589 - DAVID H. YAMASAKI, Clerk of the Court By E. efilinguser, Deputy Clerk.

**CIV-130**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: PAUL NGUYEN | | |
| FIRM NAME: | | |
| STREET ADDRESS: 16027 Brookhurst Street, Suite I-104 | | |
| CITY: Fountain Valley    STATE: CA    ZIP CODE: 92708 | | |
| TELEPHONE NO.: 949-923-0106    FAX NO.: | | |
| EMAIL ADDRESS: mnapaul1@gmail.com | | |
| ATTORNEY FOR (name): Judgment Creditor | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

STREET ADDRESS: 1275 North Berkeley Avenue
MAILING ADDRESS: 1275 North Berkeley Avenue
CITY AND ZIP CODE: Fullerton, CA 92832-1258
BRANCH NAME: NORTH JUSTICE CENTER

PLAINTIFF/PETITIONER: Tuyet Ngoc Lam

DEFENDANT/RESPONDENT: Minh Tuong Nguyen et.al.

| NOTICE OF ENTRY OF JUDGMENT OR ORDER | CASE NUMBER: |
|---|---|
| (Check one):  [X] UNLIMITED CASE (Amount demanded exceeded $35,000)   [ ] LIMITED CASE (Amount demanded was $35,000 or less) | 30-2022-01253059-CU-OR-NJC |

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on (date): JANUARY 29. 2026

2. A copy of the judgment, decree, or order is attached to this notice.

Date: JANUARY 29, 2026

Paul Nguyen
(TYPE OR PRINT NAME OF [ ] ATTORNEY  [X] PARTY WITHOUT ATTORNEY)

▶ _(signature)_ (SIGNATURE)

Page 1 of 2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
North Justice Center
1275 N. Berkeley Ave
Fullerton , CA 92838

**SHORT TITLE:** Lam vs. Nguyen

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER: 30-2022-01253059-CU-OR-NJC |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of the above Order After Hearing dated 01/29/26 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Fullerton , California on 1/29/26. Following standard court practice the mailing will occur at Sacramento, California on 1/30/26.

NGAN THI KIM TRAN
1718 W BOWLING STREET
ANAHEIM, CA 92804

PAUL NGUYEN
16027 BROOKHURST STREET I-104
FOUNTAIN VALLEY, CA 92708

Clerk of the Court, by: _____ , Deputy

I certify that I am not a party to this cause. I certify that that the following document(s), Order After Hearing dated 01/29/26, was transmitted electronically by an Orange County Superior Court email server on January 29, 2026, at 11:24:20 AM PST. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

DIRECTIONS LAW, INC.
HEIDI@DIRECTIONSLAW.COM

JACKMAN LAW, P.C.
RYAN@JACKMAN.LAW

LAW OFFICE OF HAI H. LAI
ATTORNEY_LAI@YAHOO.COM

PAUL NGUYEN
MNAPAUL1@GMAIL.COM

Clerk of the Court, by: _____ , Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)

Code of Civ. Procedure , § CCP1013(a)

Electronically Received by Superior Court of California, County of Orange, 01/27/2026 05:20:18 PM.
30-2022-01253059-CU-OR-NJC - ROA # 577 - DAVID H. YAMASAKI, Clerk of the Court By eClerk, Deputy Clerk.

31787514

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

**JAN 29 2026**

DAVID H. YAMASAKI, Clerk of the Court

BY: _____L. CHICO_____ DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ORANGE, NORTH JUSTICE CENTER**

| | |
|---|---|
| NGOC TUYET LAM, | Case No.: 30-2022-01253059-CU-OR-CJC |
| Plaintiff, | ▬▬▬▬ |
| vs. | **JUDGMENT AND ORDER AFTER HEARING RE THIRD-PARTY CLAIM** |
| MINH TUONG NGUYEN, (aka NGUYEN TUONG MINH), NGAN THI KIM TRAN, and DOES 1-20, inclusive, | (*Code Civ. Proc.*, §§ 720.110–720.420; §§ 720.310, 720.360, 720.390) |
| Defendants. | Hearing: |
| | Date: 01/28/2026 |
| | Time: 10:00 a.m. |
| | Dept.: N18 |

**JUDGMENT AND ORDER AFTER HEARING ON PETITION TO DETERMINE**

**VALIDITY OF THIRD-PARTY CLAIM**

(Petition under CCP § 720.310)

**Petitioner/Assignee Judgment Creditor:** Paul Nguyen (Assignee of Judgment Creditor)

**Third-Party Claimants:** Thanh Binh Tran; Ngoc Lam Phuong Nguyen

**Garnishee/Escrow Holder:** Adore Escrow, Inc.

**Escrow:** Escrow No. 21P54043-JT

Property/Funds: $38,000 (plus any interest actually accrued, if any) held in escrow in connection with the property at 9049 Lemongrass Court, Fountain Valley, CA 92708 (the "Escrow Funds").

//

//

Page 1

**I.    RECITALS**

1.    The Court heard Judgment Assignee/Petitioner's Petition for Hearing to Determine Validity of Third-Party Claim pursuant to *Code of Civil Procedure* section 720.310 regarding the Escrow Funds described above.

2.    The Court considered the moving papers, any opposition and reply, the evidence submitted, and the arguments/appearances.

3.    This is a summary proceeding under the Enforcement of Judgments Law. Third-Party Claimants bear the burden of proof. (CCP § 720.360.)  At the conclusion of the hearing, the Court shall give judgment determining the validity of the third-party claim and may order disposition of the property in accordance with the parties' interests. (CCP § 720.390.)

**II.    FINDINGS**

The Court makes the following findings:

1.    Third-Party Claimants bear the burden of proof to establish a superior ownership interest or right to possession of the property at issue. (CCP § 720.360.)

2.    Third-Party Claimants did not meet their burden to establish, by a preponderance of the evidence, a superior title to, or right to possession of, the Escrow Funds as against enforcement of the judgment in this action. (CCP § 720.360.)

3.    The Court finds that Third-Party Claimants failed to meet their burden under *Code of Civil Procedure* section 720.360 to establish ownership of, or a superior right to possession of, the funds held by Adore Escrow, Inc. in Escrow No. 21P54043-JT.

4.    The Third-Party Claim asserted by Thanh Binh Tran and Ngoc Lam Phuong Nguyen to the Escrow Funds is **DENIED**.

5.    The Court rejects the contention that the levy is ineffective under CCP § 700.180(b) on the ground that the escrow funds are allegedly "the subject of a pending action."

6. CCP § 700.180(a) addresses limitations concerning tangible personal property in the possession or control of the judgment debtor or in the custody of a levying officer and does not bar levy or turnover of escrow funds held by a third-party escrow holder.

7. For purposes of levy and enforcement procedures, money is classified as tangible personal property within the meaning of CCP § 680.370.

8. No provision of CCP § 700.180(a) or (b) operates to bar levy, turnover, or disposition of the escrow funds in this proceeding.

9. As a result, the Court determines that the subject funds constitute property of the judgment debtor for purposes of enforcement, are properly subject to levy, and must be disposed of in accordance with *Code of Civil Procedure* section 720.390.

10. Petitioner / Assignee Judgment Creditor is the prevailing party on the Petition to Determine Validity of Third-Party Claim. As the prevailing party, Petitioner is entitled to recover allowable costs pursuant to CCP §§ 1032(b) and 1033.5, subject to a timely Memorandum of Costs.

11. The Court's determination of the validity of the Third-Party Claim is conclusive between the parties to this proceeding pursuant to CCP § 720.390, subject to appeal

## III.    ORDERS

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Third-Party Claim Denied.** The Third-Party Claim of Thanh Binh Tran and Ngoc Lam Phuong Nguyen to the Escrow Funds ($38,000, plus any interest actually accrued, if any) held by Adore Escrow, Inc. in Escrow No. 21P54043-JT is DENIED IN ITS ENTIRETY.

2. **Disposition / Turnover.** Pursuant to CCP § 720.390, the Court orders disposition of the Escrow Funds as follows:

   a. Adore Escrow, Inc. shall turn over and deliver the Escrow Funds (currently $38,000, plus any interest actually accrued, if any) to the levying officer (Orange County Sheriff, Civil

Page 3

Division) or as otherwise directed by the levying officer under the applicable levy/writ issued in this action.

   b. Turnover shall be completed within five (5) calendar days after service of Notice of Entry of this Judgment/Order, unless the levying officer provides different written instructions regarding the method and payee for remittance.

3. **Prevailing Party Costs Awarded**. Petitioner/Assignee Judgment Creditor is the prevailing party on the Petition and is awarded recoverable costs incurred in connection with this third-party claim proceeding pursuant to CCP § 1032(b) and allowable items under CCP § 1033.5, in an amount to be determined upon timely filing and service of a Memorandum of Costs. (CRC 3.1700.)

4. **Conclusive Effect**. Subject to appeal, this Judgment is conclusive between the parties to this proceeding as provided by CCP § 720.390.

5. **Notice**. Petitioner/Assignee Judgment Creditor shall provide Notice of Entry of this Judgment/Order.

**IT IS SO ORDERED.**

Dated: _____ 1-29 _____, 2026

By: _____

Honorable Scott A. Steiner
Judge Of The Superior Court

Page 4

# PROOF OF SERVICE

**STATE OF CALIFORNIA**      ]
                              ] **ss.**

**COUNTY OF ORANGE**         ]

I am employed in the County of Orange, State of California.  I am over the age of 18 and a party to the within action; my business address is:

16027 BROOKHURST STREET SUITE I-104, FOUNTAIN VALLEY, CA 92708 On **01/29/2026**, I served the foregoing document(s)described as

**NOTICE OF ENTRY OF JUDGMENT AND ORDER AFTER HEARING RE THIRD-PARTY CLAIM**
on the interested parties in this action as follows:

Heidi Griffith, Esq.
Attorney for Debtor Minh Tuong Nguyen
3rd Party Claimants Thanh Binh Tran;
Ngoc Lam Phuong Nguyen
9972 Boise Avenue, Suite 100
Westminster, CA 92683
heidi@directionslaw.com

Hai H. Lai, Esq.
Attorney for Bang Nguyen
9550 Warner Avenue, Suite 250 Fountain
Valley, CA 92708
attorney_lai@yahoo.com

Jason M. Murphy, Esq
Attorney for Adore Escrow
54455 Murphy Canyon Road, Suite 100, San
Diego, CA 92123
jason.murphy@carlsonlawgroup.com

Orange County Sheriff Department
Civil Unit
CivilStatCentral@ocsheriff.gov

☐ **By United States Mail:** by placing a true copy of the document(s) listed above in a sealed envelope(s), with postage thereon fully prepaid, addressed as set forth below.  I am "readily familiar" with the firm's practice for collection and processing of correspondence and other materials for mailing with the United States Postal Service. On this date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for collection and mailing at the address above following our office's ordinary business practices.  The envelope(s) will be deposited with the United States Postal Service on this date, in the ordinary course of business.

☒ **By E-Mail Or E-Service:** (Code Civ. Proc. § 1010.6, Cal. Rules of Court, rule 2.251) by transmitting via electronic mail the document(s) listed above to the addresses set forth above on this date from.

☒ **State.** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **01/29/2026,** at Orange County, California.

PAUL NGUYEN

PROOF OF SERVICE

# EXHIBIT 4
# Declaration of
# Debtor Minh Tuong
# Nguyen

Heidi Griffith (State Bar No. 333725)
Directions Law Inc.
9140 Trask Avenue, Ste 100
Garden Grove, CA 92844
Telephone: 714.515.1155
Email: heidi@directionslaw.com

Attorney for Defendant
Minh Tuong Nguyen

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE - NORTH JUSTICE CENTER

NGOC TUYET LAM,

Plaintiff,

vs.

MINH TUONG NGUYEN, (aka
NGUYEN TUONG MINH), NGAN THI
KIM TRAN, and DOES 1-20, inclusive,

Defendants.

Case No. 30-2022-01253059-CU-OR-NJC

**DECLARATION OF DEFENDANT MINH TUONG NGUYEN IN SUPPORT OF OPPOSITION TO ASSIGNEE PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM**

Hearing Date: January 28, 2026
Time: 10:00 a.m.
Department: N18

1

DECLARATION OF DEFENDANT MINH TUONG NGUYEN IN SUPPORT OF OPPOSITION TO ASSIGNEE PAUL
NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM
Doc ID: 96eb3c740f8db121cd52336e69ef70e5e5e8d8eb

## DECLARATION OF MINH TUONG NGUYEN

I, Minh Tuong Nguyen, declare as follows:

1.    I am a Defendant in this action. I make this declaration in support of my Opposition to Assignee Paul Nguyen's Petition For Hearing to Determine Validity of Third-Party Claim. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2.    I am not a buyer under the Residential Purchase Agreement for the purchase off the real property located at 9049 Lemongrass Court, Fountain Valley, California (the "Purchase").

3.    When escrow for the Purchase was opened in October 2021 with Adore Escrow Inc. ("Adore Escrow"), under Escrow No. 21P54043-JT, I temporarily advanced funds on behalf of the buyers in the transaction, Thanh Binh Tran and his wife Ngoc Lam Phuong Nguyen (collectively, "Buyers"), in the form of a check to Adore Escrow for $38,200.00, dated October 19, 2021, solely as a short-term accommodation.

4.    On or about October 19, 2021, I provided a check to Adore Escrow in the amount of $38,200.00. That check did not clear and was returned as a chargeback.

5.    On or about October 26, 2021, a wire transfer in the amount of $38,000.00 was transmitted to Adore Escrow as a replacement for the returned check. Those funds constitute the only funds currently held by Adore Escrow under Escrow No. 21P54043-JT (the "Escrow Funds").

6.    Because the October 19, 2021 check did not clear and was returned as a chargeback, the only funds held by Adore Escrow under Escrow No. 21P54043-JT are the $38,000.00 it received on October 26, 2021 (the "Escrow Funds").

7.    A few months later in April 2022, the Buyers fully repaid me for the Escrow Funds I had temporarily advanced on their behalf.

8.    After repayment by the Buyers, I retained no ownership, control, or interest in the Escrow Funds currently held by Adore Escrow under Escrow No. 21P54043-JT.

DECLARATION OF DEFENDANT MINH TUONG NGUYEN IN SUPPORT OF OPPOSITION TO ASSIGNEE PAUL
NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM
Doc ID: 96eb3c740f8db121cd52336e69ef70e5d5e8d8eb

9. I am not a party to the Purchase and I am not a party to Escrow No. 21P54043-JT.

10. I am also not a party to the buyer-seller action concerning the Purchase, entitled *Thanh Binh Tran vs. Ban T. Nguyen*, Orange County Superior Court Case No. 30-2022-01240119-CU-OR-CJC.

11. Because I have been fully repaid by the Buyers, since April 2022, the Escrow Funds, currently held by Adore Escrow under Escrow No. 21P54043-JT, are not my property and I claim no legal, equitable, or beneficial ownership interest in those funds.

12. The Escrow Funds belong exclusively to the Buyers and do not constitute my property for any purpose, including judgment enforcement.

13. I assert no claim to any funds currently held by Adore Escrow under Escrow No. 21P54043-JT, at all, and have no authority to direct the release of those funds.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 13, 2026.

Minh Tuong Nguyen

---

3

DECLARATION OF DEFENDANT MINH TUONG NGUYEN IN SUPPORT OF OPPOSITION TO ASSIGNEE PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

Doc ID: 96eb3c740f8db121cd52336e69ef70e5d5e8d8eb

# EXHIBIT 5
# Opposition to Paul
# Nguyen Petition

Heidi Griffith (State Bar No. 333725)
DIRECTIONS LAW, INC.
9140 Trask Ave, Suite 100
Garden Grove, CA 92844
Telephone: 714.515.1155
Email: heidi@directionslaw.com

Attorney for Third-Party Claimants
Thanh Binh Tran and
Ngoc Lam Phuong Nguyen

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE - NORTH JUSTICE CENTER

| | |
|---|---|
| NGOC TUYET LAM,<br><br>Plaintiff,<br><br>vs.<br><br>MINH TUONG NGUYEN, (aka NGUYEN TUONG MINH), NGAN THI KIM TRAN, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 30-2022-01253059-CU-OR-NJC<br><br>**THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*(Declaration of Minh Tuong Nguyen; Declaration of Katelyne Nguyen; Declarations of Thanh Binh Tran and Ngoc Lam Phuong Nguyen in support filed concurrently herewith)*<br><br>Hearing Date: January 28, 2026<br>Time: 10:00 a.m.<br>Department: N18 |

1

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION
TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

## TABLE OF CONTENTS

I.   INTRODUCTION ...........................................................................................................5

II.  UNDISPUTED MATERIAL FACTS .............................................................................6

A.   The Escrow Funds, In the Approximate Amount Of $38,000.00 Are Buyer-Deposit Funds Held In Trust For A Residential Real-Estate Transaction. ......................................................6

B.   Minh Tuong Nguyen Has No Legal Or Equitable Ownership Interest In the Escrow Funds ..................................................................................................................................7

C.   A Verified Notice of Third-Party Claim Was Timely Filed and Served. ............................7

D.   Adore Escrow Has Continuously Held the Escrow Funds and Complied With Statutory Requirements. ..................................................................................................................8

E.   No Court Has Adjudicated Ownership of the Escrow Funds. ............................................8

III. LEGAL STANDARD .....................................................................................................8

IV.  ARGUMENT ..................................................................................................................9

A.   Claimants Have Made a Prima Facie Showing of Ownership, Proving That Judgment Debtor, Minh Tuong Nguyen, Has No Interest In the Escrow Funds, Shifting the Ultimate Burden to Petitioner Under Code of Civil Procedure § 720.360, and Petitioner Cannot Meet His Shifting Burden of Proof To Rebut This. .................................................................9

B.   Temporary Advancement of Funds Does Not Create an Enforceable Ownership Interest 11

C.   Petitioner's Inflated Dollar Figures Undermine the Credibility and Viability of the Petition. .........................................................................................................................13

D.   Prior Enforcement Orders Do Not Establish Ownership of the Escrow Funds ..................14

E.   The Levy Is Independently Ineffective Under Code of Civil Procedure § 700.180(c). ....15

F.   Adore Escrow Acted Properly and Cannot Be Compelled to Release Disputed Funds ....15

G.   Because Petitioner Cannot Establish Judgment-Debtor Ownership, the Petition Must Be Denied. ..........................................................................................................................16

H.   The Escrow Funds Are the Buyers' Property, and Attempting to Seize It Through This Proceeding Exceeds the Scope of Judgment Enforcement and Improperly Interferes with a Pending Action. ..............................................................................................................16

2

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

V.   CONCLUSION.................................................................................................18

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION
TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

# TABLE OF AUTHORITIES

**Cases**

*Hirsch v. Bank of America* (2003) 107 Cal.App.4th 708, 722...................................12

*Hi-Valley Development Corp. v. Walters* (1963) 223 Cal.App.2d 778, 783 ......................6

*Iknoian v. Winter* (1928) 94 Cal.App. 223, 226 ..............................................10, 13

*Kellogg v. Curry* (1951) 101 Cal.App.2d 856, 859 .........................................12, 16

*Kinnison v. Guaranty Liquidating Corp.* (1941) 18 Cal.2d 256, 259......................9, 10, 12, 17

*Majewsky v. Empire Constr. Co.* (1970) 2 Cal.3d 478, 485 .....................................10

*Majewsky v. Empire Construction Co.* (1970) 2 Cal.3d 478, 485 ...............................13

Markowitz v. Fidelity Nat. Title Co. (2006) 142 Cal.App.4th 508, 526 .........................17

*Markowitz v. Fidelity National Title Co.* (2006) 142 Cal.App.4th 508, 526.................12, 14

*McGee v. Allen* (1936) 7 Cal.2d 468, 472 ...................................................10, 13

*Oksner v. Superior Court of Los Angeles County* (1964) 229 Cal.App.2d 672, 684 ...............5

*Oxford Street Properties, LLC v. Rehabilitation Associates, LLC* (2012) 206 Cal.App.4th 296, 307 ...............................................................................9

*Regency Outdoor Advertising, Inc. v. Carolina Lanes, Inc.* (1995) 31 Cal.App.4th 1323, 1329..10

**Statutes**

Code Civ. Proc. § 720.360...................................................................9

Code Civ. Proc., § 720.360...............................................................9, 15

Code Civ. Proc., §§ 720.110–720.360.....................................................9, 14

Code Civ. Proc., §§ 720.110–720.390.......................................................8

4

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION
TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

Third Party Claimants, Thanh Binh Tran and Ngoc Lam Phuong Nguyen, submit the following memorandum of points and authorities in support of their opposition to Judgment Creditor Paul Nguyen's Petition for Hearing to Determine Validity of Third-Party Claim.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This Petition for Hearing to Determine Validity of Third-Party Claim ("Petition"), filed by Petitioner/Judgment Creditor Paul Nguyen ("Petitioner"), arises from a straightforward but repeatedly distorted issue: whether escrow funds currently held in trust by escrow that indisputably belong to non-judgment debtors may be seized to satisfy a judgment against someone else. California law answers that question clearly, and it does not favor the Judgment Creditor here. "Due process forbids the seizure of one man's property for satisfaction of the debt of another." (*Oksner v. Superior Court of Los Angeles County* (1964) 229 Cal.App.2d 672, 684.)

The escrow funds at issue are held in trust by Adore Escrow, Inc. ("Adore Escrow") as third-party claimants Thanh Binh Tran and Ngoc Lam Phuong Nguyen's ("Claimants") buyer's escrow deposit, in connection with a residential real-estate sale and purchase transaction. Those funds are not owned by Defendant and Judgment Debtor Minh Tuong Nguyen ("Judgment Debtor"), were never intended to be his property, and are currently the subject of a separate, pending Orange County Superior Court action between Claimants (the buyers) and the seller concerning entitlement to these funds.

The undisputed record establishes that there was only one completed buyer's deposit, in the amount of $38,000.00 on October 26, 2021 ("Escrow Funds"), not $72,000 or $76,200 as Petitioner repeatedly claims. (Declaration of Thanh Binh Tran ("Binh Decl."), ¶¶ 4-7, Ex. A, B, C; Declaration of Katelyne Nguyen, ¶¶ 3-8, Ex. A, B, C.) The record also establishes that the temporary advance by Judgment Debtor on behalf of Claimants was fully repaid to Judgment Debtor a few months later. (Binh Decl., ¶ 8, Ex. D). Accordingly, after repayment, Judgment Debtor retained no legal or equitable interest in the Escrow Funds at any relevant time. The fact that Judgment Debtor may have initially transmitted funds on behalf of Claimants, to be held in

5

trust for their real estate purchase, does not transform Claimants' buyer's deposit into judgment-debtor property—particularly where *reimbursement has occurred* and the intent of the parties is clear. "It is the rule that at the time of levy the attaching creditor stands in no better position than, and attains no greater right in the attached property than does, the debtor." (*Hi-Valley Development Corp. v. Walters* (1963) 223 Cal.App.2d 778, 783.)

Petitioner's effort to shortcut this analysis by pointing to prior levy proceedings is meritless. The Court's December 19, 2025 enforcement order expressly declined to adjudicate ownership and limited any turnover obligation to funds in which the Judgment Debtor has *legal or equitable interest*. Likewise, the Court's January 7, 2026 minute order merely advanced the hearing date on this petition; it made no findings on the merits.

Rather than present competent evidence that his claim to the Escrow Funds is superior, Petitioner relies on labels, assumptions, and inflated figures that collapse under even minimal scrutiny. Accordingly, the Court must enter an order that Petitioner has no interest in the Escrow Funds.

## II.    UNDISPUTED MATERIAL FACTS

### A.    The Escrow Funds, In the Approximate Amount Of $38,000.00 Are Buyer-Deposit Funds Held In Trust For A Residential Real-Estate Transaction.

Claimants are the buyers under a written Residential Purchase Agreement for the residential property located at 9049 Lemongrass Court, Fountain Valley, California (the "Purchase"). (Petition, Ex. A at Exhibit 1.) The transaction was opened with Adore Escrow, Inc. under Escrow No. 21P54043-JT. (Petition, Ex. A at Exhibit 2.) On October 18, 2021, Judgment Debtor advanced $38,200.00 on Claimants' behalf by issuing a check to Adore Escrow dated October 19, 2021, as a short-term accommodation. (Binh Decl., ¶ 4, Ex. A.) That check constituted the Claimants' buyer's escrow deposit for the Purchase. The October 19, 2021 check, however, was not able to clear and was returned as a chargeback. (Binh Decl., ¶ 5, Ex. B.)

On October 26, 2021, Judgment Debtor wired $38,000.00 to Adore Escrow as a replacement for the October 19, 2021 check. (Binh Decl., ¶ 6, Ex. C.) Because the initial check from Judgment Debtor dated October 19, 2021 did not clear and was returned as a chargeback,

6

the only funds held by Adore Escrow, under Escrow No. 21P54043-JT, are the $38,000.00 it received on October 26, 2021—not $72,000.00 or $76,200.00. (Binh Decl., ¶ 7.) A few months later in April 2022, Claimants fully repaid Judgment Debtor for the funds he had temporarily advanced on their behalf. (Binh Decl., ¶ 8, Ex. D.)

The Purchase never closed. The seller failed and refused to perform, and ownership and disposition of Claimants' deposit for the Purchase is presently the subject of a separate, pending Orange County Superior Court action between the buyers, Claimants, and the seller, entitled *Thanh Binh Tran, et al. v. Ban T. Nguyen, et al.*, Case No. 30-2022-01240119-CU-OR-CJC. (Binh Decl., ¶ 11.) That action directly concerns the same Escrow Funds at issue here. The Escrow Funds are currently held by Adore Escrow and have remained in trust pending court determination of the Claimants' rights, as the buyers, in that matter.

**B.  Minh Tuong Nguyen Has No Legal Or Equitable Ownership Interest In the Escrow Funds.**

Judgment Debtor Minh Tuong Nguyen is not a buyer in connection with the Purchase and is not a party to Escrow No. 21P54043-JT. (Petition, Ex. A at Exhibit 1 and Exhibit 2.) He is not a party to the buyer-seller litigation concerning the Purchase, and is not an escrow principal entitled to Claimants' buyers' escrow deposit.

As noted above, although Judgment Debtor temporarily advanced funds at the outset of escrow on behalf of Claimants, as a short-term accommodation. The Escrow Funds were intended and consistently treated as Claimants' buyers' deposit, to be held in trust for their real estate purchase, and Judgment Debtor was fully repaid by Claimants shortly thereafter. Judgment Debtor exercised no control over the Escrow Funds, and he asserted no ownership claim to them.

**C.  A Verified Notice of Third-Party Claim Was Timely Filed and Served.**

On December 26, 2025, Claimants timely filed and served a verified Notice of Third-Party Claim pursuant to Code of Civil Procedure sections 720.110 et seq. ("Notice"), asserting exclusive ownership of the Escrow Funds held in trust by Adore Escrow. The Notice identified the specific escrow account, the precise funds being claimed, the factual basis for Claimants'

7

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION
TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

ownership, and the existence of the pending buyer-seller litigation concerning the same deposit. No defect has been asserted as to the form, timeliness, or service of the Third-Party Claim.

### D. Adore Escrow Has Continuously Held the Escrow Funds and Complied With Statutory Requirements.

Upon receipt of the Notice of Levy, Adore Escrow froze the Escrow Funds, filed a Memorandum of Garnishee (EJ-152) identifying the Third-Party Claim and the pending ownership dispute, and declined to release the funds absent a court order. At no time have the Escrow Funds been dissipated, transferred, or placed at risk. The status quo has been fully preserved.

### E. No Court Has Adjudicated Ownership of the Escrow Funds.

No court has ever determined that the Escrow Funds belong to Judgment Debtor. The Court's December 19, 2025 enforcement order expressly limited any turnover obligation to property *in which the judgment debtor had a legal or equitable interest* and did not adjudicate ownership. Likewise, the Court's January 7, 2026 minute order merely advanced the hearing date on Petitioner's §720.310 petition and made no findings on the merits. Ownership of the escrow funds therefore remains unresolved and is properly before the Court now pursuant to Code of Civil Procedure section 720.310.

### III.   LEGAL STANDARD

Code of Civil Procedure sections 720.110 et seq. provide the exclusive procedure for determining ownership of property levied upon that is claimed by a person other than the judgment debtor. Once a verified Notice of Third-Party Claim is filed, enforcement of the levy is stayed, and the judgment creditor's sole remedy is to seek a judicial determination of ownership under Code of Civil Procedure section 720.310. (*See* Code Civ. Proc., §§ 720.110–720.390.)

The burden of proof in a third-party claim proceeding is expressly allocated by statute. Code of Civil Procedure section 720.360 provides that:

"The judgment creditor has the burden of proof to establish that the property levied upon is subject to enforcement of the judgment."

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

Accordingly, once a third-party claimant makes a prima facie showing of ownership, the judgment creditor bears the ultimate burden of establishing that the judgment debtor has a legal or equitable interest in the property. (*Oxford Street Properties, LLC v. Rehabilitation Associates, LLC* (2012) 206 Cal.App.4th 296, 307.)

A judgment creditor may reach only the actual interest of the judgment debtor, and no more. (*Kinnison v. Guaranty Liquidating Corp.* (1941) 18 Cal.2d 256, 259.) Prior enforcement or levy-compliance orders do not adjudicate ownership unless the court expressly so states. (*See* Code Civ. Proc., §§ 720.110–720.360.)

Separately, a levy is ineffective as to property that is the subject of a pending action in which ownership or right to possession is disputed. (Code Civ. Proc., § 700.180(c).)

## IV. ARGUMENT

**A. Claimants Have Made a Prima Facie Showing of Ownership, Proving That Judgment Debtor, Minh Tuong Nguyen, Has No Interest In the Escrow Funds, Shifting the Ultimate Burden to Petitioner Under Code of Civil Procedure § 720.360, and Petitioner Cannot Meet His Shifting Burden of Proof To Rebut This.**

Although Third-Party Claimants initiated the statutory process by filing a Notice of Third-Party Claim and have made a prima facie showing of ownership through competent evidence, the burden now rests squarely with Petitioner under Code of Civil Procedure section 720.360 to establish that the escrow funds are subject to enforcement of his judgment. Once a third-party claimant introduces evidence supporting its ownership interest, the judgment creditor bears the ultimate burden of proving that the judgment debtor has a legal or equitable interest in the property. Petitioner has failed to meet that burden here.

Third-party claimants have the initial burden of proof to show that they have an interest in the property levied upon. (Code Civ. Proc. § 720.360.) Once Claimants introduce evidence that they are entitled to the property levied upon, the burden shifts to the judgment creditor to establish that his claim is superior. (*Oxford Street Properties, LLC v. Rehabilitation Associates, LLC* (2012) 206 Cal.App.4th 296, 307; Code Civ. Proc., § 720.360.)

9

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

California courts have long held that a judgment creditor "obtains a lien only upon the title or interest which the debtor has in the property at the time of the levy." (*Kinnison v. Guaranty Liquidating Corp.* (1941) 18 Cal.2d 256, 259.) Where the debtor has no ownership interest, the creditor "gets nothing by virtue of the levy." (*Ibid.*; *Iknoian v. Winter* (1928) 94 Cal.App. 223, 226.) A judgment creditor cannot acquire greater rights than the debtor possessed and remains subject to all existing equities defeating the debtor's interest. (*McGee v. Allen* (1936) 7 Cal.2d 468, 472; *Majewsky v. Empire Constr. Co.* (1970) 2 Cal.3d 478, 485; *Regency Outdoor Advertising, Inc. v. Carolina Lanes, Inc.* (1995) 31 Cal.App.4th 1323, 1329 ("a judgment or levy reaches only the interest of the debtor in the property because a judgment creditor can acquire no greater right in the property levied upon than that of its judgment debtor").)

Here, Petitioner does not, and cannot, meet the above discussed burden. As discussed previously, the undisputed facts establish that the Escrow Funds are Claimants' buyers' escrow deposit for their real estate purchase, belonging exclusively to Claimants, not to Judgment Debtor. (Binh Decl., ¶¶ 4-8, Ex. A, B, C, D.) Petitioner offers no competent evidence, documentary or testimonial, that Judgment Debtor holds legal or equitable ownership interest in the Escrow Funds. At most, Petitioner shows that Judgment Debtor temporarily advanced funds at the outset of escrow as a short-term accommodation, funds that were fully repaid to Judgment Debtor. As a matter of law, a temporary advance followed by repayment does not create an ownership interest capable of supporting levy or execution. (*Hi-Valley Development Corp., supra*, p. 783 ("A creditor's suit will not lie to reach assets for which the judgment debtor himself has no actionable demand and which he could not recover in an action in his own name").) Indeed, California law makes clear that judgment enforcement reaches only actual ownership, not payment mechanics or historical involvement. Where the debtor has been repaid and retains no beneficial interest, the creditor stands in the same position as the debtor, with no property to seize. (*Kinnison*, supra, 18 Cal.2d at 259.)

10

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

Because Petitioner cannot establish that Judgment Debtor, Minh Tuong Nguyen, holds any present legal or equitable interest in the Escrow Funds, he necessarily fails to satisfy his statutory burden under Code of Civil Procedure section 720.360. Accordingly, the Court must enter an order that Petitioner has no interest in the Escrow Funds.

**B.    Temporary Advancement of Funds Does Not Create an Enforceable Ownership Interest.**

Petitioner's primary theory—that the Escrow Funds are judgment-debtor property because Judgment Debtor initially transmitted funds "on behalf of" the buyers—is legally flawed. California law distinguishes sharply between *payment mechanics* and *ownership*. Funds advanced temporarily for another's benefit do not become the property of the person advancing them where (1) the funds were intended as another party's property, the advancing party was reimbursed by the other party, and (3) the advancing party retained no control or claim.

Here, all three elements are undisputed. The Escrow Funds were intended as Claimants' buyers' deposit; Judgment Debtor, Minh Tuong Nguyen, was *fully repaid*; and after repayment Judgment Debtor exercised no control and asserted no ownership, i.e., no actionable demand. Under these circumstances, Judgment Debtor retained no equitable or beneficial interest that could be levied upon. Petitioner's attempt to convert a short-term accommodation into judgment-debtor property is unsupported by statute, equity, or precedent, and would improperly expand enforcement remedies beyond their lawful scope.

**1.    Under California Law, Escrow Funds Belong to the Party Entitled Under the Escrow Instructions, Not the Person Who Temporarily Advanced Payment.**

California law is explicit that ownership of escrow funds is determined by the escrow instructions and the parties' entitlement under the escrow, not by who physically transmitted funds into the escrow account.

Insurance Code section 12413.5 provides that all funds deposited in escrow "shall be the property of the person or persons entitled thereto under the provisions of the escrow." This

11

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

statutory rule squarely rejects the notion that escrow ownership turns on the source or mechanics of payment.

California courts consistently apply this principle. In *Hirsch v. Bank of America* (2003) 107 Cal.App.4th 708, 722, the court explained that escrow funds are held for the benefit of the parties entitled under the escrow and do not become the property of others merely because they facilitated payment. Likewise, in *Markowitz v. Fidelity National Title Co.* (2006) 142 Cal.App.4th 508, 526, the court reaffirmed that an escrow holder's duties—and the ownership of escrowed funds—are defined strictly by the escrow instructions, not by outside arrangements or payment logistics.

Under longstanding California law, *a buyer retains ownership of money placed into escrow*, while the seller retains ownership of the deed, until the conditions of escrow are satisfied. (*Kellogg v. Curry* (1951) 101 Cal.App.2d 856, 859.) Where, as here, escrow never closed, the buyer's deposit remains the buyer's property unless and until a court determines otherwise.

Applied here, the escrow instructions and purchase agreement identify Claimants, Thanh Binh Tran and Ngoc Lam Phuong Nguyen, as the buyers and characterize the funds as the buyer's deposit. (Petition, Ex. A at Exhibit 1 & Exhibit 2.) Even if Judgment Debtor temporarily advanced funds as an accommodation, that fact does not alter ownership under Insurance Code section 12413.5 or California escrow law, particularly where repayment occurred and intent is undisputed.

**2.      A Judgment Creditor May Reach Only the Judgment Debtor's Actual Interest—If the Debtor Owns Nothing, the Levy Reaches Nothing.**

It is black-letter California law that a judgment creditor "obtains a lien only upon the title or interest which the debtor has in the property at the time of the levy." (*Kinnison v. Guaranty Liquidating Corp.* (1941) 18 Cal.2d 256, 259.) If the judgment debtor has no interest, the creditor "gets nothing by virtue of the levy." (*Id.*)

12

Courts have repeatedly reaffirmed this principle. In *Iknoian v. Winter* (1928) 94 Cal.App. 223, 226, the court held that a judgment lien does not attach to property in which the debtor has no beneficial interest, even if the debtor previously had some involvement with the property. Similarly, in *McGee v. Allen* (1936) 7 Cal.2d 468, 472, the Supreme Court explained that an attaching or judgment creditor takes subject to all existing equities and cannot acquire greater rights than the debtor possessed.

Critically, a judgment creditor is not a bona fide purchaser and therefore remains subject to latent equities defeating the debtor's interest. (*Majewsky v. Empire Construction Co.* (1970) 2 Cal.3d 478, 485.) Where the debtor has been repaid and retains no ownership interest, the creditor stands in the same position: *no interest to levy, no property to seize.*

Here, as previously discussed, the undisputed facts establish that Judgment, Debtor Minh Tuong Nguyen, retained *no legal or equitable interest* in the Escrow Funds at the time of levy. Under settled California law, Petitioner's levy therefore reached nothing.

### C. Petitioner's Inflated Dollar Figures Undermine the Credibility and Viability of the Petition.

Petitioner repeatedly asserts that Adore Escrow holds $76,200, implying multiple deposits or accumulated funds subject to levy. The evidentiary record discussed supra, however, conclusively disproves that assertion. The undisputed evidence shows:

- An initial deposit check that was returned as a chargeback;
- A wire transfer that replaced, rather than duplicated, the initial deposit; and
- One buyer's completed deposit in the approximate amount of $38,000.00;

At no time did Adore Escrow hold $72,000, $76,200, or any doubled amount. Petitioner's reliance on a nonexistent fund is therefore factually incorrect and unsupported by escrow records or sworn declarations.

This is not a minor accounting error. Under Code of Civil Procedure section 720.360, after third-party claimants meet their initial burden of proof to show that they have interest or title to the property that has been levied upon, the judgment creditor bears the burden to rebut

13

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION
TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

this and the burden of proving that the specific property levied upon is subject to enforcement of the judgment. That burden necessarily includes the obligation to accurately identify and trace the property at issue. A creditor who cannot correctly identify the existence, amount, or nature of the property allegedly subject to levy cannot meet that burden as a matter of law.

Moreover, escrow holders are fiduciaries obligated to hold and disburse funds strictly in accordance with the escrow instructions and actual entitlement, not speculative or misidentified claims. (*Markowitz v. Fidelity National Title Co.* (2006) 142 Cal.App.4th 508, 526.) Where the creditor cannot accurately identify the escrowed property, the escrow holder is legally prohibited from releasing funds, and the Court cannot compel turnover based on erroneous assumptions.

Because Petitioner's claim is premised on a nonexistent fund, the Petition fails independently of the ownership analysis. A judgment creditor who cannot correctly identify the property at issue cannot carry the burden of proving that such property belongs to the judgment debtor. The Petition therefore must be denied.

### D.   Prior Enforcement Orders Do Not Establish Ownership of the Escrow Funds.

Petitioner improperly relies on prior levy and enforcement proceedings as though they resolved ownership of the escrow funds. They did not.

The Court's December 19, 2025 enforcement order expressly limited any turnover obligation to property in which Judgment Debtor Minh Tuong Nguyen had *a legal or equitable interest* and did not adjudicate ownership of the Escrow Funds. Likewise, the Court's January 7, 2026 minute order merely advanced the hearing date on this Petition to comply with statutory timing requirements; it made *no findings* of fact or conclusions of law regarding ownership.

As a matter of law, orders addressing levy compliance or enforcement mechanics do not determine ownership unless the court expressly adjudicates that issue. California's Enforcement of Judgments Law draws a clear distinction between procedural enforcement orders and substantive ownership determinations, reserving the latter exclusively for proceedings under the Third-Party Claim statutes. (Code Civ. Proc., §§ 720.110–720.360.)

14

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

Enforcement orders therefore cannot be converted into ownership determinations by implication, inference, or repetition. Ownership must be proven *now*, in this §720 proceeding, and the burden remains squarely on Petitioner to establish that the judgment debtor holds a legal or equitable interest in the escrow funds. (Code Civ. Proc., § 720.360.) Petitioner has failed to do so.

**E.   The Levy Is Independently Ineffective Under Code of Civil Procedure § 700.180(c).**

Even apart from the failure of proof under section 720.360, the levy is independently ineffective under Code of Civil Procedure section 700.180(c), which provides that a levy is ineffective as to property that is the subject of a pending action in which ownership or the right to possession is disputed.

The Escrow Funds here are directly at issue in a pending Orange County Superior Court action between the buyers and the seller concerning entitlement to Claimants' buyer's deposit. That litigation places ownership squarely in dispute and independently bars enforcement through levy.

Where section 700.180(c) applies, the levying officer lacks authority to seize or transfer the property, and the court may not compel turnover until ownership is adjudicated. This statutory protection further confirms that Petitioner's attempt to seize the Escrow Funds through judgment enforcement is improper.

**F.   Adore Escrow Acted Properly and Cannot Be Compelled to Release Disputed Funds.**

Adore Escrow acted exactly as the law requires when faced with competing claims to the Escrow Funds. It froze the funds; filed a Memorandum of Garnishee; acknowledged the Third-Party Claim; and preserved the status quo pending court direction.

An escrow holder is a fiduciary and may not release disputed funds absent written authorization from all entitled parties or a court order issued after proper adjudication. Compelling escrow to release funds now, before ownership is determined, would force it to breach its fiduciary duties and expose it to liability.

15

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

The Third-Party Claim statutes are designed to prevent precisely this outcome.

This fiduciary obligation is consistent with Insurance Code section 12413.5 and California escrow law, which prohibit an escrow holder from releasing funds to anyone other than the party entitled under the escrow instructions absent a court order adjudicating ownership.

The Court should decline to compel premature turnover and should instead sustain the Claim.

G. **Because Petitioner Cannot Establish Judgment-Debtor Ownership, the Petition Must Be Denied.**

At bottom, this case turns on a single question: Does Judgment Debtor, Minh Tuong Nguyen, own the Escrow Funds? As discussed supra, the undisputed evidence answers that question in the negative.

Petitioner has failed to carry his shifted burden under Code of Civil Procedure section 720.360, relies on incorrect factual assumptions, and seeks to bypass statutory safeguards designed to protect third-party property. Under these circumstances, the Court must deny the Petition and confirm that the Escrow Funds are not subject to enforcement of Petitioner's judgment.

H. **The Escrow Funds Are the Buyers' Property, and Attempting to Seize It Through This Proceeding Exceeds the Scope of Judgment Enforcement and Improperly Interferes with a Pending Action.**

The Escrow Funds at issue constitute Claimants' buyer's deposit for the specific purpose of purchasing real property and placed into escrow trust for Claimants' benefit. Under California law, once funds are deposited into escrow, those funds belong to the party entitled under the escrow instructions, not to the person who may have facilitated payment. (Ins. Code, § 12413.5; *Kellogg v. Curry* (1951) 101 Cal.App.2d 856, 859.)

California law is unequivocal that escrow funds are held in trust and remain the property of the buyer until the conditions of escrow are satisfied or a court of competent jurisdiction determines otherwise. An escrow holder is a fiduciary and may not disburse funds except in strict

16

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION
TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

accordance with the escrow instructions or pursuant to a court order issued after proper adjudication. (*Markowitz v. Fidelity Nat. Title Co.* (2006) 142 Cal.App.4th 508, 526.)

Here, as noted supra, ownership and disposition of the Claimants' buyers' deposit is already the subject of a separate, pending civil action between Claimants (the buyers) and the seller, entitled *Thanh Binh Tran, et al. v. Ban T. Nguyen, et al.*, OCSC Case No. 30-2022-01240119-CU-OR-CJC. That court has jurisdiction to determine whether the Claimants' buyers' escrow deposit must be returned, forfeited, credited, or otherwise applied. Any attempt to seize the escrow deposit through judgment enforcement in this action would improperly overlap with and interfere with the jurisdiction of the court presiding over the pending buyer-seller dispute.

California's Enforcement of Judgments Law expressly prohibits this result. Code of Civil Procedure section 700.180(c) renders a levy ineffective as to property that is the subject of a pending action in which ownership or right to possession is disputed. This statutory protection exists precisely to prevent judgment creditors from using enforcement proceedings to preempt or undermine adjudication in another court. Allowing Petitioner to seize the Escrow Funds here—without approval from the court presiding over the pending ownership dispute—would not only violate section 700.180(c), but would also force the escrow holder, Adore Escrow, to breach its fiduciary duties and would result in an unauthorized transfer of third-party property.

Moreover, judgment enforcement tools may be used only to reach property of the judgment debtor. Attempting to use this Court to obtain funds that *do not belong* to Judgment Debtor and that are claimed by third parties, Claimants, in active litigation elsewhere, exceeds the legitimate purpose of enforcement proceedings and constitutes an improper use of judicial process. (See *Kinnison v. Guaranty Liquidating Corp.* (1941) 18 Cal.2d 256, 259.)

While this Court need not reach issues of sanctions to resolve the Petition, the record demonstrates that Petitioner's repeated efforts to seize buyer-owned escrow funds—despite notice of the Third-Party Claim, the pending action, proof that Judgment Debtor was fully reimbursed for his temporary advance, and the absence of any ownership interest in the Escrow Funds by the Judgment Debtor—underscore why California law strictly confines judgment enforcement to debtor-owned property and requires denial of the Petition.

THIRD PARTY CLAIMANTS THANH BINH TRAN AND NGOC LAM PHUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM

## V.    CONCLUSION

For all of the foregoing reasons, Third-Party Claimants, Thanh Binh Tran and Ngoc Lam Phuong Nguyen, respectfully request that the Court deny the Petition in its entirety, find that the Escrow Funds, currently held in trust by Adore Escrow, are not subject to Petitioner Paul Nguyen's levy, and confirm that Adore Escrow, Inc. may continue to hold the funds pending resolution of the buyers' ownership dispute.

Respectfully submitted,

Dated: January 15, 2026

DIRECTIONS LAW, INC.
By: */s/ Heidi Griffith*
Heidi Griffith, Attorney for Third-Party Claimants,
Thanh Binh Tran and Ngoc Lam Phuong Nguyen

18

# EXHIBIT 6
# EJ-152
# Memorandum of
# Garnishee

**AT-167/EJ-152**

| ATTORNEY OR PARTY WITHOUT ATTORNEY         STATE BAR NUMBER: 215,065 | LEVYING OFFICER (name and address): |
|---|---|
| NAME: Jason M. Murphy, Esq. | |
| FIRM NAME: CARLSON LAW GROUP | |
| STREET ADDRESS: 4455 Murphy Canyon Road, Suite 100 | |
| CITY: San Diego         STATE: CA     ZIP CODE: 92123 | |
| TELEPHONE NO.: (858) 488-6767         FAX NO.: | |
| EMAIL ADDRESS: jason.murphy@carlsonlawgroup.com | |
| ATTORNEY FOR (name): ADORE ESCROW, INC. | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE |
|---|
| STREET ADDRESS: 700 Civic Center Drive West |
| MAILING ADDRESS: 700 Civic Center Drive West |
| CITY AND ZIP CODE: Santa Ana, CA 92701 |
| BRANCH NAME: Central Justice Center |

| PLAINTIFF/PETITIONER: THANH BINH TRAN, et al. | LEVYING OFFICER FILE NO.: |
|---|---|
| DEFENDANT/RESPONDENT: BAN T. NGUYEN | 2025519426 |

| **MEMORANDUM OF GARNISHEE**<br>(Attachment—Enforcement of Judgment) | CASE NUMBER:<br>30-2022-01253059-CU-OR-NJC |
|---|---|

| NOTICE TO PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF ATTACHMENT: This memorandum must be completed and mailed or delivered to the levying officer within 10 days after service on you of the writ and notice of levy or attachment unless you have fully complied with the levy. Failure to complete and return this memorandum may render you liable for the costs and attorney fees incurred in obtaining the required information.<br> — RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER — | This memorandum does *not* apply to garnishment of earnings. |
|---|---|

1.  a.  Garnishee *(name):* Adore Escrow, Inc.
    b.  Address: 14615 Magnolia Street, Westminster CA 92683

2.  Judgment Debtor *(name):*  Minh Tuong Nguyen (aka Nguyen Tuong Minh)

3.  ☐ *(Check if applicable.)* The garnishee holds neither any property nor any obligations in favor of the judgment debtor.

4.  If you will not deliver to the levying officer any property levied upon, describe the property and the reason for not delivering it:
    The Notice of Levy served on Adore Escrow is for all funds held in Escrow No. 21P54043-JT allegedly belonging to the Judgment Debtor and allegedly paid on behalf of Thanh Minh Tran.

    This levy is legally "ineffective" under C.C.P §700.180(c) since the funds are the subject of another pending Orange County Superior Court action, Case No. 30-2022-01240119-CU-OR-CJC. In that case, Plaintiffs Thanh Binh Tran and Ngoc Lam Phuong Nguyen claim the funds levied upon belong to them and were their deposit for the attempted purchase of real estate located at 9049 Lemongrass Court, Fountain Valley, CA 92708.

5.  **For writ of execution only.** Describe any property of the judgment debtor not levied upon that is in your possession or under your control:

*(Continued on reverse)*

| Form Approved for Optional Use<br>Judicial Council of California<br>AT-167/EJ-152 [Rev. September 1, 2022] | **MEMORANDUM OF GARNISHEE**<br>(Attachment—Enforcement of Judgment) | Code Civ. Proc., §§ 488.610,<br>701.030 |
|---|---|---|

**AT-167/EJ-152**

| SHORT TITLE<br>Thanh Binh Tran v. Bin T. Nguyen | LEVYING OFFICER FILE NO.:<br>2025519426 | CASE NUMBER:<br>30-2022-01253059-CU-OR-NJC |
|---|---|---|

6. If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and the terms of the obligation and the reason for not paying it to the levying officer:

7. Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

8. **For writ of execution only.** Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

9. Describe any claims and rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons:
Plaintiffs in Orange County Superior Court Case No. 30-2022-01240119-CU-OR-CJC (Thanh Binh Tran and Ngoc Lam Phuong Nguyen) claim the funds levied upon belong to them and were their deposit for the attempted purchase of real estate located at 9049 Lemongrass Court, Fountain Valley, CA 92708. Their counsel has lodged an objection in writing to Adore Escrow asking that the the funds not be released yet so they can make their Third-Party Claim pursuant to Code of Civil Procedure Section 720.110 et seq. Their counsel is Heidi Griffith, Directions Law, 9140 Trask Ave., Ste. 100, Garden Grove, CA 92844, P: 714.515.1155, staff@directionslaw.com, heidi@directionslaw.com.

**DECLARATION OF GARNISHEE**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 18, 2025

Jason M. Murphy, Esq.
_____       ▶  _____
*(TYPE OR PRINT NAME)*                          *(SIGNATURE)*

| **If you need more space to provide the information required by this memorandum, you may attach additional pages.**<br>☐ **Total number of pages attached:** _____ |
|---|

AT-167/EJ-152 [Rev. September 1, 2022]      **MEMORANDUM OF GARNISHEE**      Page 2 of 2
(Attachment–Enforcement of Judgment)