LEONARD PEÑA (SBN: 192898)
Peña & Soma, APC
1003 Diamond Ave., Suite 202
South Pasadena, California 91030
Telephone: (626) 396-4000
Email: lpena@penalaw.com

Attorney for Debtor Minh Tuong Nguyen

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MINH TUONG NGUYEN,<br><br>         Debtor. | Case No. 8:26-bk-10347 SC<br><br>Chapter 7<br><br>DEBTOR MINH TUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362<br><br>DATE: May 6, 2026<br>TIME: 10:00 AM<br>CTRM: 5C<br>PLACE: 411 W Fourth St.,<br>         Santa Ana, CA 92701. |

DEBTOR MINH TUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S MOTION FOR RELIEF FROM
AUTOMATIC STAY UNDER 11 U.S.C. § 362

**Table of Contents**

I. INTRODUCTION ........................................................ 4

II. RELEVANT BACKGROUND AND PROCEDURAL HISTORY.................. 5

  A. The State Court Action, Default Judgment and Motion to
  Vacate .............................................................. 5

  B. Movant's Prior Motion for Relief from Stay and Trustee
  Review .............................................................. 6

III. DEBTOR OPPOSES THE RELIEF REQUESTED BY MOVANT IN ITS
ENTIRETY .............................................................. 7

  A. The Motion Is Premature and Should Be Denied Pending
  Adjudication of Debtor's Motion to Set Aside Default Judgment. 7

  B. The Levy of the Escrow Funds Was Not Completed Prepetition
  and the Funds Are Property of the Estate ..................... 10

  C. There Is No Basis To Waive The 14-Day Stay Under Rule
  4001(A)(3) .......................................................... 11

  D. There Is No Basis for In Rem Relief Under 11 U.S.C §
  362(d)(4) .......................................................... 12

  E. There Is No Basis for the Sweeping Prospective In Rem
  Relief Requested in Item 7 .................................... 14

  F. Any Order Granting Relief Must Be Narrowly Tailored and
  Expressly Preserve the Automatic Stay as to All Other Matters 15

IV. MOVANT'S LEGAL ARGUMENTS ARE INFIRM AND CANNOT SUPPORT THE
RELIEF REQUESTED ..................................................... 16

  A. Section 362(d)(4) Is Inapplicable Because the Escrow Funds
  Are Not Real Property ......................................... 16

  B. Section 362(d)(2) Does Not Apply and, In Any Event, Has Not
  Been Satisfied .................................................... 17

DEBTOR MINH TUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S MOTION FOR RELIEF FROM
AUTOMATIC STAY UNDER 11 U.S.C. § 362

C. Service of a Notice of Levy Does Not Divest the Estate of the Escrow Funds ............................................. 19

D. Movant's Assertion of Trustee Consent Is Inadmissible and Unsupported by Competent Evidence ........................... 20

E. Movant Has Failed to Satisfy Its Burden Under 11 U.S.C. § 362(g). ................................................... 21

F. Movant Has Not Established "Cause" Under 11 U.S.C § 362(d)(1) Under the Applicable *Curtis* Framework ............. 22

V. RESERVATION OF RIGHTS AND NOTICE OF DEBTOR'S LIMITED CROSS-MOTION.................................................... 23

VI.   CONCLUSION........................................... 24

DEBTOR MINH TUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362

## I.    INTRODUCTION

Debtor Minh Tuong Nguyen ("Debtor") respectfully opposes the Renewed Motion for Relief from the Automatic Stay (the "Second Stay Relief Motion") filed by Paul Nguyen ("Movant"), judgment assignee of a default judgment entered in Orange County Superior Court Case No. 30-2022-01253059-CU-OR-NJC (the "State Court Action") (Dkt. No. 43).

The Motion seeks extraordinary relief under 11 U.S.C. § 362(d), including turnover of approximately $38,000 in escrow funds (the "Escrow Funds"), waiver of the 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3), and prospective in rem relief under § 362(d)(4). None of this relief is supported by competent evidence or the statutory requirements of § 362(d).

Movant has not met his burden under § 362(d)(1) or (2). The Motion relies on conclusory assertions and unsupported hearsay, including alleged communications regarding Chapter 7 Trustee consent, rather than admissible evidence establishing entitlement to relief. Movant fails to demonstrate "cause," lack of equity, or that the Escrow Funds are not property of the estate or otherwise subject to competing claims.

The request for in rem relief under § 362(d)(4) is likewise unsupported. That provision requires evidence of a scheme to delay, hinder, or defraud creditors involving multiple bankruptcy filings or transfers of real property interests. No such evidence is alleged or presented here, rendering the request facially deficient.

/ / /

DEBTOR MINH TUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362

The Motion is also premature and inequitable. Debtor has a fully briefed Motion to Set Aside Default Judgment pending in the State Court Action under California Code of Civil Procedure § 473(b), based on attorney abandonment and extrinsic mistake. That motion was taken off calendar solely due to the automatic stay and remains unresolved. If granted, it would vacate the underlying judgment on which Movant's enforcement efforts depend, rendering the writ of execution and levy ineffective. Movant therefore seeks to enforce a judgment while simultaneously preventing its judicial review on the merits. The Bankruptcy Code does not permit such one-sided use of the automatic stay.

Under these circumstances, the Motion represents an attempt to obtain piecemeal and premature enforcement of a disputed judgment without satisfying the evidentiary and statutory requirements of § 362(d). It should be denied in its entirety.

## II.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY

### A. The State Court Action, Default Judgment and Motion to Vacate

On April 4, 2022, Ngoc Tuyet Lam ("Lam") filed the State Court Action in Orange County Superior Court, Case No. 30-2022-01253059-CU-OR-NJC, asserting claims arising from real property transactions.

Debtor retained attorney Alex L. Benedict, Esq. (State Bar No. 184585) to defend the action. During the litigation, counsel failed to respond to discovery, failed to appear at critical hearings, and failed to provide notice of material case developments to Debtor. (See Minute Order, Ex. A to RJN.)

5

As a result of counsel's failures, the Superior Court imposed terminating sanctions in May 2025 and entered a default judgment on July 23, 2025, in the amount of $2,086,793.75 (the "State Court Judgment").

Debtor was not informed of counsel's discovery defaults, sanctions, or entry of judgment. The record reflects counsel suffered medical incapacity during the relevant period and was subsequently indicted in Orange County Superior Court Case No. 26ZF004 arising from conduct during the same representation period.

On December 19, 2025, Debtor filed a Motion to Set Aside Default Judgment under California Code of Civil Procedure § 473(b), supported by evidence of attorney abandonment and extrinsic mistake. The motion was fully briefed and set for hearing on April 22, 2026, in Department N18 of the Orange County Superior Court.

On March 16, 2026, Movant filed a Notice of Stay of Proceedings in the State Court Action. On March 18, 2026, the Superior Court vacated all pending hearings, including the § 473(b) motion, and set a Bankruptcy Review Hearing for September 17, 2026.

Accordingly, the Motion to Set Aside remains pending but has not been adjudicated on the merits, and the enforceability of the underlying State Court Judgment is currently subject to judicial challenge.

**B. Movant's Prior Motion for Relief from Stay and Trustee Review**

On February 9, 2026, Movant filed a prior motion for relief

DEBTOR MINH TUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S MOTION FOR RELIEF FROM
AUTOMATIC STAY UNDER 11 U.S.C. § 362

from stay seeking turnover of the same Escrow Funds. That motion was denied without prejudice to allow review by the Chapter 7 Trustee.

Movant now asserts that Chapter 7 Trustee Jeffrey I. Golden has consented to limited relief regarding the Escrow Funds. However, no written stipulation, declaration, or court filing from the Trustee confirming such consent has been submitted. Accordingly, Movant's assertion is unsupported by admissible evidence and does not establish a basis to bypass the Trustee's statutory role or the protections of § 362.

## III. MOTION IS PROCEDURALLY DEFECTIVE

In relevant par, LBR 9013-1 122 states, . . .

. . . a motion and notice thereof must be served upon the adverse party (by serving the adverse party's attorney of record, if any; or if the adverse party is the debtor, by serving the debtor and the debtor's attorney, if any; or the adverse party, if there is no attorney of record).

Here the motion for relief was not served on the Debtor.  On these grounds alone the motion must be denied or continued for service on the Debtor.

## IV.   DEBTOR OPPOSES THE RELIEF REQUESTED BY MOVANT IN ITS ENTIRETY

**A. The Motion Is Premature and Should Be Denied Pending Adjudication of Debtor's Motion to Set Aside Default Judgment.**

The Second Stay Relief Motion rests entirely on Movant's asserted right to enforce a prepetition levy arising from the State Court Judgment. That premise fails because the validity and enforceability of that judgment are presently the subject of a pending Motion to Set Aside under California Code of Civil

7

Procedure § 473(b), which has not been adjudicated on the merits.

The State Court Judgment was entered by default on July 23, 2025, following terminating sanctions imposed during a period in which Debtor's counsel failed to respond to discovery, failed to appear at hearings, and failed to provide notice of material developments. On December 19, 2025, Debtor moved to set aside that judgment based on attorney abandonment and extrinsic mistake. The motion was fully briefed and set for hearing on April 22, 2026, but was taken off calendar solely because of Movant's filing of a Notice of Stay. The state court has not ruled on the merits and has set a Bankruptcy Review Hearing for September 17, 2026.

Under California law, enforcement rights derived from a judgment, including writs of execution and levy liens, are entirely dependent on the continued validity of that judgment. A lien is "accessory to the act for the performance of which it is a security... and is extinguishable in like manner with any other accessory obligation." (Cal. Civ. Code § 2909; *Bulmash v. Davis*, 24 Cal. 3d 691, 697 (1979).) The California Supreme Court has held that if a judgment is vacated and no stay has been obtained, the judgment lien recorded thereunder is of no legal effect during the period of vacatur, and enforcement rights derived from it are extinguished. (*Bulmash*, 24 Cal. 3d at 697-698.) The execution lien created by a levy under a writ of execution similarly depends on the existence of a valid judgment from which the writ issued. (Cal. Code Civ. Proc. § 697.710.) Thus, if the Motion to Set Aside is granted, the writ of

execution, notice of levy, and any turnover order on which Movant relies cease to have legal effect, and Movant would have no cognizable claim to the Escrow Funds.

In these circumstances, Movant cannot establish "cause" under 11 U.S.C. § 362(d)(1). Courts routinely deny stay relief where the movant's underlying claim is subject to bona fide dispute or pending adjudication, particularly where granting relief would risk inconsistent or unnecessary outcomes. Here, the enforceability of the judgment itself remains unresolved, and granting stay relief would effectively permit execution on a potentially void judgment.

The balance of equities further compels denial. The Escrow Funds are segregated and preserved, and Movant faces no risk of dissipation or loss pending adjudication of the Motion to Set Aside. By contrast, releasing the funds now would create a substantial risk of irretrievable transfer of estate property. If the judgment is later vacated, Debtor or the estate would be forced to pursue recovery from Movant without any assurance of repayment or ability to restore the status quo ante.

Under these circumstances, maintaining the automatic stay preserves the integrity of the estate while allowing the state court to determine the validity of the underlying judgment in the first instance.

At a minimum, if the Court is not inclined to deny the Motion outright, Debtor respectfully requests that the Court defer ruling pending adjudication of the Motion to Set Aside. Deferral preserves all parties' rights, avoids unnecessary rulings, and eliminates the risk of ordering distribution of

9

estate property based on a judgment that may ultimately be vacated.

**B. The Levy of the Escrow Funds Was Not Completed Prepetition and the Funds Are Property of the Estate**

Movant's request for stay relief is premised on the assertion that his prepetition levy divested Debtor of any interest in the Escrow Funds. The record establishes the opposite.

Although Movant obtained a turnover order, the Escrow Funds were not delivered to the Orange County Sheriff prior to Debtor's Chapter 7 filing on February 4, 2026. The funds remained in the possession of Adore Escrow, Inc. as of the petition date and were never transferred to the levying officer.

Under California law, service of a notice of levy and entry of a turnover order initiate enforcement but do not transfer possession or divest the debtor of legal or equitable interests absent actual delivery to the levying officer. *Jogani v. Jogani*, 141 Cal. App. 4th 158, 174 (2006); *Imperial Bank v. Pim Electric, Inc.*, 33 Cal. App. 4th 540, 544 (1995). Nor does a turnover order itself create a lien or ownership interest. *Kipperman v. Proulx (In re Burns)*, 287 B.R. 528, 537 (B.A.P. 9th Cir. 2002).

Because no transfer occurred prepetition, Debtor retained both legal and equitable interests in the Escrow Funds as of the petition date. The funds therefore became property of the estate under 11 U.S.C. § 541(a). As a result, any effort by Movant to complete the levy postpetition constitutes an act to obtain possession or exercise control over property of the estate in

10

violation of 11 U.S.C. § 362(a)(3).

This is dispositive of the Motion. Where a creditor has not completed a prepetition levy and the property remains property of the estate, stay relief is not warranted to permit completion of the enforcement process absent a showing of cause. Movant makes no such showing. Instead, he seeks to complete postpetition what was not accomplished prepetition—precisely the conduct the automatic stay prohibits.

Because the Escrow Funds are property of the estate, they are subject to administration by the Chapter 7 Trustee, not unilateral recovery by Movant. On this basis alone, Movant's motion should be denied.

C. **There Is No Basis To Waive The 14-Day Stay Under Rule 4001(A)(3)**

Federal Rule of Bankruptcy Procedure 4001(a)(3) provides that any order granting relief from the automatic stay is automatically stayed for 14 days "unless the court orders otherwise." The rule establishes a presumption against immediate enforcement, giving the debtor time to seek a stay pending appeal before the order takes effect. (See Fed. R. Bankr. P. 4001(a)(3); Advisory Committee Notes, 1999 Amendment.) Courts in this circuit have recognized that waiver of the 14-day stay is a matter of judicial discretion, and denial of the waiver request is appropriate where the moving party has not demonstrated a compelling need for immediate enforcement. (See *In re Engles*, 193 B.R. 23, 26 (Bankr. S.D. Cal. 1996); *In re Meyers*, 344 B.R. 61 (Bankr. E.D. Pa. 2006).)

Movant makes no such showing. The Escrow Funds have

11

remained in the possession of Adore Escrow, Inc. for months and are fully preserved. There is no risk of dissipation, no impending deadline requiring immediate turnover, and no external circumstance that would be affected by the ordinary 14-day stay. To the contrary, proceedings in the State Court Action have been continued to a Bankruptcy Review Hearing set for September 17, 2026.

/ / /

In these circumstances, there is no conceivable exigency warranting departure from Rule 4001(a)(3). Movant's request is based solely on a desire for expedited enforcement, which is insufficient as a matter of law. The purpose of the rule is to provide parties in interest—including the Debtor and the Chapter 7 Trustee—a meaningful opportunity to evaluate their rights and seek appellate review before enforcement occurs. That purpose would be undermined by waiver here.

Moreover, where, as here, the underlying request for stay relief is itself disputed and unsupported, there is even less justification for immediate enforcement. Courts routinely deny waiver in the absence of concrete harm, particularly where the status quo is stable and no prejudice results from the brief delay imposed by the rule.

Accordingly, even if the Court were inclined to grant any form of stay relief, the request to waive the 14-day stay under Rule 4001(a)(3) should be denied.

**D. There Is No Basis for In Rem Relief Under 11 U.S.C § 362(d)(4)**

Movant's request for prospective relief binding in any

future bankruptcy case seeks in rem relief under 11 U.S.C. § 362(d)(4). Such relief is extraordinary and may be granted only upon specific findings that the petition was part of a scheme to delay, hinder, or defraud creditors involving either (i) multiple bankruptcy filings affecting the property or (ii) an unauthorized transfer of an interest in the property.

Movant has neither alleged nor presented evidence of any such scheme. Debtor has filed only a single Chapter 7 case, and there is no history of serial filings affecting the Escrow Funds or any related property. Nor is there any evidence of a transfer of the Escrow Funds without creditor consent or court approval. The funds have remained continuously in the possession of the escrow holder.

These deficiencies are fatal. Section 362(d)(4) requires not only the existence of multiple filings or improper transfers, but a showing that such conduct was part of a scheme to delay, hinder, or defraud creditors. No such scheme is alleged, and no evidentiary record exists from which the Court could make the findings required by the statute.

Absent those findings, in rem relief cannot be granted as a matter of law. Courts strictly construe § 362(d)(4) because it prospectively eliminates the protections of the automatic stay in future cases. The record here reflects, at most, a single dispute over a discrete fund that is currently subject to a pending motion to vacate in state court—not a pattern of abusive bankruptcy filings or conduct warranting such extraordinary relief.

Accordingly, Movant's request for in rem relief must be

13

denied.

**E. There Is No Basis for the Sweeping Prospective In Rem Relief Requested in Item 7**

Movant's requested relief in Item 7 seeks an order that would bind "any future bankruptcy case … no matter who the debtor may be, without further notice." This request seeks the most expansive form of in rem relief contemplated under 11 U.S.C. § 362(d)(4), and exceeds even the limited scope of relief authorized by that provision.

Relief under § 362(d)(4) is extraordinary and requires specific findings, supported by a preponderance of the evidence, that the petition was part of a scheme to delay, hinder, or defraud creditors involving either multiple bankruptcy filings or unauthorized transfers of property interests. (*See In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870–71 (9th Cir. BAP 2012).)

Movant has made no such showing. There is no evidence of serial filings, no pattern of abusive conduct, and no transfer of any interest in the Escrow Funds. Nor is there any evidence of a scheme of any kind. Absent these statutory predicates, in rem relief is unavailable as a matter of law.

Item 7 is additionally overbroad. It seeks to bind not only Debtor, but any hypothetical future debtor, and to eliminate the automatic stay without further notice or hearing. Courts construe § 362(d)(4) narrowly precisely because it prospectively deprives parties of the protections of the automatic stay. Relief of this breadth cannot be granted absent strict compliance with the statute and a fully developed evidentiary

14

record, neither of which is present here.

Accordingly, the sweeping prospective relief requested in Item 7 should be denied.

### F. Any Order Granting Relief Must Be Narrowly Tailored and Expressly Preserve the Automatic Stay as to All Other Matters

Relief Item 2 of the Motion includes broad language permitting Movant to "proceed under applicable nonbankruptcy law to enforce remedies to final judgment." Although the proposed form includes a general carve-out preserving the stay as to enforcement against Debtor and estate property, any order granting relief should be narrowly tailored to avoid ambiguity and unintended expansion of the relief granted.

Courts routinely construe stay relief orders strictly and limit them to the specific relief authorized. To ensure clarity and preserve the protections of 11 U.S.C. § 362, any order should expressly provide that:

(i) the automatic stay remains in full force and effect as to all property of the Debtor and the bankruptcy estate, including any funds, accounts, and real or personal property not specifically identified in the order;

(ii) the stay remains in effect as to any collection, enforcement, or further proceedings on the State Court Judgment, including actions against non-debtor parties to the extent such actions seek to recover from Debtor or property of the estate; and

(iii) the stay remains in effect as to all proceedings in the State Court Action, except to the limited extent the Court

15

permits adjudication of Debtor's Motion to Set Aside Default Judgment.

These clarifications are necessary to ensure that any relief granted is confined to its intended scope and does not impair the Chapter 7 Trustee's administration of estate property or the protections afforded by the automatic stay.

/ / /

/ / /

**V.    MOVANT'S LEGAL ARGUMENTS ARE INFIRM AND CANNOT SUPPORT THE RELIEF REQUESTED**

**A. Section 362(d)(4) Is Inapplicable Because the Escrow Funds Are Not Real Property**

Items 6 and 7 of the Second Stay Relief Motion seek in rem relief under 11 U.S.C. § 362(d)(4). That provision, by its express terms, applies only to "a stay of an act against real property … by a creditor whose claim is secured by an interest in such real property." 11 U.S.C. § 362(d)(4) (emphasis added). The statute is therefore limited to liens and enforcement actions involving real property.

The property at issue here is not real property. The Escrow Funds consist of approximately $38,000 in cash held by Adore Escrow, Inc. Movant's asserted levy lien is not an interest in real property, and the Motion does not concern any real property collateral. This alone is dispositive: § 362(d)(4) has no application to cash or other personal property as a matter of law. Courts strictly construe § 362(d)(4)'s scope. (*See In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870–71 (9th Cir. BAP 2012) (describing the provision as "narrow"); *In re*

16

*Alakozai*, 499 B.R. 698, 703 (9th Cir. BAP 2013) (holding that § 362(d)(4) "is limited to 'real property" and does not apply to personal property).) Because the relief sought does not involve real property, the in rem provisions invoked by Movant (Items 6 and 7) are unavailable on this record.

Moreover, even if § 362(d)(4) were applicable—which it is not—Movant has not alleged or established the required statutory predicates. The statute requires proof of a scheme to delay, hinder, or defraud creditors involving either multiple bankruptcy filings affecting the property or an unauthorized transfer. 11 U.S.C. § 362(d)(4)(A)-(B). No such facts are alleged, and no evidentiary record exists from which the Court could make the findings required by the statute. Debtor has filed only a single bankruptcy case, and the Escrow Funds have not been transferred.

Accordingly, the in rem relief requested in Items 6 and 7 must be denied as a matter of law.

**B. Section 362(d)(2) Does Not Apply and, In Any Event, Has Not Been Satisfied**

Movant alternatively seeks relief under 11 U.S.C. § 362(d)(2), asserting that the Escrow Funds are a fully encumbered cash fund in which the estate has no equity. That argument fails as a matter of law and proof.

First, § 362(d)(2) applies only to "property of the estate." (11 U.S.C. § 362(d)(2); *see also* 11 U.S.C. § 541(a).) Throughout the Motion, however, Movant's principal theory is that the Escrow Funds are not property of the estate because his levy lien purportedly attached prepetition and divested the

Debtor of any interest. (See Motion, Item 4(g); Memo. of P. & A. at 1-2.) That position is incompatible with relief under § 362(d)(2). If the Escrow Funds are not property of the estate, § 362(d)(2) is inapplicable on its face. If they are property of the estate, then Movant's theory that he is entitled to complete the levy outside the bankruptcy process fails. Movant cannot invoke § 362(d)(2) while simultaneously denying the statutory predicate for its application.

Second, even if § 362(d)(2) were applicable, Movant has not met his burden of proof. Under 11 U.S.C. § 362(g)(1), Movant bears the burden of establishing that the estate lacks equity in the property. Movant offers only a conclusory assertion that the Escrow Funds are "fully encumbered" by a prepetition levy lien. That assertion is unsupported by admissible evidence. Movant provides no valuation, no accounting of competing liens or claims, no analysis of potential tax or governmental interests, and no evidence regarding any exemptions that may apply. Such conclusory statements are insufficient to satisfy the movant's burden under § 362(d)(2).

Finally, § 362(d)(2) requires a showing not only of lack of equity, but also that the property is not necessary to an effective reorganization. While this is a Chapter 7 case, the Escrow Funds remain property of the estate subject to administration by the Chapter 7 Trustee. Movant has made no showing that would justify removal of those funds from the estate outside the normal claims-administration process.

Accordingly, relief under § 362(d)(2) is unavailable and should be denied.

18

## C. **Service of a Notice of Levy Does Not Divest the Estate of the Escrow Funds**

Movant's theory rests on the premise that service of a Notice of Levy on Adore Escrow, Inc. on December 2, 2025 removed the Escrow Funds from the bankruptcy estate. That premise is contrary to settled federal bankruptcy law and California enforcement law.

As a matter of federal law, property subject to a prepetition levy or lien remains property of the estate under 11 U.S.C. § 541. (*See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-06 (1983) (property seized prepetition pursuant to a tax levy remains property of the estate and is subject to turnover).) Section 541 is intentionally broad and includes all legal and equitable interests of the debtor as of the petition date, including property encumbered by liens. A creditor's lien attaches to the property; it does not remove the property from the estate.

California law is to the same effect. Service of a Notice of Levy creates a lien on the property levied upon but does not transfer ownership or divest the debtor of legal or equitable interests. (*Jogani v. Jogani*, 141 Cal. App. 4th 158, 174 (2006); *Imperial Bank v. Pim Electric, Inc.*, 33 Cal. App. 4th 540, 544 (1995).) Completion of the levy requires delivery of the property to the levying officer. Here, it is undisputed that no such delivery occurred. (*See* Suppl. Decl. of Paul Nguyen ¶ 10 ("Adore has not delivered the Escrow Funds to OCSD.").)

Accordingly, as of the February 4, 2026 petition date, the Escrow Funds remained property of Debtor and became property of

19

the estate under § 541(a). Any postpetition effort to complete the levy or obtain possession of the Escrow Funds constitutes an act to exercise control over property of the estate in violation of 11 U.S.C. § 362(a)(3).

Disposition of the Escrow Funds is therefore committed to the Chapter 7 Trustee, who alone has authority to administer or abandon estate property under 11 U.S.C. §§ 704(a)(1) and 554. Movant's theory that the funds were removed from the estate prepetition is incorrect as a matter of law and provides no basis for stay relief.

**D. Movant's Assertion of Trustee Consent Is Inadmissible and Unsupported by Competent Evidence**

Movant's declaration states that "Trustee Golden informed me that, after review, he agrees to the limited relief from stay requested by this renewed motion." (Suppl. Decl. of Paul Nguyen ¶ 13.) This is an out-of-court statement offered for the truth of the matter asserted and constitutes hearsay under Federal Rule of Evidence 801. It is inadmissible absent an applicable exception. (*See* Fed. R. Evid. 802; Fed. R. Bankr. P. 9017.) Movant identifies no exception. Accordingly, the Court cannot rely on this statement as evidence of the Trustee's position.

More fundamentally, the record contains no competent evidence that the Chapter 7 Trustee consents to the requested relief. Movant has not submitted a declaration from the Trustee, a statement of non-opposition, a stipulation, or any filing by the Trustee or his counsel. In matters affecting estate property, courts require a clear and reliable record of the Trustee's position. No such record exists here.

20

DEBTOR MINH TUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S MOTION FOR RELIEF FROM
AUTOMATIC STAY UNDER 11 U.S.C. § 362

Absent admissible evidence of Trustee consent, Movant cannot rely on purported agreement to support stay relief or to justify any carve-out affecting estate property. At most, the current record reflects an unverified, secondhand assertion that is insufficient to carry Movant's burden under § 362(d). Accordingly, the Court should disregard Movant's hearsay assertion and, to the extent the Trustee's position is material, require a statement from the Trustee on the record before granting any relief affecting estate property.

**E. Movant Has Failed to Satisfy Its Burden Under 11 U.S.C. § 362(g).**

Section 362(g) allocates the burden of proof in stay relief proceedings. The movant bears the burden of proof on the issue of equity under § 362(d)(2), 11 U.S.C. § 362(g)(1), while the opposing party bears the burden on all other issues, § 362(g)(2). Accordingly, Movant must come forward with competent, admissible evidence sufficient to establish each element of the relief requested under § 362(d)(1), § 362(d)(2), and § 362(d)(4).

Movant has not met that burden. The Second Stay Relief Motion relies on conclusory assertions rather than evidence. It asserts that the Escrow Funds are "fully encumbered," that the estate has "no equity," and that the Chapter 7 Trustee has "agreed" to the requested relief, without supporting admissible proof. Movant further seeks in rem relief under § 362(d)(4) without addressing or establishing the statutory predicates required for such extraordinary relief.

Each of these deficiencies is independently fatal.

21

Unsupported assertions regarding valuation or equity cannot satisfy Movant's burden under § 362(g)(1). Hearsay assertions regarding alleged Trustee consent cannot substitute for competent evidence of the Trustee's position. And requests for relief under § 362(d)(4) unsupported by any evidentiary showing of a statutory "scheme" fail at the threshold.

Because Movant has not met its burden under § 362(g), the Second Stay Relief Motion must be denied.

**F. Movant Has Not Established "Cause" Under 11 U.S.C §**

**362(d)(1) Under the Applicable *Curtis* Framework**

Movant cites *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996) for the general proposition that "cause" under § 362(d)(1) is determined on a case-by-case basis. However, Conejo and its progeny require courts to apply a structured balancing analysis under the Curtis factors in determining whether cause exists to permit litigation to proceed in another forum. (*See In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984); *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009).)

Movant does not undertake that analysis. The Second Stay Relief Motion contains no application of the *Curtis* factors whatsoever and instead relies on conclusory assertions such as "narrow relief," "fixed res," and "trustee review complete." Those assertions are unsupported by any structured consideration of judicial economy, prejudice to the estate or Debtor, or the procedural posture of the State Court Action.

Proper application of the *Curtis* factors does not support relief under § 362(d)(1) on this record. The State Court Action involves a default judgment entered during a period of attorney

22

abandonment, a pending motion to set aside that judgment under California Code of Civil Procedure § 473(b), and a scheduled Bankruptcy Review Hearing in September 2026. Under these circumstances, judicial economy, avoidance of inconsistent rulings, and preservation of the estate strongly favor maintaining the stay pending resolution of the validity of the underlying judgment. Because Movant has not demonstrated "cause" under the governing Curtis framework, relief under § 362(d)(1) should be denied.

**VI.   RESERVATION OF RIGHTS AND NOTICE OF DEBTOR'S LIMITED CROSS-MOTION**

Debtor expressly reserves all rights, claims, and defenses with respect to the State Court Judgment, including the right to prosecute the pending Motion to Set Aside Default Judgment and to seek full relief on the merits. Nothing in this Opposition, nor any order entered on the Second Stay Relief Motion, shall be construed as an admission, waiver, or concession regarding the validity, enforceability, or finality of the State Court Judgment or Movant's entitlement to enforce it against the Escrow Funds or otherwise.

Debtor will soon file his own motion for relief from the automatic stay solely for the purpose of restoring the pending Motion to Set Aside Default Judgment to the calendar in the state court action so that it may be adjudicated on the merits. Debtor's requested relief is expressly limited and does not seek authorization for enforcement or collection activity of any resulting judgment, which shall remain subject to the automatic stay.

DEBTOR MINH TUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S MOTION FOR RELIEF FROM
AUTOMATIC STAY UNDER 11 U.S.C. § 362

Granting limited relief for the purpose of allowing the state court to adjudicate the Motion to Set Aside is consistent with the *Curtis* factors, promotes judicial economy, and avoids potentially unnecessary enforcement actions based on a judgment that is currently subject to challenge. (*See In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984); *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009).)

## VII. CONCLUSION

For the foregoing reasons, Debtor respectfully requests that the Court:

1. Deny the Second Stay Relief Motion in its entirety;

2. Alternatively, defer ruling on the Motion pending adjudication by the Orange County Superior Court of Debtor's Motion to Set Aside Default Judgment; or, in the further alternative, limit any relief strictly to the Escrow Funds identified in the Motion and enter an order narrowly tailored to preserve the protections of the automatic stay;

3. Deny Movant's request for waiver of the 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3);

4. Deny Movant's request for prospective in rem relief under 11 U.S.C. § 362(d)(4), including Items 6 and 7 of the Motion; and

/ / /

/ / /

/ / /

/ / /

/ / /

DEBTOR MINH TUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S MOTION FOR RELIEF FROM
AUTOMATIC STAY UNDER 11 U.S.C. § 362

5. Grant such other and further relief as the Court deems just and proper.


DATED April 22, 2026                    PEÑA & SOTO, APC

                                        By: _____
                                        Leonard Peña, Esq.
                                        Counsel for Debtor
                                        Minh Tuong Nguyen

DEBTOR MINH TUONG NGUYEN'S OPPOSITION TO PAUL NGUYEN'S MOTION FOR RELIEF FROM
AUTOMATIC STAY UNDER 11 U.S.C. § 362

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1003 Diamond Ave., Suite 202 South Pasadena, California 91030


A true and correct copy of the foregoing document entitled (*specify*): DEBTOR MINH TUONG NGUYEN'S
OPPOSITION TO PAUL NGUYEN'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11
U.S.C. § 362
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
4/22/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Jeffrey I Golden (TR)
lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com

Leonard Pena on behalf of Debtor Minh Tuong Nguyen
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov                          ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 4/22/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will
be completed no later than 24 hours after the document is filed.
Hon. Scott C. Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

Paul Nguyen
16027 Brookhurst St Ste I-104
Fountain Valley, CA 92708

                                                       ☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

                                                       ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/22/2026 | NOEMI SANDOVAL | /S/ NOEMI SANDOVAL |
|-----------|----------------|--------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**