Paul Nguyen
16027 Brookhurst Street, Suite I-104
Fountain Valley, CA 92708
Tel: (949) 923-0106
Mnapaul1@gmail.com

Creditor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MINH TUONG NGUYEN<br><br>Debtor | Case No.: 8:26-bk-10347-SC<br><br>Chapter 7<br><br>Hon. Scott C. Clarkson<br><br>**MOTION OF CREDITOR PAUL NGUYEN TO EXTEND DEADLINE TO FILE COMPLAINT OBJECTING TO DISCHARGE UNDER 11 U.S.C. § 727 AND/OR TO DETERMINE DISCHARGEABILITY UNDER 11 U.S.C. § 523; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Motion Filed Under LBR 9013-1(o)<br>(No Hearing Set Unless Requested) |

Creditor Paul Nguyen ("Movant") moves for an order extending the deadline to

file a complaint objecting to discharge under 11 U.S.C. § 727 and/or determining

dischargeability under 11 U.S.C. § 523(a)(2), (4), and/or (6). This Motion is made under

Federal Rules of Bankruptcy Procedure 4004(b)(1), 4007(c), and 9006(b)(3), and is

supported by the attached Declaration of Paul Nguyen and the record in this case.

## I.    RELIEF REQUESTED

Movant requests that the Court extend the deadline for Movant to file:

(a) a complaint objecting to Debtor's discharge under 11 U.S.C. § 727; and/or

(b) a complaint to determine dischargeability of debt under 11 U.S.C. § 523(a)(2),

(4), and/or (6).

The current deadline is **May 4, 2026**. Movant requests an extension to:

**August 25, 2026, or 60 days after conclusion of the § 341 meeting of creditors, whichever is later.**

Movant does not request a merits determination. Movant seeks only a limited extension so that any adversary complaint, if filed, will be grounded in a completed factual record rather than speculation.

**II.    FACTUAL BACKGROUND**

Debtor Minh Tuong Nguyen filed this Chapter 7 case on February 4, 2026. The initial case record reflected filing deficiencies. The Court issued a Case Commencement Deficiency Notice requiring, among other things, a Statement of Related Cases, attorney compensation disclosure, income declaration, and verification of the mailing list. The Court also issued an Order to Comply with Bankruptcy Rule 1007 and Notice of Intent to Dismiss because schedules, statements, means-test documents, and related forms had not been timely filed.

The Notice of Chapter 7 Bankruptcy Case set the first § 341 meeting for March 3, 2026, and set **May 4, 2026** as the deadline to file a complaint objecting to discharge under § 727 or to challenge dischargeability under § 523(a)(2), (4), or (6).

The § 341 meeting has not concluded. Trustee Jeffrey I. Golden has continued the meeting more than once. The next continued meeting is set for **May 27, 2026**, after the current May 4, 2026 deadline.

The continued examination is material because unresolved issues include, among others:

(a) Debtor's identity and Social Security number issues relating to a prior bankruptcy filing;

(b) Debtor's ownership, management, or control of affiliated LLC bankruptcy debtors;

(c) inconsistent creditor classifications between affiliated LLC cases and this individual case, including creditors listed as secured in LLC filings but unsecured in the current case;

(d) whether certain debts listed as unsecured personal debts were actually tied to LLC property, secured transactions, member contributions, or corporate obligations;

(e) possible false oaths, omissions, or incomplete disclosures in Debtor's schedules and statement of financial affairs;

(f) bank-account tracing and potential pre-petition transfer or concealment issues; and

(g) whether grounds exist under 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), (a)(5), and/or § 523(a)(2), (4), or (6).

Debtor's own filed opposition to Movant's prior motion placed identity and Social Security number issues directly in dispute. Based on Debtor's filed pleadings in this case, Debtor has disputed any prior personal bankruptcy linkage and has asserted use of only one Social Security number ending in 7703. Because Debtor's identity, SSN verification, and prior-bankruptcy history bear directly on potential false oath and disclosure issues, Movant should not be required to file a § 727 complaint before the trustee's continued examination is completed.

Based on Movant's review of the dockets and filed documents in this case and in affiliated LLC bankruptcy cases, Movant has identified creditor-classification concerns, including the treatment of certain creditors as secured in affiliated LLC filings but unsecured in Debtor's individual schedules. These issues may bear on the

completeness of Debtor's disclosures and on potential concealment or false-oath claims.

**III.     MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  Legal Standard for Extension**

*Federal Rule of Bankruptcy Procedure* 4004(a) sets the deadline for filing a complaint objecting to discharge under 11 U.S.C. § 727. Rule 4004(b)(1) provides that, on motion of a party in interest, filed **before the deadline expires**, and after notice and a hearing, the Court may extend the deadline **"for cause."**

*Federal Rule of Bankruptcy Procedure* 4007(c) governs complaints to determine dischargeability under 11 U.S.C. § 523(c), which includes § 523(a)(2), (4), and (6). Under Rule 4007(c), the Court may, for cause, extend the deadline to file such a complaint, provided the motion is filed before the deadline expires.

*Federal Rule of Bankruptcy Procedure* 9006(b)(3) permits enlargement of time under Rules 4004 and 4007 only to the extent and under the conditions stated in those rules. Accordingly, this Motion is filed before the May 4, 2026 deadline to preserve the Court's authority to grant the extension.

Courts in this district and circuit have consistently held that cause exists to extend the complaint deadline where the § 341 meeting has not concluded and the record remains insufficient to determine whether a good-faith complaint should be filed. *See In re Albarran*, 347 B.R. 369, 382 (B.A.P. 9th Cir. 2006) (cause assessed under totality of circumstances; incomplete record and ongoing examination support extension); *In re Roach*, 660 F.2d 1316, 1319 (9th Cir. 1981) (§ 727 deadline may be extended where party has not yet had adequate opportunity to investigate). *See also In re Hayes*, 367 B.R. 360 (Bankr. E.D.N.Y. 2007) (continued § 341 examination constitutes cause for extension of discharge-objection deadline).

**B.  Cause Exists to Extend the Deadline**

**First**, the § 341 meeting has not concluded and has been continued more than once. The trustee's continued examination is directly relevant to any potential § 727 or § 523 complaint. Debtor's testimony and document production may determine whether claims exist, what statutory provisions apply, and whether an adversary proceeding is warranted at all.

**Second**, identity and Social Security number issues remain material and unresolved. These issues go directly to potential false oath and disclosure claims under § 727(a)(4) and § 523(a)(2). Movant should not be forced to file a protective complaint on an incomplete record.

**Third**, unresolved affiliated-entity issues exist. The treatment of certain creditors as secured in affiliated LLC filings but unsecured in this individual case may implicate the accuracy and completeness of Debtor's schedules and SOFA, as well as potential asset concealment or transfer issues.

**Fourth**, bank-account tracing and transfer analysis remain incomplete. Any claim under § 727(a)(2), (a)(3), (a)(4), or (a)(5) requires a careful factual foundation. The extension allows Movant to obtain and review information developed through the trustee's continued examination before any complaint is filed.

**Fifth**, the extension promotes judicial economy. It avoids unnecessary protective adversary litigation filed before completion of the § 341 process and allows any eventual complaint to be narrower, better supported, and more useful to the Court.

**C.  The Requested Extension Is Reasonable and Not Prejudicial**

Movant requests an extension to **August 25, 2026, or 60 days after conclusion of the § 341 meeting of creditors, whichever is later.** This request is reasonable because the next continued § 341 meeting is set for May 27, 2026—after the current

deadline. If the deadline is not extended, the complaint deadline will expire before the trustee completes the examination.

The extension will not prejudice Debtor. It preserves the status quo and allows Movant to make an informed decision about whether an adversary complaint is justified. No discharge will be denied by the extension itself; Movant merely preserves the right to seek appropriate relief after the examination concludes.

**IV.      CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court enter an order extending the deadline to file a complaint objecting to discharge under 11 U.S.C. § 727 and/or a complaint to determine dischargeability under 11 U.S.C. § 523(a)(2), (4), and/or (6) to **August 25, 2026, or 60 days after conclusion of the § 341 meeting of creditors, whichever is later.**

Dated:   April 29, 2026

Paul Nguyen
Creditor and Movant in Pro Per