Paul Nguyen
16027 Brookhurst Street, Suite I-104
Fountain Valley, CA 92708
Tel: (949) 923-0106
Mnapaul1@gmail.com

Creditor

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In Re | ) Case No.: 8:26-bk-10347-SC |
| | ) |
| MINH TUONG NGUYEN, | ) **Chapter 7** |
| | ) |
| Debtor. | ) **REPLY TO TRUSTEE'S JOINDER IN** |
| | ) **OPPOSITION TO MOTION FOR RELIEF FROM** |
| | ) **STAY [Dkt 65]** |
| | ) |
| | ) DATE:   June 3, 2026 |
| | ) TIME:    10:00 a.m. |
| | ) PLACE:  Courtroom "5C" |
| | )              411 W. 4th St. |
| | )              Santa Ana, CA |
| | ) |

Movant Paul Nguyen submits this reply to the Chapter 7 Trustee's Notice of Joinder in Debtor's Opposition and Opposition to Motion for Relief from Stay [Dkt. 65].

The Trustee's Joinder does not defeat stay relief. It identifies only a potential preference theory that has not been pleaded, litigated, or adjudicated. No adversary proceeding has been filed. No lien has been avoided. The January 29, 2026 state-court order supports Movant's colorable enforcement interest because it found that the escrow funds constituted property of the judgment debtor for purposes of enforcement and ordered turnover to the levying officer. But that order did not adjudicate a bankruptcy § 547 claim, did not avoid Movant's levy lien, and did not determine § 541

estate ownership free and clear of all competing escrow-principal claims. The Trustee may pursue avoidance, but must do so in the proper proceeding.

## I.    THIS MOTION SEEKS LIMITED STAY RELIEF, NOT A FINAL OWNERSHIP OR PREFERENCE DETERMINATION

This Motion does not ask the Court to decide final ownership of the Adore Escrow funds. It seeks limited relief from the automatic stay so that existing state-court proceedings may continue and adjudicate Movant's enforcement interest.

The Trustee remains free to file a § 547 adversary proceeding. Granting the MRS can fully preserve that right. What the Trustee cannot do is treat an unfiled avoidance theory as though the lien has already been avoided. Denying stay relief on that basis would freeze the state-court process while resolving none of the ownership, enforcement, or avoidance issues.

## II.    THE JANUARY 29 ORDER SUPPORTS A COLORABLE ENFORCEMENT INTEREST; IT DOES NOT ADJUDICATE AVOIDANCE

The Trustee relies on the January 29, 2026 order as though it already resolves the bankruptcy issues. It does not.

The order arose in a California Enforcement of Judgments Law proceeding. It denied Binh/Ngọc's third-party claim, found that the subject funds constituted property of the judgment debtor for purposes of enforcement, found the funds properly subject to levy, and ordered Adore Escrow to turn over the funds to the Orange County Sheriff/levying officer.

That finding supports Movant's colorable prepetition enforcement interest for stay-relief purposes. But it does not mean the Trustee has already avoided Movant's lien. It also does not adjudicate a federal bankruptcy preference claim, determine § 541 estate ownership free and clear of all unresolved escrow-principal claims, or decide what effect any later § 547 avoidance action would have.

A preference action must still be pleaded and proved.

## III.    THE TRUSTEE'S § 547 THEORY REMAINS UNADJUDICATED AND CANNOT BE TREATED AS AN ALREADY-AVOIDED LIEN

The Trustee argues that Movant's December 2, 2025 levy created an execution lien within 90 days of the February 4, 2026 petition date and is therefore avoidable under § 547. That is a potential avoidance theory. It is not an existing avoidance.

A preference claim requires proof of each element of § 547(b), including a transfer of an interest of the debtor in property, antecedent debt, insolvency, timing, and that the transfer enabled Movant to receive more than he would receive in a Chapter 7 liquidation. Movant does not concede any element. More importantly, no such element has been adjudicated here.

A preference must be pleaded and proved in an adversary proceeding. *Fed. R. Bankr. P*. 7001(1). The Trustee has not filed such a proceeding. The Trustee's § 547 theory therefore cannot be treated as an adjudicated defense to stay relief.

## IV.    ANY AVOIDANCE WOULD REACH ONLY THE LEVY LIEN, NOT AUTOMATICALLY RESOLVE ALL ESCROW OWNERSHIP ISSUES

Even if the Trustee later avoids the levy lien, that avoidance would not itself decide all ownership rights in the Adore Escrow funds. Section 547 avoidance operates on the challenged transfer or lien. It does not, by itself, adjudicate every underlying state-law escrow interest or determine that the estate owns the escrow funds free and clear of all non-debtor claims.

The January 29 order was operative and binding for enforcement purposes as between the parties before that court. But it did not adjudicate a federal bankruptcy preference action and did not resolve all possible escrow-principal claims as a matter of bankruptcy estate ownership. Notably, Ban—the seller and actual principal to the Adore Escrow—was not a party to the January 29 enforcement proceeding, and Ban's escrow-

principal interest has not been adjudicated in any court. Even if Movant's levy lien were avoided under § 547 and preserved for the estate under § 551, the estate would step into the shoes of the avoided lienholder and acquire no greater title to the underlying property than the Debtor had. The § 541 ownership question—whether the estate holds the escrow funds free of Ban's unresolved interest—remains a separate question that avoidance does not answer.

The Trustee's theory therefore requires two separate adjudications: first, avoidance of the levy lien; second, a determination that the underlying escrow funds are estate property free of unresolved escrow-principal claims. Neither has occurred. Neither can be resolved summarily at a stay-relief hearing. The proper course is limited or conditioned relief that moves all disputes toward adjudication while preserving the Trustee's rights.

## V.    CAUSE EXISTS FOR LIMITED OR CONDITIONED RELIEF

Movant holds a colorable prepetition enforcement interest: a judgment, a December 2, 2025 levy under California Code of Civil Procedure § 697.710, and the January 29, 2026 state-court order, all arising before the February 4, 2026 petition date. That record establishes cause for limited stay relief under § 362(d)(1), or at minimum conditioned relief that moves the dispute toward adjudication while preserving the Trustee's rights.

The unproved § 547(b) elements compound the problem. Section 547(b)(5) requires proof—not assertion—that Movant would receive more than he would in a Chapter 7 liquidation without the transfer. That comparative analysis depends on the amount and priority of all claims, total estate value, and the role of the disputed funds in the distribution pool; none of that has been developed. Section 547(b)(3) requires proof of the Debtor's insolvency at the time of transfer; the § 547(f) presumption is rebuttable

and untested. To the extent § 362(d)(2) applies, the Trustee has not established estate equity above Movant's lien, and there is no reorganization purpose in a Chapter 7 case. If the Court wishes to protect the Trustee's potential avoidance rights, the appropriate remedy is a tailored order—not outright denial. The Court may:

- grant limited relief allowing state-court enforcement, escrow, or interpleader proceedings to continue, while expressly preserving all Trustee avoidance rights;
- condition relief on the Trustee filing any § 547 adversary proceeding by a date certain, with the Adore Escrow funds held in a segregated account pending that filing and determination; or
- require the Trustee to demonstrate what benefit, if any, the estate receives from continued detention of the funds while no avoidance action has been filed.

What should not occur is denial of stay relief based on treating an unfiled, unproved preference theory as though the lien has already been avoided and estate ownership already established.

## CONCLUSION

The Trustee's Joinder establishes only that the Trustee may wish to pursue a § 547 claim. It does not establish that the levy lien has been avoided, that the Adore Escrow funds are unencumbered estate property, or that state-court proceedings should remain frozen indefinitely. The January 29 order supports Movant's colorable enforcement interest; it does not avoid Movant's lien, adjudicate the Trustee's preference theory, or resolve Ban's unresolved escrow-principal interest—a claim that no court, state or federal, has ever adjudicated and that even successful § 547 avoidance would not resolve.

Movant respectfully requests that the Court grant limited relief from stay to permit state-court proceedings to continue. Alternatively, the Court should condition relief to

preserve the funds and require the Trustee to promptly file and prosecute any avoidance action.

Dated:  May 15, 2026                              Respectfully submitted,


By:    _____
       Paul Nguyen
       Movant/Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is:
16027 Brookhurst Street, Suite I-104, Fountain Valley, CA 92708.

A true and correct copy of the foregoing document entitled (*specify*):

REPLY TO TRUSTEE'S JOINDER IN  OPPOSITION TO MOTION FOR RELIEF FROM STAY [Dkt 65]

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 May 15, 2026         , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
1.   Jeffrey I Golden (TR) lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com
2.   Eric P Israel epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
3.   Leonard Pena lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
4.   Joshua L Scheer jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
5.   United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov        ☐   Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 04/24/2026  , I served the following persons and/or entities at the last known addresses in this bankruptcycase or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Minh Tuong Nguyen (Debtor)**
840 Chateau Ct,
Garden Grove, CA 92841

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  02/19/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Leonard Pena, Attorney for Debtor Minh Tuong Nguyen:  lpena@penalaw.com
ERIC  P. ISRAEL attorney for TR:  epi@lnbyg.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/16/2026 | Allan Nguyen | |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          **F 9013-3.1.PROOF.SERVICE**