FILED & ENTERED

MAY 20 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br><br><br><br><br>Debtor(s). | Case No.: 8:26-bk-10347-SC<br><br>CHAPTER 7<br><br>**ORDER DENYING MOTION OF CREDITOR PAUL NGUYEN TO EXTEND DEADLINE TO FILE COMPLAINT OBJECTING TO DISCHARGE UNDER 11 U.S.C. § 727 AND/OR TO DETERMINE DISCHARGEABILITY UNDER 11 U.S.C. § 523 [DK. 59]** |

The Court has reviewed the Motion of Creditor Paul Nguyen ("Movant") to Extend Deadline to File Complaint Objecting to Discharge Under 11 U.S.C. § 727 and/or to Determine Dischargeability Under 11 U.S.C. § 523 filed April 29, 2026 [Dk. 59] (the "Motion"), the Notice of Opportunity to Request Hearing [Dk. 60], the Declaration of Paul Nguyen [Dk. 61], Movant's declarations that no party requested a hearing [Dk. 78, 79], and the docket as a whole.

No response or request for hearing was filed. The absence of opposition, however, does not relieve Movant of his burden to establish cause under Federal Rules of Bankruptcy Procedure 4004(b)(1) and 4007(c). For the reasons set forth below, the Motion is DENIED.

**I. Background**

Debtor Minh Tuong Nguyen filed this chapter 7 case on February 4, 2026. The Notice of Chapter 7 Bankruptcy Case set the initial § 341(a) meeting of creditors for March 3, 2026 and set May 4, 2026 as the last day to file a complaint objecting to discharge or to determine dischargeability of certain debts.

Movant filed the Motion on April 29, 2026, before the May 4, 2026 deadline. Movant requests an extension of the deadline to file: (1) a complaint objecting to Debtor's discharge under 11 U.S.C. § 727; and/or (2) a complaint to determine dischargeability under 11 U.S.C. § 523(a)(2), (4), and/or (6). Movant requests that the deadline be extended to August 25, 2026, or 60 days after conclusion of the § 341 meeting of creditors, whichever is later.

Movant argues that cause exists because the § 341 meeting has been continued and remains incomplete. Movant further contends that unresolved issues remain regarding Debtor's identity and Social Security number history, affiliated LLC bankruptcy cases, creditor classifications, possible false oaths or omissions in schedules and statements, bank-account tracing, and potential prepetition transfers or concealment of assets. Movant asserts that these issues may support claims under §§ 727(a)(2), (a)(3), (a)(4), and (a)(5), as well as § 523(a)(2), (4), and/or (6), and that additional time is necessary to complete the trustee's examination and develop a sufficient factual basis before determining whether to file an adversary complaint.

The docket reflects that the § 341 meeting has been continued, and the Trustee's continued-meeting notices state that the Trustee requested additional information and that Debtor's schedules are incomplete or inaccurate. The docket also reflects, however, that Movant commenced an adversary proceeding against Debtor on March 12, 2026, before filing the Motion and before expiration of the May 4, 2026 deadline. That adversary proceeding asserts claims under 11 U.S.C. § 523(a)(2), (4), and (6). *See* Adv. No. 8:26-ap-01027-SC.

**II. Legal Standards**

Federal Rule of Bankruptcy Procedure 4004 governs the deadline to file a complaint objecting to discharge under 11 U.S.C. § 727. In a chapter 7 case, a complaint objecting to discharge must be filed no later than 60 days after the first date set for the § 341(a) meeting of creditors. Fed. R. Bankr. P. 4004(a). On motion of a party in interest, after notice and a hearing, the Court may extend that deadline for cause, but the motion must be filed before the time expires. Fed. R. Bankr. P. 4004(b)(1).

Federal Rule of Bankruptcy Procedure 4007(c) governs the deadline to file a complaint to determine the dischargeability of debts of the kind specified in 11 U.S.C. § 523(c), including debts alleged to be nondischargeable under § 523(a)(2), (4), or (6). Such a complaint must also be filed no later than 60 days after the first date set for the § 341(a) meeting of creditors. Fed. R. Bankr. P. 4007(c). The Court may extend that deadline for cause, but only if the motion is filed before the time expires. *Id.* A timely motion is necessary, but it does not make an extension automatic. The Court, not the parties, must determine whether cause exists. *Shahrestani v. Alazzeh (In re Alazzeh)*, 509 B.R. 689, 693-94 (B.A.P. 9th Cir. 2014). Ninth Circuit law strictly construes Rule 4007(c) because of the need for certainty in determining which claims are discharged. *Kennerley v. Allred (In re Kennerley)*, 995 F.2d 145, 147-48 (9th Cir. 1993).

The distinction between Rule 4004 and Rule 4007 matters. A complaint under § 727 seeks denial of the debtor's discharge. A complaint under § 523 seeks a determination that a particular debt is excepted from discharge. Those forms of relief are distinct, and the corresponding deadlines must be analyzed with that distinction in mind.

Rule 9006(b)(3) limits the Court's ability to enlarge the deadlines under Rules 4004 and 4007. The deadlines may be enlarged only to the extent and under the conditions stated in Rules 4004 and 4007. Fed. R. Bankr. P. 9006(b)(3). Thus, a timely

motion is necessary, but timeliness alone is not sufficient. A party seeking an extension must also establish cause.

The deadlines under Rules 4004 and 4007 are measured from the first date set for the § 341(a) meeting, not from the conclusion of that meeting. The Advisory Committee Notes confirm that the deadlines under Rules 4004(a) and 4007(c) run from the first date set for the § 341(a) meeting, whether or not the meeting is held on that date, and are not affected by any delay in the commencement or conclusion of the meeting of creditors. Fed. R. Bankr. P. 4004 advisory committee's note to 1999 amendment; Fed. R. Bankr. P. 4007 advisory committee's note to 1999 amendment. Accordingly, a continued § 341 meeting does not itself extend the deadline. Nor does a continued § 341 meeting, standing alone, establish cause to extend the deadline. The movant must still explain why the continuance prevented compliance with the original deadline despite diligence.

The movant bears the burden of showing cause. In *Willms v. Sanderson*, 723 F.3d 1094 (9th Cir. 2013), the Ninth Circuit held that a bankruptcy court errs when it extends the Rule 4007 deadline without either a showing or a finding of cause. Although *Willms* involved additional procedural defects, including a *sua sponte* extension of the Rule 4007 deadline after that deadline had expired and inadequate notice of the § 523 relief ultimately allowed, the Ninth Circuit separately addressed the cause requirement. The court explained that a creditor seeking additional time to investigate must do more than state that it needs time to determine whether a complaint is warranted:

> The Willmses asserted only that they needed additional time "to complete an investigation and evaluate whether or not a complaint objecting to discharge or a motion to dismiss is warranted." Critically, they failed to explain why they did not complete their investigation prior to the deadline. While the "cause" standard may be a lenient one, accepting the Willmses' request for more time so that they could determine whether or not they even had a viable argument for nondischargeability, without any explanation why they could not have made this determination within the time set by Rule 4007, would render the standard toothless.

*Id.* at 1104.

Thus, under *Willms*, a request for additional time to complete an investigation and decide whether a viable complaint exists does not establish cause unless the movant explains why that determination could not have been made within the time allowed by the Rules. The focus is not merely whether further investigation would be useful. The focus is whether the movant acted diligently before the deadline and why, despite that diligence, the movant could not comply with the original deadline.

The Bankruptcy Appellate Panel applied the same principle in *Emond v. Ryan McCarthy Investments, LLC (In re Emond)*, 2020 Bankr. LEXIS 1543, at *6-8 (B.A.P. 9th Cir. 2020). There, the creditor filed a timely motion to extend the Rule 4007(c) deadline and relied on the complexity of the circumstances, ongoing review of testimony and documents, and a continued § 341 meeting. The BAP reversed the order granting the extension because the creditor did not explain why those circumstances prevented it from timely filing a complaint.

The diligence requirement is also reflected in *In re Bomarito*, 448 B.R. 242, 248 (Bankr. E.D. Cal. 2011), which states that an extension "should not be granted without a showing of good cause, and without proof that the creditor acted diligently to obtain facts within the bar date . . . but was unable to do so." *Id*. (citing *In re Farhid*, 171 B.R. 94, 96 (N.D. Cal. 1994)). That standard requires both diligence and inability to comply. It is not enough for the movant to identify unresolved issues, possible claims, or the desirability of a more complete record. The movant must connect those circumstances to an actual inability to comply with the deadline despite reasonable pre-deadline efforts.

Accordingly, in this case, the cause inquiry turns on more than the timely filing of the Motion. The relevant questions include whether Movant acted diligently before the deadline, whether specific facts necessary to determine whether to file a complaint remained unavailable despite that diligence, and whether the requested extension is tied to the circumstances actually shown.

The Court also recognizes that Movant is self-represented. The Court construes self-represented filings liberally, but self-represented parties must still comply with the applicable procedural rules and carry their burden on the relief requested. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Mohsen v. Wu (In re Mohsen)*, 2010 Bankr. LEXIS 5074, at *13-14 (B.A.P. 9th Cir. 2010). The Court therefore considers the Motion liberally, but cannot supply facts, diligence, or cause that the Motion and supporting declaration do not establish.

**III. Discussion**

Movant has not established cause for the requested extension.

**A. Movant's pro se status and the absence of opposition do not supply the required cause showing.**

The Court first addresses the procedural posture of the Motion. Movant filed the Motion before the May 4, 2026 deadline. The Motion is therefore timely. That is significant because Rules 4004(b)(1) and 4007(c) require that a motion to extend be filed before the applicable deadline expires. Timeliness, however, is only the threshold requirement. It preserves the Court's authority to consider the requested extension. It does not establish cause.

Nor does the absence of opposition establish cause. Movant filed declarations stating that no party requested a hearing, and no response or request for hearing was filed. The Court may therefore decide the Motion without a hearing under the applicable local rule procedure. But an unopposed motion is not automatically granted where the governing rule requires an affirmative showing. As stated in *Shahrestani v. Alazzeh (In re Alazzeh)*, 509 B.R. 689, 693 (B.A.P. 9th Cir. 2014), an extension is not automatically granted merely because a motion has been filed; the bankruptcy court must determine whether cause exists.

The Court also recognizes that Movant is self-represented. The Court construes self-represented filings liberally and has considered the substance of the Motion and supporting declaration rather than relying on any technical deficiency in form. Even

under that liberal construction, however, Movant must comply with the applicable procedural rules and must establish the factual and legal basis for the relief requested. Pro se status does not relieve a party from satisfying Rules 4004(b)(1) and 4007(c), and the Court may not supply facts, diligence, or cause that the Motion and supporting declaration do not establish.

### B. The continued § 341 meeting is relevant, but it is not enough by itself.

Movant's principal argument is that the § 341 meeting has been continued and remains incomplete. The Court does not disregard that fact. The docket reflects that the Trustee continued the § 341 meeting, requested additional information, and stated that Debtor's schedules are incomplete or inaccurate. Those circumstances are relevant to the Court's review. They may explain why further investigation would be useful, and they may explain why Movant prefers to wait until the Trustee's examination is complete before deciding whether to pursue additional claims.

But usefulness is not the standard. The deadlines under Rules 4004 and 4007 are measured from the first date set for the § 341(a) meeting of creditors, not from the conclusion of that meeting. A continued § 341 meeting does not automatically extend the deadline. Nor does it, standing alone, establish cause to extend the deadline. If the rule were otherwise, the deadline would effectively move whenever a § 341 meeting was continued, even though the Rules tie the deadline to the first date set for the meeting.

Accordingly, the relevant question is not whether the continued § 341 meeting may produce additional useful information. The relevant question is whether Movant has shown that he acted diligently before the deadline and, despite that diligence, could not comply with the original deadline. The Motion does not make that showing.

### C. The Motion does not show diligence before the deadline or inability to comply despite diligence.

Neither the Motion nor the supporting declaration explains what investigation Movant conducted before the May 4, 2026 deadline. Movant does not state whether he attended any prior § 341 sessions, sought to examine Debtor, requested documents, sought Rule 2004 relief before the deadline, attempted to obtain information from or through the Trustee, reviewed specific documents that could not be reconciled without further testimony, or otherwise used available investigative tools before the deadline expired.

Nor does Movant identify the specific information that remained unavailable before the deadline. The Motion identifies categories of concern: identity and Social Security number issues, affiliated LLC cases, creditor-classification issues, possible false oaths or omissions, bank-account tracing, and potential prepetition transfers or concealment. These categories may justify further inquiry. But the Motion does not explain what specific fact within those categories was necessary to decide whether to file a complaint, why that fact was unavailable before the deadline, or what diligent effort Movant made to obtain it.

That missing explanation matters. A creditor may prefer to wait for a more complete record before filing a complaint. But Rules 4004 and 4007 impose deadlines precisely so that objections to discharge and dischargeability are brought within a defined time. The Rules do not require the Court to extend the deadline whenever further investigation might be helpful. The creditor must show why, despite diligence, the creditor could not comply with the deadline as originally set.

### D. Under *Willms*, a request for more time to decide whether claims exist is insufficient without an explanation why the decision could not be made earlier.

The Motion's showing is insufficient under *Willms v. Sanderson*, 723 F.3d 1094 (9th Cir. 2013). In *Willms*, the Ninth Circuit rejected a request for additional time where the creditors asserted that they needed more time "to complete an investigation and

evaluate whether or not" a complaint should be filed. *Id.* at 1104. The Ninth Circuit emphasized that the creditors failed to explain why they did not complete their investigation before the deadline. *Id.* The court reasoned that allowing an extension merely so a creditor could determine whether a viable nondischargeability claim existed, without an explanation why that determination could not have been made within the time allowed by Rule 4007, would render the cause requirement toothless. *Id.*

Movant's showing presents the same cause-related problem. Movant states that he needs the completed § 341 examination and related document review before determining whether there is a good-faith basis to file a complaint. That is essentially a request for more time to complete an investigation and decide whether additional claims should be filed. Under *Willms*, that is not enough unless Movant explains why that determination could not have been made before the deadline. Movant does not provide that explanation.

The Court does not read *Willms* to require a creditor to file a speculative or unsupported complaint. But *Willms* does require more than a statement that the creditor would like additional time to investigate. Movant had to identify the diligence he exercised, the information he could not obtain despite that diligence, and why that information was necessary to determine whether a complaint should be filed. The Motion and supporting declaration do not do so.

### E. *Emond* confirms that complexity, continued § 341 proceedings, and ongoing review do not establish cause without a causal explanation.

*Emond v. Ryan McCarthy Investments, LLC (In re Emond)*, 2020 Bankr. LEXIS 1543 (B.A.P. 9th Cir. 2020) is persuasive because it involved a similar type of showing. In *Emond*, the creditor filed a timely motion to extend the Rule 4007(c) deadline. The creditor relied on the complexity of the circumstances, ongoing review of testimony and documents, and the fact that the § 341 meeting had been continued. The Bankruptcy Appellate Panel reversed the order granting the extension because the creditor did not explain why those circumstances prevented it from filing a timely complaint.

That reasoning applies here. Movant points to complexity and unresolved factual issues. He points to the continued § 341 meeting. He identifies matters that may require additional review. But he does not connect those circumstances to an actual inability to comply with the May 4, 2026 deadline. The Motion does not state, for example, that Debtor refused to answer questions material to Movant's potential claims, that Movant requested documents and was unable to obtain them, that the Trustee's continued examination prevented Movant from accessing information necessary to determine whether to sue, or that any specific missing fact made it impossible to file a timely complaint. Without that connection, the Motion does not show cause.

### F.  *Bomarito* and *Farhid* reinforce the diligence requirement.

The same result follows from *In re Bomarito*, 448 B.R. 242, 248 (Bankr. E.D. Cal. 2011), which states that an extension should not be granted without proof that the creditor acted diligently to obtain facts within the bar date but was unable to do so. That standard has two parts: diligence and inability to comply despite diligence.

Movant's showing does not satisfy either part. The Motion identifies matters Movant wants to investigate further, but it does not identify the steps Movant took before the deadline to obtain the facts he says he needs. It also does not explain why those efforts, if any, were unsuccessful. Nor does it explain why a timely complaint could not have been filed based on facts already known to Movant, with later amendment sought if appropriate and supported by the rules. The Court does not require Movant to have completed every possible investigation before the deadline. But the Court does require a showing that Movant made diligent pre-deadline efforts and still could not comply. That showing is absent.

### G.  The already-filed § 523 adversary proceeding undercuts the requested § 523 extension.

The Court also takes judicial notice that Movant commenced an adversary proceeding against Debtor on March 12, 2026, before filing the Motion and before

-10-

expiration of the May 4, 2026 deadline. That adversary proceeding asserts claims under § 523(a)(2), (4), and (6), the same § 523 subsections identified in the Motion.

This is significant as to the requested § 523 extension. By filing the adversary proceeding, Movant indicated that, at least as to the § 523(a)(2), (4), and (6) claims actually pleaded, he had determined before the deadline that he had a sufficient basis to proceed. That filing undercuts the assertion that additional time is necessary to determine whether a sufficient factual basis exists to pursue nondischargeability claims under those subsections.

The Court does not hold that the pending adversary proceeding resolves every possible § 523 issue Movant might later wish to raise. The point is narrower. Movant requested an extension to file claims under the same § 523 subsections he had already invoked in an adversary complaint. Yet the Motion does not explain why additional time is needed to file § 523 claims when such claims had already been filed, or what specific additional § 523 claim or factual basis could not have been asserted before the deadline despite diligence.

### H.  The request to extend the § 727 deadline fails independently.

The Court does not deny the request to extend the § 727 deadline merely because Movant has already filed a § 523 adversary proceeding. Section 727 and § 523 serve different functions. A § 727 complaint seeks denial of the debtor's discharge. A § 523 complaint seeks a determination that a particular debt is excepted from discharge. The Court therefore analyzes the requested § 727 extension separately.

Considered separately, however, the § 727 request still lacks the required cause showing. Movant identifies categories of issues that he contends may support § 727 theories, including possible false oaths, omissions, inadequate records, unexplained assets, transfers, and concealment. But identifying categories of possible claims is not the same as showing cause to extend the deadline. Movant does not identify the specific facts necessary to determine whether to file a § 727 complaint, the diligent

efforts he made to obtain those facts before May 4, 2026, or why those facts could not be obtained or acted upon before the deadline.

The Motion also does not explain why the facts already known to Movant were insufficient to permit a timely § 727 complaint if Movant believed such a complaint was warranted. Several of the issues identified in the Motion appear to be based on documents, schedules, docket entries, and prior filings that Movant had already reviewed or could have reviewed before the deadline. If Movant believed those materials supported a § 727 claim, the Motion does not explain why he could not timely file such a complaint. If Movant believed those materials were insufficient, the Motion does not explain what additional fact was needed, what effort Movant made to obtain it, and why that effort could not be completed before the deadline.

### I.   The requested relief is broader than the showing made.

The scope of the requested extension also supports denial as presented. Movant does not request a short, fixed extension tied to a specific investigative need. Instead, Movant seeks an extension to August 25, 2026, or 60 days after conclusion of the § 341 meeting, whichever is later. That formulation would make the deadline dependent on the future conclusion of the § 341 meeting and would not provide a fixed bar date.

Because the § 341 meeting may be continued again, the requested relief could create a moving deadline. That is inconsistent with the structure of Rules 4004 and 4007, which measure the deadline from the first date set for the § 341 meeting. Movant has not shown cause to tie the deadline to the eventual conclusion of the meeting, and he has not explained why the broad extension requested is necessary in light of any specific investigative need.

### J.  Movant's cited authorities.

The Court has also reviewed the authorities cited by Movant and does not find that they support the propositions for which they are offered. In particular, *In re Roach*, 660 F.2d 1316 (9th Cir. 1981), does not address extensions under Rule 4004(b) or Rule 4007(c), and does not hold that a § 727 or § 523 deadline may be extended merely

because a party has not completed its investigation. The Court therefore does not rely on Movant's cited authorities in determining whether cause exists.

The Court's conclusion does not rest on Movant's *pro se* status or on any technical defect in citation format. Rather, after considering the Motion liberally, the Court finds that Movant has not provided the substantive showing required by the Rules and the authorities discussed above.

In sum, Movant has shown that the § 341 meeting has been continued and that further investigation may be useful. He has not shown that he acted diligently before the deadline, that specific facts necessary to determine whether to file a complaint remained unavailable despite that diligence, or that he could not comply with the original deadline. His self-represented status does not alter that burden, and the Court may not supply the missing showing.

Accordingly, Movant has not established cause to extend the deadlines under Rules 4004(b)(1) and 4007(c).

**IV. Conclusion**

Movant timely filed the Motion before expiration of the May 4, 2026 deadline. Timeliness, however, only preserves the Court's ability to consider the requested extension. It does not establish cause. Because Movant has not shown cause to extend the deadlines under Rules 4004(b)(1) and 4007(c), the Motion is DENIED.

**IT IS SO ORDERED.**

Date: May 20, 2026

Scott C. Clarkson
United States Bankruptcy Judge

-13-