United States Bankruptcy Court

Central District of California

In re:                                                                    Case No. 26-10347-SC

Minh Tuong Nguyen                                                         Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0973-8 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 22, 2026 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 24, 2026:**

**Recip ID**        **Recipient Name and Address**
db            + Minh Tuong Nguyen, 840 Chateau Ct,, Garden Grove, CA 92841-4349

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 24, 2026        Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 22, 2026 at the address(es) listed below:**

**Name**        **Email Address**

Christopher Cramer
    on behalf of Interested Party Courtesy NEF secured@becket-lee.com

David Tang
    on behalf of Plaintiff Hanh Huynh lawyertang@yahoo.com

Eric P Israel
    on behalf of Trustee Jeffrey I Golden (TR) epi@lnbyg.com danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Jeffrey I Golden (TR)
    lwerner@go2.law kadele@go2.law;C205@ecfcbis.com

Joshua L Scheer
    on behalf of Creditor Green Lotus Group LLC its successors and/or assignees jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

Leonard Pena
    on behalf of Debtor Minh Tuong Nguyen lpena@penalaw.com penasomaecf@gmail.com;penalr72746@notify.bestcase.com

District/off: 0973-8                          User: admin                                    Page 2 of 2
Date Rcvd: May 22, 2026                       Form ID: pdf042                                 Total Noticed: 1

Reilly D Wilkinson
                    on behalf of Plaintiff Green Lotus Group LLC rwilkinson@scheerlawgroup.com  rwilkinson@ecf.courtdrive.com

Reilly D Wilkinson
                    on behalf of Plaintiff Van Thi Duong rwilkinson@scheerlawgroup.com  rwilkinson@ecf.courtdrive.com

Stephen R Wade
                    on behalf of Plaintiff Ashley Nguyen srw@srwadelaw.com  reception@srwadelaw.com

United States Trustee (SA)
                    ustpregion16.sa.ecf@usdoj.gov


TOTAL: 10



FILED & ENTERED

MAY 22 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br><br><br><br>Debtor(s). | Case No.: 8:26-bk-10347-SC<br><br>CHAPTER 7<br><br>**ORDER DENYING WITHOUT PREJUDICE CREDITOR PAUL NGUYEN'S MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION OF DEBTOR MINH TUONG NGUYEN AND PRODUCTION OF DOCUMENTS** |

Creditor Paul Nguyen's Motion for Order Authorizing Rule 2004 Examination of Debtor Minh Tuong Nguyen and Production of Documents [Dk. 76] is before the Court. The Court has reviewed the Motion, the Declaration of Paul Nguyen filed in support of the Motion [Dk. 77], the record in this bankruptcy case, and the record in the related adversary proceeding, *Paul Nguyen v. Minh Tuong Nguyen*, Adv. No. 8:26-ap-01027-SC. For the reasons stated below, the Motion is DENIED without prejudice.

-1-

**I. Background**

Movant seeks authority to examine Debtor under Federal Rule of Bankruptcy Procedure 2004 and to require production of documents. Movant requests a remote examination of Debtor on June 18, 2026, document production by June 11, 2026, production of documents in searchable PDF or native format, and execution of foreign bank, foreign financial, and foreign real-property authorizations if Debtor contends such records cannot otherwise be obtained.

Movant identifies several main-case subjects for inquiry, including Debtor's schedules and Statement of Financial Affairs, foreign accounts, alleged foreign real property, Vietnam business operations, business interests, income, transfers, debt classification, exemptions, and estate administration. Movant argues that these subjects are appropriate under Rule 2004 because Debtor's bankruptcy filings appear inconsistent with statements made in a November 2025 family-law declaration. Movant also states that the requested examination is not intended to seek discovery concerning the merits of Adv. No. 8:26-ap-01027-SC and is not intended as judgment-enforcement discovery.

**II. Applicable Standard**

Federal Rule of Bankruptcy Procedure 2004(a) provides that, on motion of a party in interest, the Court "may" order the examination of any entity. Rule 2004(b) permits inquiry into the debtor's acts, conduct, property, liabilities, financial condition, matters affecting administration of the estate, and the debtor's right to a discharge. Rule 2004 is broad, but relief under Rule 2004 is not automatic. The movant bears the burden of showing good cause, and the Court retains discretion to grant, deny, or limit the requested examination. *Lee v. Field (In re Lee)*, 2021 Bankr. LEXIS 1521, at *7-*11, 2021 WL 2283910 (B.A.P. 9th Cir. June 3, 2021). A Rule 2004 examination may be denied or limited where the request is not shown to serve a legitimate bankruptcy purpose, or where the purpose appears to be abuse, harassment, or retaliation. *Id.* at *8-*10.

A Rule 2004 request must also be relevant and reasonable. The Court must balance the requesting party's need for information against burden, proportionality, and potential misuse of the process. *In re Art & Architecture Books of the 21st Century*, No. 2:13-bk-14135-RK, 2019 WL 9243053, at *40-*42 (Bankr. C.D. Cal. Dec. 6, 2019).

When an adversary proceeding or contested matter is pending and related to the requested inquiry, the Court must also guard against use of Rule 2004 to avoid the ordinary discovery safeguards provided by Federal Rules of Bankruptcy Procedure 7026 through 7037. *Differential Engineering Inc. v. Geo-Logic Associates, Inc. (In re Metal Recovery Solutions, Inc.)*, 2023 Bankr. LEXIS 119 (B.A.P. 9th Cir. Jan. 17, 2023). The pending-proceeding rule does not categorically bar every Rule 2004 examination whenever an adversary proceeding exists, but it requires careful attention to the purpose and scope of the requested examination.

Local Bankruptcy Rule 2004-1 requires the moving party, before filing a Rule 2004 motion, to attempt to confer with the examinee or counsel regarding a mutually agreeable date, time, place, and scope of the examination or production.

Movant is self-represented. The Court construes self-represented filings liberally, but self-represented parties must still comply with applicable procedural and substantive rules. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). Although pro se pleadings are construed liberally, the Court is not required to search the record or make arguments for a self-represented party. *Mohsen v. Wu (In re Mohsen)*, 2010 Bankr. LEXIS 5074, at *13-*14 (B.A.P. 9th Cir. 2010). Self-representation is not a license to disregard procedural or substantive law. *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975); *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984); *Labankoff v. United States Trs. (In re Labankoff)*, 2010 Bankr. LEXIS 5083, at *24-*27 (B.A.P. 9th Cir. 2010).

**III. Discussion**

Movant has identified a legitimate basis for some inquiry into Debtor's bankruptcy schedules, Statement of Financial Affairs, foreign accounts, alleged foreign real property, business interests, income, transfers, and related estate-administration

-3-

matters. Those subjects may fall within the broad scope of Rule 2004 if properly tailored. The Court therefore does not deny the Motion because Rule 2004 relief is categorically unavailable, or because Movant is self-represented.

The Motion, however, is not appropriately tailored as filed. Movant seeks fifty-two categories of documents, twenty-three examination topics, foreign bank and real-property authorizations, expedited production by June 11, 2026, and a remote examination on June 18, 2026. The breadth and timing of the requested relief are not justified by the present record.

The LBR 2004-1 conference record is also insufficient for a request of this scope. Movant sent a Rule 2004 meet-and-confer letter on May 17, 2026. Debtor's main-case counsel responded that a Rule 2004 examination could not proceed because an adversary proceeding is pending. Movant responded on May 18, 2026, and filed the Motion the same day. Although this shows an initial effort to confer, it does not show a meaningful effort to narrow the date, time, place, method, and scope of the proposed examination and fifty-two-category document request before seeking Court intervention. This requirement is not a formality. The conference required by LBR 2004-1 is intended to narrow disputes before Court intervention becomes necessary, particularly where the proposed examination is broad, seeks substantial document production, and involves a self-represented debtor who has raised language-access concerns. A meaningful conference may allow the parties to agree on a reasonable examination date, limit document categories, address production logistics, and separate proper main-case Rule 2004 topics from matters that must proceed through other procedural vehicles.

The pending adversary proceeding also requires careful attention. Movant is prosecuting Adv. No. 8:26-ap-01027-SC against Debtor. While Movant states that the Rule 2004 examination is limited to main-case matters and is not intended to seek § 523 merits discovery or judgment-enforcement discovery, any renewed request must be narrowly drafted to preserve that distinction. Discovery concerning the merits of

-4-

Movant's § 523 claims must proceed, if at all, under the discovery rules applicable in the adversary proceeding.

Because the Motion is denied without prejudice based on overbreadth, lack of tailoring, and an insufficient LBR 2004-1 conference record, the Court need not decide the full permissible scope of any renewed Rule 2004 request. Any renewed request must identify how each proposed examination topic and document category relates to Rule 2004(b), including Debtor's acts, conduct, property, liabilities, financial condition, matters affecting administration of the estate, or, where appropriate, Debtor's right to discharge. Any renewed request must also distinguish the proposed Rule 2004 inquiry from discovery concerning the merits of Adv. No. 8:26-ap-01027-SC, judgment-enforcement discovery, or discovery that should proceed under the rules applicable to a pending adversary proceeding or contested matter.

The Court has considered Movant's pro se status and has construed the Motion liberally. Even so, Movant must comply with Rule 2004, LBR 2004-1, and the requirement that the requested examination and production be reasonable and properly tailored. The denial is without prejudice so that Movant may renew the request after a meaningful LBR 2004-1 conference and with a narrower proposed examination and production request that clearly identifies the Rule 2004 basis for the relief sought. The Court makes no finding that Movant seeks the examination for an improper purpose. The Court finds only that the Motion, as filed, is overbroad, insufficiently tailored, and not supported by a sufficient LBR 2004-1 conference record. Denial without prejudice is therefore appropriate.

///

-5-

**IV. Conclusion**

For the foregoing reasons, IT IS ORDERED that Creditor Paul Nguyen's Motion for Order Authorizing Rule 2004 Examination of Debtor Minh Tuong Nguyen and Production of Documents [Dk. 76] is DENIED without prejudice.

**IT IS SO ORDERED.**

Date: May 22, 2026

Scott C. Clarkson
United States Bankruptcy Judge

-6-