| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Minh Tuong Nguyen<br>840 Chateau Ct<br>Garden Grove, CA 92841<br>Phone: (818) 666-3388<br>Email: minhnguyensteven@gmail.com | FOR COURT USE ONLY<br><br>**FILED**<br>MAY 27 2026<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |
| ☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br><br><br><br><br><br><br><br>                                    Debtor(s). | CASE NO.: 8:26-bk-10347-SC<br>CHAPTER: 7<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)**<br><br>DATE: 07/01/2026<br>TIME: 10:00 am<br>COURTROOM: 5C |

**Movant**: Minh Tuong Nguyen, Debtor

1. **Hearing Location**:
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☒ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014* | Page 1 | **F 4001-1.RFS.NONBK.MOTION**

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than *(date)* _____ and *(time)* _____; and, you may appear at the hearing.

   a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  05/26/2026

_____
Printed name of law firm (if applicable)

Minh Tuong Nguyen
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 2                          **F 4001-1.RFS.NONBK.MOTION**

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff

   b. ☒ Defendant

   c. ☐ Other *(specify):*

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.

   b. *Docket number:* Case No. 30-2022-01253059-CU-OR-NJC

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:*
      Superior Court of the State of California, County of Orange - North Justice Center

   d. Causes of action or claims for relief (Claims):
      Debtor's fully briefed Motion to Set Aside/Vacate Default Judgment. The requested relief is procedural and defensive. The Motion is necessary to protect the debtor's due process rights and correct procedural defects.

3. **Bankruptcy Case History:**

   a. ☒ A voluntary ☐ An involuntary petition under chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13
      was filed on *(date)* _02/04/2026_ .

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on *(date)* _____.

   c. ☐ A plan was confirmed on *(date)* _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

f.  ☐  The bankruptcy case was filed in bad faith.

   (1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (2)  ☐  The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

   (3)  ☐  Multiple bankruptcy cases affect the Nonbankruptcy Action.

   (4)  ☐  The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g.  ☒  Other (specify):
Debtor seeks limited modification of the automatic stay solely to permit adjudication of debtor's fully briefed Motion to Set Aside/Vacate Default Judgment pending in the Superior Court of California, County of Orange.

5.  **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a.  ☐  The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c.  ☐  Other (specify):

6.  **Evidence in Support of Motion: (Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)**

a.  ☒  The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b.  ☒  Supplemental declaration(s).

c.  ☐  The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d.  ☒  Other evidence (specify):
Declaration of Minh Tuong Nguyen and Request for Judicial Notice.

7.  ☒  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1.  Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2.  ☒  Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3.  ☐  The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                             Page 4                                    F 4001-1.RFS.NONBK.MOTION

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested.


Date:  05/26/2026

_____
Printed name of law firm (*if applicable*)

Minh Tuong Nguyen
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) _Minh Tuong Nguyen_____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

    ☒ I am the Movant.
    ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐ I am employed by Movant as (*title and capacity*):
    ☐ Other (*specify*):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☐ Plaintiff
    ☒ Defendant
    ☐ Other (*specify*):

4.  The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action*: Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.
    b.  *Docket number*: Case No. 30-2022-01253059-CU-OR-NJC
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
        Superior Court of the State of California, County of Orange - North Justice Center

5.  **Procedural Status of Nonbankruptcy Action:**

    a.  The Claims are:
        Debtor retained Alex L. Benedict, Esq. to defend the action entitled Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al., Case No. 30-2022-01253059-CU-OR-NJC. During the course of the litigation, counsel failed to respond to discovery, failed to appear at critical hearings, and failed to communicate material case developments. As a result, default judgment was entered against Debtor on July 23, 2025.

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _____.

    c.  The Nonbankruptcy Action was filed on (*date*) _04/04/2022_.

    d.  Trial or hearing began/is scheduled to begin on (*date*) _____.

    e.  The trial or hearing is estimated to require _____ days (*specify*).

    f.  Other plaintiffs in the Nonbankruptcy Action are (*specify*):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

g.   Other defendants in the Nonbankruptcy Action are (*specify*):

Ngan Thi Kim Tran

6.   **Grounds for relief from stay:**

a.   ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.   ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.   ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d.   ☐ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1) ☐ It is currently set for trial on (*date*) _____.

(2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____. The basis for this belief is (*specify*):

(3) ☐ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.   ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2) ☐ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

(3) ☐ Multiple bankruptcy cases affecting the Property include:

(A) Case name:
Case number:                              Chapter:
Date filed:              Date discharged:              Date dismissed:
Relief from stay regarding this Nonbankruptcy Action   ☐ was   ☐ was not   granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) Case name:

    Case number:                  Chapter:

    Date filed:         Date discharged:        Date dismissed:

    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

(C) Case name:

    Case number:                  Chapter:

    Date filed:         Date discharged:        Date dismissed:

    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

    ☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

7. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/26/2026 | Minh Tuong Nguyen | *signature* |
|---|---|---|
| Date | Printed name | Signature |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

MINH TUONG NGUYEN
840 Chateau Ct
Garden Grove, CA 92841
Phone: (828) 666-3388
Email: minhnguyensteven@gmail.com

Defendant, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>MINH TUONG NGUYEN,<br><br><br>Debtor. | Case No. 8:26-bk-10347-SC<br><br>Adv. No.: 8:26-ap-01027-SC<br><br>**NOTICE OF MOTION AND MOTION BY DEBTOR MINH TUONG NGUYEN FOR LIMITED RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1) (TO PERMIT ACTION IN** |
| PAUL NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>MINH TUONG NGUYEN<br><br>Defendant. | **NONBANKRUPTCY FORUM); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: July 1, 2026<br>Time: 10:00 a.m.<br>Dept: 5C (via ZoomGov)<br>Judge: Hon. Scott C. Clarkson |

**TO THE COURT, THE CHAPTER 7 TRUSTEE, AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on July 1, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5C of the United States Bankruptcy Court located at 411 West Fourth Street, Santa Ana, California 92701, Debtor Minh Tuong Nguyen ("Debtor") will and hereby does move for an order pursuant to 11 U.S.C. § 362(d)(1) granting

1

limited relief from the automatic stay.

Specifically, Debtor seeks stay relief solely to permit the Orange County Superior Court to restore and hear on the merits Debtor's pending Motion to Set Aside Default Judgment in *Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.*, Case No. 30-2022-01253059-CU-OR-NJC, currently assigned to Department N18 of the North Justice Center.

Debtor does not seek relief to permit enforcement, execution, collection, levy, renewal, appeal, or any other action to enforce or monetize any judgment. The stay shall remain in full force and effect as to all enforcement activity.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Minh Tuong Nguyen, the concurrently filed mandatory form, all pleadings and records in this case, and any argument presented at hearing.

Oppositions must be filed and served pursuant to Local Bankruptcy Rule 9013-1(f) no later than 14 days before the hearing date. Failure to timely oppose may be deemed consent.

Respectfully submitted,

Dated: May 26, 2026

By: _____
Minh Tuong Nguyen,
In Pro Per

2

MOTION BY DEBTOR MINH TUONG NGUYEN FOR LIMITED RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1) (ACTION IN NONBANKRUPTCY FORUM)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Debtor Minh Tuong Nguyen ("Debtor") seeks narrowly tailored relief from the automatic stay under 11 U.S.C. § 362(d)(1) for the limited purpose of allowing the Orange County Superior Court to adjudicate on the merits Debtor's fully briefed Motion to Set Aside Default Judgment.

That motion challenges a $2,086,793.75 default judgment entered not after adjudication on the merits, but following attorney abandonment and discovery breakdown while Debtor's counsel later suffered incapacity and has since been criminally indicted on 96 felony counts arising from conduct during the same representation period.

The Motion to Set Aside was fully briefed and set for hearing, but was vacated solely due to a bankruptcy stay notice filed by assignee Paul Nguyen ("Paul"), and remains off calendar pending bankruptcy review.

Debtor seeks no affirmative relief, no enforcement, and no recovery. The requested stay modification is strictly defensive: only to permit the state court to determine whether a state-court judgment should stand.

Under the Ninth Circuit's adoption of the *Curtis* factors (*In re Curtis*, 40 B.R. 795; *In re Kronemyer*, 405 B.R. 915; *In re Plumberex Specialty Prods., Inc.,* 311 B.R. 551) "cause" exists because (i) the state court is the proper forum for adjudicating relief under California Code of Civil Procedure § 473(b), (ii) the motion is fully developed and ready for decision, (iii) adjudication will promote judicial economy by potentially narrowing this pending nondischargeability adversary proceeding, and (iv) the relief imposes no burden on the estate.

### II.    STATEMENT OF FACTS

**A. State Court Judgment Entered Without Merits Adjudication**

On or about April 4, 2022, Ngoc Tuyet Lam ("Lam") filed an action in the Orange County Superior Court entitled *Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.*, Case No. 30-2022-01253059-CU-OR-NJC (the "State Court Action"), asserting claims relating to real property transactions.

3

Debtor retained attorney Alex L. Benedict, Esq. to defend the action. During the course of the litigation, counsel failed to respond to discovery, failed to appear at critical hearings, and failed to communicate with Debtor regarding material case developments. (See Minute Order, Exhibit A to Request for Judicial Notice ("RJN").)

As a result of these defaults, the Superior Court imposed terminating sanctions in May 2025, and a default judgment was entered against Debtor on July 23, 2025 in the amount of $2,086,793.75 (the "State Court Judgment"). (See Declaration of Minh Tuong Nguyen ("Nguyen Decl."), ¶ 6.)

Debtor was not informed of counsel's discovery failures, the sanctions, or the entry of judgment. The record reflects that counsel suffered medical incapacity during the relevant period and has since been indicted on 96 felony counts in Orange County Superior Court Case No. 26ZF004, arising from conduct occurring during the same representation period. (Nguyen Decl., ¶ 7, Ex. D.)

On December 19, 2025, Debtor filed a Motion to Set Aside Default Judgment pursuant to California Code of Civil Procedure § 473(b), supported by evidence of attorney abandonment and lack of notice. The motion was fully briefed and set for hearing on April 22, 2026 in Department N18 of the Orange County Superior Court. (Nguyen Decl., ¶ 8.)

**B.** **Bankruptcy Filing and the State Court's March 18, 2026 Order Vacating the Hearing**

On February 4, 2026, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing this case. (Nguyen Decl., ¶ 9.)

On or about March 16, 2026, assignee Paul filed a Notice of Stay of Proceedings in the State Court Action. On March 18, 2026, the Orange County Superior Court issued a Minute Order vacating multiple pending hearings, including the April 22, 2026 hearing on Debtor's Motion to Set Aside, and continued the matter for a Bankruptcy Review Hearing on September 17, 2026 in Department N18. (Nguyen Decl., ¶¶ 10-11, Ex. A.)

As a result, although the Motion to Set Aside is fully briefed, it is no longer on calendar

4

and remains pending without a merits determination

**C.      Relationship to Adversary Proceedings and Related Stay Relief Motion**

The State Court Judgment constitutes, in whole or in substantial part, the principal basis for this adversary proceeding currently pending in this Court. The outcome of the Motion to Set Aside will materially affect the scope, posture, and potential resolution of those proceedings.

The State Court Judgment constitutes, in whole or in substantial part, the principal basis for this adversary proceeding currently pending in this Court (Adv. No. 8:26-ap-01027-SC, filed by Plaintiff Paul Nguyen as assignee). The outcome of the Motion to Set Aside will materially affect the scope, posture, and potential resolution of both adversary proceedings. If the State Court Judgment is vacated, Plaintiff Paul Nguyen — as a mere assignee of that judgment — will no longer have a basis to claim assignee standing for purposes of his § 523(a) claims.

## III.    LEGAL STANDARD

Under 11 U.S.C. § 362(d)(1), a court "shall grant relief from the stay ... for cause." "Cause" is determined on a case-by-case basis. See *In re Conejo Enters., Inc.*, 96 F.3d 346, 351–52 (9th Cir. 1996). In determining whether to permit a pending nonbankruptcy action to proceed, the Ninth Circuit applies the twelve-factor test articulated in *In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984), adopted in this Circuit by *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009) ("*Curtis* factors"). The *Curtis* factors include, among others:

1.  Whether the relief will result in partial or complete resolution of the issues;

2.  The lack of any connection with or interference with the bankruptcy case;

3.  Whether the foreign proceeding involves the debtor as a fiduciary;

4.  Whether a specialized tribunal has been established to hear the particular cause of action;

5.  Whether the debtor's insurer has assumed full financial responsibility for defending the litigation;

6.  Whether the action essentially involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

MOTION BY DEBTOR MINH TUONG NGUYEN FOR LIMITED RELIEF FROM AUTOMATIC STAY UNDER 11
U.S.C. § 362(d)(1) (ACTION IN NONBANKRUPTCY FORUM)

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee, and other interested parties;

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination;

9. Whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

12. The impact of the stay on the parties and the balance of hurt.

Not every factor is relevant in every case, and the test is not mechanical. The burden is on the party opposing stay relief to defeat a showing of cause. 11 U.S.C. § 362(g)(2). A bankruptcy court is "not required expressly to analyze each of the Curtis factors in reaching its conclusions." *Merriman v. Fattorini* (In re Merriman), 616 B.R. 381, 390 (B.A.P. 9th Cir. 2020).

## IV.   ARGUMENT

**A. Cause exists under § 362(d)(1) to permit the state court to hear the Motion to Set Aside on the merits.**

The *Curtis* factors overwhelmingly favor stay relief here. The Motion to Set Aside seeks to vacate a state-court default judgment under California Code of Civil Procedure § 473(b) on grounds of attorney abandonment and extrinsic neglect — issues of state procedural law that the Orange County Superior Court is uniquely suited to decide. The motion is fully briefed. A hearing date had been set and vacated only because of Paul's Notice of Stay. Nothing about the merits of the Motion to Set Aside implicates any federal bankruptcy issue, and nothing about granting relief would prejudice the estate, the Trustee, or other creditors. (*Curtis* factors no. 4 (specialized tribunal); *Curtis* factors no. 2 (lack of interference with bankruptcy case); *Curtis* factors no. 10 (judicial economy). A bankruptcy court is "not required expressly to analyze each

MOTION BY DEBTOR MINH TUONG NGUYEN FOR LIMITED RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1) (ACTION IN NONBANKRUPTCY FORUM)

of the *Curtis* factors in reaching its conclusions." (*Merriman v. Fattorini (In re Merriman)* (Bankr.9th Cir. 2020) 616 B.R. 381, 390.)

Granting relief would materially advance the orderly resolution of this bankruptcy case. The $2,086,793.75 State Court Judgment is at the heart of this nondischargeability adversary proceeding now pending in this Court. If the state court grants the Motion to Set Aside, the legal predicate for much of those adversary proceedings collapses, which would likely produce either settlement or narrowing of the issues before this Court. If the state court denies the Motion to Set Aside, the adversary proceedings can continue on a well-developed factual record. Either outcome conserves this Court's resources. See *In re Merriman*, 616 B.R. at 390–391.

**B.     The relief sought is narrow and defensive; it imposes no burden on the estate.**

Debtor is not asking to pursue or recover anything. He is asking only for the opportunity to respond to a state-court default judgment entered against him while he was effectively abandoned by counsel. The stay remains in effect for all enforcement, collection, execution, levy, amendment, appeal, or renewal of any judgment resulting from the State Court Action. (*Curtis* factors no. 6 (debtor's limited role); *Curtis* factors no. 12 (balance of hurt). No estate asset will be diminished by the relief sought, and the Trustee's administration of the estate is not implicated.

**C.     Continued Stay Imposed Concrete Prejudice on Debtor**

Absent relief, Debtor is deprived of the ability to seek adjudication of a $2 million-plus default judgment that, according to the evidence presented in the Motion to Set Aside, was entered following attorney abandonment and lack of meaningful participation in the underlying proceedings.

This prejudice is substantial under *Curtis* factor 12, particularly where the Motion to Set Aside is fully briefed and directly challenges the validity of a judgment that serves as the predicate for this adversary proceeding currently pending in this Court.

The State Court Action is not a mere claim to be liquidated in this bankruptcy case; it is a final judgment already entered. The Orange County Superior Court is the appropriate forum to

MOTION BY DEBTOR MINH TUONG NGUYEN FOR LIMITED RELIEF FROM AUTOMATIC STAY UNDER 11
U.S.C. § 362(d)(1) (ACTION IN NONBANKRUPTCY FORUM)

adjudicate whether that judgment should be set aside under California Code of Civil Procedure § 473(b).

**D.      The Balance of Hardships Supports Limited, Coordinated Relief.**

The balance of equities supports granting limited relief to permit adjudication of Debtor's Motion to Set Aside in state court.

Debtor seeks no monetary recovery, enforcement, or collection activity. The relief requested is strictly limited to permitting the Orange County Superior Court to decide a fully briefed motion challenging the validity of a default judgment entered following attorney abandonment. The automatic stay would remain fully in effect as to all enforcement, execution, levy, appeal, or collection activity.

By contrast, continued suspension of the Motion to Set Aside results in ongoing prejudice to Debtor by preventing adjudication of the only procedural mechanism available to challenge the State Court Judgment, which forms the basis of related adversary proceedings in this Court.

**E.      Waiver of the 14-day stay under FRBP 4001(a)(3) is not necessary.**

Debtor does not seek waiver of the 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3). The Bankruptcy Review Hearing in the State Court Action is set for September 17, 2026. Debtor intends, upon entry of any order granting this Motion, to request that the Superior Court restore the Motion to Set Aside to calendar at a date compatible with the ordinary operation of Rule 4001(a)(3).

## V.      CONCLUSION

For the foregoing reasons, Debtor respectfully requests that the Court find good cause under 11 U.S.C. § 362(d)(1) and enter an order:

1. Modifying the automatic stay solely and exclusively to permit Debtor's Motion to Set Aside Default Judgment to be restored to calendar in the Orange County Superior Court, Case No. 30-2022-01253059-CU-OR-NJC, and heard on the merits;

2. Providing that the automatic stay shall otherwise remain in full force and effect as to all enforcement, collection, execution, levy, amendment, appeal, or renewal activity

8

relating to any judgment in or arising from the State Court Action;

3. Requiring Debtor to file a notice with this Court reporting the state court's ruling on the Motion to Set Aside within 14 days of entry; and

4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 26, 2026

By: _____

Minh Tuong Nguyen,
In Pro Per

MOTION BY DEBTOR MINH TUONG NGUYEN FOR LIMITED RELIEF FROM AUTOMATIC STAY UNDER 11
U.S.C. § 362(d)(1) (ACTION IN NONBANKRUPTCY FORUM)

MINH TUONG NGUYEN
840 Chateau Ct
Garden Grove, CA 92841
Phone: (828) 666-3388
Email: minhnguyensteven@gmail.com

Defendant, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br>               Debtor. | Case No. 8:26-bk-10347<br><br>Adv. No.: 8:26-ap-01027-SC |
| PAUL NGUYEN,<br><br>               Plaintiff,<br><br>     v.<br><br>MINH TUONG NGUYEN<br><br>               Defendant. | **DECLARATION OF MINH TUONG NGUYEN IN SUPPORT OF MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362(D)(1) (ACTION IN NONBANKRUPTCY FORUM)** |

## <u>DECLARATION OF MINH TUONG NGUYEN</u>

I, Minh Tuong Nguyen, declare as follows:

1.     I am the Debtor in this Chapter 7 case. I have personal knowledge of the facts stated herein and could testify competently if called as a witness.

2.     I am a defendant in *Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.*, Orange County Superior Court Case No. 30-2022-01253059-CU-OR-NJC (the "State Court Action"),

filed on or about April 4, 2022.

3. I retained attorney Alex L. Benedict, Esq. (State Bar No. 184585) to represent me in the State Court Action.

4. During the litigation, Mr. Benedict failed to respond to discovery, failed to appear at required hearings, and did not inform me of discovery defaults, sanctions proceedings, or other material developments in the case.

5. On or about May 21, 2025, the state court imposed terminating sanctions based on discovery noncompliance. I was not informed of this ruling at the time.

6. On or about July 23, 2025, a default judgment was entered against me in the amount of $2,086,793.75 (the "State Court Judgment"). I did not learn of the judgment through counsel.

7. I understand that Mr. Benedict experienced medical incapacity during the relevant period and has been charged in Orange County Superior Court Case No. 26ZF0004 with felony offenses arising from conduct during the same timeframe.

8. On December 19, 2025, I filed a Motion to Set Aside Default Judgment under California Code of Civil Procedure § 473(b). The motion was fully briefed and set for hearing on April 22, 2026 in Department N18.

9. On February 4, 2026, I filed this Chapter 7 case.

10. On or about March 16, 2026, Paul Nguyen filed a Notice of Stay of Proceedings in the State Court Action. On March 18, 2026, the state court vacated the April 22, 2026 hearing on the Motion to Set Aside and set a Bankruptcy Review Hearing for September 17, 2026.

11. Attached as Exhibit A is the March 18, 2026 Minute Order.

12. Attached as Exhibit B is the Motion to Set Aside Default Judgment.

13. Attached as Exhibit C is a true and correct copy of the State Bar record for Alex L. Benedict.

14. Attached as Exhibit D are publicly filed criminal charging documents in Case No. 26ZF0004.

15. I seek limited relief from the automatic stay solely to permit the Orange County

DECLARATION OF MINH TUONG NGUYEN

Superior Court to hear my Motion to Set Aside on the merits. I do not seek relief permitting enforcement, collection, execution, levy, appeal, or renewal of any judgment, and the automatic stay would remain in effect as to all such actions.

16. I understand that the Motion to Set Aside is currently fully briefed but not set for hearing due to the stay-based vacatur of the prior hearing date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on May 26, 2026.

Minh Tuong Nguyen,

In Pro Per

---

3

DECLARATION OF MINH TUONG NGUYEN

# EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
NORTH JUSTICE CENTER**

**MINUTE ORDER**

DATE: 03/18/2026                    TIME: 10:00:00 AM        DEPT: N18

JUDICIAL OFFICER PRESIDING: Scott A Steiner
CLERK: L. Chico
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: L. Diaz, None

CASE NO: **30-2022-01253059-CU-OR-NJC**   CASE INIT.DATE: 04/04/2022
CASE TITLE: **Lam vs. Nguyen**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other Real Property

---

EVENT ID/DOCUMENT ID: 74716155

**EVENT TYPE:** Motion - Other
MOVING PARTY: Paul Nguyen
CAUSAL DOCUMENT/DATE FILED: Motion - Other For Turnover Order, 12/01/2025

---

EVENT ID/DOCUMENT ID: 74761408

**EVENT TYPE:** Appearance and Examination of 3rd Party
MOVING PARTY: Paul Nguyen
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 01/26/2026

---

EVENT ID/DOCUMENT ID: 74761412

**EVENT TYPE:** Appearance and Examination of 3rd Party
MOVING PARTY: Paul Nguyen
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 01/26/2026

---

**APPEARANCES**
Paul Nguyen, self represented Assignee, present remotely.

---

Hearing held, all participants appearing remotely.

Today's three hearings are off calendar pursuant to Notice of Stay filed.

The Motion to Enforce Court Order set for 04/15/2026 at 10:00 AM in Department N18 is vacated.

The Motion to Set Aside/Vacate Default and Judgment set for 04/22/2026 at 10:00 AM in Department N18 is vacated.

The Bankruptcy Review Hearing is scheduled for 09/17/2026 at 09:00 AM in Department N18.

Court orders clerk to give notice.

---

DATE: 03/18/2026                    MINUTE ORDER                    Page 1
DEPT: N18                                                           Calendar No.

# EXHIBIT B

Heidi Griffith (State Bar No. 333725)
DIRECTIONS LAW, INC.
9140 Trask Avenue, Suite 100
Garden Grove, CA 92844
Telephone: 714.515.1155
Email: heidi@directionslaw.com

Attorney for Defendant
Minh Tuong Nguyen

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, NORTH JUSTICE CENTER

| | |
|---|---|
| NGOC TUYET LAM,<br><br>Plaintiff,<br><br>vs.<br><br>MINH TUONG NGUYEN, (aka NGUYEN TUONG MINH), NGAN THI KIM TRAN, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 30-2022-01253059-CU-OR-NJC<br><br>**DEFENDANT MINH TUONG NGUYEN'S NOTICE OF MOTION AND MOTION TO SET ASIDE/VACATE DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MINH TUONG NGUYEN IN SUPPORT**<br><br>Date: April 22, 2026<br>Time: 10:00 AM<br>Dept: N18<br>Judge: Hon. Scott A. Steiner<br><br>**Reservation No. 74733159**<br><br>Action filed: April 4, 2022<br>Trial Date: None Set |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 22, 2026 at 10: 00 AM or as soon thereafter as the

matter may be heard in Department N18 of the above-entitled court, located at 1275 North Berkeley

Ave, Fullerton, CA 92832-1258, Defendant Minh Tuong Nguyen ("Defendant") will and hereby

1

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

does move to set aside/vacate the default judgment entered against Defendant on July 23, 2025.

This Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Minh Tuong Nguyen, and all other papers and pleadings on file in this action, as well as any oral argument presented at the hearing.

Dated: December 19, 2025                    Respectfully submitted,

                                            DIRECTIONS LAW

                                            By: */s/ Heidi Griffith*
                                                 Heidi Griffith
                                                 Attorney for Defendant
                                                 Minh Tuong Nguyen

2
MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This motion seeks to set aside and vacate the default judgment entered against defendant Minh Tuong Nguyen ("Defendant") on July 23, 2025, pursuant to Code of Civil Procedure section 473(b) and the Court's inherent equitable authority. The default judgment was not caused by any willful misconduct, bad faith, or disregard of Court orders by Defendant. Rather, it was the direct result of attorney abandonment, medical incapacity of prior counsel, failure to communicate, and extrinsic neglect, compounded by Defendant's language barrier and extraordinary personal circumstances.

As set forth in the accompanying Declaration of Minh Tuong Nguyen ("Nguyen Declaration"), Defendant, at the outset of this case, retained Alex L. Benedict, Esq., of the Law Offices of Alex L Benedict & Associates APC, to represent him in this action and reasonably relied on counsel to manage the litigation, including discovery, attending hearings on behalf of Defendant, communications regarding hearings and court orders, any deadlines, and to protect his interests in court. (Nguyen Declaration, ¶¶ 10-11, Ex. 3, Ex. 4.) Defendant repeatedly sought updates and guidance, directed opposing counsel to communicate through counsel of record, and made himself available for discovery and deposition, including international travel. (Nguyen Declaration, ¶ 13, Ex. 5.) Defendant was never informed that his pleadings were at risk of being stricken or that a default judgment could be entered and eventually entered against him.

Instead, Defendant's prior counsel continued representation while failing to perform basic professional duties, failed to explain proceedings to Defendant in a manner he could understand, failed to accommodate Defendant's known English language barrier, failed to appear before the court on behalf of Defendant, failed to respond to discovery motions, and failed to withdraw or associate competent assistance despite medical incapacity. (Nguyen Declaration, ¶¶ 10-11, Ex. 3, Ex. 4.) This conduct effectively deprived Defendant of a meaningful opportunity to participate in his own defense and constitutes classic *attorney fault and extrinsic neglect* warranting relief under section 473(b).

Defendant acted diligently once he learned of the default judgment and the aggressive post-judgment enforcement that followed. (Nguyen Declaration, ¶ 24.) Upon retaining new counsel, Defendant promptly undertook to reconstruct the procedural history, gather the documentary record, and seek relief. Defendant concurrently seeks interim relief by ex parte application to stay enforcement of the judgment so that this Court's determination of the present motion will be meaningful rather than rendered moot by ongoing enforcement.

3

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

California law strongly favors adjudication on the merits and requires that doubts be resolved in favor of granting relief where a default results from attorney fault rather than client misconduct. Because the record demonstrates attorney abandonment, excusable neglect, lack of willfulness by Defendant, and the absence of prejudice to Plaintiff, the default judgment should be set aside and this case restored to a posture where it may be fairly adjudicated on the merits.

## II.    ARGUMENT

### A.    LEGAL STANDARD UNDER CODE OF CIVIL PROCEDURE §473(b)

Code of Civil Procedure section 473(b) authorizes, and in cases of attorney fault, requires, the Court to grant relief from a default or default judgment taken against a party as a result of mistake, inadvertence, surprise, or excusable neglect. The statute must be liberally applied to advance California's strong public policy favoring resolution of cases on their merits rather than by procedural default. (*Weitz v. Yankosky* (1966) 63 Cal.2d 849, 855; *Berri v. Rogero* (1914) 168 Cal. 736, 740 ("the policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party, who, regardless of the merits of the case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary").)

#### 1.    Mandatory Relief for Attorney Fault.

When a default or default judgment is caused by attorney mistake, inadvertence, surprise, or neglect, relief is mandatory upon a timely application supported by an attorney affidavit or declaration establishing fault. In such circumstances, the client should not be penalized for counsel's failures, and doubts must be resolved in favor of granting relief. (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233.)

Attorney fault encompasses more than isolated negligence. Attorney abandonment, failure to communicate, failure to calendar or manage deadlines, failure to coordinate discovery or depositions, and continued representation despite incapacity constitute attorney fault within the meaning of section 473(b). Where attorney fault is the proximate cause of default, the Court lacks discretion to deny relief.

#### 2.    Discretionary Relief for Excusable Neglect.

Even where mandatory relief does not apply, the Court retains *broad discretion* under section 473(b) to grant relief for excusable neglect. (*Berri v. Rogero* (1914) 168 Cal. 736, 740 (courts are allowed broad discretion in granting relief against default); *Maynard v. Brandon* (2005) 36 Cal.4th 364, 372 ("the law strongly favors trial and disposition on the merits, [and] any doubts in applying section 473 must be resolved in favor of the party seeking relief from default").)

4

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

Excusable neglect exists where a reasonably prudent person under similar circumstances might have made the same error. In evaluating excusable neglect, courts consider the totality of the circumstances, including the client's diligence, reliance on counsel, language barriers, and whether the client acted promptly upon discovering the default. (*Weitz, supra,* pp. 855-856.)

**3. Equitable Relief for Extrinsic Mistake or Neglect**

Independently of section 473(b), the Court possesses inherent **equitable authority** to set aside a default or default judgment obtained through extrinsic mistake or extrinsic neglect, i.e., circumstances that deprive a party of a meaningful opportunity to be heard. Attorney abandonment, failure to communicate material information, and circumstances that prevent a party from understanding or participating in the litigation (including language barriers and undisclosed incapacity of counsel) are classic grounds for equitable relief. (*Bae v. T.D. Service Co. of Arizona* (2016) 245 Cal.App.4th 89, 97; *Mechling v. Asbestos Defendants* (2018) 29 Cal.App.5th 1241, 1245-1246.)

**4. Timeliness and Lack of Prejudice**

A motion under section 473(b) must be brought within a reasonable time, not exceeding six months from entry of the default judgment. Courts assess timeliness in light of diligence after discovery of the default, not from the date of entry where the client lacked notice due to attorney fault. Prejudice sufficient to defeat relief requires more than delay; it must involve loss of evidence, unavailability of witnesses, or impairment of the opposing party's ability to proceed on the merits. Here, the default judgment was entered on July 23, 2025. Accordingly, Defendant's motion is well within six months from the entry of default judgment.

**5. Policy Favoring Adjudication on the Merits**

California courts consistently emphasize that defaults are disfavored and that section 473(b) should be applied to permit cases to be decided on their merits whenever reasonably possible. (*Weitz, supra,* p. 855.) Where, as here, the record demonstrates attorney fault, lack of willfulness by the client, diligence upon discovery, and absence of prejudice, relief is not only appropriate but compelled by statute and equity. (*Turner v. Allen* (1961) 189 Cal.App.2d 753, 759-760.)

**C.    ATTORNEY ABANDONMENT AND FAULT**

The default judgment entered against Defendant was the direct and proximate result of attorney abandonment and fault, not any willful misconduct or neglect by Defendant. The record establishes a sustained breakdown in representation that deprived Defendant of a meaningful opportunity to participate in the litigation and to protect his rights. (Nguyen Declaration, ¶¶ 10-11, Ex. 3, Ex. 4.)

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

**1.      Prior Counsel Failed to Communicate Material Information and Case Status.**

As detailed in the Nguyen Declaration, Defendant retained counsel early and reasonably relied on counsel to explain court orders, deadlines, discovery obligations, and risks. (Nguyen Declaration, ¶¶ 2-4.) Instead, prior counsel failed to respond to discovery motions, failed to appear on Defendant's behalf, and failed to provide basic, material communications, including notice that pleadings were at risk of being stricken, that sanctions were being pursued, or that a default judgment could be entered. (Nguyen Declaration, ¶¶ 10-11, Ex. 3, Ex. 4.) Repeated requests by Defendant for updates and explanations went unanswered or were met with curt, dismissive, or hostile responses. This failure to communicate material developments constitutes attorney fault under section 473(b).

**2.      Failure to Manage Discovery and Deposition Logistics Despite Defendant's Cooperation.**

Attorney abandonment is further demonstrated by prior counsel's failure to manage discovery and deposition scheduling. The correspondence between Defendant's prior counsel and Plaintiff's counsel shows Defendant's willingness to comply, including international travel from Vietnam to appear in person. (Nguyen Declaration, ¶¶ 13-14, Ex. 5.) Delays and noncompliance cited by Plaintiff were not caused by Defendant's refusal or obstruction, but by Defendant's prior counsel's failure to coordinate dates, confirm logistics, and follow through on obligations and by Plaintiff's counsel's discovery gamesmanship. Where counsel's inaction is the cause of default, relief is mandatory.

**3.      Continued Representation Despite Incapacity and Without Associating Competent Assistance.**

The record reflects that prior counsel continued as counsel of record in this matter, despite medical incapacity and a deteriorating ability to manage the case. Counsel neither withdrew nor associated competent assistance to ensure continuity of representation. (Nguyen Declaration, ¶ 11, Ex. 4.) Continuing to appear while unable to perform fundamental duties, communications, calendaring, coordination, and compliance, constitutes abandonment and extrinsic neglect, warranting relief under section 473(b) and equity. (*Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, 290.)

**4.      Language Barrier Exacerbated Counsel's Failures and Deprived Defendant of Understanding.**

Defendant is Vietnamese and has trouble understanding written or spoken English. (Nguyen Declaration, ¶ 3.) Effective representation required clear explanation in Vietnamese or reliable

6

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

translation. Counsel failed to accommodate this known language barrier and associated non-Vietnamese-speaking staff without clarifying roles or ensuring comprehension. (Nguyen Declaration, ¶¶ 4-5.) As a result, Defendant was left unaware of critical procedural risks and consequences. Courts recognize that attorney failures combined with a language barrier can constitute extrinsic neglect where the client is prevented from understanding or participating in the case.

**5.      Defendant's Reliance Was Reasonable; Fault Rests with Counsel.**

Throughout the litigation, Defendant acted as a reasonably prudent client. Defendant directed opposing counsel to communicate with his attorney, sought guidance, and relied on counsel to handle discovery, related motions and procedural matters. He did not knowingly disregard court orders or discovery obligations. The defaults occurred because prior counsel failed to act, not because Defendant chose not to. (Nguyen Declaration, ¶¶ 10-11, Ex. 3, Ex. 4.) Under section 473(b), clients should not be punished for their attorneys' abandonment or failures.

**6.      Attorney Abandonment Compels Relief.**

California law is clear that when attorney abandonment or fault is the proximate cause of a default or default judgment, relief is required. The circumstances here, i.e., failure to communicate material risks, mismanagement of discovery and depositions, continuation of representation despite incapacity, and failure to address a language barrier, collectively establish attorney abandonment. Because the default resulted from counsel's conduct rather than Defendant's willfulness, the default and default judgment must be set aside. (*Moghaddam, supra,* p. 290; *Turner, supra,* pp. 759-760.)

**D.      DEFENDANT'S DILIGENCE AND LACK OF WILLFUL MISCONDUCT**

The record affirmatively demonstrates that Defendant acted with diligence and good faith throughout this matter and that the default and default judgment were *not* the product of willful misconduct, bad faith, or conscious disregard of Court orders.

**1.      Defendant Acted Reasonably and Relied in Good Faith on Counsel.**

As previously discussed, Defendant retained counsel early and reasonably relied on his attorney to manage discovery, calendar deadlines, coordinate deposition logistics, and communicate material developments. When opposing counsel contacted Defendant directly, Defendant directed them to communicate with counsel of record. Defendant repeatedly sought updates and explanations from his attorney and relied on counsel's assurances that the case was being handled. This conduct reflects diligence and reasonable reliance—not indifference or avoidance.

**2.      Defendant Was Willing to Comply With Discovery and Appear for Deposition.**

7

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

Contrary to any suggestion of obstruction, Defendant made himself available to comply with discovery and to appear for deposition. The email exchange between Defendant's prior counsel and Plaintiff's counsel shows that Defendant was willing to and did travel internationally from Vietnam to the United States to attend an in-person deposition. (Nguyen Declaration, ¶¶ 13-14, Ex. 5.) Indeed, any failures to finalize dates or complete deposition logistics stemmed from prior counsel's mismanagement and lack of follow-through as well as Plaintiff's counsel' discovery gamesmanship and not from Defendant's refusal to participate. (Nguyen Declaration, ¶¶ 10-11, Ex. 3, Ex. 4.)

**3. Language Barrier and Counsel's Conduct Prevented Meaningful Understanding.**

Defendant is Vietnamese and has trouble understanding written or spoken English. (Nguyen Declaration, ¶ 3.) Effective participation required clear explanations in Vietnamese or reliable translation. Counsel failed to accommodate this known language barrier and did not ensure that Defendant understood court orders, deadlines, or the risk of default. (Nguyen Declaration, ¶¶ 4-5.) As a result, Defendant was deprived of meaningful notice and understanding—circumstances that negate willfulness and support excusable neglect and equitable relief.

**4. Extraordinary Personal Circumstances Further Explain Timing.**

During the period when the case deteriorated, Defendant was also confronting extraordinary personal hardship, including a contentious divorce and the unlawful removal of his minor child, which required urgent attention and caused severe financial and emotional distress. (Nguyen Declaration, ¶¶ 17-23.) These circumstances reasonably affected Defendant's ability to discover the procedural collapse sooner and further explain the timing of his response—without attributing fault or bad faith to Defendant.

**5. Defendant Acted Promptly Upon Discovering the Default.**

Defendant did not learn that a default judgment had been entered until enforcement efforts began. Upon discovering the default and the aggressive post-judgment enforcement that followed, Defendant acted promptly to retain new counsel. Since substitution, Defendant has cooperated fully, gathered and produced records, and moved expeditiously to seek relief. This prompt action upon discovery satisfies the diligence requirement under section 473(b).

**6. The Absence of Willfulness Compels Relief.**

California courts distinguish sharply between parties who deliberately ignore the judicial process and those who are misled, uninformed, or abandoned by counsel. This case falls squarely in the latter category. As discussed above, Defendant's conduct throughout reflects diligence,

8

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

cooperation, and good-faith reliance on counsel. Because the default and default judgment did not result from willful misconduct by Defendant, relief under section 473(b) and equity is warranted.

### E. ABSENCE OF PREJUDICE TO PLAINTIFF

Granting relief from default and default judgment will not unfairly prejudice Plaintiff Ngoc Tuyet Lam ("Plaintiff"). Under California law, prejudice means more than delay or loss of a tactical advantage; it requires a showing that evidence has been lost, witnesses are unavailable, or Plaintiff's ability to prosecute the case on the merits has been materially impaired. (*Quach v. California Commerce Club, Inc.* (2024) 16 Cal.5th 562, 574 (delay is not sufficient to show prejudice).) No such showing exists here.

#### 1. Mere Delay Does Not Constitute Prejudice.

Any delay resulting from setting aside the default is insufficient to establish prejudice. Courts consistently hold that the passage of time, standing alone, does not justify denial of relief under Code of Civil Procedure section 473(b), particularly where the default resulted from attorney fault rather than client misconduct. (*Quach, supra,* p. 574.) Plaintiff remains fully able to litigate the merits of her claims.

#### 2. No Evidence Has Been Lost and No Witnesses Are Unavailable.

Plaintiff has not identified, nor can she, that any evidence has been destroyed, any documents have become unavailable, or any witnesses have disappeared as a result of Defendant's default. Discovery disputes and deposition scheduling issues were known to both sides during the litigation, and the record reflects that Defendant was willing to participate. Setting aside the default will simply restore the parties to a posture where discovery can proceed in an orderly manner.

#### 3. Plaintiff Will Retain All Substantive Rights and Remedies.

Vacating the default and default judgment will not deprive Plaintiff of any substantive rights. Plaintiff will retain the ability to pursue her claims, conduct discovery, seek appropriate relief, and, if warranted, obtain judgment on the merits. The requested relief does not adjudicate the merits in Defendant's favor; it merely ensures that the case is decided through the adversarial process rather than by procedural collapse.

#### 4. Any Claimed Prejudice Is Outweighed by the Injustice of Enforcing a Default Caused by Attorney Abandonment.

Even if Plaintiff could articulate some inconvenience associated with reopening the case, such considerations are outweighed by the fundamental unfairness of enforcing a substantial judgment entered as a result of attorney abandonment, failure to communicate, and extrinsic neglect.

California's strong public policy favors resolution on the merits, especially where the client acted diligently and without willfulness.

**5.      Equity Favors Restoring the Case to the Merits.**

The equities favor setting aside the default where, as here, Defendant promptly sought relief upon learning of the default, has demonstrated diligence and good faith, and presents a meritorious basis for relief under section 473(b). Denying relief would confer an unwarranted windfall on Plaintiff and permanently deprive Defendant of his day in court based on circumstances beyond his control.

**F.      MERITORIOUS DEFENSE**

Defendant has a meritorious defense to Plaintiff's claims. For purposes of relief under Code of Civil Procedure section 473(b), Defendant need not prove he will ultimately prevail; he must only show facts indicating a substantial defense on the merits if the case is restored to the adversarial process. That standard is readily met here.

**1.      Plaintiff's Claims Are Disputed on Core Factual Grounds.**

The underlying dispute arises from contested real-estate and financial transactions. Defendant disputes Plaintiff's characterization of those transactions and denies the essential elements of Plaintiff's claims, including misrepresentation, intent, reliance, and damages. Defendant contends that the transactions were undertaken openly, with documentation, and with Plaintiff's knowledge and participation, and that Plaintiff's claims are based on disputed interpretations of those dealings rather than fraud or misconduct.

**2.      Defenses Based on Consent, Knowledge, and Lack of Fraudulent Intent.**

Defendant contends that Plaintiff consented to and understood the transactions at issue and that Defendant lacked any fraudulent intent. Plaintiff's allegations of deception and concealment are contradicted by communications, documents, and the parties' course of dealing. Defendant will present evidence showing transparency, mutual understanding, and the absence of any scheme to defraud.

**3.      Defenses Based on Causation and Damages.**

Defendant further disputes that Plaintiff suffered the damages alleged or that any damages were proximately caused by Defendant's conduct. To the extent Plaintiff claims losses, Defendant contends those losses were caused by market conditions, Plaintiff's own decisions, or intervening factors unrelated to any actionable wrongdoing by Defendant.

**4.      Procedural and Equitable Defenses.**

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

Defendant also asserts procedural and equitable defenses, including waiver, estoppel, unclean hands, and failure to mitigate damages. Defendant contends Plaintiff's conduct during the transactions and litigation, including discovery disputes and strategic enforcement following default, further undermines the equitable basis for Plaintiff's claims.

**5.    The Meritorious Defense Showing Supports Relief.**

Defendant's defenses are fact-based, plausible, and supported by evidence that can be developed through discovery and presented at trial. Setting aside the default will permit these defenses to be adjudicated on their merits. Enforcing a default judgment in the face of substantial, disputed defenses would contravene California's strong policy favoring decisions on the merits and would work a manifest injustice where the default resulted from attorney abandonment rather than client misconduct.

## III.    CONCLUSION

The default judgment entered against Defendant was not the product of willful misconduct, bad faith, or disregard of Court orders by Defendant. Rather, the record demonstrates that they resulted from attorney abandonment, failure to communicate, medical incapacity of prior counsel, and extrinsic neglect, compounded by Defendant's language barrier, Plaintiff's counsel's discovery gamesmanship, and extraordinary personal circumstances.

Defendant acted reasonably and in good faith by retaining counsel, relying on his counsel to manage the litigation, and making himself available to participate in discovery and deposition. Once Defendant learned of the default judgment and the aggressive enforcement actions that followed, he acted promptly to retain new counsel and seek relief. Defendant has demonstrated diligence, lack of willfulness, absence of prejudice to Plaintiff, and the existence of meritorious defenses sufficient to warrant relief under Code of Civil Procedure section 473(b) and the Court's equitable powers.

For these reasons, Defendant respectfully requests that the Court grant this motion, set aside the default and default judgment, and restore this action to a posture in which it may be fairly adjudicated on the merits.

Dated: December 19, 2025                     DIRECTIONS LAW

                                              By: */s/ Heidi Griffith*
                                                  Heidi Griffith,
                                                  Attorney for Defendant
                                                  Minh Tuong Nguyen

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

## DECLARATION OF MINH TUONG NGUYEN

I, Minh Tuong Nguyen, declare as follows:

1.      I am a Defendant in this action. I make this declaration in support of the above Motion to Set Aside/Vacate Default and Default Judgment. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2.      At the outset of this case, I retained Alex L. Benedict, Esq., of the Law Offices of Alex L Benedict & Associates APC, to represent me. I reasonably relied on him and his office to manage the litigation, respond to discovery, monitor calendar deadlines, coordinate depositions, and explain hearings, court orders, and risks.

3.      I am Vietnamese and have trouble understanding written or spoken English.

4.      When I retained Mr. Benedict, who I had known for about 4 years, to represent me in this matter, I believed that he, being fluent in Vietnamese, would be able to do so competently, appear in court on my behalf to present my defenses, and also be able to communicate with me in Vietnamese, due to my English language barrier, to ensure that information about my case would be explained to me in a manner I could understand and participate in meaningfully. This belief was a significant reason I retained Mr. Benedict.

5.      I later learned that Mr. Benedict assigned staff and contracted and associated with other attorneys who did not speak Vietnamese, including Ryan E. Jackman, Esq., of Jackman Law, P.C. and John Hamilton, Esq., of Hamilton Law Offices. A true and correct copy of Mr. Jackman's Notice of Association of Counsel is attached hereto as Exhibit 1.

6.      I was not informed of who was handling my case at any given time during the course of the litigation, who was responsible for handling which part of the case, or how I should communicate with them. Most of the time, I did not know who was responsible for my matter, at all.

7.      Throughout the case, I repeatedly contacted my attorney, Mr. Benedict, and his office seeking updates, explanations of court orders, and guidance on what I needed to do. Many of my inquiries went unanswered.

8.      When I did receive responses, they were often brief, unclear, or dismissive, and did not explain the seriousness of the situation. A true and correct copy of Mr. Benedict's text messages with me is attached hereto as Exhibit 2. On several occasions, Mr. Benedict raised his voice at me or told me not to ask questions. This made me feel scared and intimidated. Mr. Benedict's demeanor towards me discouraged me from asking further questions about my case.

9.      At no time did Mr. Benedict or anyone from his office clearly explain to me— in Vietnamese or otherwise—that my pleadings were at risk of being stricken, that sanctions were

12

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

being imposed, or that a default judgment could be entered against me.

10.    Mr. Benedict, as my attorney of record, failed to assist me with discovery responses and failed to explain to the court the reasons for any discovery violations, which were completely unknown to me. He also failed to respond to Plaintiff Ngoc Tuyet Lam's ("Plaintiff") discovery motions. He did not inform me of Plaintiff's Motion to Deem Facts Admitted nor did he inform me of Plaintiff's Motion to Compel Production. He also failed to assist me in filing responses before the November 20, 2024 hearing date for these motions and failed to file any response or opposition to these motions, at all. A true and correct copy of Plaintiff's Notice of Non-Opposition to Plaintiff's Motion to Deem Facts Admitted and Motions to Compel Productions is attached hereto as Exhibit 3.

11.    Worse yet, Mr. Benedict, as my attorney of record, failed to appear on my behalf, without explanation, for important hearings which I was never informed of, such as the hearing for Plaintiff's Motion for Terminating Sanctions. He did not appear before the court on my behalf nor did he explain to the court why the failure to comply with discovery orders was not willful. He completely abandoned me, even though he was my attorney of record. A true and correct copy of the court's 5/21/2025 Minute Order is attached hereto as Exhibit 4.

12.    I never attempted to avoid discovery or court proceedings. When opposing counsel contacted me directly, I directed them to communicate with my attorney of record because I believed that he was competently handling the case for me.

13.    I was willing and prepared to appear for my deposition and to cooperate with discovery. I made myself available for deposition dates and was willing to travel internationally, from Vietnam to the United States on multiple occasions. A true and correct copy of correspondences between Plaintiff's attorney, Hai H. Lai and Mr. Hamilton regarding my willingness to appear for deposition is attached hereto as Exhibit 5.

14.    In December 2024, I flew over from Vietnam to attend my deposition, scheduled for December 19, 2024, a dated agreed upon by Plaintiff and her attorney. (Exhibit 5, p. 3.) After Plaintiff's counsel refused to take my deposition on that date as agreed, I proposed additional dates in December and also dates in January for remote deposition. Plaintiff's counsel, however, rejected all of these these dates. I then offered more dates in January to appear in person, but Plaintiff's counsel again rejected those dates. (Exhibit 5, pp. 1-3.)

15.    Any delays or failures in finalizing deposition dates or complying with discovery were not caused by me. They resulted from Plaintiff's attorney Hai H. Lai's discovery gamesmanship, miscommunication, and lack of follow-through by my prior attorney of record and the attorneys he contracted and associated with.

13

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

16. I later learned that Mr. Benedict had suffered brain injuries because of a car accident. Mr. Benedict, however, did not inform me that he would be unable to competently represent me nor did he withdraw. He continued to be my attorney of record and never informed me that my case was not being competently handled.

17. Additionally, in late 2024, I was also going through a contentious divorce, which caused significant emotional and financial strain.

18. During this period, I reasonably believed my civil attorney, Mr. Benedict, was handling this case and was competently representing me. I did not know that my case was in danger of default or that a default judgment had been entered.

19. I did not have actual notice that a default judgment had been entered against me until after post-judgment enforcement efforts began.

20. The divorce proceedings continued into mid-2025, and was finalized in or about July 2025, overlapping with the period during which this civil case deteriorated without my knowledge.

21. According to the Marital Settlement Agreement, I would have joint legal and physical custody of my 3-year-old son, Tue Tuong Gia Nguyen. However, in late 2025, my son was unlawfully taken from me by his mother and concealed in Vietnam.

22. I devoted substantial time and effort in locating my son and seeking court and consular assistance to protect my parental rights. This situation required urgent attention and caused me severe emotional distress. A true and correct copy of the U.S. Consulate General's email acknowledged receipt of my complaint and confirmed that it could assist in locating a missing U.S. citizen child is attached as Exhibit 6.

23. I also sought help from the local authorities in Ho Chi Minh City, Vietnam, to assist me in locating my son. A true and correct copy of the Working Minutes for this matter regarding my son, dated October 17, 2025, is attached hereto as Exhibit 7.

24. When I learned of the default judgment and the seriousness of the situation, I acted promptly to retain new counsel.

25. In November 2025, I retained Heidi Griffith, Esq., and immediately began working with her to reconstruct the case history and gather documents showing my communications with prior counsel and my efforts to stay informed and compliant. A true and correct copy of the Substitution of attorney for this matter signed by me on November 21, 2025, and filed on November 25, 2025 is attached hereto as Exhibit 8.

26. Since retaining new counsel, I have been cooperative and diligent in providing records, emails, messages, and information necessary to support this motion.

14

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

27.     The default judgment against me was not caused by any willful misconduct, bad faith, or intent to evade the Court on my part. They were caused by my prior attorney's abandonment, failure to communicate, and circumstances beyond my control.

28.     I respectfully ask the Court to set aside the default judgment so that I may present my defenses and have this case decided on its merits. I am ready and willing to comply with all court orders, participate in discovery, and proceed with this litigation in good faith.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 19th day of December, 2025 at Garden Grove, California.

Minh Tuong Nguyen

15

MOTION TO SET ASIDE/VACATE DEFAULT AND DEFAULT JUDGMENT

# EXHIBIT 1

Electronically Filed by Superior Court of California, County of Orange, 11/25/2023 03:25:00 PM.
30-2022-01253059-CU-OR-NJC - ROA # 414 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Heidi Griffith (State Bar No. 333725)<br>DIRECTIONS LAW, INC.<br>9972 Bolsa Avenue, Suite 100<br>Westminster, CA 92683<br>TELEPHONE NO.: 714.515.1155    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): heidi@directionslaw.com<br>ATTORNEY FOR (Name): Defendant Minh Tuong Nguyen | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 1275 North Berkeley Avenue
MAILING ADDRESS: 1275 North Berkeley Avenue
CITY AND ZIP CODE: Fullerton, CA 92832-1258
BRANCH NAME: North Justice Center

CASE NAME:
Ngoc Tuyet Lam v. Minh Tuong Nguyen

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>30-2022-01253059-CU-OR-NJC |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): Minh Tuong Nguyen          makes the following substitution:

1. **Former legal representative**  ☐ Party represented self  ☑ Attorney (name): Alex L. Benedict
2. **New legal representative**  ☐ Party is representing self*  ☑ Attorney
   a. Name: Heidi Griffith                b. State Bar No. (if applicable): 333725
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
      DIRECTIONS LAW, INC.
      9972 Bolsa Avenue, Suite 100, Westminster, CA 92683
   d. Telephone No. (include area code): (714) 515-1155
3. The party making this substitution is a  ☐ plaintiff  ☑ defendant  ☐ petitioner  ☐ respondent  ☐ other (specify):

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- **Guardian**
- **Conservator**
- **Trustee**

- **Personal Representative**
- **Probate fiduciary**
- **Corporation**

- **Guardian ad litem**
- **Unincorporated association**

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 11/21/2025
   Minh Tuong Nguyen
   _____                    ▶  _____
   (TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY)

5. ☑  I consent to this substitution.
   Date: 11/25/2025
   Alex L. Benedict, Esq.
   _____                    ▶  _____
   (TYPE OR PRINT NAME)                                   (SIGNATURE OF FORMER ATTORNEY)

6. ☑  I consent to this substitution.
   Date: 11/21/2025
   Heidi Griffith, Esq.
   _____                    ▶  _____
   (TYPE OR PRINT NAME)                                   (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                                    Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |
|---|---|---|

Doc ID: bb1faf420aea4b0432974a2bbf43257e925f4c49

MC—050

| CASE NAME: | CASE NUMBER: |
|---|---|
| Ngoc Tuyet Lam v. Minh Tuong Nguyen | 30-2022-01253059-CU-OR-NJC |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An unsigned copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*:

   9972 Bolsa Avenue, Suite 100, Westminster, CA 92683

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing:  11/25/2025          (2) Place of mailing *(city and state)*:  Westminster, California

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11/25/2025

Huyen Tran
_____                    _____
(TYPE OR PRINT NAME)                              (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4.  a. Name of person served:  Hai H. Lai, Esq.
    b. Address *(number, street, city, and ZIP)*:

       9550 Warner Ave., Ste 250
       Fountain Valley, CA 92708-2842

    c. Name of person served:  Ngan Thi Kim Tran
    d. Address *(number, street, city, and ZIP)*:

       1718 W Bowling St
       Anaheim, CA 92804

    e. Name of person served:
    f. Address *(number, street, city, and ZIP)*:


    g. Name of person served:
    h. Address *(number, street, city, and ZIP)*:


    i. Name of person served:
    j. Address *(number, street, city, and ZIP)*:


☐ List of names and addresses continued in attachment.

---

MC-050 [Rev. January 1, 2009]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

Page 2 of 2

Doc ID: bb1faf420aea4b0432974a2bbf43257e925f4c49

# EXHIBIT 2



**9:48** 🔕                              :::!! 4G 🔋

‹ 23  **Anh Alex @ Law USA**   📹  📞
lần thấy cuối: hôm nay lúc 6:17 SA

4:27 SA

⊘ *Bạn đã xoá tin nhắn này.* 6:42 SA

What was the result?  6:42 SA ✓✓

Can I go to America again?  6:42 SA ✓✓

⊘ *Bạn đã xoá tin nhắn này.* 6:43 SA

Thank you, You tried so hard !  6:43 SA ✓✓

You lost  10:43 SA

📞 **Cuộc gọi thoại nhỡ**
Nhấn để gọi lại       11:07 CH

**Th 4, 2 thg 7**

📄 2025.05.21 Minute Order.pdf
5 trang · 103 KB · pdf

11:23 CH

**Th 5, 3 thg 7**

📞 **Cuộc gọi thoại**     Tuong Minh Nguyen's
Không trả lời   6:58 SA    call to Alex with no answer

\+                    🔲  📷  🎤

1





9:48

:::!! 4G

< 23 Anh Alex @ Law USA
lần thấy cuối: hôm nay lúc 6:17 SA

**Real bill value checker**

>

Show rates for cash

Currency Converter Get widget

| 500000000 | VND Vietnamese Dong ▼ |

| 19,253.7256 | USD US Dollar ▼ |

CALC

**BIRTHDAYS OF SOULMATES**

Yes Sir 8:31 SA ✓/

21 thg 5, 2025

Tentative Ruling for motion on
5-21-25.pdf
11 trang · 141 KB · pdf

You lost the case because Tuyet hasn't

+

9:48 🔕  :::!! 4G 🔋

  **Anh Alex @ Law USA**
lần thấy cuối: hôm nay lúc 6:17 SA  📹  📞



Chuyển tiền thành công!

**300.000.000 VND**

Ba trăm triệu đồng

| | |
|---|---|
| Từ | NGUYEN TUONG MINH |
| | ******99 |
| Đến | LAM NGOC TUYET |
| | VIETCOMBANK - NH TMCP NGOAI THUONG |
| | 0071001291637 |
| Chuyển lúc | 27/02/2025, 23:17:54 |
| Phí | Miễn phí |
| Mã giao dịch | 5126 |

Nội dung

TIEN LUAT SU VE VIET

1/ Time 1: 02/04/2025: 499.999.999 VND

2/ Time 2: 02/27/2025: 300.000.000 VND

3/ Time 3: 05/07/2025: 499.000.000 VND

4/ Time 4: 05/07/2025: 499.999.999 VND

8:07 SA ✓✓



 **Real bill value checker**

\+    📷

4

**9:48** 🔕     :::!! 4G 🔋

< 23    **Anh Alex @ Law USA**
lần thấy cuối: hôm nay lúc6:17 SA  

Where is your receipt   8:00 SA

Yesterday, 1 billions VND, equivalent to
38.461 USD     8:01 SA ✓✓

**Chuyển tiền thành công!**

**499.999.999 VND**

Bốn trăm chín mươi chín triệu chín trăm chín
mươi chín nghìn chín trăm chín mươi chín đồng

| | |
|---|---|
| Từ | **NGUYEN TUONG MINH** |
| | ••••••99 |
| Đến | **LAM NGOC TUYET** |
| | VIETCOMBANK - NH TMCP NGOAI THUONG |
| | 0071001291637 |
| Chuyển lúc | **04/02/2025, 16:52:54** |
| Phí | **Miễn phí** |
| Mã giao dịch | **5115** |

Nội dung

CHUYEN TIEN THEO DE NGHI BA LAM
NGOC TUYET LAN 1-040225-16:52:53
945710

**ACB | PRIVILEGE** BANKING

**Chuyển tiền thành công!**

**300.000.000 VND**

Ba trăm triệu đồng

| | |
|---|---|
| Từ | **NGUYEN TUONG MINH** |
| | ••••••99 |
| Đến | **LAM NGOC TUYET**   ⌄ |
| | VIETCOMBANK - NH TMCP NGOAI THUONG |

\+     

# EXHIBIT 3

Hai H. Lai
State Bar No. 193357
Law Office of Hai H. Lai
9550 Warner Avenue, Suite 250
Fountain Valley, CA 92708
Telephone (714) 593-5800
Facsimile (714) 200-0221
attorney_lai@yahoo.com

Attorney for Plaintiff NGOC TUYET LAM

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, NORTH JUSTICE CENTER

| | |
|---|---|
| NGOC TUYET LAM,<br><br>Plaintiff,<br><br>vs.<br><br>MINH TUONG NGUYEN, (aka NGUYEN TUONG MINH), NGAN THI KIM TRAN, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 30-2022-01253059-CU-OR-NJC<br><br>NOTICE OF NON-OPPOSITION TO PLAINTIFF NGOC TUYET LAM'S MOTION TO DEEM FACTS ADMITTED AND MOTIONS TO COMPEL PRODUCTION<br><br>Hearing Date:  November 20, 2024<br>Hearing Time:  10:00 a.m.<br>Dept.:        N18<br>Judge:        Hon. Scott A. Steiner |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 20, 2024, at 10:00 a.m. in Department N18 of the above-entitled Court, located at 1275 North Berkeley Avenue, Fullerton, CA 92832, plaintiff NGOC TUYET LAM will move this Court for an Order Finding Genuineness of Documents Specified in Requests For Admissions, Set Two, Be Deemed Admitted against defendant MINH TUONG NGUYEN.  Plaintiff NGOC TUYET LAM will also move this Court for Orders, compelling defendants MINH TUONG NGUYEN and NGAN THI KIM TRAN to

1

**NOTICE OF NON-OPPOSITION**

provide further responses and produce documents pursuant to the Motions for Compel Further Responses to the Demand For Production of Documents, Set Two.

NOTICE is also given that since the filing of the motions, NO OPPOSITION has been filed nor served by either defendant MINH TUONG NGUYEN or NGAN THI KIM TRAN in this matter. California Code of Civil Procedure Section 1015 (b) requires in pertinent parts:

"All papers opposing a motion so noticed shall be filed with the court and a copy served on each party at least nine court days, and all reply papers at least five court days before the hearing".

Having received no Opposition from neither defendant MINH TUONG NGUYEN nor NGAN THI KIM TRAN, plaintiff NGOC TUYET LAM respectfully requests that the relief requested in the original Motions be granted.

Dated: November 13, 2024

By:  _____
Hai H. Lai
Attorney for Plaintiff
NGOC TUYET LAM

2

**NOTICE OF NON-OPPOSITION**

**Case Name:**   <u>**Lam v. Nguyen, et al.**</u>
**Case No.:**      **30-2022-01253059-CU-OR-NJC**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9550 Warner Avenue, Suite 250, Fountain Valley, CA 92708.

On 11/13/2024, I served the foregoing document described as: Notice of Non-Opposition in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Mr. Alex L. Benedict                    Mr. Ryan Jackman
Alex L. Benedict & Associates          Jackman Law P.C.
10055 Slater Avenue, Ste 263           25152 Springfield Court, Ste 390
Fountain Valley, CA 92708              Valencia, CA 91355

( )   by overnight delivery via Federal Express pursuant to Code of Civil Procedure Section 1013.

( )   by Facsimile. I faxed said document(s) pursuant to Rules of Court Rule 2008, on _____, at approximately   p.m. from my facsimile telephone number 714-200-0221.
The document was transmitted by facsimile transmission and the transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine. A copy of the transmission report is attached to this proof of service.

( )   by electronic delivery to:
(X)   by mail as follows: I am "readily familiar" with the form's practice of collecting and processing correspondence for mailing. Under such practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully paid at Fountain Valley, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

(X)   (STATE)     I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on 11/13/2024 at Fountain Valley, California.

By:  _____

HAI H. LAI

3

**NOTICE OF NON-OPPOSITION**

# EXHIBIT 4

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>North Justice Center<br>1275 N. Berkeley Ave<br>Fullerton , CA 92838 | |
| **SHORT TITLE:** Lam vs. Nguyen | |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC<br>SERVICE** | CASE NUMBER:<br>**30-2022-01253059-CU-OR-NJC** |

I certify that I am not a party to this cause. I certify that that the following document(s), Minute Order dated 05/21/25, was transmitted electronically by an Orange County Superior Court email server on May 27, 2025, at 1:48:26 PM PDT. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

JACKMAN LAW, P.C.
RYAN@JACKMAN.LAW

LAW OFFICE OF HAI H. LAI
ATTORNEY_LAI@YAHOO.COM

THE LAW OFFICES OF ALEX L. BENEDICT &
ASSOCIATES, APLC
ALEX@LAWALB.COM

THE LAW OFFICES OF ALEX L. BENEDICT &
ASSOCIATES, APLC
ALEXBENEDICT2000@YAHOO.COM

Clerk of the Court, by:

_____ , Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                                                 Code of Civ. Procedure , § CCP1013(a)

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
NORTH JUSTICE CENTER

## MINUTE ORDER

DATE: 05/21/2025                    TIME: 10:00:00 AM        DEPT: N18

JUDICIAL OFFICER PRESIDING: Scott A Steiner
CLERK: L. Chico
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: L. Diaz

CASE NO: **30-2022-01253059-CU-OR-NJC**    CASE INIT.DATE: 04/04/2022
CASE TITLE: **Lam vs. Nguyen**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other Real Property

---

EVENT ID/DOCUMENT ID: 74557320

**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Terminating Sanctions, 05/05/2025

---

EVENT ID/DOCUMENT ID: 74557321

**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Termination of Sanctions, 03/06/2025

---

EVENT ID/DOCUMENT ID: 74557322

**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Termination of Sanctions, 03/06/2025
Additional events listed on last page.

---

**APPEARANCES**
Hai H. Lai, from Law Office of Hai H. Lai, present for Plaintiff(s) remotely.

---

Tentative ruling posted on the internet.

Hearing held, all participants appearing remotely.

In open court at 10:16 AM, there is no appearance on behalf of defendants.

The Court modifies the tentative ruling as follows:

Plaintiff Ngoc Lam's ("Plaintiff") motions for terminating and monetary sanctions, and to strike the answer of defendants Minh T. Nguyen and Ngan T. K. Tran (collectively, "Defendants"), are granted. (ROA 264, 268.)

CCP section 2023.030 outlines the various sanctions that may be imposed "against anyone engaging in conduct that is a misuse of the discovery process," including: monetary sanctions, issue sanctions, evidence sanctions, a terminating sanction, and a contempt sanction. These sanctions may be imposed

---

DATE: 05/21/2025                    MINUTE ORDER                    Page 1
DEPT: N18                                                           Calendar No.

CASE TITLE: Lam vs. Nguyen

CASE NO:

30-2022-01253059-CU-OR-NJC

by the court, "after notice to any affected party, person, or attorney, and after opportunity for hearing." (Code Civ. Proc., § 2023.030.) Failure to respond to an authorized method of discovery is a misuse of the discovery process. (Code Civ. Proc. § 2023.010, subd. (d).) So, too, is disobeying "a court order to provide discovery." (Code Civ. Proc. § 2023.010, subd. (g).) "Once a party or witness has been ordered to attend a deposition, or to answer discovery, or to produce documents, more severe sanctions are available for continued refusal to make discovery." (Cal. Prac. Guide Civ. Pro. Before Trial at ¶ 8:2145, emphasis in original.)

Generally, terminating sanctions should be imposed only if the court has found a willful failure to comply (R.S. Creative, Inc. v. Creative Cotton, Ltd. (1999) 75 Cal.App.4th 486, 496); or, if it appears the "conduct was clear and deliberate, and "no lesser alternatives would remedy the situation" (Del Junco v. Hufnagel (2007) 150 Cal.App.4th 789, 799-800.) The burden of showing sanctions are not justified, i.e., that the responding party did not willfully fail to perform, lies with the responding party. (See Corns v. Miller (1986) 181 Cal.App.3d 195, 201.)

Here, Plaintiff has established that Defendants Tran and Nguyen have each failed to comply with this Court's 11/20/24 and 12/4/24 discovery orders. (ROA 264, 268.) Plaintiff's counsel attests that Defendants have not provided any of the court-ordered discovery responses (nor have Defendants paid any of the monetary sanctions). (Lai Decls. at ¶¶ 4-6.) This discovery encompassed basic information and documents Plaintiff would need to prosecute this action. For example, Plaintiff asked for documents that reflect deposits, transfers or withdrawal of the money that Plaintiff allegedly gave to Defendants. Despite Defendants' promises that supplemental responses would be served, or that documents would be produced, nothing further has been provided. (Lai Decls. at ¶ 4, Exh. 3.)

Further, Defendants' counsel was unable to explain to the court the reason for Defendants' discovery violations; and, Defendants have not provided any assurance that these violations would be cured. (ROA 306—Lai Supp. Decl. at ¶ 2.) As such, and based in part on the representations of defense counsel who appeared on the ex parte (ROA 290) hearings of May 6 and 7, 2025, the Court finds Defendants have failed to comply with their discovery obligations, and that their failure is unduly prejudicial to Plaintiff. Defense counsel appearing for counsel of record (Alex Benedict) at the ex parte of May 6 (Ryan Jackman) was given every opportunity to explain the failure to comply with any of the Court's previous discovery orders. Unable to do so, the Court ordered counsel of record (Mr. Benedict) to appear the next day. Without explanation, Mr. Benedict did not appear, however, despite this order. Counsel who did appear for Mr. Benedict on May 7 (John Hamilton, from Mr. Benedict's office) also had no adequate explanation, and conceded that in fact the Court's discovery orders had in fact been ignored. The Court was presented with some explanation that Mr. Benedict had been involved in a "car accident" and had "brain injuries." Incredibly, and in response to the Court's questions as to whether Mr. Benedict was unable to represent the defendants, Mr. Hamilton stated Mr. Benedict would be representing the defendants in the rapidly approaching jury trial. The failure to comply with the Court's discovery orders can be described as nothing less than "willful." Based on Defendants' actions (and inaction), it appears "lesser" sanctions would not be effective in compelling Defendants' compliance.

Thus, as set forth above, unless Defendants appear at the hearing and show their failure to comply with the discovery orders was not willful, the court intends to grant these motions and to order the Clerk to strike Defendants' answer and enter their defaults.

Monetary Sanctions
In connection with these motions, Plaintiff is awarded monetary sanctions in the amount of $1,860 against Defendant Tran, and monetary sanctions in the amount of $960 against Defendant Nguyen. The sanctions are payable within 30 days of the notice of ruling.

In light of the ruling, above, Plaintiff's second motion for terminating sanctions against Defendant Tran (ROA 290) is denied as moot.

CASE TITLE: Lam vs. Nguyen

CASE NO: 30-2022-01253059-CU-OR-NJC

The Jury Trial set for 06/09/25 at 9:00 AM in Department N18 is vacated.

The Order to Show Cause re: default prove-up is scheduled for July **24**, 2025, at 9:30AM in Department N18.

Plaintiff to give notice of the ruling.

Court orders Defendants' Answer filed on 02/27/2024 stricken.

The Court orders default entered as to defendants, Minh Tuong Nguyen, AKA Minh, Nguyen, Ngan Thi Kim Tran.

The Jury Trial set for 06/09/2025 at 09:00 AM in Department N18 is vacated.

Court orders clerk to give notice.

ADDITIONAL EVENTS:

EVENT ID/DOCUMENT ID: 74557324
**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Terminating Sanctions, 05/05/2025

# EXHIBIT 5

**From:** Hai Lai <attorney_lai@yahoo.com>
**Date:** March 7, 2025 at 10:23:31 AM PST
**To:** Ryan Jackman <ryan@jackman.law>, "Alex.business Lawyer" <alex@lawalb.com>,
John Hamilton <jm_hamilton15@yahoo.com>
**Subject: Fw: Deposition of Minh Tuong Nguyen**
**Reply-To:** Hai Lai <attorney_lai@yahoo.com>


Dear Counsels,

I am following up on proposed dates for the deposition of defendant Minh Tuong Nguyen. I
need dates for April 2025. Please confer with your client and provide me with the proposed
dates at your earliest convenience.

Hai H. Lai
Law Office of Hai H. Lai
9550 Warner Avenue, Suite 250
Fountain Valley, CA 92708
(714) 593-5800; F(714) 200-0221


----- Forwarded Message -----
**From:** Hai Lai <attorney_lai@yahoo.com>
**To:** John Hamilton <jm_hamilton15@yahoo.com>
**Cc:** Alex.business Lawyer <alex@lawalb.com>; Ryan Jackman <ryan@jackman.law>; Esq. Alex
Benedict <alexbenedict2000@yahoo.com>
**Sent:** Saturday, January 18, 2025 at 01:28:12 PM PST
**Subject:** Re: Deposition of Minh Tuong Nguyen

Thank you for getting back on the deposition dates. Unfortunately, I am not available this
coming week due to court appearances. Please give me dates at least two weeks in advance for
the deposition notice and arrangements for the deposition.

Right now, the week of February 3rd is workable for me. In particular, February 4th, 5th and
7th. Please advise as soon as possible which day will work for the parties and counsels. If that
does not work, please let me know if any days on the week of February 10th will work. Thank
you.

Hai H. Lai
Law Office of Hai H. Lai
9550 Warner Avenue, Suite 250
Fountain Valley, CA 92708
(714) 593-5800; F(714) 200-0221

On Monday, January 13, 2025 at 03:15:58 PM PST, John Hamilton <jm_hamilton15@yahoo.com> wrote:

1

Dear Hai,

Mr. Nguyen is currently in Vietnam. However, he has indicated that he can fly back for his deposition on January 21, 22, 23, or 24th. Please pick the date that is convenient for you, and I will inform Mr. Nguyen, so he can travel to the US and attend his deposition. Thank you for your anticipated cooperation.

Best,

John Hamilton

On Thursday, December 19, 2024 at 02:23:30 PM PST, Hai Lai <attorney_lai@yahoo.com> wrote:


Dear Mr. Hamilton,

First of all, if you are representing defendant Nguyen, then you will need to enter your appearance on the record. Even Mr. Jackman entered his appearance as "of counsel" on this matter as Mr. Benedict is the counsel of record for defendant Nguyen.

Secondly, your disappointment is far less than mine in seeking the deposition of defendant Nguyen. As you may not be aware, defendant Nguyen has gone out of his way to deny plaintiff her right to conduct discovery in this matter. The court ordered that defendant Nguyen appear in person for his deposition within sixty days. On 10/23/24, we communicated with Mr. Jackman that we need available deposition dates for defendant Minh. Mr. Jackman blew us off for nearly 30 days. On 11/21/24, we again contacted Mr. Jackman for deposition dates, but he never responded.

The deposition dates I offered to you as it was available on my calendar at the time. You took too long to respond and those dates offered are no longer workable. We are trying to comply with the court's orders just like defendant Nguyen. However, I am unable to take defendant Nguyen's deposition on neither 12/18 nor 12/19 as I had matters to tend to, including dealing with the illness and death of a family member yesterday. In any event, I again offered new dates to you and defendant Nguyen that would work right now for my calendar. The court already determined that defendant Nguyen's residence is in Orange County, California. Whether defendant Nguyen chooses to vacation and/or reside in Vietnam is his choice. However, he will need to appear in person for his deposition as ordered by the court.

I will await for defendant Nguyen's response. If I do not hear from you, Mr. Benedict or Mr. Jackman, plaintiff will have no other recourse than to seek the assistance of the court again. Thank you.

Hai H. Lai
Law Office of Hai H. Lai
9550 Warner Avenue, Suite 250
Fountain Valley, CA 92708
(714) 593-5800; F(714) 200-0221


On Wednesday, December 18, 2024 at 11:32:09 AM PST, John Hamilton <jm_hamilton15@yahoo.com> wrote:

2

Dear Hai,

I am disappointed that you cannot take our client's deposition on the agreed date i.e, December 19th. We agreed to this date on Dec. 3rd. As you know, our client was ordered to appear for a deposition within 60 days. Accordingly, he flew over from Vietnam and assumed you would take his deposition. I provided you with dates in December and apparently you have conflicts for the entire month. Our client cannot stay until the second week in January for his deposition. If you cannot take his deposition on December 19th, then my client and I are available December 23 or 24th. If you are unavailable on these dates, my client will be unable to attend his deposition in person and we can take his deposition on either Jan. 7th or 8th remotely. Please email me if you want to take his deposition on the dates next week.

If you want to discuss the matter further, please call me.

Best,

John

On Monday, December 16, 2024 at 01:51:35 PM PST, Hai Lai <attorney_lai@yahoo.com> wrote:

I am unavailable for both dates now. I am available for 1/7/25 & 1/8/25. Please let me know asap if these dates will work for your client. I understand that your client will need a Vietnamese interpreter.

Please have your client produce documents as requested in the previous deposition notices. Otherwise, if documents are not produced as requested, plaintiff will be forced to file another motion to compel which will require your client to return for another deposition.

Your immediate response is greatly appreciated.

Hai H. Lai
Law Office of Hai H. Lai
9550 Warner Avenue, Suite 250
Fountain Valley, CA 92708
(714) 593-5800; F(714) 200-0221

On Tuesday, December 3, 2024 at 04:10:16 PM PST, Binh Le <binh.lawalb@gmail.com> wrote:

Dear Counsel,

Our client and Mr. Hamilton are available for the deposition on **December 19, 2024**. Please note that our client will require a Vietnamese interpreter.

Please confirm your availability.

Thank you

On Wed, Nov 27, 2024 at 11:50 AM John Hamilton <jm_hamilton15@yahoo.com> wrote:

Hi attorney Lai,

December 8th is a Sunday. Did you mean Dec. 9th and 10th? I am free on the 10th.

Thanks,

John

3

----- Forwarded Message -----
**From:** Hai Lai <attorney_lai@yahoo.com>
**To:** John Hamilton <jm_hamilton15@yahoo.com>
**Sent:** Wednesday, November 27, 2024 at 11:38:42 AM PST
**Subject:** Re: Deposition of Minh Tuong Nguyen

Hello Mr. Hamilton,

I am not available for 12/11/24 due to a calendar conflict. The week of December 9th will not work for me. I am available on 12/8/24 or 12/9/24. Please let me know which day is better for you and your client. As for the production of documents, has your client obtained and secured any of the documents requested to be produce, as contained in the previous deposition notices?

By the way, I served my notice of unavailability to counsels Alex Benedict and Ryan Jackman earlier. I am attaching a copy for your file. Thank you.

Hai H. Lai
Law Office of Hai H. Lai
9550 Warner Avenue, Suite 250
Fountain Valley, CA 92708
(714) 593-5800; F(714) 200-0221


On Wednesday, November 27, 2024 at 11:14:42 AM PST, John Hamilton <jm_hamilton15@yahoo.com> wrote:


Dear attorney Lai,

I am assisting Mr. Benedict's firm with the deposition of Minh Tuong Nguyen. I checked my calendar and I will be available on December 11th. The client is also available. Please confirm that this date is acceptable to you.

If not, please call me at the number below, so we can pick another date during that week.

Best,

John Hamilton

Hamilton Law Offices
5757 W. Century Blvd., Suite 700
Los Angeles, CA 90045

Tel: 424-419-4028



--
**Binh Le**
**Legal Assistant**

Alex L. Benedict & Associates
10055 Slater Ave, Suite 263 Fountain Valley, CA 92708
Off: (714) 916-9796
Fax: (714) 487-5105

4

# EXHIBIT 6

---------- Thư đã chuyển tiếp ---------
Từ: **HCMC ACS Mail** <hcmcacsmail@state.gov>
Ngày: Th 6, 17 thg 10, 2025 lúc 1:36 CH
Tiêu đề: Regarding NGUYEN TUONG GIA TUE (04-JAN-2022)
Đến: minhnguyensteven@gmail.com <minhnguyensteven@gmail.com>

Dear Mr. Gia Minh Nguyen,

Greetings from the American Citizen Services Unit, the U.S. Consulate General in Ho Chi Minh City, Vietnam.

Thank you for for speaking to our office today about your concerns. The U.S. Consulate can assist in locating a U.S. citizen in Vietnam in cases of parental child abduction.

American Citizens Services can use information provided by the family or friends of a missing person to locate the individual. In addition, we can check with local authorities in Vietnam. The more information that you can provide, the better the chances are that we can find the missing U.S. citizen.

Please note that the Privacy Act of 1974 (https://vn.usembassy.gov/the-privacy-act-of-1974/) limits what ACS can tell you about our interaction with any U.S. citizen. The Privacy Act prohibits the U.S. Consulate General from releasing any information about a U.S. citizen's situation without his or her express permission. Without this permission we can only take steps to notify the individual of your concern and suggest that they contact you directly.

In order to assist us in locating the U.S. citizen abroad, please provide as much of the following information as possible:

- Name of the U.S. citizen abroad
- Date and place of birth
- Passport number (if known)
- Last known address and phone number
- Reason for travel/residence abroad
- Date of last contact

1

- Other contacts abroad (friends, business associates, hotel, etc.)
- The reason for your concern

If your U.S. citizen child has been abducted or is being held in violation of your custodial rights, please follow the instructions at https://vn.usembassy.gov/international-parental-child-abduction/.

- If you are concerned about your child's travel without your authorization, please review the information related to the Children's Passport Issuance Alert Program in the united States, located here: https://travel.state.gov/content/travel/en/International-Parental-Child-Abduction/prevention/passport-issuance-alert-program.html. This program is meant to help prevent international parental child abduction. Our Office of Children's Issues can provide more information on how to enroll in this program so you are notified of passport applications for your child.

- In order to prevent your child from leaving Vietnam, you may contact the appropriate Vietnamese immigration office to report the case. Please refer to the information on this page: https://vn.usembassy.gov/vietnamese-visas-and-entry-exit/.

- Unfortunately, the American Citizens Services Unit does not have jurisdiction and cannot assist directly in litigating this matter. You should continue to work through legal channels and contact the appropriate local authorities directly for official instructions. If you need legal representation, you may consult our list of attorneys in the Ho Chi Minh City area, who may be able to provide you with more assistance regarding these issues in Vietnam, at the following link: https://vn.usembassy.gov/legal-assistance/.

If you have any questions or updates, please feel free to let us know.

American Citizen Services Unit

U.S. Consulate General in Ho Chi Minh City

Consular Section

+84 28 3520 4200

 UNITED STATES *of* AMERICA

TTT

SBU - PRIVACY OR PII

# EXHIBIT 7

| | |
|---|---|
| **From:** | Nguyễn Steven <minhnguyensteven@gmail.com> |
| **Sent:** | Friday, October 24, 2025 8:30 AM |
| **To:** | staff@directionslaw.com; heidi@directionslaw.com |
| **Subject:** | CERTIFIED TRANSLATION OF POLICE STATION |

CERTIFIED TRANSLATION

I, the undersigned, hereby certify that I am competent to translate from Vietnamese into English and that the foregoing is a true and accurate translation of the original document.

Document: "Biên bản làm việc" issued by Nha Be Commune Police, Ho Chi Minh City, Vietnam

Date of document: October 17, 2025

[Full English translation as em đã dịch cho Anh ở trên]

SOCIALIST REPUBLIC OF VIETNAM

Independence – Freedom – Happiness

---

WORKING MINUTES

Subject (1): Guidance provided to citizen Nguyen Tuong Minh (Date of birth: 1984, Permanent address: 450 Nguyen Thi Minh Khai Street, Ban Co Ward, Ho Chi Minh City; Current residence: 109 Tan My Street, Tan Thuan Ward, Ho Chi Minh City).

At 21:40 on October 17, 2025, at Nha Be Commune Police Station, Ho Chi Minh City.

Participants:

- Mr. Duong Van Tho – Legal officer: Clerk

    Affiliation: Nha Be Commune Police, Ho Chi Minh City.

i

- Mr. Nguyen Tuong Minh (Date of birth: 1984, Permanent address: 450 Nguyen Thi Minh Khai Street, Ban Co Ward, Ho Chi Minh City; Current residence: 109 Tan My Street, Tan Thuan Ward, Ho Chi Minh City) is the person receiving guidance.

The working session was conducted on the following matter (1): Guidance for citizen Nguyen Tuong Minh.

## RESULTS OF WORKING SESSION:

At around 20:30 on October 17, 2025, Nha Be Commune Police received information from Mr. Nguyen Tuong Minh with the following content:

On February 28, 2024, Mr. Minh and his wife, Ms. Tran Thi Kim Ngan (born 1994), executed a written agreement and commitment to entrust their child, Nguyen Tuong Gia Tue (date of birth: January 4, 2022), to Ms. Truong Thi Thanh Phuong (born 1964, permanent residence: B15.10, Block B1, Jamona Heights Apartment, Tan Thuan Dong Ward, District 7), who is the maternal grandmother of the child. She was granted full authority to manage, care for, and raise the child during the period when both Mr. Minh and Ms. Ngan were absent from Vietnam.

At present, Mr. Minh and Ms. Ngan have arranged a civil agreement on personal matters under U.S. family law. At this time, Mr. Minh has returned to Vietnam and wishes to directly take care of his son, Nguyen Tuong Gia Tue.

However, his request to take back the child from Ms. Tran Thi Kim Ngan (who is currently living in the United States) and the maternal grandmother, Ms. Truong Thi Thanh Phuong, was denied. Ms. Phuong has also cut off all contact with Mr. Minh.

It was observed that the matter constitutes a civil dispute between Mr. Minh and Ms. Ngan, which arose within the jurisdiction of Tan Thuan Ward, Ho Chi Minh City. Therefore, Nha Be Commune Police advised Mr. Minh to file his petition with the People's Court of Judicial District 6, Ho Chi Minh City, for further instructions and procedures in accordance with the law.

The working minutes concluded at 22:10 on October 17, 2025.

2

PERSON RECEIVING GUIDANCE

(Signature & full name)

Nguyen Tuong Minh


CLERK

(Signature & full name)

Duong Van Tho

Tel: 0373339567


Translator's Certification:

I hereby declare under penalty of perjury that the foregoing translation is true and correct to the best of my knowledge and ability.


Date: []

Place: []


Signature: _____

Name: [Translator's Name]

# EXHIBIT 8

Electronically Filed by Superior Court of California, County of Orange, 11/25/2025 03:25:00 PM.
30-2022-01253059-CU-OR-NJC - ROA # 414 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Heidi Griffith (State Bar No. 333725)<br>DIRECTIONS LAW, INC.<br>9972 Bolsa Avenue, Suite 100<br>Westminster, CA 92683<br>TELEPHONE NO.: 714.515.1155    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: heidi@directionslaw.com<br>ATTORNEY FOR *(Name)*: Defendant Minh Tuong Nguyen | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 1275 North Berkeley Avenue
MAILING ADDRESS: 1275 North Berkeley Avenue
CITY AND ZIP CODE: Fullerton, CA 92832-1258
BRANCH NAME: North Justice Center

CASE NAME:
Ngoc Tuyet Lam v. Minh Tuong Nguyen

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>30-2022-01253059-CU-OR-NJC |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*: Minh Tuong Nguyen    makes the following substitution:

1. **Former legal representative** ☐ Party represented self  ☑ Attorney *(name)*: Alex L. Benedict
2. **New legal representative** ☐ Party is representing self* ☑ Attorney
   a. Name: Heidi Griffith    b. State Bar No. *(if applicable)*: 333725
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*:
   DIRECTIONS LAW, INC.
   9972 Bolsa Avenue, Suite 100, Westminster, CA 92683
   d. Telephone No. *(include area code)*: (714) 515-1155
3. The party making this substitution is a  ☐ plaintiff ☑ defendant ☐ petitioner ☐ respondent ☐ other *(specify)*:

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- **Guardian**
- **Conservator**
- **Trustee**
- **Personal Representative**
- **Probate fiduciary**
- **Corporation**
- **Guardian ad litem**
- **Unincorporated association**

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 11/21/2025
   Minh Tuong Nguyen
   _(TYPE OR PRINT NAME)_                                    _(SIGNATURE OF PARTY)_

5. ☑ I consent to this substitution.
   Date: 11/25/2025
   Alex L. Benedict, Esq.
   _(TYPE OR PRINT NAME)_                                    _(SIGNATURE OF FORMER ATTORNEY)_

6. ☑ I consent to this substitution.
   Date: 11/21/2025
   Heidi Griffith, Esq.
   _(TYPE OR PRINT NAME)_                                    _(SIGNATURE OF NEW ATTORNEY)_

(See reverse for proof of service by mail)                              Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |

Doc ID: bb1faf420aea4b0432974a2bbf43257e925f4c49

MC–050

| CASE NAME: | CASE NUMBER: |
|---|---|
| Ngoc Tuyet Lam v. Minh Tuong Nguyen | 30-2022-01253059-CU-OR-NJC |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An unsigned copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*
   9972 Bolsa Avenue, Suite 100, Westminster, CA 92683

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: 11/25/2025      (2) Place of mailing *(city and state):* Westminster, California

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11/25/2025

Huyen Tran

_____          _____
(TYPE OR PRINT NAME)                   (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Hai H. Lai, Esq.
   b. Address *(number, street, city, and ZIP):*
      9550 Warner Ave., Ste 250
      Fountain Valley, CA 92708-2842
   c. Name of person served: Ngan Thi Kim Tran
   d. Address *(number, street, city, and ZIP):*
      1718 W Bowling St
      Anaheim, CA 92804

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*


   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*


   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*


   ☐ List of names and addresses continued in attachment.

MC-050 [Rev. January 1, 2009]

### SUBSTITUTION OF ATTORNEY—CIVIL
### (Without Court Order)

Page 2 of 2

Doc ID: bb1faf420aea4b0432974a2bbf43257e925f4c49

# EXHIBIT C

 The State Bar
of California

Search

# Attorney Profile

# Alex Lan Benedict #184585

## License Status: Active

> **CONSUMER ALERT**
> This attorney has been charged with a felony. The felony matter is pending in Orange County
> Superior Court , case no. 26ZF0004. For more information, contact the court in the jurisdiction
> where the case is pending. The State Bar posts consumer alerts online when lawyers are
> charged in a criminal court with a felony or felonies. Anyone who believes they have been the
> victim of attorney misconduct is urged to file a complaint with the State Bar.
>
> **DISCLAIMER:** The filing of criminal charges does not constitute a finding of guilt or professional
> misconduct. Criminal defendants are presumed to be innocent until proven guilty in a court of
> law.

Address: 10055 Slater Ave Ste 263, Fountain Vally, CA 92708-4722

Phone: 714-916-9796 | Fax: 714-487-5105

Email: alex@lawalb.com | Website: Not Available

More about This Attorney ▲

**CLA Sections:**          None

The California Lawyers Association (CLA) is an independent organization and is not part of the
State Bar of California.

**Self-Reported Practice Areas:**

Note: The State Bar does not verify the accuracy of this content and makes no warranties regarding
experience or competence in practice areas. The State Bar encourages those seeking legal help to
search Certified Specialists, use Certified Lawyer Referral Services, search through
LawHelpCA.org, and use the State Bar's online public information to complement this information.

o Bankruptcy

o Business Law

- ○ Criminal Law
- ○ Family Law
- ○ Litigation
- ○ Personal Injury
- ○ Workers Compensation

**Additional Languages Spoken:**

- ○ By the attorney: Vietnamese
- ○ By staff: Vietnamese

**Law School:** Western State Univ COL; Irvine CA

# License Status, Disciplinary and Administrative History

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's policy on removal of administrative actions. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ❶ | Discipline ❶ | Administrative Action ❶ |
|---|---|---|---|
| **Present** | Active | | |
| **3/2/2004** | | Public reproval with/duties 02-O-15675 ❶ | |
| **4/25/2001** | | Public reproval with/duties 00-O-13132 ❶ | |
| **12/2/1996** | Admitted to the State Bar of California | | |

# State Bar Court Cases

The listing below is partial, as the State Bar Court is transitioning to online dockets. Please refer to the License Status, Disciplinary and Administrative History section above for a record of discipline cases. Case dockets and documents may be available using the State Bar Court Search for a Case feature; see instructions below.

| Effective Date ❶ | Case Number | Description ❶ |
|---|---|---|
| 3/2/2004 | 02-O-15675 | Stipulation [PDF] |

Here is what you need to know to access discipline documents in public cases:

Documents are added to the State Bar Court's online docket as events occur.

Search for a Case

To search for a case, please copy the case number displayed above and click Search for a Case. In the search box, paste the complete case number. If the case number begins with "19" or higher, you must add the prefix SBC to the case number, e.g., SBC [CASE NUMBER]. If a case number begins with 18 or lower, there's no need to add SBC.

Most public case records since 2000 are available through search. Older case records are available on request. The State Bar Court began posting public discipline documents online in 2005.

NOTE: Only Published Opinions may be cited or relied on as precedent in State Bar Court proceedings.

DISCLAIMER: Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The licensee is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.

**Additional Information:**

- About the disciplinary system

Start New Search »

Protecting the public & enhancing the administration
of justice.

San Francisco (Main Office)       Los Angeles
180 Howard St.                    845 S. Figueroa St.
San Francisco, CA 94105          Los Angeles, CA 90017
415-538-2000                      213-765-1000


Help Center           Site Feedback

Contact Us            Careers

Public Records        Staff Logins

News                  My State Bar Profile Login

Our Mission


Copyright ©2025 The State Bar of California      User Policies

# EXHIBIT D

# Case Summary

**Case Number:**              26ZF0004

**OC Pay Number:**            12157629

**Originating Court:**        Central

**Pay or Appear by:**

**Traffic School Completion Date:**

**Next Payment Date:**

**Defendant:**                Benedict, Alex Lan

## Demographics

Eyes:        Brown

Hair:        Black

Height (ft/in):  5'6"

Weight (lbs):  150

### Names:

| Last Name | First Name | Middle Name | Type |
|-----------|-----------|-------------|------|
| Benedict | Alex | Lan | Real Name |

## Case Status

Status:                Open

Case Stage:

Release Status:        Bail - conditional release

Warrant:               N

DMV Hold:              N

Charging Document:     Indictment

Mandatory Appearance: Y

Owner's Resp:          N

Amendment #:           0

**Counts:**

| Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 03/07/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 | | |
| 2 | 0 | 11/09/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 | | |
| 3 | 0 | 03/31/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 | | |
| 4 | 0 | 10/09/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 | | |
| 5 | 0 | 11/09/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 | | |
| 6 | 0 | 03/31/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 | | |
| 7 | 0 | 11/09/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 | | |

| 8 | 0 | 09/11/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
|---|---|---|---|---|---|---|---|
| 9 | 0 | 08/17/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 10 | 0 | 08/17/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 11 | 0 | 08/17/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 12 | 0 | 10/16/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 13 | 0 | 09/23/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 14 | 0 | 07/03/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 15 | 0 | 05/08/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 16 | 0 | 05/08/2024 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 17 | 0 | 07/03/2024 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 18 | 0 | 03/13/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 19 | 0 | 03/13/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 20 | 0 | 03/13/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 21 | 0 | 05/15/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 22 | 0 | 04/20/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 23 | 0 | 03/20/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 24 | 0 | 03/20/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 25 | 0 | 03/20/2024 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 26 | 0 | 03/20/2024 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 27 | 0 | 06/04/2024 | 750(a) IC | F | Unlawful offer or receipt for referral of | NOT GUILTY | 01/26/2026 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | clients | | |
| 28 | 0 | 04/08/2024 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 29 | 0 | 01/12/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 30 | 0 | 01/17/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 31 | 0 | 11/20/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 32 | 0 | 01/12/2024 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 33 | 0 | 06/11/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 34 | 0 | 03/29/2024 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 35 | 0 | 05/17/2024 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 36 | 0 | 02/02/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 37 | 0 | 12/02/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 38 | 0 | 02/02/2024 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 39 | 0 | 03/19/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 40 | 0 | 03/19/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 41 | 0 | 12/19/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 42 | 0 | 03/16/2024 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 43 | 0 | 03/16/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 44 | 0 | 03/16/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 45 | 0 | 01/04/2024 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 46 | 0 | 03/16/2024 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 47 | 0 | 11/06/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 48 | 0 | 08/16/2023 | 549 PC | F | False or fraudulent claims, solicitation, | NOT GUILTY | 01/26/2026 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 49 | 0 | 11/06/2023 | 750(a) IC | F | acceptance or referral of business Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 50 | 0 | 11/06/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 51 | 0 | 08/16/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 52 | 0 | 11/06/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 53 | 0 | 03/08/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 54 | 0 | 01/08/2024 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 55 | 0 | 03/08/2024 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 56 | 0 | 03/18/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 57 | 0 | 01/08/2024 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |

| 58 | 0 | 03/18/2024 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
|---|---|---|---|---|---|---|---|
| 59 | 0 | 07/17/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 60 | 0 | 04/17/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 61 | 0 | 07/17/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 62 | 0 | 08/30/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 63 | 0 | 08/30/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 64 | 0 | 05/25/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 65 | 0 | 08/30/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 66 | 0 | 07/01/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 67 | 0 | 07/01/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 68 | 0 | 03/20/2023 | 549 PC | F | False or fraudulent claims, solicitation, | NOT GUILTY | 01/26/2026 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | acceptance or referral of business | | |
| 69 | 0 | 03/20/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 70 | 0 | 08/04/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 71 | 0 | 07/02/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 72 | 0 | 03/11/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 73 | 0 | 08/30/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 74 | 0 | 03/11/2024 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 75 | 0 | 12/28/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 76 | 0 | 12/04/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 77 | 0 | 12/04/2023 | 549 PC | F | False or fraudulent claims, solicitation, | NOT GUILTY | 01/26/2026 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | acceptance or referral of business | | |
| 78 | 0 | 03/08/2024 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 79 | 0 | 12/24/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 80 | 0 | 06/07/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 81 | 0 | 04/05/2024 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 82 | 0 | 06/07/2024 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 83 | 0 | 10/29/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 84 | 0 | 09/12/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 85 | 0 | 10/28/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 86 | 0 | 09/12/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 87 | 0 | 10/16/2023 | 549 PC | F | False or fraudulent claims, solicitation, | NOT GUILTY | 01/26/2026 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | acceptance or referral of business | | |
| 88 | 0 | 12/05/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 89 | 0 | 10/29/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 90 | 0 | 01/08/2024 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 91 | 0 | 10/28/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 92 | 0 | 10/28/2023 | 550(a)(1) PC | F | Making false or fraudulent claims | NOT GUILTY | 01/26/2026 |
| 93 | 0 | 09/12/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 94 | 0 | 09/12/2023 | 549 PC | F | False or fraudulent claims, solicitation, acceptance or referral of business | NOT GUILTY | 01/26/2026 |
| 95 | 0 | 12/05/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |
| 96 | 0 | 10/28/2023 | 750(a) IC | F | Unlawful offer or receipt for referral of clients | NOT GUILTY | 01/26/2026 |

**Co Defendants:**

| Last Name | First Name | Release Status | Status Date |
|---|---|---|---|
| Tran | Nghia | Bail - conditional release | 03/13/2026 |

**Participants:**

| Role | Badge | Agency | Name | Vacation Start | Vacation End |
|---|---|---|---|---|---|
| Retained Attorney | | RETAT | Fredrick, Mark | | |
| District Attorney | | OCDA | Van Stralen, Aaron | | |

**Scheduled Hearing:**

| Date | Hearing Type - Reason | Courtroom |
|---|---|---|
| 06/12/2026 | Pre Trial - | C5 |

**Heard Hearings:**

| Date | Hearing Type - Reason | Courtroom | Hearing Status | Special Hearing Result |
|---|---|---|---|---|
| 01/23/2026 | Hearing - | C5 | Heard | |
| 01/26/2026 | Arraignment - | C5 | Heard | General Time Waiver |
| 02/20/2026 | Pre Trial - | C5 | Heard | |
| 02/20/2026 | Hearing Bail Review | C5 | Heard | waives statutory time for |
| 03/13/2026 | Hearing Bail Review | C35 | Heard | waives statutory time for |
| 06/12/2026 | Jury Trial - | C5 | Cancel | |

**Bond:**

| Bail Date | Post Amount | Bondsman | Bondsman Address | Surety | Surety Address | Details | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Action | Action Date | Amount |
| 01/26/2026 | 30000.0 | Harvey Sparber Bail Bonds | | Lexington National Insurance Corporation | | | | |
| | | | | | | Active | 01/26/2026 | 30000 |

MINH TUONG NGUYEN
840 Chateau Ct
Garden Grove, CA 92841
Phone: (828) 666-3388
Email: minhnguyensteven@gmail.com

Defendant, In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br>    Debtor.<br><br>---<br><br>PAUL NGUYEN,<br><br>    Plaintiff,<br><br>  v.<br><br>MINH TUONG NGUYEN<br><br>    Defendant. | Case No. 8:26-bk-10347<br>Adv. No.: 8:26-ap-01027-SC<br><br>**DEBTOR'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1) (ACTION IN NONBANKRUPTCY FORUM)** |

Pursuant to Federal Rule of Evidence 201, Debtor Minh Tuong Nguyen respectfully requests that the Court take judicial notice of the following matters of public record:

Documents for Which Judicial Notice Is Requested

Exhibit A: Minute Order dated 05/21/2025 issued by the Orange County Superior Court, in the matter entitled *Lam v. Nguyen*, Orange County Superior Court Case No. 30-2022-01253059-CU-OR-NJC.

1

REQUEST FOR JUDICIAL NOTICE

LEGAL BASIS FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201(b), a court may take judicial notice of facts that are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Courts may take judicial notice of court filings and orders in other proceedings. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (courts may take judicial notice of records in other cases); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (judicial notice of court filings and matters of public record is appropriate); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of matters of public record); see also *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice of proceedings in other courts).

The documents identified above are official filings and orders of the Orange County Superior Court and are matters of public record not subject to reasonable dispute. Debtor does not request that the Court accept the truth of disputed factual assertions contained therein, but only that the Court take notice of the existence, filing, and contents of those court records.

Accordingly, Debtor respectfully requests that the Court take judicial notice of Exhibit A.

Respectfully submitted,

Dated: May 26, 2026

By: _____
Minh Tuong Nguyen,
In Pro Per

2

REQUEST FOR JUDICIAL NOTICE

# EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**NORTH JUSTICE CENTER**

### MINUTE ORDER

DATE: 05/21/2025                    TIME: 10:00:00 AM        DEPT: N18

JUDICIAL OFFICER PRESIDING: Scott A Steiner
CLERK: L. Chico
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: L. Diaz

CASE NO: **30-2022-01253059-CU-OR-NJC**    CASE INIT.DATE: 04/04/2022
CASE TITLE: **Lam vs. Nguyen**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other Real Property

---

EVENT ID/DOCUMENT ID: 74557320

**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Terminating Sanctions, 05/05/2025

---

EVENT ID/DOCUMENT ID: 74557321

**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Termination of Sanctions, 03/06/2025

---

EVENT ID/DOCUMENT ID: 74557322

**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Termination of Sanctions, 03/06/2025
Additional events listed on last page.

---

**APPEARANCES**
Hai H. Lai, from Law Office of Hai H. Lai, present for Plaintiff(s) remotely.

---

Tentative ruling posted on the internet.

Hearing held, all participants appearing remotely.

In open court at 10:16 AM, there is no appearance on behalf of defendants.

The Court modifies the tentative ruling as follows:

Plaintiff Ngoc Lam's ("Plaintiff") motions for terminating and monetary sanctions, and to strike the answer of defendants Minh T. Nguyen and Ngan T. K. Tran (collectively, "Defendants"), are granted. (ROA 264, 268.)

CCP section 2023.030 outlines the various sanctions that may be imposed "against anyone engaging in conduct that is a misuse of the discovery process," including: monetary sanctions, issue sanctions, evidence sanctions, a terminating sanction, and a contempt sanction. These sanctions may be imposed

---

DATE: 05/21/2025                    MINUTE ORDER                              Page 1
DEPT: N18                                                              Calendar No.

CASE TITLE: Lam vs. Nguyen

CASE NO:

30-2022-01253059-CU-OR-NJC

by the court, "after notice to any affected party, person, or attorney, and after opportunity for hearing." (Code Civ. Proc., § 2023.030.) Failure to respond to an authorized method of discovery is a misuse of the discovery process. (Code Civ. Proc. § 2023.010, subd. (d).) So, too, is disobeying "a court order to provide discovery." (Code Civ. Proc. § 2023.010, subd. (g).) "Once a party or witness has been ordered to attend a deposition, or to answer discovery, or to produce documents, more severe sanctions are available for continued refusal to make discovery." (Cal. Prac. Guide Civ. Pro. Before Trial at ¶ 8:2145, emphasis in original.)

Generally, terminating sanctions should be imposed only if the court has found a willful failure to comply (R.S. Creative, Inc. v. Creative Cotton, Ltd. (1999) 75 Cal.App.4th 486, 496); or, if it appears the "conduct was clear and deliberate, and "no lesser alternatives would remedy the situation" (Del Junco v. Hufnagel (2007) 150 Cal.App.4th 789, 799-800.) The burden of showing sanctions are not justified, i.e., that the responding party did not willfully fail to perform, lies with the responding party. (See Corns v. Miller (1986) 181 Cal.App.3d 195, 201.)

Here, Plaintiff has established that Defendants Tran and Nguyen have each failed to comply with this Court's 11/20/24 and 12/4/24 discovery orders. (ROA 264, 268.) Plaintiff's counsel attests that Defendants have not provided any of the court-ordered discovery responses (nor have Defendants paid any of the monetary sanctions). (Lai Decls. at ¶¶ 4-6.) This discovery encompassed basic information and documents Plaintiff would need to prosecute this action. For example, Plaintiff asked for documents that reflect deposits, transfers or withdrawal of the money that Plaintiff allegedly gave to Defendants. Despite Defendants' promises that supplemental responses would be served, or that documents would be produced, nothing further has been provided. (Lai Decls. at ¶ 4, Exh. 3.)

Further, Defendants' counsel was unable to explain to the court the reason for Defendants' discovery violations; and, Defendants have not provided any assurance that these violations would be cured. (ROA 306—Lai Supp. Decl. at ¶ 2.) As such, and based in part on the representations of defense counsel who appeared on the ex parte (ROA 290) hearings of May 6 and 7, 2025, the Court finds Defendants have failed to comply with their discovery obligations, and that their failure is unduly prejudicial to Plaintiff. Defense counsel appearing for counsel of record (Alex Benedict) at the ex parte of May 6 (Ryan Jackman) was given every opportunity to explain the failure to comply with any of the Court's previous discovery orders. Unable to do so, the Court ordered counsel of record (Mr. Benedict) to appear the next day. Without explanation, Mr. Benedict did not appear, however, despite this order. Counsel who did appear for Mr. Benedict on May 7 (John Hamilton, from Mr. Benedict's office) also had no adequate explanation, and conceded that in fact the Court's discovery orders had in fact been ignored. The Court was presented with some explanation that Mr. Benedict had been involved in a "car accident" and had "brain injuries." Incredibly, and in response to the Court's questions as to whether Mr. Benedict was unable to represent the defendants, Mr. Hamilton stated Mr. Benedict would be representing the defendants in the rapidly approaching jury trial. The failure to comply with the Court's discovery orders can be described as nothing less than "willful." Based on Defendants' actions (and inaction), it appears "lesser" sanctions would not be effective in compelling Defendants' compliance.

Thus, as set forth above, unless Defendants appear at the hearing and show their failure to comply with the discovery orders was not willful, the court intends to grant these motions and to order the Clerk to strike Defendants' answer and enter their defaults.

Monetary Sanctions
In connection with these motions, Plaintiff is awarded monetary sanctions in the amount of $1,860 against Defendant Tran, and monetary sanctions in the amount of $960 against Defendant Nguyen. The sanctions are payable within 30 days of the notice of ruling.

In light of the ruling, above, Plaintiff's second motion for terminating sanctions against Defendant Tran (ROA 290) is denied as moot.

DATE: 05/21/2025

DEPT: N18

MINUTE ORDER

Page 2

Calendar No.

CASE TITLE: Lam vs. Nguyen                                                          CASE                                      NO:
                                                                    **30-2022-01253059-CU-OR-NJC**

The Jury Trial set for 06/09/25 at 9:00 AM in Department N18 is vacated.

The Order to Show Cause re: default prove-up is scheduled for July **24**, 2025, at 9:30AM in Department N18.

Plaintiff to give notice of the ruling.

Court orders Defendants' Answer filed on 02/27/2024 stricken.

The Court orders default entered as to defendants, Minh Tuong Nguyen, AKA Minh, Nguyen, Ngan Thi Kim Tran.

The Jury Trial set for 06/09/2025 at 09:00 AM in Department N18 is vacated.

Court orders clerk to give notice.

---

DATE: 05/21/2025                              MINUTE ORDER                                      Page 3
DEPT: N18                                                                                    Calendar No.

ADDITIONAL EVENTS:

EVENT ID/DOCUMENT ID: 74557324
**EVENT TYPE:** Motion for Terminating Sanctions
MOVING PARTY: Ngoc Tuyet Lam
CAUSAL DOCUMENT/DATE FILED: Motion for Terminating Sanctions, 05/05/2025

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>North Justice Center<br>1275 N. Berkeley Ave<br>Fullerton , CA 92838 | |
|---|---|
| **SHORT TITLE:** Lam vs. Nguyen | |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2022-01253059-CU-OR-NJC** |

I certify that I am not a party to this cause. I certify that that the following document(s), Minute Order dated 05/21/25, was transmitted electronically by an Orange County Superior Court email server on May 27, 2025, at 1:48:26 PM PDT. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

JACKMAN LAW, P.C.
RYAN@JACKMAN.LAW

LAW OFFICE OF HAI H. LAI
ATTORNEY_LAI@YAHOO.COM

THE LAW OFFICES OF ALEX L. BENEDICT &
ASSOCIATES, APLC
ALEX@LAWALB.COM

THE LAW OFFICES OF ALEX L. BENEDICT &
ASSOCIATES, APLC
ALEXBENEDICT2000@YAHOO.COM

Clerk of the Court, by: _____ , Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                                                 Code of Civ. Procedure , § CCP1013(a)

<table>
<tr><td>Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Minh Tuong Nguyen<br>840 Chateau Ct<br>Garden Grove, CA 92841<br>Phone: (818) 666-3388<br>Email: minhnguyensteven@gmail.com<br><br><br>☒ Movant appearing without an attorney<br>☐ Attorney for Movant</td><td>FOR COURT USE ONLY</td></tr>
</table>

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*Name of* DIVISION**

<table>
<tr><td>In re:<br><br>Minh Tuong Nguyen,<br><br><br><br><br>Debtor(s).</td><td>CASE NO.: 8:26-bk-10347-SC<br>CHAPTER: 7</td></tr>
<tr><td></td><td>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)**<br><br>DATE: 07/01/2026<br>TIME: 10:00 a.m.<br>COURTROOM: 5C<br>PLACE: 411 West Fourth Street, Santa Ana, CA 92701</td></tr>
</table>

**MOVANT:** Minh Tuong Nguyen, Debtor

1. The Motion was: ☐ Opposed  ☐ Unopposed  ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

   Name of Nonbankruptcy Action: *Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.*
   Docket number: Case No. 30-2022-01253059-CU-OR-NJC
   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:
   Superior Court of the State of California, County of Orange - North Justice Center

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 1    F 4001-1.RFS.NONBK.ORDER

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☒ Modified or conditioned as set forth in Exhibit __A__ to the Motion.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:** Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

   a. ☐ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b. ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☐ Other *(specify)*:

###

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 2                                    **F 4001-1.RFS.NONBK.ORDER**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9140 Trask Ave, Suite 100, Garden Grove, CA 92844

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 05/26/2026 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Paul Nguyen (Plaintiff), 16027 Brookhurst Street, Suite 1-104, Fountain Valley, CA 92708

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/26/2026 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Eric P. Israel, 2818 La Cienega Ave, Los Angeles, CA 90034 (by email: epi@lnbyg.com)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/26/2026 | Leonard Do | |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9140 Trask Ave, Suite 100, Garden Grove, CA 92844

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge **will be completed** no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/27/2026 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge **will be completed** no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/27/2026 | Huyen Tran | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.