Paul Nguyen
16027 Brookhurst Street, Suite I-104
Fountain Valley, CA 92708
Tel: (949) 923-0106
Mnapaul1@gmail.com

**Creditor Pro Se**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In Re:<br><br>MINH TUONG NGUYEN<br><br>     Debtor. | Case No.: 8:26-bk-10347-SC<br><br>Chapter 7<br><br>**CREDITOR PAUL NGUYEN'S NOTICE OF MOTION AND MOTION UNDER FED. R. BANKR. P. 1014(A)(2) TO DISMISS CHAPTER 7 CASE FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, FOR ORDER REQUIRING DEBTOR TO SHOW CAUSE AND APPEAR FOR EVIDENTIARY HEARING REGARDING VENUE UNDER 28 U.S.C. § 1408**<br><br>DATE: JUNE 30, 2026<br>TIME:  11:00 A.M.<br><br>COURTROOM: 5C<br>JUDGE: HON. SCOTT C. CLARKSON<br>PLACE: 411 W. FOURTH STREET, SANTA ANA, CA 92701 |

**TO THE DEBTOR, DEBTOR'S COUNSEL, CHAPTER 7 TRUSTEE, UNITED STATES**

**TRUSTEE, AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that Creditor Paul Nguyen ("Movant") moves under

Federal Rule of Bankruptcy Procedure 1014(a)(2) for an order dismissing this Chapter 7

case because venue is improper under 28 U.S.C. § 1408.

1

Alternatively, Movant requests an order requiring Debtor Minh Tuong Nguyen ("Debtor") to show cause and appear for an evidentiary hearing to prove the basis for venue in the Central District of California under 28 U.S.C. § 1408.

**DEADLINE FOR OPPOSITION PAPERS:**

This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the Court and serve a copy of it upon Movant at the address set forth above no less than fourteen (14) days prior to the above hearing date.

For a June 30, 2026 hearing, any written opposition must be filed and served no later than **June 16, 2026**.

If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose this Motion and may grant the requested relief.

**REPLY DEADLINE:**

Any reply may be filed and served no later than seven (7) days before the hearing.

For a June 30, 2026 hearing, any reply must be filed and served no later than **June 23, 2026**.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Paul Nguyen, the concurrently filed Request for Judicial Notice, the concurrently filed Compendium of Exhibits, all exhibits contained therein, the record in this case, and any further argument or evidence the Court may permit.

Dated:  June 2, 2026                                Respectfully Submitted;

_____
By: PAUL NGUYEN
    Creditor and Movant

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Relief Requested

Movant requests an order dismissing this case under Federal Rule of Bankruptcy Procedure 1014(a)(2) because Debtor filed this Chapter 7 case in an improper district.

Alternatively, if the Court does not dismiss on the present record, Movant requests an order requiring Debtor to identify and prove the precise statutory basis for venue under 28 U.S.C. § 1408, including whether venue is based on:

1. domicile;

2. residence;

3. principal place of business in the United States; or

4. principal assets in the United States.

Movant further requests that Debtor be required to produce documents and appear personally for examination at an evidentiary hearing.

### II. Introduction

Debtor filed this case in the Central District of California by listing **840 Chateau Ct., Garden Grove, California 92841** as where he lives and checking the Official Form 101 venue box stating: **"Over the last 180 days before filing this petition, I have lived in this district longer than in any other district."**

That venue representation is materially contradicted by Debtor's own later sworn statements and other court-filed evidence.

In his declaration filed in Adversary Proceeding No. 8:26-ap-01027-SC, Debtor declared that during the state-court action he **"resided primarily in Vietnam"** and returned to the United States **"only intermittently."** He also declared that because he

was living primarily in Vietnam and could not independently monitor Orange County Superior Court proceedings, he depended on counsel to inform him of hearings, court orders, deadlines, and matters requiring his participation. (Ex. 3, Adv. Dkt. 19.)

Debtor's family-law declaration similarly states that he operated his media and communications business primarily in Vietnam while Ngan, Debtor's wife/ex-wife maintained ties to the United States, and that in early 2024 both parents were dividing time between Vietnam and the United States under a Vietnam custody arrangement. (Ex. 4, O.C. Super. Ct. Case No. 24D007636.)

Ngan Thi Kim Tran's responsive declaration independently states that Debtor left the United States and relocated to Vietnam, refused to return to the United States to participate in the Lam action, and controlled financial information needed for discovery. Ngan also stated that Debtor removed the child from his known residence in Ho Chi Minh City without informing her. (Ex. 5, O.C. Super. Ct. Case No. 24D007636.)

The venue problem is not cured by Debtor's apparent SOFA disclosure of self-employment through Viet Ideas LLC. (Ex. 7, SOFA excerpt.) If Debtor relies on Viet Ideas as a California business anchor, that position conflicts with his sworn family-law statement that his media and communications business was primarily in Vietnam. (Ex. 4.) It also requires scrutiny because Viet Ideas LLC previously filed Chapter 7, and related bankruptcy records show Tuong Minh Nguyen signing controlled-entity bankruptcy documents as manager/sole member or person in control. (Ex. 6, Case No. 8:23-bk-11642-TA.)

This is not a collateral attack on discharge under § 727. This is a threshold venue motion. The issue is whether Debtor satisfied any § 1408 basis when he filed this case in the Central District of California.

**III. Relevant Facts**

1. Debtor filed this Chapter 7 case on February 4, 2026.

2. Debtor listed 840 Chateau Ct., Garden Grove, California 92841 as where he lives. (Ex. 1, Dkt. 1, Official Form 101.)

3. Debtor checked the petition box stating: "Over the last 180 days before filing this petition, I have lived in this district longer than in any other district." (Ex. 1, Dkt. 1, Official Form 101, Venue Box.)

4. Debtor did not check "I have another reason" and did not identify domicile, principal place of business in the United States, or principal assets in the United States as the basis for venue.

5. Debtor later declared that during the state-court action he resided primarily in Vietnam, returned to the United States only intermittently, and maintained personal and family ties in Vietnam requiring his presence there for extended periods. (Ex. 3, Adv. No. 8:26-ap-01027-SC, Dkt. 19.)

6. Debtor further declared that, because he was living primarily in Vietnam and could not monitor Orange County Superior Court proceedings, he depended on counsel to keep him informed of hearings, orders, deadlines, and matters requiring his response. (Ex. 3, Adv. No. 8:26-ap-01027-SC, Dkt. 19.)

7. Debtor's family-law declaration states that he operated his media and communications business primarily in Vietnam while Ngan maintained ties to the United States. (Ex. 4, O.C. Super. Ct. Case No. 24D007636.)

8. The same declaration states that in early 2024, both parents were dividing time between Vietnam and the United States and had a custody agreement in Vietnam. (Ex. 4, O.C. Super. Ct. Case No. 24D007636.)

9. Ngan declared that Debtor left the United States and relocated to Vietnam, refused to return to the United States to participate in the Lam action, and controlled financial information needed for discovery. (Ex. 5, O.C. Super. Ct. Case No. 24D007636.)

10. Ngan also declared that after she returned to the United States, Debtor removed the child from his known residence in Ho Chi Minh City without informing her. (Ex. 5.)

11. A translated message states that on July 26, 2025, Minh/"ATM USA" wrote: "I do not have time; I have returned to Vietnam. I will not be back for two weeks." (Ex. 8 [translated message].)

12. Debtor's schedules, as understood by Movant, do not disclose ownership or lease of California real property or a U.S. bank account sufficient to establish principal-assets venue. Movant requests that Debtor be required to prove any contrary position through documents.

13. If Debtor relies on Viet Ideas LLC to support venue, the Court should require Debtor to prove that Viet Ideas was an actual operating business in this district during the 180-day venue period, including office, bank accounts, revenue, employees, contracts, books, and source of income.

**IV. Legal Standard**

6

**A.      Venue under 28 U.S.C. § 1408**

Section 1408 permits a bankruptcy case to be filed in the district where, for the 180 days before filing, or for the longer portion of that period, the debtor had:

1.  domicile;

2.  residence;

3.  principal place of business in the United States; or

4.  principal assets in the United States.

The four bases are independent. One valid basis is enough. But the debtor must actually satisfy at least one of them.

**B.      Rule 1014(a)(2)**

Federal Rule of Bankruptcy Procedure 1014(a)(2) governs cases filed in an improper district. If a petition is filed in an improper district, the court may dismiss the case or transfer it after notice and hearing.

**C.      Judicial notice and evidentiary use**

Movant requests judicial notice of court-filed records for their existence, filing dates, contents, and the fact that statements were made in court-filed documents. Movant does not ask the Court to take judicial notice of disputed third-party factual assertions for their truth merely because they were filed. However, Debtor's own sworn statements are independently relevant as admissions and inconsistent venue-related representations.

### V. Argument

**A.      The Court should look past the Garden Grove address because objective facts contradict the residence box Debtor selected on the petition.**

7

Debtor did not merely list a California mailing address. He made a specific venue representation: that he lived in the Central District of California longer than in any other district during the 180-day period before filing.

That representation should be tested against objective facts. In ***Donald v. Curry (In re Donald), 328 B.R. 192, 202–04 (B.A.P. 9th Cir. 2005)***, the debtor filed in the Central District of California using a California address, but objective facts showed that Georgia was the true residence/domicile locus. The Ninth Circuit BAP affirmed transfer and held that domicile is determined by physical presence plus intent, and that self-serving intent statements may be discounted when contradicted by objective facts.

The same principle applies here. Debtor later admitted that he resided primarily in Vietnam and returned to the United States only intermittently. (Ex. 3, Adv. Dkt. 19.) He also stated that because he was living primarily in Vietnam, he depended on counsel to monitor Orange County proceedings. (Ex. 3.)

Those admissions directly contradict the petition's residence representation. The Court should therefore look past the Garden Grove address and require Debtor to prove where he actually lived during the 180-day venue period.

**B.     Residence-based venue requires an actual 180-day residence comparison, not intermittent presence or use of a contact address.**

The proper inquiry is not whether Debtor had some contact with California. The inquiry is where Debtor actually lived for the longer portion of the 180 days before filing.

In ***HSBC Bank USA v. Handel (In re Handel), 253 B.R. 308, 312–13 (B.A.P. 1st Cir. 2000)***, the debtor filed in Massachusetts but lived and worked primarily in New York. The BAP rejected venue based on a secondary Massachusetts home because

8

residence venue requires a qualifying residence for the longer portion of the 180-day period, not a secondary or weekend residence.

Similarly, in **In re Frame, 120 B.R. 718, 720–22 (Bankr. S.D.N.Y. 1990)**, the court counted the days the debtor actually lived in each location during the 180-day period and transferred the case where the debtor lived longer outside the filing district.

Applied here, Debtor should be required to produce a day-by-day residence showing for the 180-day period before February 4, 2026. Debtor's own sworn statements create the need for that showing. He admitted he resided primarily in Vietnam and returned to the United States only intermittently. (Ex. 3, Adv. Dkt. 19.) His family-law declaration also states that he operated his media and communications business primarily in Vietnam while Ngan maintained ties to the United States, and that the parents were dividing time between Vietnam and the United States under a Vietnam custody arrangement. (Ex. 4, O.C. Super. Ct. Case No. 24D007636.)

Occasional physical presence, use of a family address, or use of a contact address is insufficient if Debtor actually lived outside this district for the longer portion of the 180-day venue period.

**C.      Debtor cannot cure the residence defect by shifting to domicile without objective evidence.**

Debtor may attempt to avoid the residence problem by arguing that California remained his domicile. The Court should not accept that fallback theory without evidence.

9

First, Debtor did not select "another reason" or identify domicile as the venue basis. He selected residence. If Debtor now relies on domicile, he should be required to say so expressly and prove it.

Second, domicile is not established by a listed address. Under **Donald**, domicile requires physical presence plus intent to remain or return, and the Court may discount self-serving intent where objective facts point elsewhere. **In re Ku, BAP No. AZ-16-1174, 2017 Bankr. LEXIS 1739, at \*15–23 (B.A.P. 9th Cir. June 23, 2017) (unpublished) (domicile analysis in exemption context; same multi-factor test applies)**, likewise confirms that domicile is fact-intensive and should be decided on a developed evidentiary record, including current residence, bank accounts, family location, employment/business, tax filings, property, driver's license, vehicle registration, and similar objective facts.

Here, the objective facts do not support accepting California domicile on the papers. Debtor admitted primary residence in Vietnam and intermittent U.S. returns. (Ex. 3, Adv. Dkt. 19.) Debtor stated his business was primarily in Vietnam. (Ex. 4, O.C. Super. Ct. Case No. 24D007636.) Ngan, debtor's wife/ex-wife stated Debtor left the United States and relocated to Vietnam, and that he refused to return to participate in the Lam litigation. Ngan also identified Debtor's known residence in Ho Chi Minh City. (Ex. 5, O.C. Super. Ct. Case No. 24D007636.)

Those facts do not conclusively resolve domicile, but they are sufficient to require Debtor to prove any claimed California domicile through objective evidence.

**D.      The principal-place-of-business basis is undermined by Debtor's own Vietnam business declaration and the Viet Ideas inconsistency.**

Section 1408 permits venue based on the debtor's "principal place of business in the United States." If Debtor's actual business was primarily in Vietnam, a foreign business cannot create venue in the Central District of California.

Debtor's family-law declaration states that he operated his media and communications business primarily in Vietnam. (Ex. 4, O.C. Super. Ct. Case No. 24D007636.) That is inconsistent with any attempt to rely on Viet Ideas LLC as a Central District business anchor. If Debtor's SOFA identifies self-employment through Viet Ideas, (Ex. 7, SOFA excerpt), Debtor must prove that Viet Ideas was an actual operating business in this district during the venue period, not merely a label.

The issue is especially significant because Viet Ideas LLC and related controlled entities had prior bankruptcy filings, and bankruptcy records show Tuong Minh Nguyen signing controlled-entity bankruptcy documents as manager/sole member or person in control. (Ex. 6, Case No. 8:23-bk-11642-TA.) If Debtor claims continuing self-employment through Viet Ideas, he should be required to explain whether Viet Ideas was actually operating during the 180-day venue period, where it maintained an office, whether it had employees, books, records, revenue, contracts, bank accounts, equipment, or clients, and whether Debtor's income was paid by Viet Ideas or by a Vietnam-based entity.

Debtor cannot place his business, work life, and residence primarily in Vietnam in one sworn record, then rely on a previously distressed or liquidated California LLC as a bare venue hook in bankruptcy.

**E.    Debtor has not shown principal assets in the Central District.**

If Debtor shifts to principal assets in the United States as the venue basis, he must identify, value, and locate those assets. The Court should not accept a general assertion that litigation claims, LLC interests, or creditor disputes create principal-assets venue.

In *In re Ruona*, No. 7-06-10901 ML, 2006 Bankr. LEXIS 4781, at *10–17 (Bankr. D.N.M. Oct. 16, 2006), the court evaluated all four § 1408 bases by looking to objective facts, including schedules, residence history, public representations, property interests, and where the debtor actually lived. That same practical approach is required here.

The existing facts point away from principal-assets venue in this district. Debtor selected residence-based venue, not asset-based venue. Debtor's sworn statements identify Vietnam-based residence and business activity. If Debtor's schedules show no California real-property ownership, no California leasehold interest, and no U.S. banking, then Debtor must explain what assets allegedly made the Central District the location of his principal assets in the United States.

If Debtor relies on litigation claims, LLC interests, or other intangible assets, he should be required to identify each asset, state its scheduled value, explain where it is located for venue purposes, and show why those assets are principal assets when compared against any foreign home, foreign income stream, foreign business, and foreign accounts.

**F.      The totality of objective facts requires an evidentiary hearing and an order requiring Debtor to prove the actual § 1408 basis.**

The record contains materially inconsistent venue facts.

The petition says Debtor lived in this district longer than any other district. (Ex. 1, Dkt. 1.) Debtor later says he resided primarily in Vietnam and returned to the United States only intermittently. (Ex. 3, Adv. Dkt. 19.) Debtor says he was living primarily in Vietnam and relied on counsel to monitor Orange County proceedings. (Ex. 3.) Debtor's family-law declaration says his media and communications business was primarily in Vietnam. (Ex. 4, O.C. Super. Ct. Case No. 24D007636.) Ngan states that Debtor relocated to Vietnam and refused to return to the United States to participate in litigation. (Ex. 5, O.C. Super. Ct. Case No. 24D007636.) The Viet Ideas records raise further questions about any claimed California business basis. (Exs. 6–7.)

Under the venue authorities above, the Court should not treat venue as established by a petition checkbox. The Court should require Debtor to identify the actual § 1408 basis and prove it.

If Debtor cannot establish residence, domicile, principal place of business in the United States, or principal assets in the United States in the Central District during the statutory period, Rule 1014(a)(2) requires dismissal or transfer. Because Debtor's objective facts point to Vietnam rather than another U.S. district, transfer may not be available unless Debtor identifies a proper U.S. district. Where no proper U.S. district can be identified, dismissal is the indicated remedy under § 1406 and Rule 1014(a)(2). See ***Thompson v. Greenwood*, 507 F.3d 416, 423–24 (6th Cir. 2007)**.

**VI.    Requested Evidentiary Showing**

Movant requests that the Court order Debtor to file a declaration and produce documents sufficient to prove the asserted venue basis.

Debtor should be required to produce:

1.  passport pages and entry/exit records from August 8, 2025 through February 4, 2026;

2.  CBP/I-94 travel history or equivalent records;

3.  a day-by-day residence chart for the 180-day venue period;

4.  documents showing any ownership, lease, utility account, mail delivery, occupancy, or legal right to reside at 840 Chateau Ct.;

5.  documents showing any residence, ownership, lease, utility account, or occupancy in Vietnam during the same period;

6.  all U.S. and Vietnam bank statements for the venue period;

7.  documents showing all sources of income during the venue period;

8.  tax filings or tax-residency documents for 2024, 2025, and 2026;

9.  all employment, ownership, shareholder, officer, member, manager, payroll, tax, and business records for Viet Ideas LLC from January 2024 through the petition date;

10. all records showing whether Viet Ideas LLC was dissolved, suspended, active, revived, or operating after its prior Chapter 7 case;

11. all records showing the location, income, clients, contracts, equipment, employees, books, bank accounts, and business operations of Viet Ideas LLC during the 180-day venue period;

12. records identifying any Vietnam business entity that paid or employed Debtor during the venue period;

13. documents identifying all assets Debtor claims were located in the Central District during the 180-day venue period, including values and ownership documents;

14

14. documents supporting any claim that Debtor's principal place of business in the United States or principal assets in the United States were located in the Central District of California.

## VII.    Conclusion

Debtor selected residence-based venue in this district. But Debtor's own sworn statements, family-law declaration, Ngan's declaration, and business disclosures create a serious factual conflict regarding whether Debtor actually satisfied any venue basis under § 1408.

This motion does not ask the Court to decide a false-oath issue under § 727. It asks the Court to decide a threshold venue issue under § 1408 and Rule 1014(a)(2).

Movant respectfully requests that the Court dismiss this case for improper venue under Rule 1014(a)(2). Alternatively, Movant requests that the Court issue an order requiring Debtor to show cause, identify the precise § 1408 basis for venue, produce supporting documents, and appear for an evidentiary hearing.

Dated:  June 2, 2026                                Respectfully Submitted;


_____

By: PAUL NGUYEN
    Creditor and Movant

15

**DECLARATION OF PAUL NGUYEN IN SUPPORT OF MOTION UNDER FED. R. BANKR. P. 1014(a)(2) TO DISMISS CHAPTER 7 CASE FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, FOR ORDER REQUIRING DEBTOR TO SHOW CAUSE AND APPEAR FOR EVIDENTIARY HEARING REGARDING VENUE UNDER 28 U.S.C. § 1408**

I, Paul Nguyen, declare:

1. I am a creditor and movant in this bankruptcy case. I have personal knowledge of the matters stated in this declaration, except where stated on information and belief. If called as a witness, I could and would testify competently to the matters stated herein.

2. I submit this declaration in support of my Motion under Fed. R. Bankr. P. 1014(a)(2) to dismiss this Chapter 7 case for improper venue, or alternatively to require Debtor Minh Tuong Nguyen to appear for an evidentiary hearing and prove the basis for venue under 28 U.S.C. § 1408.

3. I reviewed Debtor's Voluntary Petition filed in this case as Doc. 1. A true and correct copy of relevant excerpts is attached as **Exhibit 1**. The petition lists Debtor's address as 840 Chateau Ct., Garden Grove, California 92841 and checks the box stating: "Over the last 180 days before filing this petition, I have lived in this district longer than in any other district."

4. I reviewed Debtor's schedules and Statement of Financial Affairs filed in this case. A true and correct copy of relevant excerpts is attached as **Exhibit 2**. Based on my review, Debtor's schedules do not disclose ownership of California real property, a leasehold interest in California real property, or a U.S. bank account sufficient to establish principal-assets venue in this district.

5. I reviewed Debtor's filing in Adversary Proceeding No. 8:26-ap-01027-SC, Doc. 19. A true and correct copy of relevant excerpts is attached as **Exhibit 3**. In that filing,

Debtor states that he "resided primarily in Vietnam" and returned to the United States "only intermittently." Debtor also states that because he was living primarily in Vietnam and could not monitor Orange County Superior Court proceedings, he depended on counsel to keep him informed regarding hearings, court orders, deadlines, and matters requiring his participation or response. (Ex. 3, Adv. No. 8:26-ap-01027-SC, Dkt. 19.)

6. I reviewed Debtor's family-law declaration filed in Orange County Superior Court Case No. 24D007636. A true and correct copy of relevant excerpts is attached as **Exhibit 4**. In that declaration, Debtor states that he operated his media and communication business "primarily in Vietnam" while Ngan maintained ties to the United States. (Ex. 4, O.C. Super. Ct. Case No. 24D007636.)

7. I reviewed the responsive declaration of Ngan Thi Kim Tran filed in Orange County Superior Court Case No. 24D007636. A true and correct copy of relevant excerpts is attached as **Exhibit 5**. Ngan states that Debtor left the United States and relocated to Vietnam, refused to return to the United States to participate in the Lam action, and controlled financial information needed for discovery. (Ex. 5, O.C. Super. Ct. Case No. 24D007636.)

8. I reviewed bankruptcy records for Viet Ideas LLC, Case No. 8:23-bk-11642-TA, and related controlled-entity bankruptcy records. A true and correct copy of relevant excerpts is attached as **Exhibit 6**. Those records are relevant because Debtor appears to rely on Viet Ideas LLC as a current employment or business disclosure, while other court records indicate his media and communications business was primarily in Vietnam.

17

9. I reviewed a translated message attributed to Minh/"ATM USA" dated July 26, 2025, stating: "I do not have time; I have returned to Vietnam. I will not be back for two weeks." A true and correct copy of the translated message is attached as **Exhibit 8**. [Attach translated message and, if available, original language version, before filing.] This statement is relevant because it corroborates Debtor's own sworn admission that he was residing in Vietnam during the period immediately preceding the bankruptcy filing on February 4, 2026.

10. I reviewed Debtor's current Statement of Financial Affairs in this case. If Debtor relies on self-employment through Viet Ideas LLC as a basis for venue, that disclosure appears inconsistent with Debtor's family-law declaration that his media and communications business was primarily in Vietnam. (Ex. 4.) A true and correct copy of the relevant SOFA page is attached as **Exhibit 9**.

11. The documents described above create a factual dispute regarding the basis for venue in this district. Debtor selected residence-based venue, but other sworn statements and court records indicate that Debtor resided primarily in Vietnam, operated his business primarily in Vietnam, and used Viet Ideas LLC despite its prior Chapter 7 filing or related controlled-entity bankruptcy history. True and correct copies of each exhibit, or relevant excerpts thereof, are included in the concurrently filed Compendium of Exhibits as Exhibits 1 through 9 and are incorporated herein by this reference.

12. I request that the Court dismiss the case for improper venue or, alternatively, require Debtor to identify and prove the specific statutory basis for venue under 28 U.S.C. § 1408.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 2, 2026, at Fountain Valley, California.

_____

Paul Nguyen

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.     My business address is:
16027 Brookhurst Street, Suite I-104, Fountain Valley, CA 92708.

A true and correct copy of the foregoing document entitled (*specify*):

REDITOR PAUL NGUYEN'S NOTICE OF MOTION AND MOTION UNDER FED. R. BANKR. P. 1014(A)(2) TO DISMISS CHAPTER 7 CASE FOR IMPROPER VENUE; RJN AND COMPENDIUM OF EXHIBITS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __June 1, 2026__ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
1. Jeffrey I Golden (TR) lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com
2. Eric P Israel epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
3. Leonard Pena lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
4. Joshua L Scheer jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
5. United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov   ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 06/02/2026 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Minh Tuong Nguyen (Debtor)**
840 Chateau Ct,
Garden Grove, CA 92841

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  06/02/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Leonard Pena, Attorney for Debtor Minh Tuong Nguyen:  lpena@penalaw.com
Stephen Wade, attorney for Ashley Nguyen: srw@srwadelaw.com
Cindy Vu:Cindyvip21@yahoo.com;
Reilly Wilkinson, attorney for Van Thi Duong and Green Lotus: rwilkinson@scheerlawgrouup.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/02/2026 | Allan Nguyen | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**