**Cindy Lina Vu**
16284 Mount Islip Circle
Fountain Valley, CA 92708
Telephone: (714) 376-5120
Email: cindyvip21@yahoo.com

**FILED**

JUN 03 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____Deputy Clerk

**Creditor Pro Se**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In Re:

MINH TUONG NGUYEN

                                    Debtor.

Case No.: 8:26-bk-10347-SC

Chapter 7

**LIMITED JOINDER OF CREDITOR CINDY LINA VU IN CREDITOR PAUL NGUYEN'S MOTION UNDER FED. R. BANKR. P. 1014(A)(2) TO DISMISS CHAPTER 7 CASE FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, FOR ORDER REQUIRING DEBTOR TO SHOW CAUSE AND APPEAR FOR EVIDENTIARY HEARING REGARDING VENUE UNDER 28 U.S.C. § 1408; DECLARATION OF CINDY LINA VU; REQUEST FOR JUDICIAL NOTICE**

Date: June 30, 2026
Time: 11:00 A.M.

Creditor Cindy Lina Vu ("Joining Creditor"), appearing in pro per, submits this limited joinder in Creditor Paul Nguyen's Motion Under Fed. R. Bankr. P. 1014(a)(2) to Dismiss Chapter 7 Case for Improper Venue; or, in the Alternative, for Order Requiring Debtor to Show Cause and Appear for Evidentiary Hearing Regarding Venue Under 28 U.S.C. § 1408 (the "Venue Motion").

1

Joining Creditor joins in the relief requested in the Venue Motion. Venue is a threshold issue affecting all creditors' participation and the orderly administration of this estate.

Joining Creditor has a direct and independent stake in this case. She has filed an adversary proceeding against Debtor, *Vu v. Nguyen*, Adv. No. 8:26-ap-01044-SC, seeking determination of nondischargeability and denial of discharge. In that adversary proceeding, Joining Creditor alleges that Debtor owes her a debt of at least $406,000 arising from a transaction involving real property located at 10042 Rangeview Drive, Santa Ana, California 92705.

Debtor listed Joining Creditor at an incorrect address in his schedules, affecting notice.

Those allegations establish Joining Creditor's status as a party in interest with a direct stake in proper administration of this case. They are not offered to prove improper venue independently of the evidence in the Venue Motion.

Joining Creditor submits the accompanying Declaration of Cindy Lina Vu based on personal knowledge of Debtor's Vietnam-based business activities and publicly available online materials associated with Debtor and Starworld Group. The declaration supports only the threshold venue showing—specifically the need for an evidentiary hearing if the Court does not dismiss or transfer on the present record.

Joining Creditor seeks no relief beyond what the Venue Motion requests: dismissal or transfer under Fed. R. Bankr. P. 1014(a)(2) if venue is improper, or an order requiring Debtor to show cause and appear at an evidentiary hearing.

Dated:  June 3, 2026                                    Respectfully Submitted;

_____
By: Cindy Lina Vu
     Creditor in Pro Per

2

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  CREDITOR CINDY LINA VU IS A PARTY IN INTEREST

Creditor Cindy Lina Vu is a creditor and party in interest in this Chapter 7 case. Debtor's schedules identify her as a creditor, though at an incorrect address. She has also filed an adversary proceeding, *Vu v. Nguyen*, Adv. No. 8:26-ap-01044-SC, seeking determination of nondischargeability and denial of discharge.

The adversary complaint alleges Debtor owes at least $406,000 arising from transactions involving the Kinglet Property and the Rangeview Property, including real property at 10042 Rangeview Drive, Santa Ana, California 92705.

Joining Creditor has a direct interest in proper venue.

II.  THE ADVERSARY PROCEEDING DOES NOT WAIVE OR CONCEDE MAIN-CASE VENUE

Joining Creditor's adversary proceeding alleges venue under 28 U.S.C. § 1409 because the adversary proceeding arises in and relates to the pending bankruptcy case. That procedural allegation is not a concession that Debtor properly filed the main case in this district under 28 U.S.C. § 1408.

III.  THE VENUE ISSUE AFFECTS THE CREDITOR BODY, NOT ONLY ONE CREDITOR

The Venue Motion asserts that Debtor's own sworn statements and court-filed records raise a material question whether Debtor satisfied any statutory basis for venue in this district during the 180-day period. Venue affects creditor participation, case administration, trustee oversight, and the orderly determination of creditor rights.

IV.   JOINING CREDITOR'S INDEPENDENT CLAIMS SUPPORT HER PARTY-IN-INTEREST STATUS AND THE NEED FOR A THRESHOLD VENUE DETERMINATION

Joining Creditor's adversary complaint, described in Section I above, alleges Debtor owes at least $406,000 tied to the Rangeview Property, that Debtor controlled affiliated bankruptcy filings including Starworld USA LLC, and that her claim was previously scheduled in the Starworld USA LLC case as a Rangeview-linked secured claim. Joining Creditor therefore has a direct interest in whether Debtor selected the proper forum.

V.   JOINING CREDITOR'S PERSONAL KNOWLEDGE REGARDING DEBTOR'S VIETNAM-BASED BUSINESS ACTIVITIES FURTHER SUPPORTS AN OSC OR EVIDENTIARY HEARING

Joining Creditor has personal knowledge that Debtor operated or held himself out as operating Starworld Group, with an online presence at starworldgroup.vn and offices or business locations in Hanoi and Ho Chi Minh City, Vietnam.

Joining Creditor also reviewed a public Facebook profile under the name "Nguyen Tuong Minh," which lists Hanoi, Vietnam as the current residence. These materials are offered solely to support the threshold showing that Debtor's residence, domicile, and business contacts require examination under 28 U.S.C. § 1408.

VI.   LIMITED JOINDER IS APPROPRIATE

Fed. R. Bankr. P. 1014(a)(2) provides that if a petition is filed in an improper district, the Court may dismiss the case or transfer it to another district. The Venue Motion seeks precisely that threshold determination.

4

Joining Creditor supports the requested relief because the record identified in the Venue Motion, together with Joining Creditor's personal-knowledge declaration, raises a sufficient venue issue to require Debtor to identify and prove the statutory basis for venue in this district, including whether venue is based on domicile, residence, principal place of business in the United States, or principal assets in the United States.

If Debtor cannot establish a valid § 1408 basis for venue in this district, the case should be dismissed or transferred under Fed. R. Bankr. P. 1014(a)(2). If the Court does not dismiss or transfer on the present record, the Court should require Debtor to show cause and appear at an evidentiary hearing, with appropriate production of documents sufficient to test venue.

## VII.    REQUESTED RELIEF

Creditor Cindy Lina Vu respectfully joins the Venue Motion and requests the following relief:

1. dismissing this Chapter 7 case for improper venue under Fed. R. Bankr. P. 1014(a)(2);

2. alternatively, transferring the case to a proper district if the Court determines transfer is more appropriate than dismissal; or

3. alternatively, issuing an order requiring Debtor to show cause and appear for an evidentiary hearing to prove venue under 28 U.S.C. § 1408, including production of documents sufficient to establish Debtor's domicile, residence, principal place of business in the United States, and principal assets in the United States during the applicable venue period.

Dated: June 3, 2026                          Respectfully Submitted;

By: CINDY LINA VU
Creditor, In Pro Per

5

## DECLARATION OF CINDY LINA VU IN SUPPORT OF LIMITED JOINDER

I, Cindy Lina Vu, declare as follows:

1.      I am a creditor and party in interest in the Chapter 7 bankruptcy case of Debtor Minh Tuong Nguyen, Case No. 8:26-bk-10347-SC.

2.      I submit this declaration in support of my limited joinder in Creditor Paul Nguyen's Motion Under Fed. R. Bankr. P. 1014(a)(2) to Dismiss Chapter 7 Case for Improper Venue; or, in the Alternative, for Order Requiring Debtor to Show Cause and Appear for Evidentiary Hearing Regarding Venue Under 28 U.S.C. § 1408.

3.      I have personal knowledge of the facts stated in this declaration. If called as a witness, I could and would competently testify to the facts stated herein.

4.      I have filed an adversary proceeding against Debtor, *Vu v. Nguyen*, Adv. No. 8:26-ap-01044-SC, seeking a determination that Debtor's debt to me is nondischargeable and seeking denial of discharge.

5.      My adversary proceeding includes a First Amended Complaint filed on April 3, 2026 as Doc. 4 in Adv. No. 8:26-ap-01044-SC.

6.      My adversary complaint concerns, among other things, a transaction in which Debtor promised me a secured obligation in the principal amount of $406,000 tied to real property located at 10042 Rangeview Drive, Santa Ana, California 92705.

7.      My adversary complaint also alleges that Debtor controlled or authorized multiple affiliated bankruptcy filings, including Starworld USA LLC, and that my claim was previously treated in the Starworld USA LLC case as a Rangeview-linked secured claim.

8.      My adversary complaint further alleges that Debtor listed me in his bankruptcy schedules at an incorrect address. My correct address is 16284 Mount Islip Circle, Fountain Valley,

6

California 92708.

9. I am therefore independently affected by Debtor's bankruptcy case and have a direct interest in proper administration of the case, including whether Debtor filed the case in a proper venue.

10. Based on personal knowledge, Debtor operated Starworld Group, with an online presence at starworldgroup.vn and offices in Hanoi and Ho Chi Minh City, Vietnam. I have personally reviewed the public website at starworldgroup.vn.

11. Based on my personal knowledge, Debtor's Starworld Group business has maintained an online presence, including through the website starworldgroup.vn and related social-media pages.

12. I have also personally reviewed a public Facebook profile appearing under the name "Nguyen Tuong Minh" and associated with the handle/page information.

13. The Facebook profile appearing under the name "Nguyen Tuong Minh" identifies Hanoi, Vietnam as the current residence/location of the person associated with that profile.

14. The Facebook profile appearing under the name "Nguyen Tuong Minh" also identifies a marital relationship with Luu Nga.

15. I include the marital-status reference solely because it appears alongside the Hanoi, Vietnam location information on the same profile, and is consistent with the venue issue. profile information identifying Hanoi, Vietnam, and because it is consistent with the existing venue issue concerning Debtor's residence, domicile, family ties, and business activity in Vietnam.

16. Based on my personal knowledge of Debtor's Vietnam-based business activities, and based on the public online materials I reviewed, I support the request that Debtor be required to

identify and prove the actual statutory basis for venue in the Central District of California under 28 U.S.C. § 1408.

17.    I specifically support the request that Debtor be required to produce documents and appear for an evidentiary hearing sufficient to establish whether, during the applicable 180-day venue period, Debtor's venue was properly based on:

a. domicile;

b. residence;

c. principal place of business in the United States; or

d. principal assets in the United States.

18.    If Debtor cannot establish a valid statutory basis for venue in the Central District of California, I support dismissal or transfer under Fed. R. Bankr. P. 1014(a)(2).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 3, 2026, at Fountain Valley, California.

CINDY LINA VU

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled (*specify*): Limited Joinder of Creditor
Cindy Ling Vu In Creditor Paul Nguyen's Motion Under Fed. R. Bankr. P.
1014(A)(2) To Dismiss Chapter 7 Case for Improper Venue.

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 6/3/2026 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Minh Tuong Nguyen
840 Chateau Ct.
Garden Grove CA 92841

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 6/2/2026 | DongSa Nguyen | _signature_ |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                      **F 9013-3.1.PROOF.SERVICE**