| Attorney or Party Name, Address, Telephone and FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leonard Pena<br>1003 Diamond Avenue Suite 202<br>South Pasadena, CA 91030<br>(626) 396-4000  Fax: (626) 498-8875<br>California State Bar Number: 192898 CA<br>lpena@penalaw.com | |

☐ Individual appearing without attorney
☒ Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL  DISTRICT OF CALIFORNIA,**

| In re:<br><br>     Minh Tuong Nguyen<br><br><br><br><br><br><br><br><br><br>                                      Debtor(s) | CASE NO.: 8:26-bk-10347 SC<br>CHAPTER: 7<br><br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (title of motion[1]):<br><br> MOTION FOR RELEIF FROM THE AUTOMATIC STAY |
|---|---|

PLEASE TAKE NOTE that the order titled ____Order Denying Motion For Relief From The Automatic Stay Under 11 U.S.C. Sec. 362__ was lodged on (date) __6/4/2026___ and is attached. This order relates to the motion which is docket number ___43___.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                     Page 1           **F 9021-1.2.BK.NOTICE.LODGMENT**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>LEONARD PEÑA (SBN: 192898)<br>Peña & Soma, APC<br>1003 Diamond Ave., Suite 202<br>South Pasadena, California 91030<br>Telephone: (626) 396-4000<br>Email: lpena@penalaw.com<br><br><br>☒ *Attorney for Debtor*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>MINH TUONG NGUYEN,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:26-bk-10347-SC<br><br>CHAPTER: 7 |
|---|---|

| | **ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** |
|---|---|

| | DATE: June 3, 2026<br>TIME: 10:00 a.m.<br>COURTROOM: 5C<br>PLACE: 411 West 4th Street<br>Santa Ana, California |
|---|---|

**Movant:** Paul Nguyen

1. The Motion was: ☒ Opposed  ☐ Unopposed  ☐ Not Prosecuted

2. The description of the Property or Nonbankruptcy Action to which this order applies is as follows *(specify street address, legal description, personal property description or Nonbankruptcy Action):*

   Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al., OCSC Case No. 30-2022-01253059-CU-OR-CJC
   (Orange County Superior Court)

3. The Motion is denied: ☒ without prejudice  ☐ with prejudice  ☐ on the following grounds:

   a. ☒ Based upon the findings of fact and conclusions of law made on the record at the hearing

   b. ☐ Unexcused non-appearance by Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

c. ☐ Lack of proper service

d. ☒ Lack of good cause shown for relief from stay

e. ☐ No stay is in effect under:

    (1) ☐ 11 U.S.C. § 362(c)(2)(A)

    (2) ☐ 11 U.S.C. § 362(c)(2)(B)

    (3) ☐ 11 U.S.C. § 362(c)(3)(A)

    (4) ☐ 11 U.S.C. § 362(c)(4)(A)

f. ☒ Other *(specify)*: Based upon the Court's tentative ruling, attached as Exhibit "A" hereto, which is adopted as the final ruling of the Court as supplemented by the Court's findings and rulings made on the record at the hearing.

4. ☐ Movant may not file another motion for relief from the stay in this bankruptcy case absent a court order authorizing the filing of another motion.

###

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 2                                    **F 4001-1.RFS.DENY.ORDER**

# EXHIBIT A

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Wednesday, June 3, 2026**                                                                 **Hearing Room        5C**

---

<u>10:00 AM</u>
**8:26-10347    Minh Tuong Nguyen**                                                              **Chapter 7**

**#5.00**
CONT'D Hearing RE:   Motion for relief from stay [Action In Non-Bankruptcy Forum]

Paul Nguyen vs. DEBTOR
(Motion filed 4/15/2026)

**[RE:   Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.]**
**[Docket Number:   OCSC Case No. 30-2022-01253059-CU-OR-CJC]**
**[Pending In:   Orange County Superior Court]**

FR:  5-6-26

Docket        43

**Tentative Ruling:**

Tentative for 6/3/26:

Paul Nguyen's Motion for Relief from Stay [Dk. 43], as narrowed by his Reply [Dk. 53], is DENIED without prejudice.

As narrowed, Movant seeks relief under 11 U.S.C. § 362(d)(1) only, limited to the Adore Escrow funds. The requested relief would authorize Adore Escrow to deliver the funds to the Orange County Sheriff and authorize the Sheriff to receive and process the levy. Movant no longer seeks § 362(d)(4) relief, prospective in rem relief, waiver of Rule 4001(a)(4), or relief based on alleged Trustee consent.

Under § 362(d)(1), stay relief may be granted "for cause." Cause is determined case by case. Although § 362(g) places the burden on the party opposing stay relief as to issues other than equity, the movant must first establish a prima facie case that cause exists. *In re Gould*, 401 B.R. 415, 426 (9th Cir. BAP 2009); *Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Relief-from-stay proceedings are summary in nature and do not finally adjudicate claim validity, lien validity, ownership,

---

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Wednesday, June 3, 2026**                                                **Hearing Room      5C**

---

<u>10:00 AM</u>
**CONT...        Minh Tuong Nguyen**                                                **Chapter 7**

defenses, counterclaims, or avoidance rights. *In re Johnson*, 756 F.2d 738, 740 (9th Cir. 1985); *Veal v. American Home Mortgage Servicing, Inc. (In re Veal)*, 450 B.R. 897, 914-15 (9th Cir. BAP 2011).

Movant has shown, at most, a colorable prepetition enforcement position based on the asserted levy and the state-court enforcement order. That showing is sufficient to explain why Movant seeks stay relief, but it does not establish cause for the specific relief requested. The requested relief would not merely preserve Movant's asserted lien position. It would allow the next step in enforcement, delivery of the funds to the Sheriff and processing of the levy.

The Trustee has joined Debtor's opposition and asserts that the execution lien created by the December 2025 levy is avoidable as a preference because it arose within 90 days of the February 4, 2026 petition date. The Trustee further asserts that the funds should be recovered for the benefit of all creditors. The Court does not decide that issue in this summary stay-relief proceeding. But the Trustee's objection identifies an unresolved estate issue that weighs against permitting immediate delivery or processing of the levy.

Movant correctly responds that no avoidance action has been filed and no lien has been avoided. That point means the Court should not treat the lien as avoided. It does not require the Court to authorize enforcement before the Trustee's asserted estate rights are resolved or narrowed.

Moreover, Movant's preference argument does not eliminate the Trustee's asserted avoidance issue. Movant's § 547(b)(5) argument assumes the continuing validity of the same execution lien the Trustee contends is avoidable. If that lien were avoided, Movant would not be secured by the Adore Escrow funds unless he established some other enforceable and unavoidable security interest. Movant's § 547(b)(1) argument also does not compel stay relief. Movant relies on Debtor's prior disclaimer of ownership, but Movant's enforcement theory depends on the levy and state-court enforcement order reaching property subject to enforcement against Debtor. Debtor's prior declaration may be evidence, but it does not, in this summary stay-relief proceeding, finally determine estate ownership, lien validity, or the Trustee's avoidance rights.

---

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Wednesday, June 3, 2026**                                                    **Hearing Room        5C**

---

<u>10:00 AM</u>
**CONT...      Minh Tuong Nguyen**                                                       **Chapter 7**

The lien-pass-through authorities cited by Movant do not compel a different result. *Dewsnup v. Timm*, 502 U.S. 410 (1992), and *Johnson v. Home State Bank*, 501 U.S. 78 (1991), support the general proposition that liens may pass through bankruptcy unless avoided, but they do not eliminate the Trustee's asserted avoidance rights or require immediate enforcement while those rights remain unresolved. *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983), likewise supports only the limited point that prepetition seizure or lien rights do not necessarily remove property from bankruptcy administration.

Because the requested relief would advance enforcement against disputed funds while estate avoidance and administration issues remain unresolved, Movant has not shown cause under § 362(d)(1) for the relief requested. The Motion is therefore DENIED without prejudice to renewal after the relevant estate issues are resolved or narrowed, or to the Trustee seeking appropriate relief.

Appearances are required. The hearing will take place in person and using Zoom for Government, a free service that provides audioconference and videoconference capabilities. Only the parties, including counsels, their clients, and pro se individuals, may virtually join the hearing. No testimony, however, will be permitted unless specifically authorized by the Court either prior to, or during, the hearing. Parties virtually appearing should consult the NOTICE OF VIDEO AND TELEPHONIC APPEARANCE PROCEDURES FOR JUDGE SCOTT CLARKSON'S CASES for specific procedures and further information.

The audio portion of each hearing will be recorded electronically by the Court and constitute its official record. **By Order of the Judicial Conference of the United States, members of the general public may only view the hearings from the Courtroom, which will remain open, or access the hearing by audioconference only, as set forth below. This is a nation-wide mandate and is not subject to this Court's discretion. The Court will have monitors on and viewable within the Courtroom for viewing.**

Hearing participants may connect to the videoconference through an Internet

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

**Wednesday, June 3, 2026**                                        **Hearing Room**        **5C**

<u>10:00 AM</u>
**CONT...**        **Minh Tuong Nguyen**                                                       **Chapter 7**

browser by entering the Videoconference URL shown below, as well as the
meeting ID and password, when prompted.

Videoconference URL:        https://cacb.zoomgov.com/j/1653834913

Meeting ID:        165 383 4913

Password:        107895

If a participant is unable to send and receive audio through his/her computer,
or join the videoconference through an Internet browser for any reason, the
audio of the hearing may be accessed by telephone using the below audio
conference information. PLEASE BE ADVISED THAT THE GENERAL
PUBLIC AND ALL MEDIA MAY ONLY USE THE AUDIO CONFERENCE
SYSTEM BELOW AND MAY NOT UTILIZE THE VIDEO CONFERENCE
SYSTEM.

Audioconference Tel. No.: +1 (669) 254 5252 or +1 (646) 828 7666

Meeting ID:        165 383 4913

Password:        107895

For further details, please consult the instructions on the Court's website
https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson.

Please note that default matters may be called prior to the videoconference,
so there may be a slight delay to the official start time of the videoconference
hearing.

As noted in the Court's Zoom Video Hearing Guide, located at
https://www.cacb.uscourts.gov/node/7890, all persons are strictly prohibited
from making any recording of court proceedings, whether by video, audio,
"screenshot," or otherwise. Violation of this prohibition may result in the
imposition of monetary and non-monetary sanctions.

**Party Information**

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

---

**Wednesday, June 3, 2026**                                                                    **Hearing Room     5C**

---

<u>10:00 AM</u>
**CONT...      Minh Tuong Nguyen**                                                                         **Chapter 7**
   <u>**Debtor(s):**</u>

   Minh Tuong Nguyen                          Represented By
                                             Leonard  Pena


   <u>**Movant(s):**</u>

   Paul  Nguyen                               Pro Se

   <u>**Trustee(s):**</u>

   Jeffrey I Golden (TR)                       Represented By
                                             Eric P Israel

---

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1003 Diamond Avenue Suite 202
South Pasadena, CA 91030

A true and correct copy of the foregoing document entitled (*specify*):    NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE
RE    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On  6/4/2026    , I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List
to receive NEF transmission at the email addresses stated below:

hristopher Cramer on behalf of Interested Party Courtesy NEF
secured@becket-lee.com

Jeffrey I Golden (TR)
lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com

David S Hagen on behalf of Creditor Wendy Slavkin
davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Leonard Pena on behalf of Debtor Minh Tuong Nguyen
lpena@penalaw.com,
penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Joshua L Scheer on behalf of Creditor Green Lotus Group LLC, its
successors and/or assignees
jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

David Tang on behalf of Plaintiff Hanh Huynh
lawyertang@yahoo.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Stephen R Wade on behalf of Plaintiff Ashley Nguyen
srw@srwadelaw.com, reception@srwadelaw.com

Reilly D Wilkinson on behalf of Plaintiff Green Lotus Group LLC
rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com

Reilly D Wilkinson on behalf of Plaintiff Van Thi Duong
rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On  6/4/2026  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

Paul Nguyen
16027 Brookhurst St Ste I-104
Fountain Valley, CA 92708

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 4, 2026 | NOEMI SANDOVAL | /S/ NOEMI SANDOVAL |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.