United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 26-10347-SC |
| Minh Tuong Nguyen | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 1 of 2 |
| Date Rcvd: Jun 12, 2026 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol       Definition**

+       Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.


**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 14, 2026:**

**Recip ID                    Recipient Name and Address**
db                      +  Minh Tuong Nguyen, 840 Chateau Ct,, Garden Grove, CA 92841-4349

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 14, 2026                       Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 12, 2026 at the address(es) listed below:**

**Name                              Email Address**

Christopher Cramer
                            on behalf of Interested Party Courtesy NEF secured@becket-lee.com

David Tang
                            on behalf of Plaintiff Hanh Huynh lawyertang@yahoo.com

David S Hagen
                            on behalf of Creditor Wendy Slavkin davidhagenlaw@gmail.com  LawOfficesofDavidSHagenCA1@jubileebk.net

Eric P Israel
                            on behalf of Trustee Jeffrey I Golden (TR) epi@lnbyg.com  danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Jeffrey I Golden (TR)
                            lwerner@go2.law  kadele@go2.law;C205@ecfcbis.com

Joshua L Scheer
                            on behalf of Creditor Green Lotus Group LLC  its successors and/or assignees jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

District/off: 0973-8 User: admin Page 2 of 2
Date Rcvd: Jun 12, 2026 Form ID: pdf042 Total Noticed: 1

Leonard Pena

on behalf of Debtor Minh Tuong Nguyen lpena@penalaw.com penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Reilly D Wilkinson

on behalf of Plaintiff Green Lotus Group LLC rwilkinson@scheerlawgroup.com rwilkinson@ecf.courtdrive.com

Reilly D Wilkinson

on behalf of Plaintiff Van Thi Duong rwilkinson@scheerlawgroup.com rwilkinson@ecf.courtdrive.com

Stephen R Wade

on behalf of Plaintiff Ashley Nguyen srw@srwadelaw.com reception@srwadelaw.com

United States Trustee (SA)

ustpregion16.sa.ecf@usdoj.gov


TOTAL: 11

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

LEONARD PEÑA (SBN: 192898)
Peña & Soma, APC
1003 Diamond Ave., Suite 202
South Pasadena, California 91030
Telephone: (626) 396-4000
Email: lpena@penalaw.com

FOR COURT USE ONLY

**FILED & ENTERED**

**JUN 12 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY mccall   DEPUTY CLERK**

☒ *Attorney for Debtor*
☐ *Movant appearing without an attorney*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re: | CASE NO.: 8:26-bk-10347-SC |
|---|---|
| MINH TUONG NGUYEN, | CHAPTER: 7 |

**ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

DATE:        June 3, 2026
TIME:        10:00 a.m.
COURTROOM: 5C
PLACE:       411 West 4th Street
             Santa Ana, California

Debtor(s).

**Movant:** Paul Nguyen

1.  The Motion was:   ☒ Opposed   ☐ Unopposed   ☐ Not Prosecuted

2.  The description of the Property or Nonbankruptcy Action to which this order applies is as follows *(specify street address, legal description, personal property description or Nonbankruptcy Action)*:

    Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al., OCSC Case No. 30-2022-01253059-CU-OR-CJC
    (Orange County Superior Court)

3.  The Motion is denied:   ☒ without prejudice   ☐ with prejudice   ☐ on the following grounds:

    a.   ☒ Based upon the findings of fact and conclusions of law made on the record at the hearing

    b.   ☐ Unexcused non-appearance by Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

c. ☐ Lack of proper service

d. ☒ Lack of good cause shown for relief from stay

e. ☐ No stay is in effect under:

    (1) ☐ 11 U.S.C. § 362(c)(2)(A)

    (2) ☐ 11 U.S.C. § 362(c)(2)(B)

    (3) ☐ 11 U.S.C. § 362(c)(3)(A)

    (4) ☐ 11 U.S.C. § 362(c)(4)(A)

f. ☒ Other *(specify)*: Based upon the Court's tentative ruling, attached as Exhibit "A" hereto, which is adopted as the final ruling of the Court as supplemented by the Court's findings and rulings made on the record at the hearing.

4. ☐ Movant may not file another motion for relief from the stay in this bankruptcy case absent a court order authorizing the filing of another motion.

###

Date: June 12, 2026

Scott C. Clarkson
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*        Page 2        **F 4001-1.RFS.DENY.ORDER**

# EXHIBIT A

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Wednesday, June 3, 2026**                                                    **Hearing Room      5C**

10:00 AM
**8:26-10347    Minh Tuong Nguyen**                                                         **Chapter 7**

**#5.00**
CONT'D Hearing RE:   Motion for relief from stay [Action In Non-Bankruptcy
Forum]

Paul Nguyen vs. DEBTOR
(Motion filed 4/15/2026)

**[RE:  Ngoc Tuyet Lam v. Minh Tuong Nguyen, et al.]**
**[Docket Number:   OCSC Case No. 30-2022-01253059-CU-OR-CJC]**
**[Pending In:   Orange County Superior Court]**

FR:  5-6-26

                                   Docket        43

**Tentative Ruling:**

Tentative for 6/3/26:

Paul Nguyen's Motion for Relief from Stay [Dk. 43], as narrowed by his Reply
[Dk. 53], is DENIED without prejudice.

As narrowed, Movant seeks relief under 11 U.S.C. § 362(d)(1) only, limited to
the Adore Escrow funds. The requested relief would authorize Adore Escrow
to deliver the funds to the Orange County Sheriff and authorize the Sheriff to
receive and process the levy. Movant no longer seeks § 362(d)(4) relief,
prospective in rem relief, waiver of Rule 4001(a)(4), or relief based on alleged
Trustee consent.

Under § 362(d)(1), stay relief may be granted "for cause." Cause is
determined case by case. Although § 362(g) places the burden on the party
opposing stay relief as to issues other than equity, the movant must first
establish a prima facie case that cause exists. *In re Gould*, 401 B.R. 415, 426
(9th Cir. BAP 2009); *Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.)*, 205 B.R.
196, 200 (9th Cir. BAP 1996). Relief-from-stay proceedings are summary in
nature and do not finally adjudicate claim validity, lien validity, ownership,

---

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

**Wednesday, June 3, 2026**                                          **Hearing Room        5C**

<u>10:00 AM</u>
**CONT...      Minh Tuong Nguyen**                                                    **Chapter 7**

defenses, counterclaims, or avoidance rights. *In re Johnson*, 756 F.2d 738,
740 (9th Cir. 1985); *Veal v. American Home Mortgage Servicing, Inc. (In re Veal)*, 450 B.R. 897, 914-15 (9th Cir. BAP 2011).

Movant has shown, at most, a colorable prepetition enforcement position based on the asserted levy and the state-court enforcement order. That showing is sufficient to explain why Movant seeks stay relief, but it does not establish cause for the specific relief requested. The requested relief would not merely preserve Movant's asserted lien position. It would allow the next step in enforcement, delivery of the funds to the Sheriff and processing of the levy.

The Trustee has joined Debtor's opposition and asserts that the execution lien created by the December 2025 levy is avoidable as a preference because it arose within 90 days of the February 4, 2026 petition date. The Trustee further asserts that the funds should be recovered for the benefit of all creditors. The Court does not decide that issue in this summary stay-relief proceeding. But the Trustee's objection identifies an unresolved estate issue that weighs against permitting immediate delivery or processing of the levy.

Movant correctly responds that no avoidance action has been filed and no lien has been avoided. That point means the Court should not treat the lien as avoided. It does not require the Court to authorize enforcement before the Trustee's asserted estate rights are resolved or narrowed.

Moreover, Movant's preference argument does not eliminate the Trustee's asserted avoidance issue. Movant's § 547(b)(5) argument assumes the continuing validity of the same execution lien the Trustee contends is avoidable. If that lien were avoided, Movant would not be secured by the Adore Escrow funds unless he established some other enforceable and unavoidable security interest. Movant's § 547(b)(1) argument also does not compel stay relief. Movant relies on Debtor's prior disclaimer of ownership, but Movant's enforcement theory depends on the levy and state-court enforcement order reaching property subject to enforcement against Debtor. Debtor's prior declaration may be evidence, but it does not, in this summary stay-relief proceeding, finally determine estate ownership, lien validity, or the Trustee's avoidance rights.

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

**Wednesday, June 3, 2026**                                                    **Hearing Room        5C**

<u>10:00 AM</u>
**CONT...**        **Minh Tuong Nguyen**                                                    **Chapter 7**

The lien-pass-through authorities cited by Movant do not compel a different result. *Dewsnup v. Timm*, 502 U.S. 410 (1992), and *Johnson v. Home State Bank*, 501 U.S. 78 (1991), support the general proposition that liens may pass through bankruptcy unless avoided, but they do not eliminate the Trustee's asserted avoidance rights or require immediate enforcement while those rights remain unresolved. *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983), likewise supports only the limited point that prepetition seizure or lien rights do not necessarily remove property from bankruptcy administration.

Because the requested relief would advance enforcement against disputed funds while estate avoidance and administration issues remain unresolved, Movant has not shown cause under § 362(d)(1) for the relief requested. The Motion is therefore DENIED without prejudice to renewal after the relevant estate issues are resolved or narrowed, or to the Trustee seeking appropriate relief.

Appearances are required. The hearing will take place in person and using Zoom for Government, a free service that provides audioconference and videoconference capabilities. Only the parties, including counsels, their clients, and pro se individuals, may virtually join the hearing. No testimony, however, will be permitted unless specifically authorized by the Court either prior to, or during, the hearing. Parties virtually appearing should consult the NOTICE OF VIDEO AND TELEPHONIC APPEARANCE PROCEDURES FOR JUDGE SCOTT CLARKSON'S CASES for specific procedures and further information.

The audio portion of each hearing will be recorded electronically by the Court and constitute its official record. **By Order of the Judicial Conference of the United States, members of the general public may only view the hearings from the Courtroom, which will remain open, or access the hearing by audioconference only, as set forth below. This is a nation-wide mandate and is not subject to this Court's discretion. The Court will have monitors on and viewable within the Courtroom for viewing.**

Hearing participants may connect to the videoconference through an Internet

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

**Wednesday, June 3, 2026**                                            **Hearing Room        5C**

<u>10:00 AM</u>
**CONT...      Minh Tuong Nguyen**                                                            **Chapter 7**

browser by entering the Videoconference URL shown below, as well as the meeting ID and password, when prompted.

Videoconference URL:      https://cacb.zoomgov.com/j/1653834913

Meeting ID:      165 383 4913

Password:        107895

If a participant is unable to send and receive audio through his/her computer, or join the videoconference through an Internet browser for any reason, the audio of the hearing may be accessed by telephone using the below audio conference information. PLEASE BE ADVISED THAT THE GENERAL PUBLIC AND ALL MEDIA MAY ONLY USE THE AUDIO CONFERENCE SYSTEM BELOW AND MAY NOT UTILIZE THE VIDEO CONFERENCE SYSTEM.

Audioconference Tel. No.: +1 (669) 254 5252 or +1 (646) 828 7666

Meeting ID:      165 383 4913

Password:        107895

For further details, please consult the instructions on the Court's website https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson.

Please note that default matters may be called prior to the videoconference, so there may be a slight delay to the official start time of the videoconference hearing.

As noted in the Court's Zoom Video Hearing Guide, located at https://www.cacb.uscourts.gov/node/7890, all persons are strictly prohibited from making any recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

**Party Information**

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

**Wednesday, June 3, 2026**                                    **Hearing Room       5C**

<u>10:00 AM</u>
**CONT...       Minh Tuong Nguyen**                                            **Chapter 7**

   **<u>Debtor(s):</u>**

   Minh Tuong Nguyen              Represented By
                                 Leonard  Pena

   **<u>Movant(s):</u>**

   Paul  Nguyen              Pro Se

   **<u>Trustee(s):</u>**

   Jeffrey I Golden (TR)              Represented By
                                  Eric P Israel