LEONARD PEÑA (State Bar No. 192898)
lpena@penalaw.com
PEÑA & SOMA, APC
lpena@penalaw.com
1003 Diamond Avenue, Suite 202
South Pasadena, California 91030
Telephone (626)396-4000
Facsimile (626)498-8875

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>MINH TUONG NGUYEN,<br><br>                    Debtor. | Case No.: 8:26-bk-10347-SC<br><br>CHAPTER 7<br><br>DEBTOR MINH TUONG NGUYEN'S OPPOSITION TO CREDITOR PAUL NGUYEN'S MOTION TO DISMISS FOR IMPROPER VENUE; DECLARATION OF MINH TUONG NGUYEN IN SUPPORT THEREOF<br><br>Date: June 30, 2026<br>Time: 11:00 A.M.<br>Courtroom: 5C<br>Place: 411 W. Fourth Street, Santa Ana, Ca 92701 |

**TO THE HON. SCOTT CLARKSON, CREDITOR PAUL NGUYEN, AND ALL**

**PARTIES IN INTEREST:**

  Debtor Minh Tuong Nguyen ("Debtor"), by and through his

counsel of record, hereby submits this Opposition to Creditor

Paul Nguyen's Motion to Dismiss for Improper Venue or, in the

Alternative, for Order Requiring Debtor to Show Cause

("Motion").

1

## I.   INTRODUCTION

Movant's Motion should be denied. Venue in the Central District of California is proper under 28 U.S.C. § 1408 because Debtor resided at 840 Chateau Court, Garden Grove, California 92841—located within the Central District—for the longer portion of the 180-day period immediately preceding the February 4, 2026, petition date.

Debtor's representation on Official Form 101 was accurate. While Debtor traveled internationally to Vietnam he maintained his domicile and principal residence in Garden Grove, California. His California ties are extensive: he has lived at the Garden Grove address for years, and operates Viet Ideas LLC, a California limited liability company, as his business entity. At all relevant times, California was his intended permanent home.

Movant selectively quotes statements from separate proceedings to manufacture a venue dispute. Those statements, read in context, do not establish that Debtor's domicile or primary residence shifted to Vietnam. Debtor's travel to Vietnam to care for a gravely an ill parent does extinguish or transfer his California domicile.

Venue is proper. The Motion should be denied.

## II.   LEGAL STANDARD

Venue is proper in the district where the debtor has maintained his domicile, residence, principal place of business in the United States, or principal assets in the United States for the greater part of the 180-day period before the petition

2

date. 28 U.S.C. § 1408. Satisfaction of any one basis is sufficient.

Domicile is established by physical presence in a place with the intent to remain there indefinitely or to return after temporary absences. *In re Donald*, 328 B.R. 192, 202 (B.A.P. 9th Cir. 2005). A domicile once established continues until a new domicile is acquired; abandonment of domicile requires both a change in physical presence and a clear intent to abandon the old domicile and permanently establish a new one. *Id.* Temporary absence from the domicile—even extended absence—does not effectuate a change of domicile absent that intent.

The burden of establishing improper venue rests with the movant. Movant has not met that burden here.

**III. ARGUMENT**

**A. Debtor Was Domiciled in the Central District of California at the Time of Filing.**

Debtor resided at 840 Chateau Court, Garden Grove, California 92841 as his primary home. He has lived at this address continuously, has maintained it as his legal address for all governmental and business purposes, and has always intended California to be his home.

While Debtor has traveled to Vietnam for family those trips have been temporary in nature. Debtor did not acquire a new domicile in Vietnam. He as at all times maintained the intent to remain a California resident. Temporary presence abroad—no matter its duration—does not change domicile absent the formation of a clear, definitive intent to permanently relocate. Debtor has never formed that intent.

3

During the specific 180-day period before the February 4, 2026 petition date (August 8, 2025 through February 4, 2026), Debtor was present in California for the greater portion of that period and was domiciled in California at all times throughout that period.

**B. Movant's Selective Quotation of Prior Declarations Does Not Establish That Venue Is Improper.**

Movant relies on statements made by Debtor in an adversary proceeding declaration and in family-law proceedings to argue that Debtor was 'residing primarily in Vietnam.' Those statements, read in their full context, were made to explain why Debtor had difficulty monitoring domestic court proceedings in real time—not to establish Vietnam as his permanent home or legal domicile.

Courts routinely distinguish between the practical reality of extended travel or time abroad and a legal change of domicile. A person can spend significant time in another country while remaining legally domiciled in California if the intent to return and maintain California as home is present. Debtor has always maintained that intent.

Moreover, the declarations in the family court proceeding are responsive pleadings filed in an adversarial context. They reflect one party's characterization of disputed facts and are not binding admissions by Debtor. This Court should not treat those third-party statements as establishing venue defects when Debtor's own sworn declaration directly addresses and clarifies his residency and domicile.

**C.    Viet Ideas LLC Supports, Rather Than Undermines, California Venue.**

Viet Ideas LLC is a California limited liability company through which Debtor conducted business in the Central District during the relevant period. Debtor's disclosure of self-employment through Viet Ideas on his Statement of Financial Affairs is consistent with his California domicile and residence. While Movant raises questions about Viet Ideas' prior bankruptcy history, that history does not negate the existence of Debtor's California business connections during the venue period.

**D.    Debtor's Post-Petition Travel to Vietnam to Care for His Ill Mother Does Not Affect Venue.**

After the filing of this Chapter 7 petition, the Debtor was obligated to travel to Vietnam due to his mother's illness which requires Debtor's personal care and presence. This post-petition travel is entirely unrelated to the question of venue, which is determined by the debtor's domicile or residence in the 180 days before the petition date. It does not alter, diminish, or undermine the validity of the Central District of California as the proper venue for this bankruptcy case.

Debtor's prolonged presence in Vietnam since the petition was filed is not evidence of a change of domicile. Debtor intends to return to California upon his family obligation being resolved. California remains his home.

5

### E.    Creditor Waived Objection

Movant waived his objection to venue.  The Debtor's case was filed over 4 months ago, and during that time Movant has been by far the most active creditor filing a prior motion to dismiss, a motion for relief, a motion for a 2004 examination and also and adversary proceeding against the Debtor.

Lack of venue over a proceeding may be waived either by consent or conduct of a party. *Lomanco, Inc. v. Missouri Pacific Railroad Co.,* 566 F.Supp. 846, 849 (E.D.Ark.1983) (Roy, J.). *In re Fishman,* 205 B.R. 147 (Bankr. E.D. Ark. 1997).It has long been held that, by proceeding with a case, a party waives any right to object to venue. *See In re Smith Jones, Inc.,* 13 B.R. 804, 807 (Bankr.N.D.Tex.1981) ("Failure to timely raise the objection works as a waiver of the objection. Where, as here, defendant proceeds first to challenge the merits of the case and thereafter objects to improper venue it comes too late."). *In re Fishman, 205 B.R. 147 (Bankr. E.D. Ark. 1997).*

Here Movant has actively participated in the Debtor's case filing objections, lawsuits and motions.  Now, perhaps, unhappy with the outcome of his multiple contested matters he seeks dismissal of the Debtor's case.  It would be unjust for Movant to avail himself of the Court to file his many pleadings, but when it becomes inconvenient he objects to venue.

/ / /

/ / /

/ / /

/ / /

/ / /

6

## IV.  CONCLUSION

Debtor respectfully requests that the Court deny the Motion in its entirety.

DATED: June 16, 2026                    PEÑA & SOMA, APC

                              By _____
                                 LEONARD PEÑA
                                 Attorneys for Debtor

7

## DECLARATION OF MINH TUONG NGUYEN

I, Minh Tuong Nguyen, declare as follows:

1.    I am the Debtor in the above-captioned Chapter 7 bankruptcy case. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would testify competently to these facts.

2.    I submit this declaration in opposition to the Motion to Dismiss for Improper Venue filed by Creditor Paul Nguyen ("Motion").

3.    My home address is 840 Chateau Court, Garden Grove, California 92841, which is located within the Central District of California. I have resided at this address as my primary residence and have considered it my home for an extended period prior to filing this bankruptcy case.

4.    I filed this Chapter 7 bankruptcy petition on February 4, 2026. The 180-day period preceding that filing date began on approximately August 8, 2025.

5.    During the 180-day period from approximately August 8, 2025, through February 4, 2026, I resided at 840 Chateau Court, Garden Grove, California 92841, for the greater portion of that period. California was my primary place of residence and my domicile throughout this period. I spent more time in the Central District of California than in any other location—including Vietnam—during this 180-day window.

6.    California is and has always been my permanent home. I have at all times maintained the intent to remain a California

PLEADING TITLE - 1

resident. I am the sole member and manager of Viet Ideas LLC, a California limited liability company, through which I conducted business activity in California.

7. While I have traveled to Vietnam on various occasions for business and family reasons, those trips have been temporary in nature. I have never abandoned my California domicile. I have never formed the intent to permanently relocate to Vietnam or to make Vietnam my permanent home.

8. Regarding statements I made in Adversary Proceeding No. 8:26-ap-01027-SC and in family court proceedings in Orange County Superior Court Case No. 24D007636: those statements were made in specific litigation contexts to explain practical difficulties I experienced in monitoring court proceedings in real time while traveling abroad. Those statements were not intended to, and do not, constitute an admission that I had changed my legal domicile to Vietnam or that Vietnam was my primary place of residence for the greater portion of the 180-day period before I filed this bankruptcy case.

9. Subsequent to filing this bankruptcy petition on February 4, 2026, I have been in Vietnam. I am currently in Vietnam for a serious and urgent family medical reason: my mother is gravely ill and requires my personal care and presence. Her condition is serious, and I have been obligated to remain in Vietnam to assist in her care during this difficult time. I intend to return to California once this family medical emergency is resolved. My absence from California since the

PLEADING TITLE - 2

petition date is a humanitarian circumstance and does not reflect any change in my domicile or intent to relocate permanently.

10. At all times material to the venue question in this case—that is, during the 180 days preceding February 4, 2026—my domicile was California, my primary residence was 840 Chateau Court, Garden Grove, California 92841, and I lived in the Central District of California for the greater portion of that period. Venue in the Central District of California is proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 16, 2026.

MINH TUONG NGUYEN

PLEADING TITLE - 3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1003 Diamond Ave., Suite 202 South Pasadena, California 91030

A true and correct copy of the foregoing document entitled (*specify*): DEBTOR MINH TUONG NGUYEN'S
OPPOSITION TO CREDITOR PAUL NGUYEN'S MOTION TO DISMISS FOR IMPROPER VENUE*;*
DECLARATION OF MINH TUONG NGUYEN IN SUPPORT THEREOF  will be served or was served **(a)** on
the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
6/16/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Jeffrey I Golden (TR)
lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com

Leonard Pena on behalf of Debtor Minh Tuong Nguyen
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov                            ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 6/16/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will
be completed no later than 24 hours after the document is filed.
Hon. Scott C. Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

Paul Nguyen
16027 Brookhurst St Ste I-104
Fountain Valley, CA 92708

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/16/2026 | NOEMI SANDOVAL | /S/ NOEMI SANDOVAL |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.