Jeffrey I. Golden (State Bar No. 133040)
jgolden@go2.law
**GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Chapter 7 Trustee

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:26-bk-10347-SC |
| MINH TUONG NGUYEN | Chapter 7 |
| Debtor. | **OPPOSITION OF CHAPTER 7 TRUSTEE TO CREDITOR PAUL NGUYEN'S MOTION UNDER FRBP 1014(A)(2) TO DISMISS CHAPTER 7 CASE FOR IMPROPER VENUE OR IN THE ALTERNATIVE, FOR AN ORDER REQUIRING DEBTOR TO SHOW CAUSE AND APPEAR FOR EVIDENTIARY HEARING REGARDING VENUE UNDER 28 U.S.C. §1408; DECLARATION OF JEFFREY I. GOLDEN** |
| | Hearing:<br>DATE:    June 30, 2026<br>TIME:    11:00 a.m.<br>CRTRM: 5C<br>PLACE:   411 W. Fourth Street, Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, CREDITOR PAUL NGUYEN, AND ALL OTHER INTERESTED PARTIES:**

The Chapter 7 Trustee, Jeffrey I. Golden ("Chapter 7 Trustee"), hereby submits an opposition ("Opposition") to *Creditor Paul Nguyen's Notice of Motion and Motion Under FRBP 1014(A)(2) to Dismiss Chapter 7 Case for Improper Venue, or in the Alternative, for Order Requiring Debtor to Show Cause and Appear for Evidentiary Hearing Regarding Venue Under 28 U.S.C. 1408* (Dkt. 93, "Motion").  In support of the Opposition, the Chapter 7 Trustee submits the Declaration of Jeffrey I. Golden ("Golden Dec.") in support.

## I.      INTRODUCTION

Creditor Paul Nguyen's ("Movant") Motion is legally unsupported, factually incomplete, and procedurally improper. Venue is proper under 28 U.S.C. § 1408, and the Movant has not met his burden to show otherwise.

Movant's theory rests almost entirely on selective excerpts from declarations filed in unrelated litigation, none of which establish that the Debtor lacked residence, domicile, principal place of business, or principal assets in this District during the 180-day prepetition period. The Motion also improperly demands extensive document production and an order to show cause hearing without any threshold showing of impropriety.

A Chapter 7 Trustee is charged with administering an estate efficiently and in the best interests of creditors.  In this instance, venue is proper and the Motion should be denied in its entirety.

## II.      LEGAL STANDARD

Venue is proper in any district where the debtor had a domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

of business, in the United States, or principal assets in the United States, of such person were located in any other district.  28 U.S.C. § 1408(1) (emphasis supplied).

A movant challenging venue bears the burden of proving improper venue. Movant has failed to provide clear evidence that none of the § 1408 bases are satisfied and has therefore failed to meet his burden.

**III.   <u>VENUE IS PROPER UNDER § 1408</u>**

**A.   <u>Movant Provides No Evidence that the Residence Listed in the Petition is False</u>**

The Debtor's bankruptcy petition lists 840 Chateau Ct., Garden Grove, CA 92841 as the Debtor's residence. Movant acknowledges this fact. The Motion states: "Debtor listed 840 Chateau Ct., Garden Grove, California 92841 as where he lives" and checked the venue box stating he lived in this district longer than any other district. *See* Motion page 5, Section III, paragraphs 2 -3.

The Debtor's sworn representation is prima facie evidence of residence for venue purposes.  Movant offers no contrary evidence showing that the Debtor did not live at the Garden Grove address, that the Debtor lived longer in any other U.S. district, or that the Debtor lacked a residence in this district during the 180-day period.

Instead, Movant relies on statements about the Debtor spending time in Vietnam. Such statements alone are not sufficient to establish that venue is improper. What the Movant fails to acknowledge is that Section 1408 compares U.S. districts, not foreign countries. A debtor may reside abroad for part of the period and still satisfy § 1408 if the longest U.S. residence was in this district. The Movant provides no day-count analysis and no evidence of residence in any other U.S. district. Thus, Movant fails to rebut the petition's prima facie showing.

**B.   <u>Movant Mischaracterizes the Debtor's Declarations</u>**

Movant cites a declaration in which Debtor stated he "resided primarily in Vietnam" and returned to the U.S. "only intermittently." *See* Motion page 8, lines 12-13. However, these statements were made in the context of explaining difficulties participating in

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

3

state-court litigation, not describing his residence for bankruptcy venue purposes. Furthermore, the declaration does not state the Debtor resided in any other U.S. district, it does not address the 180-day period before the bankruptcy filing and it does not contradict that the Debtor maintained a residence at the Garden Grove address.

### C.    Domicile Supports Venue

Even if the Court questioned residence, venue is proper based on domicile.

Movant concedes Debtor has longstanding ties to California, including family connections, prior business operations, prior bankruptcy filings of related entities in this District and use of a California address for legal proceedings. Furthermore, Movant's own exhibits show the Debtor's family-law filings occurred in Orange County Superior Court, adding even more support for a California domicile.  Most importantly, the Movant provides no evidence that Debtor ever established domicile in any other U.S. district.

## IV.    MOVANT'S BUSINESS-LOCATION ARGUMENTS ARE SPECULATIVE AND IRRELEVANT

Movant's argument that Debtor's business activities occurred "primarily in Vietnam" fails on all fronts. Venue does not require the principal place of business to be in the filing district, as only one of the § 1408 bases need to be satisfied. Movant provides no evidence that Debtor had a principal place of business in any other U.S. district.  Movant's speculation about Viet Ideas LLC is irrelevant, absent proof that the Debtor's principal U.S. business was elsewhere. Thus, this argument alone does not establish improper venue.

## V.    MOVANT'S "PRINCIPAL ASSETS" ARGUMENT FAILS

Movant also asserts Debtor lacks principal assets in this district. However, Debtor did not rely on principal-assets venue. Again, Movant provides no evidence of principal assets in any other U.S. district and Movant's improperly shifts the burden to the Debtor.

## VI.    MOVANT'S REQUEST FOR AN EVIDENTIARY HEARING IS IMPROPER

Movant's excessive demands include passport records, CBP travel history, bank statements, tax returns, business records, day-by-day residence charts, Vietnam

4

residency documents, and extensive financial disclosures. The extensive nature of Movant's request is nothing more than a discovery request disguised as a venue motion.

Rule 1014 does not authorize pre-discovery subpoenas, forensic document production, or evidentiary hearings unless the movant first makes a prima facie showing of improper venue. In this case, the Movant has not done so. Because the Movant offers only speculation or conclusory allegations, this request should be denied.

## VII.    DISMISSAL IS NOT AN AVAILABLE REMEDY ON THIS RECORD

Even if venue were improper, the proper remedy is transfer, not dismissal. FRBP 1014(a)(2). However, Movant identifies no alternative district where venue would be proper. Movant's own theory that Debtor lived "primarily in Vietnam" would make no U.S. district proper, which is not a basis for dismissal under § 1408 or § 1412.

What's more, dismissal would certainly prejudice creditors and undermine the orderly administration of the estate.

## VIII.    CONCLUSION

Movant has not met his burden to show improper venue. The Debtor's petition establishes residence in this district, and Movant provides no evidence of residence, domicile, business, or assets in any other U.S. district. Since the Motion is based on speculation, mischaracterized declarations, and an improper attempt to compel broad discovery, the Chapter 7 Trustee respectfully requests that the Court:

1. Deny the Motion;

2. Deny the request for an order to show cause or evidentiary hearing; and

3. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

Dated:  June 16, 2026

By:   */s/Jeffrey I. Golden*
        JEFFREY I. GOLDEN
        Chapter 7 Trustee

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

5

# **DECLARATION OF JEFFREY I. GOLDEN**[1]

I, Jeffrey I. Golden, declare as follows:

1.      I am over the age of 18 years.  I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto.

2.      I am the duly-appointed Chapter 7 Trustee in the bankruptcy case of *In re Minh Tuong Nguyen*, Case No. 8:26-bk-10347-SC, pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division. I have personal knowledge of the matters set forth below and, if called as a witness, could and would testify competently thereto.

3.      I have reviewed the Debtor's Voluntary Petition (Dkt. 1), including the address listed on the petition and the venue selection. The petition lists the Debtor's residence as 840 Chateau Ct., Garden Grove, California 92841, and the Debtor checked the venue box stating: "Over the last 180 days before filing this petition, I have lived in this district longer than in any other district."

4.      I have reviewed the Debtor's schedules and Statement of Financial Affairs. Nothing in those documents indicates that the Debtor resided in any other U.S. district during the 180-day prepetition period.

5.      I have reviewed the Motion filed by creditor Paul Nguyen. The Motion relies heavily on statements that the Debtor spent time in Vietnam. None of the statements cited in the Motion indicate that the Debtor resided in any other U.S. district during the 180-day period before the petition date. The statements referenced in the Motion describe time spent abroad, not residence in another U.S. venue.

---

[1] All capitalized terms have the same meaning or definition as the capitalized terms in the Opposition.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

6.      I have found no evidence that the Debtor established residence, domicile, a principal place of business, or principal assets in any other U.S. district during the relevant period. The Motion does not identify any such district.

7.      I have reviewed the Debtor's prior legal filings referenced in the Motion, including excerpts from family-law proceedings. These documents do not identify any U.S. residence outside the Central District of California. They describe travel and time spent in Vietnam, but they do not contradict that the Debtor maintained a residence at the Garden Grove address.

8.      I have reviewed the Debtor's § 341(a) testimony. Based on that testimony and my review of the petition and schedules, I have no reason to believe that the Debtor resided in any other U.S. district during the 180-day period before filing.

9.      I have also reviewed the Debtor's business disclosures. The Motion asserts that the Debtor operated a business "primarily in Vietnam," but provides no evidence that the Debtor operated a principal place of business in any other U.S. district. My review of the file has not revealed any such evidence.

10.      Based on my review of the petition, schedules, and case record, venue is proper in the Central District of California under 28 U.S.C. § 1408. The Debtor listed a residence in this district, and I have found no evidence that the Debtor satisfied any venue basis in any other U.S. district.

11.      The Motion requests extensive document production and an evidentiary hearing. In my experience as a Chapter 7 Trustee, such requests are not warranted absent a threshold factual showing that venue is improper. The Motion does not provide such a showing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 16th day of June, 2026, at Costa Mesa, California.

/s/ Jeffrey I. Golden
Jeffrey I. Golden

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3070 Bristol St., Suite 640, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **OPPOSITION OF CHAPTER 7 TRUSTEE TO CREDITOR PAUL NGUYEN'S MOTION UNDER FRBP 1014(A)(2) TO DISMISS CHAPTER 7 CASE FOR IMPROPER VENUE OR IN THE ALTERNATIVE, FOR AN ORDER REQUIRING DEBTOR TO SHOW CAUSE AND APPEAR FOR EVIDENTIARY HEARING REGARDING VENUE UNDER 28 U.S.C. §1408; DECLARATION OF JEFFREY I. GOLDEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **June 16, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) **June 16, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Paul Nguyen
16027 Brookhurst St., Ste. I-104
Fountain Valley, CA 92708

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
411 W. 4th St., Ste 5130/Ctrm 5C
Santa Ana, CA  92701-4593

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 16, 2026 | Leila Usmani | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Christopher Cramer    secured@becket-lee.com
Jeffrey I Golden (TR)    lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com
David S Hagen    davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net
Eric P Israel    epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
David Tang    lawyertang@yahoo.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Stephen R Wade    srw@srwadelaw.com, reception@srwadelaw.com
Reilly D Wilkinson    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com