Paul Nguyen
16027 Brookhurst Street, Suite I-104
Fountain Valley, CA 92708
Tel: (949) 923-0106
Mnapaul1@gmail.com

Creditor Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In Re:

MINH TUONG NGUYEN

                         Debtor.

Case No.: 8:26-bk-10347-SC

Chapter 7

CREDITOR PAUL NGUYEN'S REPLY IN SUPPORT OF MOTION TO DISMISS CHAPTER 7 CASE FOR IMPROPER VENUE (DOC. 93).

Date:    June 30, 2026
Time:    11:00 A.M.

     Movant Paul Nguyen submits this Reply in support of his Motion to Dismiss the above-captioned Chapter 7 case for improper venue pursuant to 28 U.S.C. § 1408 and Federal Rule of Bankruptcy Procedure 1014(a)(2).

1

## TABLE OF AUTHORITIES

### CASES

*Barnes v. Whelan*, 689 F.2d 193 (D.C. Cir. 1982) .......................................................................14

*Dist. of Columbia v. Murphy*, 314 U.S. 441 (1941) ...................................................................12

*Donald v. Curry (In re Donald)*, 328 B.R. 192 (B.A.P. 9th Cir. 2005)...................3, 9, 10, 11, 12, 13

*In re Blixseth*, 484 B.R. 360 (B.A.P. 9th Cir. 2012) ..................................................................14

*In re Handel*, 253 B.R. 308 (B.A.P. 1st Cir. 2000) .....................................................................4

*In re Lewis*, 459 B.R. 281 (N.D. Ill. 2011) ................................................................................4

*Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986) ....................................................................11, 12, 13

*Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30 (1989) .......................................11

*In re Szanto*, 2022 WL 4391803 (Bankr. S.D. Cal. 2022) .......................................................3, 14

*Thompson v. Greenwood*, 507 F.3d 416 (6th Cir. 2007) ............................................................15

### STATUTES

28 U.S.C. § 1408 .........................................................................1, 3, 8, 14, 15, 16, 17

28 U.S.C. § 1408(1) ...............................................................................................3, 14, 15

### RULES

Fed. R. Bankr. P. 1014(a)(2) ..............................................................................1, 15, 16, 17

Fed. R. Evid. 201(b) .......................................................................................................6

## I. INTRODUCTION

The central issue presented is whether the Debtor maintained a residence or domicile in the Central District of California during the 180-day period immediately preceding the February 4, 2026 petition date. Movant bears the ultimate burden of persuasion by a preponderance of the evidence. The filing of the Debtor's Chapter 7 petition constitutes prima facie evidence that venue lies in this district. Once Movant rebuts that presumption with objective evidence, the Debtor must then produce proof that at least one of the venue grounds under 28 U.S.C. § 1408 is satisfied. This Reply follows a methodical, prong-by-prong approach to the analysis of venue under 28 U.S.C. § 1408, with particular attention to the residence and domicile requirements in light of the Debtor's own sworn statements and objective conduct [1].  The Motion should be granted and the case dismissed.

## II. ARGUMENT

**A.    Movant Has Carried His Burden of Showing Improper Venue Through the Debtor's Own Sworn Statements.**

Under Section 1408(1), venue premised on residence exists only where the debtor maintained an actual residence in a United States judicial district during the 180 days preceding the petition. The Ninth Circuit Bankruptcy Appellate Panel defines residence for this purpose as an actual, settled abode, and a transient or occasional presence or a mere mailing address does not qualify. *See Donald v. Curry* (*In re Donald*), 328 B.R. 192, 202–04 (B.A.P. 9th Cir. 2005). Where the debtor maintained no actual residence in any United States district, no qualifying residence exists on which venue premised on residence can rest, and the comparison among districts is never reached. *See In re Handel*, 253 B.R. 308, 310 (B.A.P. 1st Cir. 2000) ("although a person may have multiple residences the 'longer portion' in the venue statute means

---

[1] This Reply analyzes venue prong-by-prong under § 1408. Cf. *In re Peter Szanto*, No. 22-01558-CL11 (Bankr. S.D. Cal. July 22, 2022), aff'd sub nom. *Szanto v. Chase Bank*, No. 22-cv-1142-JO-BGS (S.D. Cal. June 15, 2023) (applying a prong-by-prong § 1408 analysis).

that only one residence may qualify"). Residence is defined as "the place where one actually lives as distinguished from one's domicile or a place of temporary sojourn." Residence, Webster's Collegiate Dictionary (11th ed. 2012); see also Residence, Black's Law Dictionary (9th ed. 2009) ("The place where one actually lives, as distinguished from domicile; . . . bodily presence as an inhabitant in a given place"); *In re Lewis*, 459 B.R. 281, 288–89 (N.D. Ill. 2011).

Movant has met his burden of persuasion through the Debtor's own contemporaneous sworn statements. In his child custody declaration of November 13, 2025 (Ex. 4) and his declaration of May 27, 2026 (Ex. 3), the Debtor swore that he "resided" primarily in Vietnam, owned and worked mostly from a home in Ho Chi Minh City, and centered his business, employment, and family life there throughout the statutory period. These are the Debtor's affirmative admissions under penalty of perjury. They constitute direct evidence that the Debtor did not maintain his residence or domicile in any United States district during the statutory period.

The Debtor has produced no evidence that he occupied or maintained any residence interest at 840 Chateau Court during that same period, despite controlling that information. The petition lists the address, but the schedules disclose no lease, no ownership, and no utilities or other indicia of occupancy. The Debtor's own sworn declarations place his actual, settled residence in Vietnam and are silent as to any dwelling at Chateau Court. On this record, the prima facie effect of the petition is overcome, and venue in this district is improper.

**B.     The Oppositions Fail to Rebut Movant's Showing of Improper Venue.**

Both the Debtor and the Chapter 7 Trustee oppose dismissal, but neither has produced objective evidence of the Debtor's actual residence or domicile in this district during the statutory period. The Trustee, as the estate's independent fiduciary, has come forward with nothing that contradicts the Debtor's own prior sworn statements placing his residence, business, and family life in Vietnam. Those statements stand unrebutted. The Trustee's Opposition does not address, or even acknowledge, the

Debtor's detailed sworn declarations of November 13, 2025 and May 27, 2026. The Debtor's June 16, 2026 declaration offers only a conclusory assertion that directly contradicts those earlier sworn statements without explanation or reconciliation.

The Trustee argues that Movant bears the burden and has not shown the Debtor resided in another U.S. district. That is not the test. Once Movant overcomes the petition's prima facie showing with the Debtor's own prior sworn statements, the burden shifts to the proponent of venue to produce objective proof of actual residence or domicile in this district. Neither the Debtor nor the Trustee has produced any such proof. The reliance on a comparison among districts assumes a qualifying United States residence that the record does not establish.

**C.      The Debtor's Own Contemporaneous Declarations Place His Residence, Business, Employment, and Family in Vietnam During the Statutory Period.**

The Debtor's declaration of November 13, 2025, filed in his child custody proceeding, was executed inside the statutory window. It states that he operated his media and communications business primarily in Vietnam, owned a home with three bedrooms in District 7 of Ho Chi Minh City where his mother lived and provided daily childcare, served as managing executive of a company headquartered in Ho Chi Minh City since 2011 with employees nationwide, worked largely from that home, and had arranged preschool placement and health insurance for his child in Vietnam. Ex. 4, Nguyen Decl. ¶¶ 24–28. These are specific facts of residence, property ownership, employment, business location, and family life in Vietnam.

Two further sworn statements corroborate that account. Ngan Thi Kim Tran's responsive declaration of January 15, 2026, also executed inside the window, states that the Debtor left the United States, relocated to Vietnam, maintained a known residence in Ho Chi Minh City, and resided there. Ex. 5, Tran Decl. ¶¶ 5, 6, 13, 15, 25. Most critically, on August 23, 2025, squarely inside the statutory window, the Debtor was at his home in Vietnam when an incident involving the child occurred there. On October 13–17,

2025, also inside the statutory window, the Debtor was physically in Ho Chi Minh City, Vietnam, where he reported the custody situation to local police and obtained official Working Minutes from Nha Be Commune Police. Ex. 4, Nguyen Decl. ¶¶ 14, 16.

The Debtor's own declaration of May 27, 2026 in Adversary Proceeding No. 8:26-ap-01027-SC states that he resided primarily in Vietnam, returned to the United States only intermittently, and had no practical way to monitor U.S. proceedings on his own. Ex. 3, Nguyen Decl. ¶¶ 3, 12, 29. That declaration concerns the period of the Lam action, which remained pending through the July 2025 default judgment and the December 2025 motion to vacate, overlapping the statutory window. Together these statements place the center of the Debtor's residential, business, property, and family life in Vietnam throughout the statutory period. The Court may take judicial notice under Federal Rule of Evidence 201(b) of these court-filed declarations and of the fact that the Debtor made these sworn statements, and the Debtor is bound by his own prior representations.

**D.    The Schedules and Viet Ideas Records Disclose No California Residence or Business Operations.**

The schedules filed with the petition, Doc. 22, report under penalty of perjury that the Debtor owns no real property in California and holds no leasehold or rental interest in any California property. The schedules therefore disclose no ownership or leasehold connection to the address listed on the petition. These sworn disclosures are the Debtor's own admissions that he maintained no recorded real-property interest at 840 Chateau Court during the statutory period.

The schedules also show no assets located in this district that were located here for the greater part of the 180 days preceding the petition. The intangible claims listed in the schedules are not shown to have been situated in this district during the statutory period. The Oppositions do not assert principal place of business or principal assets as a venue ground, and the record would not support either ground in any event.

The schedules identify Viet Ideas LLC as the entity through which the Debtor was self-employed, without any documentation of current California operations. The prior Chapter 7 case of Viet Ideas LLC, Case No. 8:23-bk-11642-TA, was docketed as a business case with no assets to administer after the trustee abandoned its sole scheduled asset. No operating records, revenue, bank accounts, equipment, contracts, or office presence have been produced for the 2025–2026 period.

**E.    Debtor's June 16 Declaration Does Not Create a Disputed Material Fact Because It States Venue Conclusions Without Supporting Facts.**

Debtor's June 16 declaration does not create a disputed material factual issue requiring live testimony. Rule 9014(d) requires testimony only when there is a disputed material factual issue. It does not require live testimony based on a later declaration that states conclusions without facts.

The June 16 declaration states three conclusions. Debtor says he resided at 840 Chateau Court for the greater portion of the 180-day period. He says California was his primary residence and domicile. He says he spent more time in the Central District than in any other location, including Vietnam.

Those statements do not supply the missing facts. Debtor gives no dates. He gives no day count. He gives no travel records. He gives no passport or entry/exit records. He gives no lease, deed, utility bill, mail record, household-expense record, or declaration from any owner or occupant of Chateau Court. He gives no evidence showing that the Chateau Court was his actual dwelling during August 8, 2025 through February 4, 2026.

Even taking the Debtor's declarations at face value, statements that California was his primary residence or domicile do not establish venue in the Central District. Section 1408 is district-specific. The Debtor has produced no evidence that any qualifying residence or domicile was located in this district for the longer portion of the 180-day period.

The statement that Debtor spent more time in the Central District than in Vietnam is also unsupported. It does not tell the Court how many days Debtor was in the Central District. It does not tell the

Court how many days Debtor was in Vietnam. It does not identify where Debtor slept. It does not show whether any Central District presence was residence, business activity, temporary travel, or use of a mailing address.

The June 16 declaration also does not reconcile Debtor's prior sworn statements. In November 2025, Debtor supplied detailed facts placing his business, home, family circumstances, child-care arrangements, and police activity in Vietnam during the same statutory period. Ex. 4, Nguyen Decl. ¶¶ 9 - 20. In May 2026, Debtor swore that he resided primarily in Vietnam and returned to the United States only intermittently. Ex. 3, Nguyen Decl. ¶ 3. The June 16 declaration does not reconcile those statements with dates, documents, travel history, or occupancy evidence. It only says the earlier statements were made in another litigation context.

The earlier declarations contain facts. The June 16 declaration contains conclusions. A post-motion declaration that contradicts Debtor's own prior sworn statements without objective support or explanation does not create a genuine disputed material fact. No evidentiary hearing is required. Dismissal on the present record is appropriate.

**F.      The Debtor's Reliance on In re Donald Defeats His Own Position.**

The Oppositions rest their defense on In re Donald, but that decision defeats the Debtor on both the residence and the domicile basis. The Debtor invokes Donald for the rule that an established domicile continues until a new one is acquired, while ignoring the same decision's residence standard, under which a transient or occasional presence is not a residence. A party cannot claim the protection of a decision while disregarding the portion of it that controls.

On the residence basis, the Debtor's own evidence fails the standard he cites. Residence for venue purposes means an actual, settled dwelling, not a transient or occasional presence or a mere mailing address. The Debtor's declaration concedes that he traveled to Vietnam and returned to the United States only intermittently, and the Oppositions produce no lease, no deed, no utility record, no passport or

entry record, and no documentary evidence of any kind establishing actual occupancy of 840 Chateau Court during the statutory period. A conclusory assertion of residence, unsupported by any indicia of a settled abode and contradicted by the Debtor's own prior sworn statements, does not satisfy that standard.

On the domicile basis, the continuing-domicile rule the Debtor invokes runs against him. Donald holds that an established domicile persists until a new one is acquired through both physical presence and intent, and that what must be proven is abandonment of the established domicile, not its retention. The Debtor's own declaration of November 13, 2025 establishes that the center of his settled life was Vietnam, where he has operated a company headquartered in Ho Chi Minh City since 2011, owns and works largely from a home, and maintains his mother, his child, and his child's schooling, insurance, and daily care. On this record, the objective center of the Debtor's settled life was Vietnam, and a conclusory declaration to the contrary neither establishes a California domicile nor carries the Debtor's burden, as the proponent of venue, to show a qualifying domicile in this district.

The Oppositions' effort to discount these admissions as one party's characterization of disputed facts reaches only the responsive declaration of the Debtor's spouse. It does not reach the Debtor's own statements. The Debtor's declaration of May 27, 2026 in the companion adversary proceeding and his declaration of November 13, 2025 are his own statements, sworn under penalty of perjury, not third-party characterizations, and the Debtor cannot relabel his own admissions to escape their effect. Nor can those admissions be reconciled with the residence he now claims. The Debtor cannot have worked daily from a Vietnam home, managed a company headquartered in Vietnam, and arranged his child's schooling, insurance, and care in Vietnam, and at the same time have been principally resident and domiciled in this district during the same months.

Because In re Donald forecloses the residence basis on a record of intermittent presence and confirms that the Debtor's established domicile was Vietnam, the authority on which the Oppositions principally rely defeats venue rather than supporting it.

**G.    The Debtor's Established Domicile Was Vietnam, and He Did Not Acquire or Retain a California Domicile.**

Section 1408 permits venue based on domicile. Domicile requires both (1) physical presence in the district and (2) an intent to remain there indefinitely or to return after a temporary absence. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Once established, a domicile continues until a new one is acquired through both presence and intent. *In re Donald*, 328 B.R. 192, 202 (B.A.P. 9th Cir. 2005). The party asserting a change of domicile bears the burden of proof. *Lew v. Moss*, 797 F.2d at 750; *In re Donald*, 328 B.R. at 202–03.

The continuing-domicile rule does not aid the Debtor. Even accepting that an established domicile persists until a new one is acquired, the objective record shows that the Debtor acquired and maintained a domicile in Vietnam. He has made Vietnam the center of his life since 2011, and his sustained course of conduct, owning and working from a home in Ho Chi Minh City, managing a company headquartered there, and placing his mother, his child, and his child's schooling, insurance, and daily care in Vietnam, supplies both the physical presence and the intent to remain that fix domicile. The Debtor has not established either prong of a California domicile during the statutory period. In all events, once Movant rebuts the petition's prima facie showing, the Debtor as the proponent of venue must come forward with objective proof that his domicile lay in this district during the statutory period. He offers only the conclusory June 16, 2026 declaration, and his residence claim independently fails. No qualifying domicile in this district is shown.

Even assuming the Debtor previously maintained a United States domicile, the objective record establishes its abandonment and the acquisition of a Vietnam domicile through the full relocation of home, business headquarters, and family life to Vietnam, including a company headquartered in Ho Chi Minh City since 2011. The place where a person lives is prima facie his domicile. *Murphy*, 314 U.S. at 456. The burden to prove a change of domicile rests on the party asserting it. *Id.* The Debtor's June 16, 2026 declaration is precisely the type of self-serving statement Murphy discounts. It is contradicted by his own

detailed November 13, 2025 and May 27, 2026 declarations, by the specific events of August 23, 2025 (incident at his home in Vietnam) and October 13–17, 2025 (police reports filed in Ho Chi Minh City), and by Ngan's corroborating declaration. On this record, the Debtor has not carried his burden to establish a California domicile during the statutory period.

First, on physical presence: The Debtor's own sworn declarations establish that he resided primarily in Vietnam and returned to the United States only intermittently. He has produced no objective evidence of physical presence at 840 Chateau Court during the 180-day period, for the reasons set forth in Section E above. Intermittent or occasional presence is insufficient to satisfy the physical presence requirement for domicile. *Lew v. Moss*, 797 F.2d at 750–52.

Second, on intent: Even if the Debtor could show physical presence in California, he cannot establish the requisite intent to remain. His objective conduct demonstrates the opposite: he has operated a company headquartered in Ho Chi Minh City since 2011, owns and works largely from a home there, maintains his mother and child in that home with daily childcare and schooling arranged in Vietnam, and has described Vietnam as the center of his residential, business, and family life. These facts reflect a settled course of conduct inconsistent with any intent to make California his permanent home. Intent is inferred from objective facts, not from a litigation-driven declaration prepared after venue was challenged. *In re Donald*, 328 B.R. at 203.

The same deficiencies defeat the June 16 declaration on the domicile basis. For the reasons set forth in Section E above, that declaration supplies no dates, no day-count, and no corroborating documents. It does not reconcile the Debtor's contrary sworn statements of November 2025 and May 2026 placing his home, business headquarters, and family life in Vietnam. Because it directly contradicts the Debtor's own detailed, pre-litigation admissions made closer in time to the events, it does not establish domicile in this district. Once the petition's prima facie venue representation was rebutted, the burden

shifted to the Debtor to produce objective evidence that he maintained residence or domicile in the Central District. He has not done so.

The records necessary to establish domicile, such as passport and CBP entry/exit records and documents showing occupancy or ownership of 840 Chateau Court, remain entirely within the Debtor's control. Movant's Motion already requested, as alternative relief, that the Debtor be required to produce such documents and appear for an evidentiary hearing. The Trustee's Opposition made an issue of the Debtor's need to come forward with proof, yet separately argued that Movant's request for an evidentiary hearing is improper. Despite clear notice of the burden, the Debtor produced none of these records. The burden to produce objective evidence establishing domicile rests on the Debtor. *See In re Donald*, 328 B.R. at 202–03; *Lew v. Moss*, 797 F.2d at 750. He failed to do so. Ordering an evidentiary hearing now would require the Court to compel the Debtor to produce evidence that he has already declined to provide despite having both exclusive possession of the records and the burden of production. This would effectively shift back onto Movant and the Court the obligation to obtain evidence that properly rests with the Debtor, while imposing additional cost and delay on Movant. Dismissal on the present record is therefore the appropriate disposition.

**H.    The Debtor's Principal Assets in the United States Are Not Located in This District.**

Although the Oppositions do not assert asset-based venue, the Court may sustain or reject venue on any Section 1408 basis. The term "principal assets" carries its ordinary meaning of the most important, consequential, or influential assets. *See In re Szanto*, No. 22-01558-CL11, 2022 WL 4391803, at *8–9 (Bankr. S.D. Cal. July 22, 2022) (rejecting principal-assets venue where, "[q]ualitatively and quantitatively," the debtor's most important United States assets were located elsewhere), aff'd sub nom. *Szanto v. Chase Bank*, 2023 WL 4629564 (S.D. Cal. June 15, 2023); see also *Barnes v. Whelan*, 689 F.2d 193, 205 (D.C. Cir. 1982). Only assets located in the United States count toward venue. 28 U.S.C. § 1408(1).

The schedules list certain litigation claims, including a claim arising from a failed real estate transaction in Orange County valued by the Debtor as "unknown," and a $2.5 million claim against an attorney for which the schedules provide no factual basis or supporting documentation. These are intangible, contingent, and unliquidated assets. No party has invoked principal-assets venue, valued the alleged United States assets, compared them to any other U.S. assets, or established their situs in this district under a context-specific analysis. *In re Blixseth*, 484 B.R. 360, 370–72 (B.A.P. 9th Cir. 2012).

Because these claims are contingent and unliquidated, one valued by the Debtor himself as "unknown," and because no party has carried the burden to establish asset-based venue, they do not constitute "principal assets" supporting venue in this district under Section 1408(1).

The Debtor selected residence-based venue on the petition, not principal-assets venue. The Oppositions do not identify principal-assets venue as the basis for venue, do not value the alleged United States assets, do not compare them to the Debtor's other assets, and do not establish their situs in this district. The statute permits venue if any one basis is satisfied, but a basis that no party invokes and the record does not establish cannot be supplied by inference. This section is offered only as a fallback, and the record does not support principal-assets venue in this district.

**I.      Dismissal Is the Appropriate Remedy Because No Other District Is Proper.**

The Trustee argues that the remedy for improper venue is transfer rather than dismissal, and that Movant identifies no alternative district. Rule 1014(a)(2) provides otherwise. It permits the Court to dismiss the case or to transfer it to any other district in the interest of justice or for the convenience of the parties. Dismissal is an express remedy under the rule. The rule also forecloses retention of a case commenced in an improper district. An improperly venued case may only be dismissed or transferred, not retained. *See Thompson v. Greenwood*, 507 F.3d 416, 420 (6th Cir. 2007); Fed. R. Bankr. P. 1014(a)(2) advisory committee's note to 1987 amendment.

Transfer requires a proper transferee district, and the record establishes none. The Debtor's residence, business, employment, and family life were centered in Vietnam, and no party has identified any U.S. district in which the Debtor satisfied a § 1408 basis during the statutory period. Where a debtor maintained no actual residence or domicile in any United States district during the statutory period, Section 1408(1) can rest only on a principal place of business or principal assets located in the United States, and the record establishes neither in this district or any other. No United States district therefore satisfies any basis under Section 1408(1). Movant does not oppose transfer to any district in which venue properly lies. The record discloses none. Where no proper U.S. venue exists, transfer is unavailable and dismissal is the appropriate disposition.

Retention of the case would not serve the interest of justice. The case is anchored to a venue representation that the Debtor's own sworn statements contradict, and the objection was raised promptly once the contradictory statements emerged. A case filed in an improper district should not be retained merely because administration has begun. Rule 1014(a)(2) commits the choice between dismissal and transfer to the Court's discretion in the interest of justice. Where no proper transferee district exists and the forum rests on a representation the record does not support, dismissal is the disposition the interest of justice favors.

Dismissal will not leave the Debtor without recourse. He remains free to seek bankruptcy relief in Vietnam or to file in any United States district in which he can properly establish venue under 28 U.S.C. § 1408.

**J.      The Objection Is Timely and Was Not Waived.**

Movant participated in the case and filed an adversary proceeding objecting to discharge before the venue defect appeared in this proceeding's record. The factual basis for the objection first emerged in the Debtor's declaration of May 27, 2026, which expressly admitted that he resided primarily in Vietnam and returned to the United States only intermittently. The November 13, 2025 custody declaration, while

powerful evidence of the Debtor's business and family circumstances in Vietnam, did not alone conclusively establish the "intermittent" nature of the Debtor's United States presence during the statutory period; that critical admission emerged in the May 27, 2026 declaration. The venue significance of the November declaration crystallized only when the Debtor reversed himself on June 16, 2026. Participation before that disclosure is not a knowing waiver of an objection whose factual predicate had not yet surfaced, particularly where the petition affirmatively represented that venue premised on residence was proper. Movant filed the Motion within days after the contradictory sworn statements emerged. The objection is timely.

The authorities the Oppositions cite do not support waiver here. *Lomanco, Inc. v. Missouri Pacific Railroad Co.*, *In re Fishman*, and *In re Smith Jones, Inc.* are out-of-circuit bankruptcy and district court decisions, persuasive at most, and each turned on a party that proceeded to litigate the merits of the dispute before objecting to venue.

Waiver of venue requires the relinquishment of a known right, and the factual predicate for this objection, the Debtor's sworn admission that he resided primarily in Vietnam, did not surface until the Debtor's declaration of May 27, 2026. Movant could not waive an objection whose basis the Debtor had not yet disclosed. Nor did Movant proceed first to challenge the merits of venue. Movant's prior motion to dismiss was brought under 11 U.S.C. § 707(a) on grounds unrelated to venue and was denied on March 20, 2026 without any venue question being reached. Movant raised improper venue promptly once the Debtor's contradictory sworn statements emerged. The objection was not waived.

### III. CONCLUSION

The record establishes that during the statutory period the Debtor maintained his home, operated his business, and centered his family life in Vietnam, not in this district. His own child custody sworn declaration of November 13, 2025 describes these circumstances in specific detail, and his declaration of May 27, 2026 confirms them. The schedules confirm the absence of any corresponding residence interest in California. The Debtor's June 16, 2026 declaration offers only an unsupported conclusion that contradicts

his own prior testimony. On this record, venue in this district is improper. Dismissal will not leave Movant or other creditors without recourse: Movant's claims against the Debtor, including those asserted in the pending adversary proceeding, may be pursued in a proper forum, and dismissal here simply restores the parties to the position required by the venue statute. Movant respectfully requests that the Court dismiss this case pursuant to 28 U.S.C. § 1408 and Federal Rule of Bankruptcy Procedure 1014(a)(2).

Dated:  June 22, 2026                          Respectfully Submitted;

_____

By: PAUL NGUYEN
    Creditor and Movant

16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**16027 Brookhurst Street, Suite I-104, Fountain Valley, CA 92708**

A true and correct copy of the foregoing document entitled (*specify*):  **CREDITOR PAUL NGUYEN'S REPLY IN SUPPORT OF MOTION TO DISMISS CHAPTER 7 CASE FOR IMPROPER VENUE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **June 22, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date)* **June 22, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
411 W. 4th St., Ste 5130/Ctrm 5C
Santa Ana, CA  92701-4593

MINH TUONG NGUYEN
(Debtor)
840 Chateau Ct
Garden Grove, CA 92841

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___06/22/2026___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Cindy Lina Vu (Motion Joinder) Email: cindyvip21@yahoo.com
Daniel Dulac (Motion Joinder) Email: danieldulac@gmail.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 22, 2026 | Allan Nguyen | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                     **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Christopher Cramer     secured@becket-lee.com
Jeffrey I Golden (TR)     lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com
David S Hagen     davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net
Eric P Israel     epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
Leonard Pena     lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
Joshua L Scheer     jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
David Tang     lawyertang@yahoo.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
Stephen R Wade     srw@srwadelaw.com, reception@srwadelaw.com
Reilly D Wilkinson     rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com