

FILED & ENTERED

JUN 25 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

In re:

Minh Tuong Nguyen,

                                    Debtor(s).

Case No.: 8:26-bk-10347-SC

CHAPTER 7

**ORDER DENYING CREDITOR PAUL NGUYEN'S MOTION UNDER FED. R. BANKR. P. 1014(A)(2) TO DISMISS CHAPTER 7 CASE FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, FOR ORDER REQUIRING DEBTOR TO SHOW CAUSE AND APPEAR FOR EVIDENTIARY HEARING REGARDING VENUE UNDER 28 U.S.C. SECTION 1408 [DK. 93]**

<u>Vacated Hearing</u>
Date:          June 30, 2026
Time:          11:00 AM
Courtroom: 5C

The Court has reviewed Creditor Paul Nguyen's ("Movant") *Motion Under Fed. R. Bankr. P. 1014(a)(2) to Dismiss Chapter 7 Case for Improper Venue or; in the Alternative, for Order Requiring Debtor to Show Cause and Appear for Evidentiary Hearing Regarding Venue Under 28 U.S.C. § 1408* filed on June 2, 2026 [Dk. 93] (the

-1-

"Motion"); the Compendium of Exhibits [Dk. 94]; the Request for Judicial Notice [Dk. 95][1]; the Limited Joinders filed by Cindy Lina Vu on June 3, 2026 [Dk. 99] and Daniel Dulac on June 16, 2026 [Dk. 109]; Debtor's Opposition filed on June 16, 2026 [Dk. 110]; the Chapter 7 Trustee's Opposition filed on June 16, 2026 [Dk. 111]; Movant's Reply filed on June 22, 2026 [Dk. 112]; and the record as a whole in this case. Having determined the matter is appropriate for disposition without oral hearing, the Court finds good cause to DENY the Motion and VACATE the June 30, 2026 hearing.

Given the lack of merit to the Motion, the Trustee and Debtor should consider whether it is appropriate to seek reimbursement of attorneys' fees pursuant to an appropriately noticed motion.

## I.    BACKGROUND

Debtor commenced this Chapter 7 case on February 4, 2026. In the petition, Debtor listed 840 Chateau Court, Garden Grove, California, as his residence and represented that, during the 180 days preceding the petition date, he lived in this district for a longer portion of that period than in any other district.

Movant seeks dismissal of the case under Federal Rule of Bankruptcy Procedure 1014(a)(2), contending venue is improper under 28 U.S.C. § 1408. In the alternative, Movant requests an order to show cause, venue-related document production, and an evidentiary hearing. Movant principally relies on statements made by Debtor in declarations filed in other proceedings that reference Debtor's residence, business activities, and family ties in Vietnam. Cindy Lina Vu and Daniel Dulac filed joinders [Dks. 99 and 109, respectively].

Debtor opposes the Motion and maintains that venue is proper. Debtor's supporting declaration states that 840 Chateau Court was his home address, that he resided there during the relevant period, that he spent more time in the Central District

---

[1] Movant's Request for Judicial Notice is granted only as to the existence, filing, dates, and contents of the identified court records. The Court may consider Debtor's own sworn statements as statements he made in other proceedings. The Court does not take judicial notice of disputed factual assertions by non-debtor declarants for their truth.

of California than in Vietnam during the 180 days preceding the petition date, and that California remained his permanent home. Debtor separately argues that Movant waived or delayed the venue objection by participating in the case before filing the Motion.

The Chapter 7 Trustee also opposes the Motion. Trustee states that, after reviewing the petition, schedules, business disclosures, § 341 testimony, and the case record, he found no evidence establishing that Debtor resided, was domiciled, maintained his principal place of business, or held his principal assets in any other United States district during the relevant period. Trustee argues that Movant's theory rests almost entirely on selective excerpts from declarations filed in unrelated litigation, none of which establish that the Debtor lacked residence, domicile, principal place of business, or principal assets in this District during the 180-day prepetition period. Trustee also argues that the Motion also improperly demands extensive document production and an order to show cause hearing without any threshold showing of impropriety.

In Reply, Movant acknowledges that he bears the ultimate burden, but argues the petition is only prima facie evidence of venue and that, once rebutted by objective evidence, Debtor must produce proof satisfying at least one § 1408 venue basis.

**II.    LEGAL STANDARDS**

Venue is proper in the district where the debtor had his domicile, residence, principal place of business in the United States, or principal assets in the United States for the 180 days immediately preceding the commencement of the case, or for a longer portion of that period than in any other district. 28 U.S.C. § 1408(1).

A party challenging venue bears the burden of proving venue is improper. A debtor need satisfy only one of the statutory venue bases set forth in § 1408.

Domicile is established by physical presence in a place with the intent to remain there indefinitely or to return after temporary absences. *In re Donald*, 328 B.R. 192, 202 (B.A.P. 9th Cir. 2005). A domicile of choice is established by physical presence in a

place and intent to remain there. Once established, domicile continues until superseded by another domicile. *Id.* at 202-03.

Under Federal Rule of Bankruptcy Procedure 1014(a)(2), a court may dismiss or transfer a case filed in an improper district.

**III.     DISCUSSION**

Movant has not met his burden to show that venue is improper under § 1408. Movant's evidence establishes, at most, that Debtor maintained significant personal, familial, and business ties to Vietnam and spent time there during relevant periods. It does not show that Movant resided in any other United States district for the requisite periods under § 1408.

As acknowledged in his Reply, Movant bears the burden of proving improper venue. His threshold showing was not merely that Debtor had Vietnam ties or made statements in tension with the petition. Movant needed evidence showing that Debtor did not satisfy any § 1408 venue basis in this district for the 180 days or the longer portion of that period: residence, domicile, principal place of business in the United States, or principal assets in the United States.

Movant did not meet his burden to show that any other district in the United States is the proper venue.

No evidentiary hearing is required. Rule 9014(d) requires testimony only when the Court must resolve a disputed material factual issue to decide the contested matter. *See Caviata Attached Homes, LLC v. U.S. Bank, N.A. (In re Caviata Attached Homes, LLC),* 481 B.R. 34, 44-46 (B.A.P. 9th Cir. 2012); *Khachikyan v. Hahn (In re Khachikyan),* 335 B.R. 121, 126 & n.4, 128 (B.A.P. 9th Cir. 2005). Thus, the Court finds good cause to deny Motion without resolving competing factual characterizations in the declarations. Movant has not made the showing required for dismissal, transfer, an OSC, or broad venue discovery. The joinders do not change that result.

///

## IV.    CONCLUSION

Movant has failed to establish that Debtor did not satisfy any of the venue bases set forth in 28 U.S.C. § 1408. Accordingly, the Motion is DENIED in its entirety. The June 30, 2026, hearing is VACATED.

**IT IS SO ORDERED.**

Date: June 25, 2026

Scott C. Clarkson
United States Bankruptcy Judge