| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Paul Nguyen<br>16027 Brookhurst Street, Suite I-104<br>Fountain Valley, CA 92708<br>Tel: (949) 923-0106<br>Mnapaul1@gmail.com<br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | **FILED**<br>**JUL 08 2026**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:                    Deputy Clerk |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>MINH TUONG NGUYEN<br><br>Debtor(s). | CASE NO.: 8:26-bk-10347-SC<br>ADVERSARY NO.:<br>(*if applicable*)<br>CHAPTER: 7 |
|---|---|
| Plaintiff(s) (*if applicable*).<br>vs.<br><br><br><br>Defendant(s) (*if applicable*). | **NOTICE OF APPEAL<br>AND STATEMENT OF ELECTION** |

## Part 1: Identify the appellant(s)

1.  Name(s) of appellant(s): PAUL NGUYEN

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☐ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
☒ Creditor
☐ Trustee
☐ Other (*describe*):

**Part 2: Identify the subject of this appeal**

1.  Describe the judgment—or the appealable order or decree—from which the appeal is taken:
    Order Denying Creditor Paul Nguyen's Motion Under Fed. R. Bankr. P. 1014(a)(2) to Dismiss Chapter 7
    Case for Improper Venue; or, in the Alternative, for Order Requiring Debtor to Show Cause and Appear
    for Evidentiary Hearing Regarding Venue Under 2 8U.S.C. § 1408 [Docket No. 113].
2.  State the date on which the judgment—or the appealable order or decree—was entered: 06/2 52026

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the
names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.  Party: Minh Tuong Nguyen (Debtor)

    Attorney:

    LEONARD PENA (State Bar No. 192 898)
    PENA & SOMA, APC
    1003 Diamond Avenue, Suite 202
    South Pasadena, California 91030
    (626) 396-4000
    lpena@penalaw.com

2.  Party: Jeffrey I. Golden (Chapter 7 Trustee)

    Attorney:

    GOLDEN GOODRICH LLP
    650 Town Center Drive, Suite 600
    Costa Mesa, California 92626
    Telephone 714-966-1000
    jgolden@go2.law

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal
unless, pursuant to 2 8U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If
an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not
check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy
Appellate Panel.

**Part 5: Sign below**

_____    Date: 07/08/2026
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in
§ 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P.
8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of
Appeal.]

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1602 7Brookhurst Street, Suite I-104
Fountain Valley, CA 92 708

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date)
 07/08/2026 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) 07/08/2026 , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
411 W. 4th St., Ste 5130/Ctrm 5C
Santa Ana, CA 92 701-4593

Minh Tuong Nguyen
840 Chateau Court,
Garden Grove, CA 92841

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date)_____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/08/2026 | Allan Nguyen | _a. Nguyen_ |
|---|---|---|
| Date | Printed Name | Signature |

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Christopher Cramer    secured@becket-lee.com
Jeffrey I Golden (TR)    lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com
David S Hagen    davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net
Eric P Israel    epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
David Tang    lawyertang@yahoo.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Stephen R Wade    srw@srwadelaw.com, reception@srwadelaw.com
Reilly D Wilkinson    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com

# EXHIBIT A

FILED & ENTERED

JUN 25 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br><br><br><br><br>Debtor(s). | Case No.: 8:26-bk-10347-SC<br><br>CHAPTER 7<br><br>**ORDER DENYING CREDITOR PAUL NGUYEN'S MOTION UNDER FED. R. BANKR. P. 1014(A)(2) TO DISMISS CHAPTER 7 CASE FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, FOR ORDER REQUIRING DEBTOR TO SHOW CAUSE AND APPEAR FOR EVIDENTIARY HEARING REGARDING VENUE UNDER 28 U.S.C. SECTION 1408 [DK. 93]**<br><br>Vacated Hearing<br>Date:    June 30, 2026<br>Time:    11:00 AM<br>Courtroom: 5C |

The Court has reviewed Creditor Paul Nguyen's ("Movant") *Motion Under Fed. R. Bankr. P. 1014(a)(2) to Dismiss Chapter 7 Case for Improper Venue or; in the Alternative, for Order Requiring Debtor to Show Cause and Appear for Evidentiary Hearing Regarding Venue Under 28 U.S.C. § 1408* filed on June 2, 2026 [Dk. 93] (the

-1-

Case 8:26-bk-10347-SC    Doc 121    Filed 07/08/26    Entered 07/08/26 15:41:54    Desc
Notice of Appeal and Statement of Election    Page 7 of 10

Case 8:26-bk-10347-SC    Doc 113    Filed 06/25/26    Entered 06/25/26 15:27:50    Desc
Main Document    Page 2 of 5

"Motion"); the Compendium of Exhibits [Dk. 94]; the Request for Judicial Notice [Dk. 95][1]; the Limited Joinders filed by Cindy Lina Vu on June 3, 2026 [Dk. 99] and Daniel Dulac on June 16, 2026 [Dk. 109]; Debtor's Opposition filed on June 16, 2026 [Dk. 110]; the Chapter 7 Trustee's Opposition filed on June 16, 2026 [Dk. 111]; Movant's Reply filed on June 22, 2026 [Dk. 112]; and the record as a whole in this case. Having determined the matter is appropriate for disposition without oral hearing, the Court finds good cause to DENY the Motion and VACATE the June 30, 2026 hearing.

Given the lack of merit to the Motion, the Trustee and Debtor should consider whether it is appropriate to seek reimbursement of attorneys' fees pursuant to an appropriately noticed motion.

## I.    BACKGROUND

Debtor commenced this Chapter 7 case on February 4, 2026. In the petition, Debtor listed 840 Chateau Court, Garden Grove, California, as his residence and represented that, during the 180 days preceding the petition date, he lived in this district for a longer portion of that period than in any other district.

Movant seeks dismissal of the case under Federal Rule of Bankruptcy Procedure 1014(a)(2), contending venue is improper under 28 U.S.C. § 1408. In the alternative, Movant requests an order to show cause, venue-related document production, and an evidentiary hearing. Movant principally relies on statements made by Debtor in declarations filed in other proceedings that reference Debtor's residence, business activities, and family ties in Vietnam. Cindy Lina Vu and Daniel Dulac filed joinders [Dks. 99 and 109, respectively].

Debtor opposes the Motion and maintains that venue is proper. Debtor's supporting declaration states that 840 Chateau Court was his home address, that he resided there during the relevant period, that he spent more time in the Central District

---

[1] Movant's Request for Judicial Notice is granted only as to the existence, filing, dates, and contents of the identified court records. The Court may consider Debtor's own sworn statements as statements he made in other proceedings. The Court does not take judicial notice of disputed factual assertions by non-debtor declarants for their truth.

-2-

of California than in Vietnam during the 180 days preceding the petition date, and that California remained his permanent home. Debtor separately argues that Movant waived or delayed the venue objection by participating in the case before filing the Motion.

The Chapter 7 Trustee also opposes the Motion. Trustee states that, after reviewing the petition, schedules, business disclosures, § 341 testimony, and the case record, he found no evidence establishing that Debtor resided, was domiciled, maintained his principal place of business, or held his principal assets in any other United States district during the relevant period. Trustee argues that Movant's theory rests almost entirely on selective excerpts from declarations filed in unrelated litigation, none of which establish that the Debtor lacked residence, domicile, principal place of business, or principal assets in this District during the 180-day prepetition period. Trustee also argues that the Motion also improperly demands extensive document production and an order to show cause hearing without any threshold showing of impropriety.

In Reply, Movant acknowledges that he bears the ultimate burden, but argues the petition is only prima facie evidence of venue and that, once rebutted by objective evidence, Debtor must produce proof satisfying at least one § 1408 venue basis.

## II.    LEGAL STANDARDS

Venue is proper in the district where the debtor had his domicile, residence, principal place of business in the United States, or principal assets in the United States for the 180 days immediately preceding the commencement of the case, or for a longer portion of that period than in any other district. 28 U.S.C. § 1408(1).

A party challenging venue bears the burden of proving venue is improper. A debtor need satisfy only one of the statutory venue bases set forth in § 1408.

Domicile is established by physical presence in a place with the intent to remain there indefinitely or to return after temporary absences. *In re Donald*, 328 B.R. 192, 202 (B.A.P. 9th Cir. 2005). A domicile of choice is established by physical presence in a

-3-

place and intent to remain there. Once established, domicile continues until superseded by another domicile. *Id.* at 202-03.

Under Federal Rule of Bankruptcy Procedure 1014(a)(2), a court may dismiss or transfer a case filed in an improper district.

## III.    DISCUSSION

Movant has not met his burden to show that venue is improper under § 1408. Movant's evidence establishes, at most, that Debtor maintained significant personal, familial, and business ties to Vietnam and spent time there during relevant periods. It does not show that Movant resided in any other United States district for the requisite periods under § 1408.

As acknowledged in his Reply, Movant bears the burden of proving improper venue. His threshold showing was not merely that Debtor had Vietnam ties or made statements in tension with the petition. Movant needed evidence showing that Debtor did not satisfy any § 1408 venue basis in this district for the 180 days or the longer portion of that period: residence, domicile, principal place of business in the United States, or principal assets in the United States.

Movant did not meet his burden to show that any other district in the United States is the proper venue.

No evidentiary hearing is required. Rule 9014(d) requires testimony only when the Court must resolve a disputed material factual issue to decide the contested matter. *See Caviata Attached Homes, LLC v. U.S. Bank, N.A. (In re Caviata Attached Homes, LLC),* 481 B.R. 34, 44-46 (B.A.P. 9th Cir. 2012); *Khachikyan v. Hahn (In re Khachikyan),* 335 B.R. 121, 126 & n.4, 128 (B.A.P. 9th Cir. 2005). Thus, the Court finds good cause to deny Motion without resolving competing factual characterizations in the declarations. Movant has not made the showing required for dismissal, transfer, an OSC, or broad venue discovery. The joinders do not change that result.

///

-4-

## IV. CONCLUSION

Movant has failed to establish that Debtor did not satisfy any of the venue bases set forth in 28 U.S.C. § 1408. Accordingly, the Motion is DENIED in its entirety. The June 30, 2026, hearing is VACATED.

**IT IS SO ORDERED.**

Date: June 25, 2026

Scott C. Clarkson
United States Bankruptcy Judge