Paul Nguyen
16027 Brookhurst Street, Suite I-104
Fountain Valley, CA 92708
Tel: (949) 923-0106
Mnapaul1@gmail.com

Creditor and Appellant in Pro Per



**FILED**

JUL 08 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

In Re:

MINH TUONG NGUYEN

                           Debtor.

BAP No.: _____

Case No.: 8:26-bk-10347-SC

Chapter 7

**APPELLANT PAUL NGUYEN'S MOTION
FOR LEAVE TO APPEAL FROM
INTERLOCUTORY ORDER DENYING
MOTION TO DISMISS CHAPTER 7 CASE
FOR IMPROPER VENUE**

[Filed Concurrently with Notice of Appeal and
Statement of Issues on Appeal]

Appeal from Order Entered June 25, 2026
Bankr. Dkt. No. 113

TO THE HONORABLE BANKRUPTCY APPELLATE PANEL, APPELLEES, AND ALL

PARTIES TO THE APPEAL:

   Appellant Paul Nguyen respectfully moves for leave to appeal under 28 U.S.C. §

158(a)(3) and Fed. R. Bankr. P. 8004 from the Bankruptcy Court's Order Denying

Creditor Paul Nguyen's Motion Under Fed. R. Bankr. P. 1014(a)(2) to Dismiss Chapter 7

Case for Improper Venue; or, in the Alternative, for Order Requiring Debtor to Show

1

Cause and Appear for Evidentiary Hearing Regarding Venue Under 28 U.S.C. § 1408 [Dkt. No. 113], entered June 25, 2026 (the "Order").

Leave should be granted because the Order presents a controlling legal question not squarely answered by controlling Ninth Circuit or Bankruptcy Appellate Panel precedent: when a venue challenger presents evidence that the debtor's relevant 28 U.S.C. § 1408 contacts are foreign rather than domestic, may the bankruptcy court deny relief because the challenger did not prove another United States district as the proper venue, or must the court determine whether the chosen district itself satisfies the statute? The answer affects whether this Chapter 7 case may continue in the Central District of California at all.

## I. INTRODUCTION

This appeal is a request for review of the legal standard governing a threshold venue challenge under 28 U.S.C. § 1408 and Fed. R. Bankr. P. 1014(a)(2). Debtor filed this Chapter 7 case in the Central District of California, selecting residence-based venue. Appellant challenged venue with Debtor's own sworn statements and case disclosures placing Debtor's residence, domicile, business activity, and assets abroad.

The Order denied relief after stating that Appellant did not show that another district in the United States was the proper venue. [Dkt. 113 at 4.] That requirement does not appear in § 1408 or Rule 1014(a)(2). The point is that evidence pointing abroad required the Bankruptcy Court to decide whether the Central District itself satisfied § 1408, not to require Appellant to prove a substitute domestic district.

The Order also cited *Donald v. Curry* (*In re Donald*), 328 B.R. 192 (B.A.P. 9th Cir. 2005), for the domicile standard, but then declined to resolve competing factual

characterizations in the declarations. [Dkt. 113 at 3-4.] Donald treated domicile as a federal-law question and discounted the debtor's self-serving declaration of intent when contradicted by objective facts. The Order invoked Donald's framework but did not apply it.

Donald supplies the closest Ninth Circuit BAP venue framework, but it involved competing domestic venues, California and Georgia. Donald did not decide whether a § 1408 venue challenge fails when the record points abroad and not to another United States district. This case presents that unresolved question in a live Chapter 7 case before substantive administration advances further.

## II. JURISDICTION AND PROCEDURAL COMPLIANCE

The Bankruptcy Appellate Panel may grant leave to appeal from an interlocutory bankruptcy order under 28 U.S.C. § 158(a)(3). Fed. R. Bankr. P. 8004 governs the motion for leave. The Order was entered on June 25, 2026, and this Motion is filed with the Notice of Appeal within the time prescribed by Fed. R. Bankr. P. 8002.

This Motion complies with Fed. R. Bankr. P. 8004(b)(1). It states the facts necessary to understand the questions presented, the questions themselves, the relief sought, and the reasons leave should be granted. A copy of the Order is submitted with this Motion as Exhibit A.

Donald confirms that a bankruptcy venue order granting transfer is interlocutory and may be reviewed with leave. 328 B.R. at 197-98. This appeal concerns an order denying dismissal, transfer, an order to show cause, and venue discovery, but it presents the same type of interlocutory threshold venue ruling. Donald also treated a timely notice of appeal as the equivalent of a motion for leave under the then-applicable

Rule 8003(c). Id. at 197-98. Here, Appellant files both a timely Notice of Appeal and this separate Rule 8004 Motion, so the procedural posture is stronger than Donald, not weaker.

In determining whether to grant leave, the Panel looks for guidance to the standards developed under 28 U.S.C. § 1292(b). *Temkin v. Sullins (In re Belli)*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001). The Panel also considers whether denial of leave would result in wasted litigation and expense. *Official Comm. of Unsecured Creditors v. Credit Lyonnais Bank Nederland, N.V. (In re NSB Film Corp.)*, 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994).

**III.     FACTS NECESSARY TO UNDERSTAND THE QUESTIONS PRESENTED**

1.      Debtor commenced this Chapter 7 case on February 4, 2026, in the Central District of California. In the petition, Debtor listed 840 Chateau Court, Garden Grove, California, as where he lives and selected the residence-based venue box stating: "Over the last 180 days before filing this petition, I have lived in this district longer than in any other district." [Dkt. 1 at 2.]

2.      Debtor did not select the petition option stating that he had another reason for venue under 28 U.S.C. § 1408. [Dkt. 1 at 2.] Debtor's schedules later disclosed no real property, a $20,000 foreign bank account, litigation claims valued at $2,500,000, $38,000 held by Adore Escrow, and no business-related property. [Dkt. 22 at 4-8.] His Schedule C claimed the foreign bank account exempt. [Dkt. 22 at 9.] His Statement of Financial Affairs identified Viet Ideas, LLC as a business connection, describing Debtor as operating a small media company, with Debtor as the only employee and essentially a freelance journalist. [Dkt. 22 at 34.]

3.    Appellant moved under Fed. R. Bankr. P. 1014(a)(2) to dismiss the case for improper venue under 28 U.S.C. § 1408, or alternatively for an order requiring Debtor to show cause, venue-related document production, and an evidentiary hearing. [Dkt. 93 at 1-3.] Appellant concurrently filed a Request for Judicial Notice and Compendium of Exhibits. [Dkt. 94; Dkt. 95.]

4.    Appellant's evidence included Debtor's own sworn statements that he resided primarily in Vietnam and returned to the United States only intermittently; Debtor's family-law declaration stating that he operated his media and communications business primarily in Vietnam and describing Vietnam-based custody and family circumstances; and Ngan Thi Kim Tran's declaration stating that Debtor left the United States, relocated to Vietnam, and had a known residence in Ho Chi Minh City. [Dkt. 94 at 2-4; Dkt. 95 at 2-4.]

5.    Appellant's Reply expressly acknowledged that Appellant bore the ultimate burden of persuasion, but argued that the petition created only prima facie evidence of venue and that Debtor's own sworn statements and schedules rebutted the petition's residence representation. [Dkt. 112 at 3-8.] The Reply also argued that Debtor's June 16 declaration gave conclusions without dates, day counts, travel records, lease, deed, utility records, or owner or occupant declarations tying Debtor to 840 Chateau Court during the 180-day period. [Dkt. 112 at 7-8.]

6.    Appellant raised the venue challenge promptly after Debtor filed the May 27, 2026 declaration in the adversary proceeding stating that he resided primarily in Vietnam and returned to the United States only intermittently. That declaration was one of the core records identified in Appellant's Request for Judicial Notice. [Dkt. 95 at 2-3.]

Appellant filed the venue motion on June 2, 2026, less than one week later. [Dkt. 93 at 1.] Debtor later asserted waiver based on Appellant's earlier participation in the case. [Dkt. 110 at 6.]

7. Debtor opposed by asserting that he resided at 840 Chateau Court for the longer portion of the 180-day period, maintained California domicile, and conducted business through Viet Ideas, LLC. [Dkt. 110 at 2-5.] Debtor's declaration stated that he spent more time in the Central District than in any other location, including Vietnam, during the 180-day period, and that California was his permanent home. [Dkt. 110 at 8-10.]

8. The Chapter 7 Trustee opposed by arguing that Appellant provided no evidence that Debtor resided, was domiciled, maintained his principal place of business, or held principal assets in any other United States district. [Dkt. 111 at 3-7.] The Trustee further argued that Appellant's request for an OSC, discovery, and an evidentiary hearing was improper absent a threshold showing. [Dkt. 111 at 4-7.]

9. The Order granted Appellant's Request for Judicial Notice only as to the existence, filing, dates, and contents of the identified court records. The Order also stated that the Court could consider Debtor's own sworn statements as statements he made in other proceedings. [Dkt. 113 at 2 n.1.]

10. The Order recited the four § 1408 venue bases and the Donald domicile standard. [Dkt. 113 at 3-4.] In the discussion, however, the Order stated that Appellant's evidence established at most significant personal, familial, and business ties to Vietnam and time spent there, and did not show residence in any other United States district. [Dkt. 113 at 4.] The Order then stated that Appellant did not meet his burden to show that any other district in the United States was the proper venue. [Dkt. 113 at 4.]

11. The Order denied the Motion without resolving competing factual characterizations in the declarations, denied the alternative request for dismissal, transfer, OSC, or venue discovery, and concluded that Appellant failed to establish that Debtor did not satisfy any of the § 1408 venue bases. [Dkt. 113 at 4-5.]

12. The appeal therefore turns on the legal consequence of the Order's alternate-district formulation, its treatment of foreign-contact evidence, and its failure to apply the Donald objective-fact analysis after citing Donald. It does not require the Panel to decide the ultimate venue facts in the first instance.

## IV. QUESTIONS PRESENTED

The questions presented are set forth in the concurrently filed Statement of Issues on Appeal and are restated here:

1. Whether the Bankruptcy Court erred in construing 28 U.S.C. § 1408 and Federal Rule of Bankruptcy Procedure 1014(a)(2) to require Appellant, as the party challenging venue, to prove that another United States district was the proper venue, rather than determining whether the Central District of California itself satisfied any statutory venue basis during the 180-day prepetition period, where Appellant's evidence placed Debtor's residence, domicile, business activity, and assets abroad rather than in another domestic district.

2. Whether the Bankruptcy Court erred as a matter of law by identifying the four venue bases in 28 U.S.C. § 1408 and citing Donald's domicile framework, but failing to determine the legal effect, as to each basis, of Appellant's evidence placing Debtor's residence, domicile, business activity, and assets abroad rather than in the Central District of California during the 180-day prepetition period.

3.      Whether the Bankruptcy Court abused its discretion, or otherwise erred under Federal Rule of Bankruptcy Procedure 9014(d), by denying Appellant's alternative request for an order to show cause, limited venue discovery, or an evidentiary hearing.

## V.      RELIEF SOUGHT

Appellant seeks an order granting leave to appeal from the June 25, 2026 Order. On appeal, Appellant will seek reversal or vacatur and remand for application of the correct § 1408 and Rule 1014(a)(2) standard. Appellant does not ask the Panel, at the leave stage, to decide the ultimate venue facts. Appellant seeks review of the legal standard governing those facts and, if the Bankruptcy Court determines that material venue facts remain disputed, appropriate proceedings under Rule 9014(d).

## VI.      REASONS LEAVE TO APPEAL SHOULD BE GRANTED

### A.      The Order Presents a Controlling Threshold Question of Law.

The controlling question is not whether Vietnam can be selected as a bankruptcy venue. It cannot. The controlling question is what § 1408 requires when the evidence places the debtor's relevant contacts outside the United States. Section 1408 asks whether the case may be commenced in the district where the debtor's residence, domicile, principal place of business in the United States, or principal assets in the United States were located for the statutory period. Rule 1014(a)(2) asks what should happen when the case was filed in an improper district. Neither provision says that the challenger must identify a different domestic district before the court may find the chosen district improper.

That question controls the Order. If the proper inquiry is whether the Central District itself satisfies § 1408, then the Order's alternate-district formulation was legal

8

error. A second controlling question follows from *Donald*. After citing *Donald's* domicile framework, the Bankruptcy Court had to determine the legal effect of Debtor's self-serving residence and domicile assertions when measured against objective foreign-contact evidence. These issues are antecedent to trustee administration, adversary proceedings, discharge, distributions, settlements, and case closing.

**B.      Substantial Ground for Difference of Opinion Exists Because the Foreign-Contact Problem Is Unresolved and the Order Uses Competing Standards.**

This is not merely a disagreement with the Bankruptcy Court's view of the evidence. Appellant does not ask the Panel, at the leave stage, to decide where Debtor actually lived. Substantial ground for difference of opinion exists for four independent reasons.

First, the statute does not expressly answer the foreign-contact problem presented here. Donald addressed a debtor whose contacts pointed to Georgia rather than California. 328 B.R. at 195-96, 202-03. This case is different. Appellant's evidence pointed to foreign residence, foreign domicile, foreign business activity, and foreign assets. No controlling Ninth Circuit or BAP decision appears to hold that such a challenge fails unless the movant also proves a different United States district.

Second, the Order itself reflects the uncertainty. It recites that the challenger must prove venue is improper and concludes that Appellant failed to establish that Debtor did not satisfy any § 1408 basis, but the discussion also states that Appellant failed to show another district in the United States was the proper venue. [Dkt. 113 at 3-5.] Those are materially different inquiries when the evidence points abroad rather than to a competing domestic district.

That distinction matters here. A requirement to prove another domestic district may be workable in an ordinary domestic venue contest. It does not answer the statutory question presented when the evidence points outside the United States and the chosen district itself lacks the required § 1408 contacts.

Third, the Order cites Donald but does not apply Donald's operative analysis. Donald holds that a debtor's declarations of intent are relevant but may be substantially discounted when contradicted by objective facts. 328 B.R. at 202-03. The Order acknowledged *Donald* and recognized competing factual characterizations, but denied relief without resolving them. [Dkt. 113 at 3-4.] Whether a court may invoke *Donald*'s domicile framework while declining to run the objective-fact analysis is a legal-standard question suitable for immediate review.

Fourth, the issue is important beyond the immediate parties. Cross-border debtors, foreign residence evidence, foreign bank accounts, and foreign business activity create venue questions that Donald did not resolve. Debtor's own schedules disclosed a foreign bank account and no real property, while Appellant's venue evidence placed residence, business activity, and family circumstances in Vietnam. [Dkt. 22 at 4-9; Dkt. 94 at 2-4.] Immediate review would supply guidance on whether foreign contacts can rebut a debtor's residence-based venue representation without requiring the challenger to prove another domestic district.

**C.   Donald Supports Review, But Does Not Resolve the Foreign-Contact Issue.**

Donald supports review more strongly than as neutral background. It confirms that bankruptcy venue orders are interlocutory and may be reviewed with leave. 328 B.R. at 197-98. It also treated a timely notice of appeal as the equivalent of a motion for

leave under the then-applicable Rule 8003(c). *Id.* Here, Appellant filed the Notice of Appeal and this Rule 8004 Motion together, so there is no procedural deficit.

*Donald* also supplies the domicile framework under § 1408. Domicile is governed by federal law, not by a California-specific intuition about residence or intent. Id. at 199-202. Domicile continues until superseded, and a domicile of choice requires physical presence plus intent. *Id.* at 202. But Donald also makes clear that a debtor's own declaration of intent is not controlling. Such declarations may be substantially discounted when inconsistent with objective facts and inconsistent conduct. *Id.* at 202-03.

That is the key point here. Debtor's June 16 declaration asserted that California remained his residence and domicile. [Dkt. 110 at 8-10.] Appellant's record evidence placed Debtor's residence, business activity, family circumstances, foreign bank account, and lack of real property abroad or outside the Central District. [Dkt. 22 at 4-9; Dkt. 94 at 2-4.] Donald required the Bankruptcy Court to weigh that objective record against Debtor's later self-serving assertions. The Order instead denied relief without resolving competing factual characterizations. [Dkt. 113 at 4.]

*Donald* also shows that venue can be decided on the paper record when the record permits. The court in *Donald* weighed the debtor's declaration against objective facts and affirmed the bankruptcy court's choice between competing factual views. 328 B.R. at 202-03. Appellant's primary position follows that model: the paper record was sufficient, but the Bankruptcy Court did not apply the *Donald* analysis to the record before it.

*Donald* does not decide the issue presented here. *Donald* involved competing domestic contacts and transfer to Georgia. This appeal asks whether a court may reject a venue challenge because the challenger did not prove another domestic district when the evidence instead points abroad. That unresolved distinction is why leave is appropriate.

**D.      Timeliness and Waiver Do Not Defeat Review.**

*Donald* recognizes that venue objections should be raised early and may be waived if not timely raised. 328 B.R. at 198-99. That point does not defeat review here. The Order did not deny the Motion on waiver. It denied relief on the merits of § 1408 and on the stated ground that Appellant failed to show another United States district was the proper venue. [Dkt. 113 at 4-5.]

The record also supports timeliness. Appellant filed the venue motion on June 2, 2026, less than one week after Debtor filed the May 27, 2026 adversary declaration stating that he resided primarily in Vietnam and returned to the United States only intermittently. [Dkt. 93 at 1; Dkt. 95 at 2-3.] Earlier participation in the case did not require Appellant to file a venue motion before Debtor's own sworn foreign-residence admission crystallized the venue defect. At minimum, timeliness is not a reason to deny leave from an Order that did not rest on waiver.

**E.      Immediate Review Will Materially Advance the Case and Avoid Wasted Estate Resources.**

Immediate review will materially advance the case because venue is a threshold statutory issue. If the case proceeds and the venue ruling is later reversed, trustee administration, adversary proceedings, settlements, distributions, or case-closing

activity may have occurred in a forum whose venue was improper. That is the type of wasted litigation and expense recognized in In re NSB Film Corp., 167 B.R. at 180.

Donald's harmless-error analysis does not change the result. In Donald, even if California venue had been proper, transfer to the Northern District of Georgia was independently permissible under 28 U.S.C. § 1412. 328 B.R. at 203-04. That rationale does not translate here. The Order denied dismissal and did not identify any proper alternative United States district. If the Central District lacks a § 1408 basis and the record points abroad rather than to another domestic district, the error controls whether the case may proceed in this forum at all. It cannot be treated as harmless by invoking a discretionary domestic transfer that the Order did not make and that the record did not establish.

The Rule 9014(d) issue is alternative and does not conflict with Appellant's paper-record position. Appellant's primary position is that the paper record required application of the correct § 1408 standard. If the Bankruptcy Court believed disputed material facts prevented a paper-record venue ruling, the question is whether Rule 9014(d) permitted denial of the alternative request for an OSC, limited venue discovery, or an evidentiary hearing after the Court recognized competing factual characterizations but declined to resolve them. [Dkt. 113 at 4.] The answer affects how contested venue motions should proceed in bankruptcy cases involving foreign-contact evidence.

F.    The Appeal Is Narrow.

Appellant does not seek review of an ordinary scheduling or case-management ruling. The appeal concerns the statutory standard for bankruptcy venue when the record points abroad, the legal effect of foreign-contact evidence under each § 1408

venue basis, the application of Donald's objective-fact framework, timeliness in the specific record presented, and the alternative Rule 9014(d) procedure if factual disputes prevented a paper-record venue ruling. Granting leave will allow the Panel to resolve those threshold questions before the case advances further.

## VII.   CONCLUSION

For the foregoing reasons, Appellant Paul Nguyen respectfully requests that the Bankruptcy Appellate Panel grant this Motion for Leave to Appeal from the June 25, 2026 Order.

Dated:  July 8, 2026                              Respectfully Submitted;

By: PAUL NGUYEN
Creditor and Appellant in Pro Per

14

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I certify under Federal Rule of Bankruptcy Procedure 8015(h) that Appellant Paul Nguyen's Motion for Leave to Appeal From Interlocutory Order Denying Motion to Dismiss Chapter 7 Case for Improper Venue complies with the type-volume limitation applicable to motions under Federal Rule of Bankruptcy Procedure 8013(f)(3).

The Motion contains 3,952 words, excluding the items exempted by Federal Rule of Bankruptcy Procedure 8015(g). The Motion therefore does not exceed the 5,200-word limit applicable to motions. The Motion also does not exceed 20 pages.

Dated:  July 8, 2026                                    Respectfully Submitted;

By: PAUL NGUYEN
Creditor and Appellant in Pro Per

# EXHIBIT A

FILED & ENTERED

JUN 25 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Minh Tuong Nguyen,<br><br><div align="right">Debtor(s).</div> | Case No.: 8:26-bk-10347-SC<br><br>CHAPTER 7<br><br>**ORDER DENYING CREDITOR PAUL NGUYEN'S MOTION UNDER FED. R. BANKR. P. 1014(A)(2) TO DISMISS CHAPTER 7 CASE FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, FOR ORDER REQUIRING DEBTOR TO SHOW CAUSE AND APPEAR FOR EVIDENTIARY HEARING REGARDING VENUE UNDER 28 U.S.C. SECTION 1408 [DK. 93]**<br><br>Vacated Hearing<br>Date:          June 30, 2026<br>Time:          11:00 AM<br>Courtroom: 5C |

The Court has reviewed Creditor Paul Nguyen's ("Movant") *Motion Under Fed. R. Bankr. P. 1014(a)(2) to Dismiss Chapter 7 Case for Improper Venue or; in the Alternative, for Order Requiring Debtor to Show Cause and Appear for Evidentiary Hearing Regarding Venue Under 28 U.S.C. § 1408* filed on June 2, 2026 [Dk. 93] (the

-1-

"Motion"); the Compendium of Exhibits [Dk. 94]; the Request for Judicial Notice [Dk. 95][1]; the Limited Joinders filed by Cindy Lina Vu on June 3, 2026 [Dk. 99] and Daniel Dulac on June 16, 2026 [Dk. 109]; Debtor's Opposition filed on June 16, 2026 [Dk. 110]; the Chapter 7 Trustee's Opposition filed on June 16, 2026 [Dk. 111]; Movant's Reply filed on June 22, 2026 [Dk. 112]; and the record as a whole in this case. Having determined the matter is appropriate for disposition without oral hearing, the Court finds good cause to DENY the Motion and VACATE the June 30, 2026 hearing.

Given the lack of merit to the Motion, the Trustee and Debtor should consider whether it is appropriate to seek reimbursement of attorneys' fees pursuant to an appropriately noticed motion.

## I.    BACKGROUND

Debtor commenced this Chapter 7 case on February 4, 2026. In the petition, Debtor listed 840 Chateau Court, Garden Grove, California, as his residence and represented that, during the 180 days preceding the petition date, he lived in this district for a longer portion of that period than in any other district.

Movant seeks dismissal of the case under Federal Rule of Bankruptcy Procedure 1014(a)(2), contending venue is improper under 28 U.S.C. § 1408. In the alternative, Movant requests an order to show cause, venue-related document production, and an evidentiary hearing. Movant principally relies on statements made by Debtor in declarations filed in other proceedings that reference Debtor's residence, business activities, and family ties in Vietnam. Cindy Lina Vu and Daniel Dulac filed joinders [Dks. 99 and 109, respectively].

Debtor opposes the Motion and maintains that venue is proper. Debtor's supporting declaration states that 840 Chateau Court was his home address, that he resided there during the relevant period, that he spent more time in the Central District

---

[1] Movant's Request for Judicial Notice is granted only as to the existence, filing, dates, and contents of the identified court records. The Court may consider Debtor's own sworn statements as statements he made in other proceedings. The Court does not take judicial notice of disputed factual assertions by non-debtor declarants for their truth.

of California than in Vietnam during the 180 days preceding the petition date, and that California remained his permanent home. Debtor separately argues that Movant waived or delayed the venue objection by participating in the case before filing the Motion.

The Chapter 7 Trustee also opposes the Motion. Trustee states that, after reviewing the petition, schedules, business disclosures, § 341 testimony, and the case record, he found no evidence establishing that Debtor resided, was domiciled, maintained his principal place of business, or held his principal assets in any other United States district during the relevant period. Trustee argues that Movant's theory rests almost entirely on selective excerpts from declarations filed in unrelated litigation, none of which establish that the Debtor lacked residence, domicile, principal place of business, or principal assets in this District during the 180-day prepetition period. Trustee also argues that the Motion also improperly demands extensive document production and an order to show cause hearing without any threshold showing of impropriety.

In Reply, Movant acknowledges that he bears the ultimate burden, but argues the petition is only prima facie evidence of venue and that, once rebutted by objective evidence, Debtor must produce proof satisfying at least one § 1408 venue basis.

## II. LEGAL STANDARDS

Venue is proper in the district where the debtor had his domicile, residence, principal place of business in the United States, or principal assets in the United States for the 180 days immediately preceding the commencement of the case, or for a longer portion of that period than in any other district. 28 U.S.C. § 1408(1).

A party challenging venue bears the burden of proving venue is improper. A debtor need satisfy only one of the statutory venue bases set forth in § 1408.

Domicile is established by physical presence in a place with the intent to remain there indefinitely or to return after temporary absences. *In re Donald*, 328 B.R. 192, 202 (B.A.P. 9th Cir. 2005). A domicile of choice is established by physical presence in a

place and intent to remain there. Once established, domicile continues until superseded by another domicile. *Id.* at 202-03.

Under Federal Rule of Bankruptcy Procedure 1014(a)(2), a court may dismiss or transfer a case filed in an improper district.

## III.    DISCUSSION

Movant has not met his burden to show that venue is improper under § 1408. Movant's evidence establishes, at most, that Debtor maintained significant personal, familial, and business ties to Vietnam and spent time there during relevant periods. It does not show that Movant resided in any other United States district for the requisite periods under § 1408.

As acknowledged in his Reply, Movant bears the burden of proving improper venue. His threshold showing was not merely that Debtor had Vietnam ties or made statements in tension with the petition. Movant needed evidence showing that Debtor did not satisfy any § 1408 venue basis in this district for the 180 days or the longer portion of that period: residence, domicile, principal place of business in the United States, or principal assets in the United States.

Movant did not meet his burden to show that any other district in the United States is the proper venue.

No evidentiary hearing is required. Rule 9014(d) requires testimony only when the Court must resolve a disputed material factual issue to decide the contested matter. *See Caviata Attached Homes, LLC v. U.S. Bank, N.A. (In re Caviata Attached Homes, LLC),* 481 B.R. 34, 44-46 (B.A.P. 9th Cir. 2012); *Khachikyan v. Hahn (In re Khachikyan),* 335 B.R. 121, 126 & n.4, 128 (B.A.P. 9th Cir. 2005). Thus, the Court finds good cause to deny Motion without resolving competing factual characterizations in the declarations. Movant has not made the showing required for dismissal, transfer, an OSC, or broad venue discovery. The joinders do not change that result.

///

## IV.    CONCLUSION

Movant has failed to establish that Debtor did not satisfy any of the venue bases set forth in 28 U.S.C. § 1408. Accordingly, the Motion is DENIED in its entirety. The June 30, 2026, hearing is VACATED.

**IT IS SO ORDERED.**

Date: June 25, 2026

Scott C. Clarkson
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

16027 Brookhurst Street, Suite I-104 , Fountain Valley, CA 92708

A true and correct copy of the foregoing document entitled: **APPELLANT PAUL NGUYEN'S MOTION FOR LEAVE TO APPEAL FROM INTERLOCUTORY ORDER DENYING MOTION TO DISMISS CHAPTER 7 CASE FOR IMPROPER VENUE(1)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 07/08/2026 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 07/08/2026 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
411 W. 4th St., Ste 5130/Ctrm 5C
Santa Ana, CA 92701-4593

Minh Tuong Nguyen
840 Chateau Court,
Garden Grove, CA 92841

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/08/2026 | Allan Nguyen | |
|---|---|---|
| Date | Printed Name | Signature |

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Christopher Cramer    secured@becket-lee.com
Jeffrey I Golden (TR)    lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com
David S Hagen    davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net
Eric P Israel    epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
David Tang    lawyertang@yahoo.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Stephen R Wade    srw@srwadelaw.com, reception@srwadelaw.com
Reilly D Wilkinson    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com