ERIC P. ISRAEL (State Bar No. 132426)
*EPI@LNBYG.COM*
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Ave.
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Plaintiff Jeffrey I. Golden, Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>MINH TUONG NGUYEN,<br><br>Debtor. | Case No. 8:26-bk-10347-SC<br><br>Chapter 7 |
| JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>THANH BINH TRAN, an individual; NGOC LAM PHUONG NGUYEN; an individual; PAUL NGUYEN, an individual; and BAN T. NGUYEN, an individual,<br><br>Defendants. | Adv. No.<br><br>**TRUSTEE'S COMPLAINT:**<br>**(1) FOR DECLARATORY RELIEF;**<br>**(2) TO AVOID AND PRESERVE PREFERENTIAL TRANSFERS; AND**<br>**(3) TO OBJECT TO CLAIM**<br><br>DATE: See Summons]<br>TIME See Summons<br>PLACE: See Summons |

Plaintiff Jeffrey I. Golden, the Chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate (the "Estate") of Minh Tuong Nguyen (the "Debtor"), alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This adversary proceeding is brought pursuant to 11 U.S.C. §§ 502(d), 506, 547, 550 and 551. This adversary proceeding arises in and under, and relates to, the bankruptcy case under Chapter 7 of the United States Bankruptcy Code entitled *In re Minh Tuong Nguyen,* case no. 8:26-bk-10347-SC (the "Bankruptcy Case"), which is presently pending

before the United States Bankruptcy Court for the Central District of California, Santa Ana Division. The claims are related to this bankruptcy case (case no. 8:26-bk-10347-SC) because they arise under title 11, and the outcome of such claims for relief could have a significant effect on the Estate as each such claim for relief will impact the amount of money available for distribution to creditors.

2. In accordance with the requirements of Local Bankruptcy Rule 7008-1, this action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), (F), (K) and (O).

3. This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

4. The Court can and should enter a final judgment herein. If and to the extent that the Court determines that it lacks jurisdiction or authority to enter a final judgment, Plaintiff requests that the Court submit findings of fact and conclusions of law for consideration to the District Court. Defendants Thanh Binh Tran ("Tran"), an individual; Ngoc Lam Phuong Nguyen ("Ngoc"); an individual;, Paul Nguyen; ("Paul"), an individual; and Ban T. Nguyen ("Ban"), an individual are hereby notified that Federal Rules of Bankruptcy Procedure 7008(a) and 7012(b) require each defendant to plead whether each claim for relief asserted against such defendant is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

## THE PARTIES

5. Plaintiff is Jeffrey I. Golden, who brings this adversary proceeding solely in his capacity as the Chapter 7 Trustee serving in the Debtor's Bankruptcy Case. Plaintiff has standing to bring this adversary proceeding on behalf of the Estate as the duly appointed Chapter 7 trustee.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendants Tran, Ngoc and Paul are individuals who presently reside in the State of California.

/ / /

/ / /

## GENERAL ALLEGATIONS

**Bankruptcy Background**

7. The Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under Chapter 7 of the United States Code on February 4, 2026 (the "Petition Date").

8. Jeffrey I. Golden subsequently accepted appointment as the Chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity for the benefit of creditors.

9. One of the assets listed by the Debtor on his bankruptcy schedules is $38,000 which was held in escrow at Adore Escrow, Inc. ("Adore" and the "Escrow Funds"). Dkt 22, schedule B.35.[1]

**The Escrow**

10. Plaintiff is informed and believes, and based thereon alleges, that on or about September 29, 2021, Tran and Ngoc (collectively the "Purchasers") entered into a California Residential Purchase Agreement and Joint Escrow Instructions (the "Purchase Agreement") for Tran and Ngoc to purchase from Ban that certain parcel of real property commonly known as 9049 Lemongrass Court, Fountain Valley, California (the "Subject Property").

11. The Purchasers and Ban opened an escrow at Adore for the sale, escrow number Escrow No. 21P54043-JT.

12. Disputes arose between the Purchasers and Ban, and the transaction never closed. The Purchasers commenced an arbitration against Ban for specific performance of the Purchase Agreement, but pursuant to a written arbitration award dated June 12, 2026 (the "Arbitration Award"), specific performance was denied. As provided in the Arbitration Award, with respect to the Escrow Funds, the Arbitrator stated as follows:

> "There is one issue raised by Respondent that appears, to the Arbitrator to have merit. That relates to the $38,000.00 deposit made in the escrow by a 3rd party. In another Court proceeding, not involving these same parties, that Court declared that the funds did not belong to the 3rd party who deposited them in this escrow and were to be turned over

[1] "Dkt" references are to pleadings filed in the Debtor's Bankruptcy Case.

> to someone else. The Arbitrator was advised during the hearing on the closing Briefs that the $38,000.00 was still on deposit in the escrow, subject to the Court Order referenced above. The Arbitrator notes that the Claimants have never made any effort to replace the $38,000.00 mentioned above after the Court Order referred to above. As a result, there is a potential issue of whether a proper initial deposit was made in the escrow. The Arbitrator, however, does not need to address this issue to arrive at an award, as set forth below.

A copy of the Arbitration Award is attached hereto as Exhibit "1".

13. The Purchase Agreement includes an attorneys' fee clause.

**Paul's Judgment and Judgment Lien**

14. On or about July 23, 2025, the California Superior Court in an action captioned as Ngoc Tuyet Lam v. Mihn Tuong Nguyen and Ngan Thi Kim Trand, case no. 30-2022-01253059-CU-OR-CJC (the "Lam Lawsuit"), entered a default judgment against the Debtor in the original principal sum of $2,086,793.75 (the "Default Judgment").

15. The Trustee is informed and believed, and based thereon alleges, that Paul purchased the Default Judgment from Ngoc Tuyet Lam, and that Paul now owns the Default Judgment.

16. On or about December 2, 2025, based on the Default Judgment, Paul levied on the Escrow Funds ("Paul's Levy").

17. In response to Paul's Levy, the Plaintiffs in the Tran Lawsuit initiated a third party claim procedure for the Escrow Funds.

18. The Superior Court entered a judgment and order thereon on or about January 29, 2026, ruling against the plaintiffs, finding that the Debtor herein was the rightful owner of the Escrow Funds, and hence that the Escrow Funds were subject to Paul's Levy (the "Ownership Ruling"). A copy of the Ownership Ruling is attached hereto as Exhibit "2".

19. The Debtor's bankruptcy case followed on February 4, 2026.

20. The Debtor obtained relief from stay from this Court by order entered on or about July 23, 2026, authorizing him to challenge the Default Judgment. Dkt 130.

/ / /

21. Plaintiff is informed and believes, and based thereon alleges, that the Debtor has filed a motion to vacate the Default Judgment, which currently is scheduled for hearing on or about December 2, 2026 (the "Motion to Vacate").

22. If the Superior Court grants the Motion to Vacate, Paul's Levy and any judgment liens thereon will become a nullity.

**Stipulated Turnover of Escrow Funds to Trustee**

23. Pursuant to an order entered on or about September 25, 2026, the Court approved a stipulation between the Trustee and Adore for Adore to turnover the Escrow funds to the Trustee, to be held in a segregated account, with the interests of the Purchasers and Paul attaching to the Escrow Funds with the same force, effect, validity and priority that they had as to the Escrow Funds on the Petition Date. Dkt 143.

24. Pursuant thereto, Adore has turned over the Escrow Funds to the Trustee, who is holding those funds in a segregated account.

**Paul's Proof of Claim**

25. On or about July 13, 2026, Paul filed a proof of claim against the Estate as a secured claim for $2,161,157.91, which was assigned claim no. 1 ("Paul's Proof of Claim").

26. In a separate lawsuit entitled Orange County Superior Court described as 30-2026-01541241-CU-FR-CJC, Minh Tuong Nguyen v. Custos Terrae, Remax Real Estate One, George Balch, Daniel Dulac, Julie Dao and Huong Thi Tran, Minh Tuong Nguyen v. Custos Terrae, etc., on or about February 2, 2026, Paul filed a Notice of Judgment Lien based upon the Default Judgment (the "Paul's Custos Terrae Judgment Lien"). The judgment liens effected by Paul's Levy and Paul's Custos Terrae Judgment Lien, and any other judgment liens in favor of Paul based upon the Default Judgment, shall be collectively referred to hereinafter as "Paul's Judgment Liens."

27. A hearing is scheduled for October 27, 2026 on the Trustee's motion to sell the Estate's interest in the Lawsuit (the "Sale Motion"). Dkt 153. If the Sale Motion is granted,

Paul's Custos Terrae Judgment Lien will be removed from the Lawsuit and attach to the sale proceeds with the same force, effect, validity and priority that it enjoys against the Lawsuit, and the Trustee will hold those sale proceeds in a segregated account.

**<u>FIRST CLAIM FOR RELIEF</u>**

**(FOR DECLARATORY RELIEF)**

**(11 U.S.C. § 542)**

**(Against Tran, Ngoc and Ban Only)**

28. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive, of this Complaint as though fully set forth herein.

29. The Trustee is informed and believes, and based thereon alleges, that the Debtor has superior rights in the Escrow Funds over the Purchasers.

30. Plaintiff is informed and believes, and based thereon alleges, that an actual controversy has arisen and now exists in that the Purchasers contend that they have superior rights in the Escrow Funds, and Plaintiff disputes that contention.

31. The Trustee is entitled to a declaratory judgment that the Escrow Funds are property of the Debtor's Estate.

**<u>SECOND CLAIM FOR RELIEF</u>**

**(TO AVOID PREFERENTIAL TRANSFERS)**

**(11 U.S.C. §§ 547 and 551)**

**(Against Paul Only)**

32. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 31, inclusive, of this complaint as though fully set forth herein.

33. The Trustee has undertaken reasonable due diligence to investigate the merits of the preference claim for relief herein and known and reasonably knowable affirmative defenses,

/ / /

including without limitation review of the title records, Paul's Proof of Claim and the attachments thereto, and the Debtor's other bankruptcy papers.

34. Paul's Judgment Liens transferred interests of the Debtor in property to Paul as a creditor.

35. Paul's Judgment Liens arose within 90 days of the Petition Date.

36. Paul's Judgment Liens arose for or on account of an antecedent debt owed by the Debtor before Paul's Judgment Liens were perfected – specifically on account of the Default Judgment.

37. The Debtor was insolvent at the time that Paul's Judgment Liens arose.

38. As a result of Paul's Judgment Liens, Paul would receive more than he would have received in this Chapter 7 Bankruptcy Case if Paul's Judgment Liens had not been issued because any distribution to Paul from the Estate would have been much less than the amount of the Escrow Funds.

39. Plaintiff is informed and believes, and based thereon alleges, that Paul is the initial transferee of Paul's Judgment Liens.

40. Pursuant to 11 U.S.C. § 547, the Trustee may avoid Paul's Judgment Liens and is entitled to an order and judgment under 11 U.S.C. § 551 that Paul's Judgment Liens are preserved for the benefit of the Estate.

## THIRD CLAIM FOR RELIEF

**(TO OBJECT TO PROOF OF CLAIM)**

**(11 U.S.C. § 502(d))**

**(Against Paul Only)**

41. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth herein.

42. Plaintiff is informed and believes, and based thereon alleges, that Paul is a transferee of a transfer avoidable under 11 U.S.C. § 550, specifically because he received Paul's

Judgment Liens, which are avoidable preferential transfers under 11 U.S.C. § 547 for the reasons stated in this Complaint.

43. The Trustee has asked that Paul release Paul's Judgment Liens, but Paul has refused.

44. Pursuant to 11 U.S.C. § 502(d), Paul must first release Paul's Judgment Liens and release his claim to the Escrow Funds or pay the amount thereof to the Trustee before any distribution is to be made to Paul under Paul's Proof of Claim.

45. As a result, Paul's Proof of Claim should be disallowed in its entirety.

**FOURTH CLAIM FOR RELIEF**

**(FOR DECLARATORY RELIEF)**

**(11 U.S.C. §§ 502 and 506)**

**(Against Paul Only)**

46. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 45, inclusive, of this Complaint as though fully set forth herein.

47. If the Debtor succeeds under the Motion to Vacate in vacating the Default Judgment, then the Default Judgment will be void, and Paul's Judgment Liens thereunder will also become void and Paul's Proof of Claim will no longer be allowable.

48. The Court should enter a judgment declaring that Paul's Proof of Claim is disallowed in its entirety and disallowing Paul's Judgment Liens against any and all of the Debtor's assets.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, jointly and severally (except as otherwise noted below), as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1. For a declaratory judgment that the Escrow Funds are property of the Debtor's Estate.

2. For an award of the Trustee's attorneys' fees against Tran, Ngoc and Ban only.

**ON THE SECOND CLAIM FOR RELIEF:**

3. That Paul's Judgment Liens against the Escrow Funds, the Custos Terrae Lawsuit and any other of the Debtor's assets are avoided under section 547; and

4. That Paul's Judgment Liens be preserved for the benefit of the Estate under section 551.

**ON THE THIRD CLAIM FOR RELIEF:**

5. That Paul's Proof of Claim be disallowed against the Estate unless and until he releases Paul's Judgment Liens.

**ON THE FOURTH CLAIM FOR RELIEF:**

6. If the Motion to Vacate is granted, for a declaratory judgment declaring that Paul's Proof of Claim is to be disallowed in its entirety; and

7. That Paul's Judgment Liens are disallowed in their entirety.

**ON ALL CLAIMS FOR RELIEF:**

8. For costs of suit.

9. For such other and further relief as the Court deems just and proper.

DATED: October 27, 2026

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: *_/s/ Eric P. Israel_*
ERIC P. ISRAEL
Attorneys for Plaintiff Jeffrey I. Golden, Chapter 7 Trustee

# EXHIBIT "1"

1851 East First Street
Suite 1600
Santa Ana, CA 92705
Tel: (714) 834-1340

Hon. Chris R. Conway, Ret.
Arbitrator

JUDICATE WEST

IN THE MATTER OF THE ARBITRATION BETWEEN:

THANH BINH TRAN, ET AL.,

Claimant(s),

v.

BAN T. NGUYEN,

Respondent.

JW Case No.: A310449

**ARBITRATION AWARD**

This is a binding Arbitration between Claimants, Thanh Binh Tran and Ngoc Lam Phuong Nguyen, and Respondent, Ban T. Nguyen, concerning the attempted purchase of a single family residence, located at 9049 Lemongrass Court, Fountain Valley, California (hereinafter, "The subject property"), by the Claimants, from the Respondent. Arbitration Hearings were held in this matter, before the undersigned as the agreed upon Arbitrator, on April 7, 8, and 9, 2026. The Claimants were represented by attorney, Heidi Griffith, and the Respondent by attorney, Hai H. Lai. Upon the completion of the Hearing, counsel requested submitting their Closing Comments, in written Briefs. The Arbitrator set up a "briefing schedule" and upon receipt of the last brief, arranged for an Oral Hearing on June 8, 2026, on the Closing Comments. The matter was deemed "Submitted" at that time and the Arbitrator renders his Initial Award, as hereinafter set forth.

Before the commencement of the evidentiary hearing, the Claimant's and Respondent each made Three Motions In Limine as follows:

**Claimants' Motions are;**

1. To Exclude Third Party Litigation, Bankruptcy Proceedings and Collateral Matters. This Motion was opposed by the Respondent, and after hearing comments from counsel, the Arbitrator GRANTED the Motion, except for any prior Court Orders arising out of any such proceedings, which the Arbitrator stated that he would consider.

2. To Exclude Evidence and Argument Regarding Deposit Source and "Nominee" Theories. It was unclear to the Arbitrator exactly what the issue was with this Motion. The Motion was opposed by the Respondent. The Arbitrator GRANTED the Motion, subject to hearing what evidence, in particular, was being sought to be excluded.

3. To Preclude Respondent From Seeking Evidentiary Exclusion Based on Alleged Discovery Issues. Respondent opposed the Motion. In ruling on this Motion, the Arbitrator considered that Discovery in this case had been "cut off" by February 23, 2026, pursuant to a prior Order of the Arbitrator and that therefore any Discovery after that date would be improper, with the exception of any Discovery or matters requested before that date, but not provided by the party from whom the information was sought. To that extent, the Motion was GRANTED.

**Respondent's Motions are:**

1. To Exclude all documents, as defined under the California Evidence Code, section 250, pertaining to documents which Claimant, Thank Bink Tran (hereinafter referred to as "Claimant" or "Tran") refused to produce pursuant to to Respondent's Demand for Production of Documents, Set One. This Motion was opposed by the Claimants. This Motion was GRANTED.

2. Exclude and Prevent Claimants, Thanh Binh Tran and Ngoc Lam Phuong Nguyen, their witnesses and their attorneys from including claims and theories of liability that were not alleged in the Amended Complaint. The Claimants opposed this Motion and the Motion was GRANTED.

3. Exclude all Witnesses and related documents, preventing Thanh Binh Tran and his attorneys from calling witnesses not disclosed in discovery and from mentioning, referring to, or attempting to introduce evidence concerning any documents not produced in response to discovery requests. This Motion was GRANTED.

In another "pretrial" Motion, the Respondent requested that the Arbitrator take "Judicial Notice" of various document filed in other legal proceedings, involving some of the parties in this litigation, but also including other "third parties". The Arbitrator DENIED the Request, except to the extent there were Court Orders in any of these other legal proceedings that affected issues in this case. For example, as will be discussed later in this Award, there is an issue concerning the ownership of the initial deposit made by Claimants in the escrow.

Following the Arbitrator's Rulings on the various Motions referred to above, the evidentiary portion of the Hearing began. During the Hearing, the following witnesses were sworn and testified: Thanh Binh Tran; Ngoc Lam Phong Nguyen; and Ban T. Nguyen. Upon the conclusion of the hearing, Exhibits submitted by each side were offered into evidence. Some of the Exhibits requested, were objected to by the none requesting party. Any Exhibits referred to in this award, were received in evidence.

On, or about September 29, 2021, Claimants and Respondent entered into a California Residential Purchase Agreement and Joint Escrow Instructions (Exhibit C-1) and hereinafter referred to as the "Purchase Agreement". Thanh Binh Tran (hereinafter, Binh) testified that he and Respondent, Ban T. Nguyen (hereinafter, Ban) signed the Purchase Agreement. The purchase price for the subject real property was to be $1,910,00.00. The initial Purchase Agreement called for an "initial deposit" of $60,000.00, and contained certain "contingencies" that had to be met, as a part of the Claimants' offer to purchase the subject property. Among the "contingencies" were those listed in paragraph 14A of the Purchase Agreement (Exhibit C-1). In addition to those "contingencies" there was a "loan contingency" as set forth in paragraph 3D(1) of the Purchase Agreement. The Purchase Agreement also called for escrow to close 30 days after acceptance of

the Claimants' offer. The offer appears to have been accepted by the Respondent on October 11, 2021 (paragraph 32 of Exhibit C-1).

Binh further testified that an Addendum to the Purchase Agreement was prepared and executed by all parties on October 13, 2021 (Exhibit C-3). Among other things, that Addendum provided that escrow was to close December 31, 2021; added the same of Binh's wife, Ngoc Lam Phong Nguyen as an additional purchaser; certain items of furniture and furnishings to be included in purchase price; the deposit to be 2% of the purchase price; and that all contingencies had to be removed within 7 days after "acceptance".

Escrow Instructions were prepared by the Escrow Company and signed by Respondent on November 10, 2021 (Exhibit C-6). It appears that the Escrow Instructions were never signed by the Claimants.

According to the testimony of Binh and Exhibit C-7, a check in the amount of $38,200.00 was deposited into the escrow by Tuong Minh Nguyen for the credit of Binh on October 18, 2021. During the hearing, there was testimony that this check was rejected by the bank for "NSF", insufficient funds, and a subsequent "wire transfer" was made by Tuong Minh Nguyen in the sum of $38,000.00 for the credit of Binh. That wire transfer deposit was accepted by the Escrow Company on October 26, 2021. The Respondent, both in his closing brief and at the hearing on those briefs, asserted that the $200.00 difference between the "wire transfer" amount and the amount set forth in Exhibit C-3 (the Addendum), constituted a breach of the Purchase Agreement by the Claimants, baring them from any recovery herein. The Arbitrator notes at this point that the $200.00 difference is "minor" and does not affect the outcome of this award.

Binh testified that he and his wife removed "all contingencies" relating to the purchase of the subject real property, on November 2, 2021. Paragraph OR B provides that "All Buyer contingencies are remove" (Exhibit C-9). Following that removal, Binh tried to have an Appraisal Expert from a lending company inspect the subject property relative to his getting a loan. Ban denied the Appraiser access to the subject property. During their Closing Brief and during the Hearing on the Briefs, Claimants' contended that this constituted some kind of "breach" of the Purchase Agreement, on the part of the Respondent. The Arbitrator notes that this incident

occurred after Claimants had "removed all contingencies", including obtaining a loan, and therefore any such conduct of the Respondent did not constitute a bread of the Purchase Agreement. When the Claimants' removed the "loan contingency" they were, in essence, saying they did not need a loan to complete the purchase. It should also be noted that the "removal of all contingencies" included a removal of the "right of inspection contingency".

Binh also testified that following the removal of all contingencies by he and his wife, he was informed that Ban did not wish to sell the property. Upon hearing that information, Binh caused an email (Exhibit C-20) to be sent to Ban asking him to complete the sale. According to his testimony, Binh next contacted any attorney, who wrote a "Demand Letter" (Exhibit R-8) to Ban insisting that Ban proceed with the sale. The attorney also caused a Lis Pendens to be filed against the subject property (Exhibit C-22).

Ban testified that he had a long-standing business relationship, more than 20 years, with Tiffany Nguyen in the area of real estate transactions and that he hired her to sell the subject property for him. He listed the subject property with her for $1,960,000.00. He further said that she came to him near the end of September, 2021, and told him she had someone who was interested in purchasing the subject property, i.e. the Claimants. The Claimants subsequently made an offer of $1,910,000.00. He told Tiffany he would not sell it for that price, but would sell it for $1,950,000.00, which would include the furniture in the house. After further discussions with Tiffany, he told her he would take $1,935,000.00.

In late September or early October, 2021, Ban testified that Tiffany provided a final offer of $1,910,000.00. His final offer in response was $1,925,000.00. Ban further testified that the next thing that happened was Tiffany brought some papers to him to sign and told him to sign them. He did not read them, because he trusted Tiffany, and signed the papers. He thought the sales price was $1,925,000.00, when in fact it was $1,910,000.00. In early October, Tiffany had some more papers for him to sign, they were the Addendum (Exhibit C-3), which at her request, he signed without reading them.

On or about November 10.2021, Ban testified that Tiffancy asked him to come to her office and gave him Exhibit C-6, which consisted of a large number of documents. He further

stated that he and Tiffany got into an argument about the documents and the sales price. He told her he wanted to cancel the escrow and she should have the escrow company prepare an Escrow Cancellation Instruction. She told him, he had to sign the documents and could not get out of the escrow. He testified that he signed the documents "under duress" because he wanted to get out of Tiffany's office. Exhibit R-2 consists of a number of emails between Tiffany and Ban regarding the above issues, and Tiffany telling him he could not cancel the escrow. The Arbitrator notes that Ban never caused a "cancellation instruction" to be prepared by the escrow company.

The Arbitrator believes that all of the foregoing fairly sets forth the facts related to this Arbitration proceeding. The Respondent has raised several issues relative to his being the prevailing party in this matter. For example, he contends that the Buyers, i.e. Claimants herein, never signed the Escrow Instructions, which appears to be true, and he therefore contends, no contract existed between Claimants and Respondent. Another issue raised by the Respondent is that the initial deposit, as set forth in the Purchase Agreement, was not made within 7 days of his acceptance of Claimant's offer. The deposit was made on October 26, 2021, which was more than 7 days after Respondent's acceptance of Claimant's off. The problem with these contentions is that the Respondent signed final instructions on November 10, 2021, approving the sale. Arguably, this was a waiver of the issues mentioned above.

There is one issue raised by Respondent that appears, to the Arbitrator to have merit. That relates to the $38,000.00 deposit made in the escrow by a 3rd party. In another Court proceeding, not involving these same parties, that Court declared that the funds did not belong to the 3rd party who deposited them in this escrow and were to be turned over to someone else. The Arbitrator was advised during the hearing on the closing Briefs that the $38,000.00 was still on deposit in the escrow, subject to the Court Order referenced above. The Arbitrator notes that the Claimants have never made any effort to replace the $38,000.00 mentioned above after the Court Order referred to above. As a result, there is a potential issue of whether a proper initial deposit was made in the escrow. The Arbitrator, however, does not need to address this issue to arrive at an award, as set forth below.

An issue not discussed or mentioned above or below, has to do with the possible question of attorney's fees to the prevailing party in this litigation. That issue is not being dealt with at this time, since it would only arise after the conclusion of this award, and depends on whether one party or the other seeks attorney's fees from the other. That issue, if it arises, would be dealt with via a separate Motion following the issuance of this award.

While the Arbitrator believes that the facts and issues in this matter may appear very complicated, when in fact they are not. On the surface, it might appear that the Claimants have made a strong case on their behalf and would be entitled to an award in their favor. All of the circumstances would seem to indicate that they entered into a contract with the Respondent for the purchase of his property, including signing all the required documents, which the Respondent also acknowledges that he signed as well. Respondent does claim that he signed the documents under duress and because he trusted Tiffany. One might argue that he would have a very good claim against her for any damages he might suffer in this case. In fact, the Arbitrator is surprised that she is not a party to this litigation.

All of the foregoing, having been said, there is still one very important issue that has to be addressed. The Claimants are seeking Specific Performance of the subject Purchase Agreement, Exhibit C-1 and the Addendum thereto. As such, they have the Burden of Proof regarding all of the elements of their claim. One of those elements is "proving ,at the time required by the Purchase Agreement, they had the ability to close the escrow and pay the price called for in the Purchase Agreement." They have failed to do so. They removed the "loan contingency", along with other contingencies, thereby no longer making that a requirement for them to purchase the subject property.

As set forth in the Purchase Agreement (Exhibit C-1) the purchase price was to be $1,910.000.00. While Binh testified that they had $975,000.00, on hand, to apply to the purchase price, there was no other specific evidence of how they were going to pay the balance, all they had was approximately 50% of the total price. They did not submit any bank statements, letters of credit, stocks, bonds, or any other asset from which they could have sufficient funds to pay the purchase price. There was some brief testimony from the Claimants that they had relatives, or

friends or other sources to obtain the funds to close the escrow. That is not evidence, very speculative at best. Binh even testified that at one point he tried to get a loan, but was turned down. The same issues pertain to Claimants counsels arguments that her clients have the ability to close the escrow. That is not evidence.

In light of the foregoing, the Arbitrator finds that the Claimants, Thanh Binh Tran and Ngoc Lam Phong Ngyuen, have not met their Burden of Proof in support of their claim for an award of Specific Performance, and therefore their Claim is DENIED, and as such, they are not the Prevailing Party herein. Respondent, Ban T. Nguyen is the Prevailing Party herein and, and as such, an AWARD is made in his favor, and against the Claimants.

This is an initial award, the Arbitrator retaining jurisdiction in the event there are any "Post Arbitration Award" Motions or other proceedings.

Dated: June 12, 2026

Hon. Chris R. Conway, Ret.
Arbitrator

JUDICATE WEST
Alternative Dispute Resolution

1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

Results Beyond Dispute℠

www.JudicateWest.com

**PROOF OF SERVICE**

I, the undersigned, an employee of Judicate West, located at 1851 E. First Street, Ste. 1600, Santa Ana, CA, declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter or proceeding.

On 6/17/2026 , I served the foregoing document(s), described as:

**ARBITRATION AWARD**

to the following parties:

**SEE ATTACHED MAILING LIST**

☑ **BY E-MAIL** I caused the above-referenced document to be transmitted via electronic mail (email) to the parties as listed on this Proof of Service

☐ **BY ELECTRONIC FILING** I caused such document to be sent via electronic service by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

☐ **BY FASCIMILE** I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.

☐ **BY PERSONAL SERVICE** I personally delivered the documents to the persons at the address (es): by leaving the documents at the person (s) office, in an envelope or package clearly labeled to identify the person(s) being served, with a receptionist or an individual in charge of the office.

☐ **BY UNITED STATES PARCEL SERVICE** I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business.

☑ **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **FEDERAL** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 6/17/2026 .

Jenna Nurre
Jenna Nurre
Judicate West

JUDICATE WEST
Alternative Dispute Resolution
Results Beyond Dispute℠

**Santa Ana Office**
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
**www.judicatewest.com**

# Case Contact List

as of Wednesday, June 17, 2026

**JW Case #: A310449**

***Case Caption: Thanh Binh Tran, et al. vs. Ban T. Nguyen, et al.***

Heidi Griffith, Esq.
Directions Law
9972 Bolsa Ave. Suite 100
Westminster, CA 92683
Phone: (714) 515-1155 Fax:
Email: heidi@directionslaw.com
Representing Thanh Binh Tran; Ngoc Lam Phuong Nguyen

Hai H. Lai, Esq.
Law Offices of Hai H. Lai
12912 Brookhurst Street
Suite 465
Garden Grove, CA 92840
Phone: (714) 593-5800 Fax: (714) 636-6174
Email: attorney_lai@yahoo.com
Representing Ban T. Nguyen

# EXHIBIT "2"

Electronically Received by Superior Court of California, County of Orange, 01/27/2026 05:20:18 PM.
30-2022-01253059-CU-OR-NJC - ROA # 577 - DAVID H. YAMASAKI, Clerk of the Court By eClerk, Deputy Clerk.

31787514

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

JAN 29 2026

DAVID H. YAMASAKI, Clerk of the Court

BY: L. CHICO, DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF ORANGE, NORTH JUSTICE CENTER**

| | |
|---|---|
| NGOC TUYET LAM,<br><br>Plaintiff,<br><br>vs.<br><br>MINH TUONG NGUYEN, (aka NGUYEN TUONG MINH), NGAN THI KIM TRAN, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 30-2022-01253059-CU-OR-CJC<br><br>[redacted]<br><br>**JUDGMENT AND ORDER AFTER HEARING RE THIRD-PARTY CLAIM**<br><br>(*Code Civ. Proc.*, §§ 720.110–720.420; §§ 720.310, 720.360, 720.390)<br><br>Hearing:<br><br>Date: 01/28/2026<br>Time: 10:00 a.m.<br>Dept.: N18 |

**JUDGMENT AND ORDER AFTER HEARING ON PETITION TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM**

(Petition under CCP § 720.310)

**Petitioner/Assignee Judgment Creditor**: Paul Nguyen (Assignee of Judgment Creditor)

**Third-Party Claimants**: Thanh Binh Tran; Ngoc Lam Phuong Nguyen

**Garnishee/Escrow Holder**: Adore Escrow, Inc.

**Escrow**: Escrow No. 21P54043-JT

Property/Funds: $38,000 (plus any interest actually accrued, if any) held in escrow in connection with the property at 9049 Lemongrass Court, Fountain Valley, CA 92708 (the "Escrow Funds").

//

//

## I. RECITALS

1. The Court heard Judgment Assignee/Petitioner's Petition for Hearing to Determine Validity of Third-Party Claim pursuant to *Code of Civil Procedure* section 720.310 regarding the Escrow Funds described above.

2. The Court considered the moving papers, any opposition and reply, the evidence submitted, and the arguments/appearances.

3. This is a summary proceeding under the Enforcement of Judgments Law. Third-Party Claimants bear the burden of proof. (CCP § 720.360.) At the conclusion of the hearing, the Court shall give judgment determining the validity of the third-party claim and may order disposition of the property in accordance with the parties' interests. (CCP § 720.390.)

## II. FINDINGS

The Court makes the following findings:

1. Third-Party Claimants bear the burden of proof to establish a superior ownership interest or right to possession of the property at issue. (CCP § 720.360.)
2. Third-Party Claimants did not meet their burden to establish, by a preponderance of the evidence, a superior title to, or right to possession of, the Escrow Funds as against enforcement of the judgment in this action. (CCP § 720.360.)
3. The Court finds that Third-Party Claimants failed to meet their burden under *Code of Civil Procedure* section 720.360 to establish ownership of, or a superior right to possession of, the funds held by Adore Escrow, Inc. in Escrow No. 21P54043-JT.
4. The Third-Party Claim asserted by Thanh Binh Tran and Ngoc Lam Phuong Nguyen to the Escrow Funds is **DENIED**.
5. The Court rejects the contention that the levy is ineffective under CCP § 700.180(b) on the ground that the escrow funds are allegedly "the subject of a pending action."

6. CCP § 700.180(a) addresses limitations concerning tangible personal property in the possession or control of the judgment debtor or in the custody of a levying officer and does not bar levy or turnover of escrow funds held by a third-party escrow holder.
7. For purposes of levy and enforcement procedures, money is classified as tangible personal property within the meaning of CCP § 680.370.
8. No provision of CCP § 700.180(a) or (b) operates to bar levy, turnover, or disposition of the escrow funds in this proceeding.
9. As a result, the Court determines that the subject funds constitute property of the judgment debtor for purposes of enforcement, are properly subject to levy, and must be disposed of in accordance with *Code of Civil Procedure* section 720.390.
10. Petitioner / Assignee Judgment Creditor is the prevailing party on the Petition to Determine Validity of Third-Party Claim. As the prevailing party, Petitioner is entitled to recover allowable costs pursuant to CCP §§ 1032(b) and 1033.5, subject to a timely Memorandum of Costs.
11. The Court's determination of the validity of the Third-Party Claim is conclusive between the parties to this proceeding pursuant to CCP § 720.390, subject to appeal

## III. ORDERS

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. **Third-Party Claim Denied**. The Third-Party Claim of Thanh Binh Tran and Ngoc Lam Phuong Nguyen to the Escrow Funds ($38,000, plus any interest actually accrued, if any) held by Adore Escrow, Inc. in Escrow No. 21P54043-JT is DENIED IN ITS ENTIRETY.
2. **Disposition / Turnover**. Pursuant to CCP § 720.390, the Court orders disposition of the Escrow Funds as follows:

a. Adore Escrow, Inc. shall turn over and deliver the Escrow Funds (currently $38,000, plus any interest actually accrued, if any) to the levying officer (Orange County Sheriff, Civil

Division) or as otherwise directed by the levying officer under the applicable levy/writ issued in this action.

b. Turnover shall be completed within five (5) calendar days after service of Notice of Entry of this Judgment/Order, unless the levying officer provides different written instructions regarding the method and payee for remittance.

3. **Prevailing Party Costs Awarded**. Petitioner/Assignee Judgment Creditor is the prevailing party on the Petition and is awarded recoverable costs incurred in connection with this third-party claim proceeding pursuant to CCP § 1032(b) and allowable items under CCP § 1033.5, in an amount to be determined upon timely filing and service of a Memorandum of Costs. (CRC 3.1700.)

4. **Conclusive Effect**. Subject to appeal, this Judgment is conclusive between the parties to this proceeding as provided by CCP § 720.390.

5. **Notice**. Petitioner/Assignee Judgment Creditor shall provide Notice of Entry of this Judgment/Order.

**IT IS SO ORDERED.**

Dated: 1-29, 2026

By: [signature]

Honorable Scott A. Steiner
Judge Of The Superior Court