ERIC P. ISRAEL (State Bar No. 132426)
*EPI@LNBYG.COM*
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Ave.
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

FILED & ENTERED

NOV 25 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>MINH TUONG NGUYEN,<br><br>Debtor. | Case No. 8:26-bk-10347-SC<br><br>Chapter 7<br><br>**ORDER GRANTING TRUSTEE'S MOTION TO AUTHORIZE SALE OF LAWSUIT ENTITLED <u>MINH TUONG NGUYEN V. CUSTOS TERRAE, REMAX REAL ESTATE ONE, GEORGE BALCH, DANIEL DULAC, JULIE DAO AND HUONG THI TRAN</u> FREE AND CLEAR OF LIENS**<br><br>Date: October 27, 2026<br>Time: 11:00 a.m.<br>Crtrm.: Courtroom "5C"<br>411 W. Fourth Street,<br>Santa Ana, California |

On October 27, 2026, at 11:00 a.m., and on November 17, 2026, at 9:30 a.m., there came before the Court for hearing the Motion to Authorize Sale of Lawsuit Entitled <u>Minh Tuong Nguyen v. Custos Terrae, Remax Real Estate One, George Balch, Daniel Dulac, Julie Dao and Huong Thi Tran</u> Free and Clear of Liens (*Dkt 153*) (the "**<u>Motion</u>**") filed by Jeffrey I. Golden, the Chapter 7 Trustee (the "**<u>Trustee</u>**") for the estate of Minh Tuong Nguyen (the "**<u>Debtor</u>**"), the Honorable Scott Clarkson, United States Bankruptcy Judge, presiding. The November 17, 2026 hearing was devoted to the requested good faith purchaser finding. At both hearings, appearances were was follows: the Trustee appeared; the Trustee was represented by Eric P. Israel of Levene, Neale, Bender, Yoo & Golubchik L.L.P.; Paul Nguyen ("**<u>Paul</u>**") appeared; Heidi HL Griffith of Directions

Law appeared for the Debtor and for Nga Luu ("**Ms. Luu**"); Wendy L. Slavkin of the Law Offices of Wendy L. Slavkin appeared for Daniel Dulac ("**Dulac**"); no other appearances were made.

The Court having read and considered the Motion, the limited opposition filed by Paul [Dkt 157], the limited objection filed by the Debtor and its supporting declaration (Dkt 158 and 159, respectively), the Trustee's reply [Dkt 160] (the "**Reply**"), the Trustee's brief in support of the requested good faith purchaser finding [Dkt 164], the Declaration of Nga Luu in support of the good faith purchaser finding [Dkt 165], the opposition to the good faith purchaser finding by Dulac [Dkt 175] and the Trustee's evidentiary objections to the Dulac Declaration therein [Dkt 176] (the "**Evidentiary Objections**"); having found that notice of the Motion was adequate and proper, having heard the oral arguments and statements of counsel, having called for overbids and an auction having occurred in open Court on October 27, 2026 with Ms. Luu being the highest and best bid, good cause appearing, it is

ORDRED THAT:

1. The Motion is granted as provided below.

2. The Evidentiary Objections are overruled and the Court will give the statements the weight they deserve.

3. The overbid procedures proposed in the Motion as modified at the hearing are approved.

4. Except as otherwise modified by this order, the Purchase and Sale Agreement attached to the Motion as Exhibit "1" (the "**PSA**") is approved.

5. The sale by the Trustee of all of the right, title and interest of the Trustee and the Debtor in the lawsuit entitled Minh Tuong Nguyen v. Custos Terrae, Remax Real Estate One, George Balch, Daniel Dulac, Julie Dao and Huong Thi Tran (the "**Lawsuit**") is confirmed to Ms. Luu for $280,000 plus 15% of the gross recovery (the contingency interest shall be hereinafter referred to as the "**Contingency Interest**"). The phrase "gross recovery" shall mean all proceeds derived from the Lawsuit, whether by settlement, collection of a judgment, attorneys' fees or otherwise. The terms of sale shall be as provided in the PSA, as modified by the Reply and at the

hearings. The Trustee is authorized to perfect the estate's interest in the Lawsuit by filing a notice of lien therein.

6. The sale shall be free and clear of any and all liens against the Lawsuit, including without limitation the judgment liens in favor of Paul, which liens shall be removed from the Lawsuit and attach to the sale proceeds and the Contingency Interest with the same force, effect, validity and priority that they had as of the petition date as against the Lawsuit. The Trustee shall hold the sale proceeds in a segregated account pending further Court order. The sale is "as is," "where is," with no warranty or recourse whatsoever.

7. The Buyer is found to be good faith purchaser within the meaning of 11 U.S.C. § 363(m).

8. The Trustee is authorized to execute any and all documents and otherwise take all actions he deems necessary and appropriate to close the sale of the Lawsuit.

9. There shall be no liability to the Trustee, in any capacity, by virtue of the sale of the Lawsuit hereinabove approved.

10. The 14-day stay imposed by FRBP 6004(h) is not waived, because the Trustee withdrew the request that it be waived at the hearing on November 18, 2025.

###

Date: November 25, 2026

Scott C. Clarkson
United States Bankruptcy Judge